IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
| Petitioner/Judgment Creditor, | |
| v. | Case No. 14-FJ-5-HE |
| NOVA GROUP, INC., | |
| and | |
| AVON CAPITAL, LLC, a Connecticut limited liability company, | |
| Respondents/Judgment Debtors. | |

**AVON CAPITAL, LLC A WYOMING LIMITED LIABILITY COMPANY'S
MOTION TO INTERVENE AND BRIEF IN SUPPORT**

Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"),

pursuant to Federal Rule of Civil Procedure 24 and LCvR7.1, hereby moves the Court for an

order granting Avon Capital-WY leave to intervene in the above-captioned ancillary

proceeding.  In support of this motion, Avon Capital-WY relies on the following opening

brief, exhibits filed contemporaneously herewith, and all motions and papers on file with this

Court.

**OPENING BRIEF**

**I.    INTRODUCTION**

In this ancillary proceeding, Petitioner/Judgment Creditor Universitas Education, LLC

("Universitas Education") seeks to enforce and execute a judgment entered in its favor by the

United States District Court for the Southern District of New York against several parties,

including Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT").  The assets Universitas Education is pursuing in this ancillary proceeding, however, do not belong to Avon Capital-CT, but rather to the completely separate and distinct business entity Avon Capital-WY.  Accordingly, Avon Capital-WY requests leave to intervene as a matter of right pursuant to Rule 24(a)(2) and file a proposed motion for injunctive relief in substantially the same form as the attached Exhibit A because Avon Capital-WY has an interest in property that is the subject of this proceeding, disposition of this proceeding will impair or impede Avon Capital-WY's ability to protect its interest, and the existing parties do not adequately represent Avon Capital-WY's interests.  Avon Capital-WY moves in the alternative for leave to intervene pursuant to Rule 24(b)(1)(B) because Avon Capital-WY's proposed motion for injunctive relief shares common questions of law and fact with this ancillary proceeding.

## II.     BACKGROUND

### A.      The Three Distinct Avon Capital, LLCs

On June 6, 2006, Avon Capital, a Nevada limited liability ("Avon Capital-NV") filed articles of organization with the Nevada Secretary of State.  (S.D.N.Y. Case No. 11 Civ. 1590, Doc.  310-4, pages 25-26[1])  Avon Capital-NV's managing member was Grist Mill

---

[1]Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of documents filed in other actions.  *United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009).  The Court may also take judicial notice of facts that are a matter of public record.  *Van Woudenberg v. Gibson*, 211 F.3d 560 (10th Cir. 2000).  Courts routinely take judicial notice of public documents filed with a secretary of state's office.  *JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp.2d 1244, 1258 (D. Kan. 2006).  For the Court's (footnote continued)

Capital LLC.  (*Id.*)  On November 21, 2006, Avon Capital-CT filed articles of organization with the Connecticut Secretary of State.  (Exhibit 2)  Avon Capital-CT's Tax Identification Number ends in 6827.  (Exhibit 3-2)

On May 18, 2007, Avon Capital-WY filed articles of organization with the Wyoming Secretary of State.  (Exhibit 4)  Avon Capital-WY's Tax Identification Number end with 1285.  (Exhibit 3)  On December 30, 2009, Avon Capital-WY was assigned 100% of the membership interests in Garnishee SDM Holdings, LLC ("SDM"), an Oklahoma limited liability company.  (Exhibit 3-1)

### B.    Universitas Education's Judgment Against Nova and Avon Capital-CT

On May 15, 2009, the Lincoln National Life Insurance Company paid the Charter Oak Trust $30 million in life insurance proceeds, plus interest, under two policies issued to Sash Spencer, who passed away in June 2008.  *Universitas Educ., LLC v. T.D. Bank, N.A.*, No. 15-cv-5643, 2015 U.S. Dist. LEXIS 170264, *1 (S.D.N.Y. Dec. 21, 2015);  *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11Civ. 1590 and 11 Civ. 8726,[2] 2013 U.S. Dist. LEXIS 165803, *4-5 (S.D.N.Y. Nov. 20, 2013).  Shortly thereafter, Respondent/Judgment Debtor Nova Group, Inc. ("Nova"), as the corporate trustee of the Charter Oak Trust, denied Universitas Education's claim as the sole, irrevocable beneficiary of the Charter Oak Trust to the life insurance proceeds.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *5-6.

_____

convenience, a true and correct copy of this document is included as Exhibit 1 in the appendix of exhibits filed contemporaneously with this motion.

[2]S.D.N.Y. case numbers 11 Civ. 1590 and 11 Civ. 8726 were consolidated on November 16, 2011.  *Universitas Educ., LLC. V. Nova Group, Inc.*, 2012  U.S. Dist. LEXIS 79295, at *3 (S.D.N.Y. 2012 June 5, 2012).

On May 18, 2009, the Charter Oak Trust deposited $30,677,276.85 into an account ending in 4548 at TD Banknorth.  (S.D.N.Y. Case No. 1:11-cv-1590, Doc. 310-4, page 4[3]) On May 20, 2009, Avon Capital-NV opened an account ending in 4689 at TD Bank, N.A. ("TD Bank").  (*Id*. at pages 23-27)  On October 27, 2009, the Charter Oak Trust withdrew $19,800,000.00  from the account ending in 4548 and transferred the funds to Grist Mill Capital's account ending in 4712.  (*Id.* at page 2[4])  On November 11, 2009, Grist Mill Capital withdrew $6,710,065.92 from its account and deposited the entire amount into Avon Capital-NV's TD Bank account ending in 4689.  (*Id*. at page 21[5])

On June 17, 2010, Universitas Education commenced an arbitration against Nova, seeking to recover the life insurance proceeds paid by the Lincoln National Life Insurance Company to the Charter Oak Trust.  *Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *6. On January 24, 2011, Universitas Education recovered an arbitration award in the amount of $26,525,535.98 against Nova.  *Id*.  On June 5, 2012, the United States District Court for the Southern District of New York confirmed the arbitration award and on June 7, 2012, entered judgment in favor of Universitas Education in the total amount of $30,181,880.30 against Nova.  *Id*. at *7.  On July 30, 2012, in aid of execution of the June 7, 2012 judgment, Universitas Education issued a subpoena directed to Avon Capital-CT (S.D.N.Y. No. 1:11-cv-1590, Doc. 118-1, pages 6 and 9[6]) for the production of certain business records based on

---

[3]Exhibit 5.

[4]Exhibit 6.

[5]Exhibit 7.

[6]Exhibit 8.

Universitas Education's belief Avon Capital-CT "owe[d] a debt to Nova" or had possession of or access to property in which Nova has an interest.  (*Id.* at page 2[7])

On October 21, 2013, Universitas Education filed a motion for turnover of assets against several respondents, including Avon Capital-CT, pursuant to New York Civil Practice Law and Rules section 5225(b) and Federal Rule of Civil Procedure 69, as part of Universitas Education's continued efforts to execute on the June 7, 2012 judgment. *Universitas Educ., LLC v. Nova Group, Inc.*, Nos. 11-cv-1590 and 11-cv-8726, 2014 U.S. Dist. LEXIS 109077, *3-4 (S.D.N.Y. Aug. 7, 2014).  On August 7, 2014, the court entered an order finding the November 11, 2009 transfer from Grist Mill Capital to Avon Capital-NV's TD Bank account to be a fraudulent conveyance of life insurance proceeds originally paid to the Charter Oak Trust.  *Id.* at *32.  In the same August 7, 2014 order, the court denied Avon Capital-CT's and the other respondents' motion to dismiss based on lack of personal jurisdiction, specifically noting the "Turnover Respondents" were all "entities formed in Delaware and Connecticut."  *Id.* at *22.  On August 15, 2014, the court awarded Universitas Education a money judgment against Avon Capital-CT in the amount of $6,710,065.92 ("New York Judgment").  *Id.* at *33.

### C.    Procedural Background

On November 7, 2014, Universitas Education registered the New York Judgment with this court and commenced the instant ancillary proceeding.  (Doc. 1)  On November 11, 2015, Universitas Education filed a Motion for Order Requiring Judgment Debtor to Appear

and Answer Concerning Property and Assets and for Injunction Forbidding Transfer or Other Disposition of Property. (Doc. 6)  Universitas Education identified "Avon Capital, LLC" as the judgment debtor. (*Id.*)  On December 3, 2015, the Court issued an order for the judgment debtor "Avon Capital, LLC" to appear at a debtor's exam on January 7, 2016. (Doc. 14)

Also on December 3, 2015, the Clerk of the Court issued a post-judgment general garnishment summons that identified SDM as the Garnishee. (Doc. 13. Page 1)   On December 8, 2015, Universitas Education served on Asset Servicing Group, LLC ("Asset Servicing Group") a subpoena to appear at a hearing on assets and a post-judgment general garnishment summons. (Doc. 22)  Asset Servicing Group provides administrative services for life insurance policies owned by SDM. (Doc. 31, page 1)  In Asset Servicing Group's answer filed on December 17, 2015, to the garnishment, it asserted that it did not hold assets owned by the judgment debtor. (Doc. 24-1, page 1)  It admitted to possessing property owned by SDM, but asserted that it believed SDM was a separate and distinct legal entity from the judgment debtor. (*Id.*)

On December 15, 2015, Avon Capital-WY's counsel received a letter from Universitas Education's counsel enclosing copies of several documents related to the enforcement of Universitas Education's judgment. (Exhibit 9-1)  On January 20, 2016, counsel for Avon Capital-WY sent a letter in reply informing Universitas Education that his firm did not represent Avon Capital-CT or Avon Capital-NV. (*Id.*)  In the letter, Avon Capital-WY objected to any future attempts by Universitas Education to satisfy its judgment against Avon Capital-CT with assets of Avon Capital-WY. (*Id.*)

On February 8, 2016, Assert Servicing Group filed objections to an amended subpoena to appear at a hearing on assets.  (Doc. 31)  In part, it argued that the subpoena sought disclosure of confidential information and that no protective order had been entered in the case.  (*Id.*, page 3)  On March 17, 2016, Asset Servicing Group filed a motion for entry of an agreed protective order with Universitas Education's approval governing the production of confidential or proprietary information.  (Doc. 36.)  The Court entered the protective order on March 18, 2016.  (Doc. 38)

In another letter dated March 23, 2016, Avon Capital-WY's counsel advised counsel for Universitas Education and Asset Servicing Group that on March 17, 2016, Avon Capital-WY learned for the first time that Asset Servicing Group may intend to produce documents to Universitas Education regarding SDM.  (Exhibit 9-2)  Avon Capital-WY's counsel reiterated in the letter that Avon Capital-WY is not the same entity as Avon Capital-CT or Avon Capital-NV.  (*Id.*)

On March 31, 2016, Universitas Education filed a motion for contempt and to compel the judgment debtor "Avon Capital, LLC" and SDM to comply with the Court's order to appear, asserting that the "Judgment Debtor" failed to appear or produce the requested documents.  (Doc. 40, pages 1 and 3)  The Court later ordered "Judgment Debtor Avon Capital, LLC" to appear on April 18, 2016 and show cause why it did not comply with the Court's order. (Doc. 42, page 2)  It also ordered SDM to appear at the same hearing and show cause why it did not comply with the subpoena directed at it.  (*Id.*)

## III.   LEGAL STANDARD FOR INTERVENTION

Pursuant to Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Pursuant to Rule 24(b)(1) "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

## IV.   ARGUMENT

### A.   Avon Capital-WY Has Standing to Intervene.

"Any party invoking the power of the federal courts must demonstrate standing to do so." *Greenbaum v. Bailey*, 781 F.3d 1240, 1242 (10th Cir. 2015).  Standing requires: (1) "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized" and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted).

Here, Universitas Education has targeted SDM, an asset of Avon Capital-WY, in the course of its attempt to satisfy its judgment against Avon Capital-CT.  (Doc. 13)  This represents an actual or imminent invasion of Avon Capital-WY's legally protected interests. *See Wagstaff v. United States*, 111 Fed. Cl. 754, 762 (2013) (holding that an alleged illegal

wage garnishment constituted an injury in fact for purposes of standing). Given that Universitas Education is the party pursing SDM in this ancillary proceeding, there is a direct link between Universitas Education's actions and the invasion of Avon Capital-WY's interests. (Doc. 13)

Moreover, a favorable decision by this Court would redress the injury to Avon Capital-WY because Avon Capital-WY seeks to intervene for the purpose of filing a motion for injunctive relief prohibiting Universitas Education from satisfying the New York Judgment with any assets of Avon Capital-WY, including assets held by SDM. For these reasons, Avon Capital-WY satisfies the requirements of standing.

### B.    Avon Capital-WY's Motion to Intervene Is Timely.

"The timeliness of a motion to intervene is determined in light of all of the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (internal quotations omitted). The Tenth Circuit has identified a nonexclusive list of four factors that should be considered: (1) how long the movant has known of its interests in the case, (2) prejudice to existing parties, (3) prejudice to the movant, and (4) any unusual circumstances. *Id.* at 1232.

As to the first factor, Avon Capital-WY was not a party to the New York litigation between Universitas Education and Avon Capital-CT. (Exhibit 3) Nor did Universitas Education name Avon Capital-WY as a respondent or garnishee in this ancillary proceeding. *See* docket. Universitas Education did, however, serve copies of documents filed in this proceeding on Avon Capital-WY's registered agent. (Doc. 33) Avon Capital-WY sent Universitas Education and ASG two letters advising them that Avon Capital-WY is a

separate and distinct business entity from the judgment debtor, Avon Capital-CT, and from the holder of the account into which the fraudulently transferred funds were deposited, Avon Capital-NV. (Exhibits 9-1 and 9-2)  Intervention only became necessary after the letters, one of which was mailed on March 23, 2016, did not dissuade Universitas Education from continuing its improper pursuit of Avon Capital-WY's assets. (Exhibit 9-2)

Next, intervention would not prejudice the existing parties.  Universitas Education has already obtained a money judgment against its chosen defendants and obtained a turnover order against Avon Capital-CT.  *Universitas Educ.,* 2014 U.S. Dist. LEXIS 109077 at *33. But Universitas Education did not assert any claims against Avon Capital-WY nor did it make Avon Capital-WY a defendant in the New York litigation.  (Exhibit 3)  As a result, Avon Capital-WY's intervention to protect assets owned by it alone should not be found to be prejudicial to Universitas Education.   Denial of Avon Capital-WY's motion to intervene would, however, prejudice Avon Capital-WY because enforcement efforts could potentially continue against SDM.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7 (1979)  ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

Finally, intervention in post-judgment ancillary proceedings is entirely appropriate. *Tweedle v. State Farm Fire Cas. Co.*, Case No. 2007 U.S. Dist. LEXIS 11380, at *3-*4. (E.D. Ark. 2007).  Avon Capital-WY seeks to intervene now because its assets were not a subject of this litigation until Universitas Education began enforcement efforts against SDM. Under these circumstances, intervention is proper so that Avon Capital-WY may file a motion for injunctive relief  that would prevent Universitas Education from satisfying the

10

New York Judgment with assets of Avon Capital-WY. *Seegmiller v. Accredited Home Lenders*, 2011 U.S. Dist. LEXIS 120931, at *7-*8 (D. Utah 2011) (finding that injunctive relief is appropriate to prevent a due process violation from taking effect).

### C.    Avon Capital-WY Has a Right to Intervene under Rule 24(a)(2).

The assets of Avon Capital-WY have become a subject of this action because of Universitas Education's efforts to execute the New York Judgment on  assets owned by SDM. (Doc. 13)  If these efforts continue, Avon Capital-WY's ability to protect those assets will be impeded.

Furthermore, no existing parties adequately represent Avon Capital-WY's interests in this case.  The burden is on the intervenor to establish that representation by the existing parties is inadequate, but this burden is minimal. *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. DOI*, 100 F.3d 837, 844 (10th Cir. 1996).  The party seeking intervention may show inadequacy of representation by establishing that the representative has an interest adverse to the intervenor.  *Id.* at 844-45.  In this case, there are no existing parties representing the interests of Avon Capital-WY as they relate to SDM.  Since none of the judgment debtors have an ownership interest in SDM, their interests are, in fact, adverse to those of Avon Capital-WY. (Exhibit 3-1).  The judgment debtors have little or no incentive to protect assets of a company that they do not own because if Universitas Education were able to reach assets of SDM, whatever money it collected would reduce the debt owed by the actual judgment debtors.  Under these circumstances, Avon Capital-WY has a right to intervene.

### D.   Alternatively, Avon Capital-WY Should Be Permitted to Intervene Under Rule 24(b)(1)(B).

Pursuant to Rule 24(b)(1), the court may allow anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Under Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Here, Avon Capital-WY has a claim or defense that shares common questions of law or fact because it argues that it is not liable for the New York Judgment. *See Tierce v. US Baird Corp.*, Case No. 15-CV-0358, 2015 U.S. Dist. LEXIS 87737, at *4-5 (N.D. Okla. July 7, 2015) (noting that an equitable subrogation claim shares common questions of law and fact with underlying liability of defendant).

Further, allowing intervention would not unduly delay or prejudice the original parties. Universitas Education remains free to pursue its money judgment against the judgment debtors in this case. Fed. R. Civ. P. 69. Avon Capital-WY simply asserts that it is not a judgment debtor.

### E.   Avon Capital-WY's Motion for Injunctive Relief Satisfies the Purpose of Rule 24(c).

Pursuant to Rule 24(c), a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." In turn, Rule 7(a) limits the definition of a pleading to a complaint, an answer to a complaint, and answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer. Admittedly, the motion for injunctive relief, attached as Exhibit A to this motion, does not fit that definition of a pleading.

But the Tenth Circuit has long held that the purpose of the rule requiring a pleading to accompany a motion to intervene is "to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami Cnty. Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941). Courts within the Tenth Circuit have therefore granted motions to intervene despite technical noncompliance with Rule 24(c). *E.g.*, *Alattar v. Bell*, No. 13-cv-2990, 2014 U.S. Dist. LEXIS 73872, at *6 (D. Colo. May 30, 2014); (granting motion to intervene when party attached a state court pleading); *United States v. Wagner*, No. 07-cv-00978, 2011 U.S. Dist. LEXIS 63598, at *23 (D. Colo. June 16, 2011) (granting motion with no attached pleading).

The Motion for Permanent Injunction attached as Exhibit A fulfills the purpose of Rule 24(c). As argued above, Avon Capital-WY is an interested party entitled to intervene in this case. But given this case has already resulted in a judgment for Universitas Education, it would be both unnecessary and futile for Avon Capital-WY to file a pleading in this case as defined by Rule 7(a). *Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.*, Case No. CIV 12-0069 , 2015 U.S. Dist. LEXIS 116782, at *23-32 n.3 (D.N.M. Aug. 26, 2015) (describing a final judgment as a jurisdictional bookend to a case). The attached motion, however, adequately informs the court and the parties of the purpose behind this motion to intervene. Following the Tenth Circuit's "somewhat liberal line in allowing intervention," this motion to intervene should be granted. *WildEarth Guardians v. U.S. Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (internal quotations and citations omitted).

## V.      CONCLUSION

For the reasons discussed above, the Court should grant Avon Capital-WY permission to intervene because Avon Capital-WY has an interest in the subject of this action that could be impaired by the disposal of this action and the existing parties do not adequately represent Avon-Capital-WY.

Dated this 15th day of April, 2016.

By:  **/s/ Alan L. Rupe**
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD &
SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC,*
*a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2016, I electronically transmitted attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Judy H. Morse
Lysbeth L. George
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 272-5242

judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com

and

Paula K. Colbath
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
Facsimile: (212) 407-4990
pcolbath@loeb.com
*Attorneys for Universitas Education, LLC*

Clayton D. Ketter
Melvin R. McVay, Jr.
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillpsmurrah.com
*Attorneys for Garnishee Asset Servicing Group, LLC*

**/s/ Alan L. Rupe**
Alan L. Rupe, 20440