IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>Petitioner/Judgment Creditor,<br><br>v.<br><br>NOVA GROUP, INC.,<br><br>and<br><br>AVON CAPITAL, LLC, a Connecticut limited liability company,<br><br>Respondents/Judgment Debtors. | Case No. 14-FJ-5-HE |

**AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S MOTION FOR PERMANENT INJUNCTION AND BRIEF IN SUPPORT**

Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), pursuant to Federal Rule of Civil Procedure 65 and LCvR7.1, hereby moves the Court for an order enjoining Petitioner/Judgment Creditor Universitas Education, LLC ("Universitas Education") from satisfying its money judgment awarded in United States District Court for the Southern District of New York case number 1:11-cv-1590 (New York Judgment) against Respondent/Judgment Debtor Avon Capital, LLC, a Connecticut limited liability company ("Avon Capital-CT") with assets belonging to the completely separate business entity Avon Capital-WY. In support of this motion, Avon Capital-WY relies on the following opening brief and all pleadings and papers on file with this Court.



EXHIBIT A

4821-2696-8879

# OPENING BRIEF

## I. INTRODUCTION

Avon Capital-WY respectfully requests the Court to enter an order enjoining Universitas Education from satisfying its New York Judgment with assets owned by Avon Capital-WY because Avon Capital-WY is not the judgment debtor and Universitas Education cannot execute its New York Judgment on assets of Avon Capital-WY in this ancillary proceeding.

## II. FACTUAL BACKGROUND

Avon Capital-WY restates and incorporates herein Section II of its motion to intervene and brief in support. (Doc. __, pages ___)

## III. LEGAL STANDARD FOR A PERMANENT INJUNCTION

"In order to obtain a permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011).

## IV. ARGUMENT

### A.   Avon Capital-WY Is Not Bound by the New York Judgment.

"It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008). Avon Capital-WY was not a party to the New York litigation that resulted in the New York Judgment. (Doc. __) Furthermore, the postjudgment turnover order issued by the District

Court for the Southern District of New York referred only to Delaware and Connecticut entities, making it clear that Avon Capital-WY was not a party to that order. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. Therefore, Avon Capital-WY is not bound by the New York Judgment. Because Avon Capital-WY owns 100% of the membership interests in SDM, any attempt to enforce the New York Judgment against assets owned by SDM is improper. (Doc. __)

> **B.    Universitas Education Cannot Pursue Assets of Avon Capital-WY With a Rule 69 Motion.**

Federal Rule of Civil Procedure 69 "defers to state law to provide methods for collecting judgments." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235 (10th Cir. 2000) (internal quotations and citations omitted). In Universitas Education's motion for an order requiring Avon Capital-CT to appear, it relied on 12 O.S. § 842. (Doc. 6) That statute allows a judgment creditor to subpoena a judgment debtor to appear an answer concerning the debtor's assets. 12 O.S. § 842(B)(1). It also allows judgment creditors to subpoena any person to answer concerning the judgment debtor's property. 12 O.S. § 842(B)(2).

Significantly, the statute does not authorize a judgment creditor to subpoena a nonparty to answer questions concerning the nonparty's assets. *See* 12 O.S. § 842. This statute stands in stark contrast to New York Civil Practice Law and Rules section 5225(b), which Universitas Education relied on in conjunction with Rule 69 in the District Court for the Southern District of New York to obtain the turnover order against Avon Capital-CT. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *3-*4. New York Civil Practice Law

and Rules section 5225(b) allows a judgment creditor to pursue payment from nonparties to an action that are in possession of assets that the judgment debtor is entitled to. The Oklahoma statute relied on by Universitas Education does not have any similar provisions. *See* 12 O.S. § 842.

Given that Universitas Education can only pursue assets of a judgment debtor, it is unclear what theory of liability it is asserting against Avon Capital-WY. To the extent that Universitas Education may be suggesting that Avon Capital-WY is in possession of a judgment debtor's assets or that Avon Capital-WY is the alter ego of Avon Capital-CT, the judgment debtor, Universitas cannot assert such a claim in a Rule 69 motion. In *Gilbert v. DHC Dev., LLC*, Case No. 2:08-CV-258, 2013 U.S. Dist. LEXIS 131321, *32-*33 (D. Utah 2013), the court noted that property in possession of an unnamed party may properly be sought by a judgment creditor only if the unnamed party is an alter ego of the judgment debtor or if there was a fraudulent transfer from the judgment debtor. In that case, however, the court specifically found that Utah law prohibited parties from asserting either theory of liability in the abbreviated post-judgment procedures of Rule 69. *Id.* at *34. It found that a defendant facing claims of alter ego liability or fraudulent transfers must be afforded due process in the form of a trial and the right to appeal. *Id.* at *36. "Absent due process, a court wields no power over an individual because a court only acquires jurisdiction over a party through proper service of process, which provides notice to the defendant that he is being sued and that he must appear and defend himself." *Id.* at *32.

Oklahoma courts have similarly indicated that "'in the absence of a fully developed factual record and adequate findings of fact [a court] cannot determine whether [an]

equitable doctrine [of piercing the corporate veil] should be applied.'" *Sproles v. Gulfcor, Inc.*, 987 P.2d 454, 457 (Okla. Civ. App. 1999) (quoting *Micciche v. Billings*, 727 P.2d 367, 373 (Colo. 1986)). Oklahoma has also adopted the Uniform Fraudulent Transfer Act, 24 O.S. §§ 112-23. Its purpose is to give creditors a cause of action that provides an opportunity to invalidate fraudulent transfers by a debtor if the transfers put assets out of reach of creditors. *Estrada v. Kriz*, 345 P.3d 403, 411 (Okla. Civ. App. 2015).

The authorities cited above show that Universitas Education must first develop a factual record by which it can prove a cause of action showing that Avon Capital-WY is liable for the New York Judgment rendered against Avon Capital-CT before it can attempt to execute it on assets of Avon Capital-WY. Universitas Education has not even attempted to develop such a record. Instead, it sought to circumvent Avon Capital-WY's due process rights by filing a motion for an order requiring the judgment debtor to appear without specifying which Avon Capital entity was the alleged judgment debtor. (Doc. 6) It then treated Avon Capital-WY as a judgment debtor without any factual basis to do so by serving documents on Avon Capital-WY aimed on enforcing the New York Judgment. (Doc. 33) This is impermissible.

But even if it were permissible to attempt to establish liability on the part of Avon Capital-WY in a postjudgment Rule 69 motion, Universitas has not even attempted to do so. In the New York action, Universitas never asserted any cause of action against Avon Capital-WY. (Doc._) Even in these ancillary proceedings, Universitas Education failed to explicitly name Avon Capital-WY as a judgment debtor or transferee of funds from any judgment debtor. *See* docket.

### C. Even if Avon Capital-WY Is Not an Alter Ego of Any Judgment Debtor.

First, it is necessary to determine what substantive law applies to a veil-piercing analysis in this case. In this context, the laws of Oklahoma, the location of this action, and Wyoming, the place of Avon Capital-WY's incorporation, conflict. Under Wyoming law, the veil of an LLC may only be pierced if "(1) the limited liability company is not only owned, influenced and governed by its members, but the required separateness has ceased to exist due to misuse of the limited liability company; and (2) the facts are such that an adherence to the fiction of its separate existence would, under the particular circumstances, lead to injustice, fundamental unfairness, or inequity." *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 462 (Wyo. 2014). Oklahoma courts apply a more lenient standard, requiring a party to show either "(1) the separate existence is a design or scheme to perpetrate a fraud, or (2) one corporation is merely an instrumentality or agent of the other." *Gilbert v. Sec. Fin. Corp. of Okla., Inc.*, 152 P.3d 165, 175 (Okla. 2006).

Wyoming law applies to any veil-piercing analysis of Avon Capital-WY. Oklahoma courts have followed the Restatement (Second) of Conflicts of Law and concluded that, when analyzing veil-piercing issues, the law of the place of incorporation is applicable. *Clemmer v. Dist. of Columbia Grp.*, No. CIV-13-1335, 2014 U.S. Dist. LEXIS 52557, at *7-*8 (W.D. Okla. Apr. 16, 2014).

The Wyoming Supreme Court recently identified three factors that courts should consider in determining if both prongs of the test for piercing an LLC's veil have been met: (1) whether there has been fraud, (2) whether the LCC has inadequate capitalization, and (3)

the degree to which the business and finances of the LLC and the members are intermingled. *GreenHunter Energy*, 337 P.3d at 463-64.

Given that Avon Capital-WY was never made a party to the lawsuit that led to the New York Judgment, there have been no allegations against it of fraud, inadequate capitalization, or the intermingling of assets or finances. (Doc. \_\_) Avon Capital-WY has kept bank accounts and financial records entirely separate from those of its members. (Doc. \_\_).

Finally, and most importantly, Wyoming law requires injustice or unfairness to be proven before an LLC's veil will be pierced. *GreenHunter Energy*, 337 P.3d at 464. No injustice or unfairness would result from continuing to recognize Avon Capital-WY as an entity separate and distinct from its owners or any other judgment debtors in this case. Universitas Education obtained a judgment against Avon Capital-CT. *Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. However, it never sought to make Avon Capital-WY a defendant or judgment debtor in this lawsuit. (Doc. \_\_) Rather, Universitas Education simply began efforts to execute the New York Judgment against SDM, an entity wholly owned by Avon Capital-WY. (Docs. 13, \_\_)

To the extent Universitas Education believes Avon Capital-WY's assets are subject to garnishment or execution, it is unclear what theory of liability Universitas Education is asserting. Regardless, because Universitas Education did not plead any causes of action against Avon Capital-WY and did not join Avon Capital-WY as a defendant in its lawsuit seeking money damages, Universitas Education is not entitled to any judgment against Avon Capital-WY. *See Gilbert*, CV-258, 2013 U.S. Dist. LEXIS 131321 (D. Utah 2013)

(plaintiffs were not entitled to judgment against a party they did not join as a defendant on a claim they did not plead at all). Given these circumstances, it would not be fair to treat Avon Capital-WY as if it were a judgment debtor in this case.

### D.     Injunctive Relief is Appropriate

"In order to obtain a permanent injunction, a party must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Wyoming v. USDA*, 661 F.3d 1209, 1272 (10th Cir. 2011). Here, because Avon Capital-WY was not a party to the lawsuit leading to the New York Judgment, it had no opportunity to participate in addressing the merits of the case. (Doc. __) But it is that lack of opportunity that establishes Avon Capital-WY's entitlement to injunctive relief because, as mentioned above, "It is a fundamental rule of civil procedure that one who was not a party to an action is not bound by the judgment." *Pelt*, 539 F.3d at 1281. Avon Capital-WY has shown in this motion that it was not a party to the action and Universitas has not asserted any theory of liability that would bind Avon Capital-WY to the judgment against Avon Capital-CT.

Unless an injunction is issued, irreparable harm will result. "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n. 7 (1979). Injunctive relief is appropriate if it can prevent a due process violation from taking effect. *Seegmiller v. Accredited Home Lenders*, 2011 U.S. Dist. LEXIS 120931, at *7-*8 (D. Utah 2011). Here, Universitas has not satisfied any portion of

the New York Judgment. (Doc. 40, pages 2-3) Therefore, injunctive relief is appropriate in order to prevent a violation of Avon Capital-WY's due process rights from taking effect.

Further, neither Universitas Education nor the public interest would be harmed or adversely affected by this proposed injunction. The New York Judgment did not establish that Avon Capital-WY owes a debt to Universitas Education. *See Universitas Educ.*, 2014 U.S. Dist. LEXIS 109077, at *22. Consequently, an injunction would merely prevent Universitas Education from taking actions that it was never authorized to take in the first place.

## V. CONCLUSION

Because Avon Capital-WY is not a judgment debtor in this action, the Court should grant this motion for permanent injunction prohibiting Universitas from attempting to enforce the New York Judgment against SDM or another other assets solely owned by Avon-Capital-WY.

Dated this ___ day of April, 2016.

By: _____
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC*