**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNIVERSITAS EDUCATION, LLC,**<br><br>**Petitioner/Judgment Creditor,**<br><br>**v.**<br><br>**AVON CAPITAL, LLC,**<br><br>**Respondent/Judgment Debtor,**<br><br>**ASSET SERVICING GROUP, LLC,**<br><br>**Respondent/Garnishee,**<br><br>**SDM HOLDINGS, LLC,**<br><br>**Respondent/Garnishee,**<br><br>**and**<br><br>**AVON CAPITAL, LLC, a Wyoming Limited Liability Company,**<br><br>**Intervenor.** | ) | **Case No. 14-FJ-05-HE** |

**REPORT AND RECOMMENDATION**

## I. Background.

Universitas Education, LLC (Universitas), initiated this matter in aid of execution of a $6,710,065.92 judgment entered in its favor on August 12, 2014, by the United States District Court for the Southern District of New York

(Judgment) against, as relevant here, Avon Capital, LLC. *See* Docs. 1, 6. Chief United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for appropriate action consistent with 28 U.S.C. § 636(b)(3), and expressly for "all post judgment collection matters." Doc. 8, at 2.

Pending for determination is Avon Capital, LLC, a Wyoming Limited Liability Company's (Intervenor),[1] motion for permanent injunction. Doc. 73. Intervenor asks this Court to "enter a permanent injunction prohibiting Universitas . . . from satisfying its . . . Judgment with assets owned by [Intervenor] because [Intervenor] is not the judgment debtor and Universitas . . . cannot properly execute its . . . Judgment on assets of [Intervenor] in this ancillary proceeding." *Id.* at 2. Specifically, Intervenor claims that "[o]n December 30, 2009, [Intervenor] was assigned 100% of the membership interests in Garnishee SDM Holdings, LLC [SDM] . . . ." *Id.* at 2-3.

Universitas opposes the motion on multiple grounds and, although it did not oppose the intervention, *see* n.1, it now submits that "[t]he Wyoming Secretary of State documents, submitted by [Intervenor] with its motion to

---

[1] The undersigned granted, Doc. 71, the *unopposed* motion to intervene. *See* Doc. 70, at 3 ("Universitas disputes the substantive factual assertions set forth in [the] motion to intervene. Nonetheless, Universitas does not object to intervention . . . .").

intervene, show that [Intervenor] has been 'inactive' for more than two years, since July 9, 2014, and has been 'administratively dissolved.'" Doc. 77, at 13. It questions whether "[Intervenor] has standing to make this Motion because it was administratively dissolved in 2014 . . . ," *id.* at 6, and points to what it argues is the "relevant Oklahoma statute," *id.* at 13; Okla. Stat. tit. 18, § 2055.2(F):

> A domestic limited liability company that has ceased to be in good standing or a foreign limited liability company that has ceased to be registered in this state may not maintain any action, suit or proceeding in any court of this state until the domestic limited liability company has been reinstated as a domestic limited liability company in good standing or the foreign limited liability company has been reinstated as a foreign limited liability company duly registered in this state. . . .

Okla. Stat. tit. 18, § 2055.2(F).

Intervenor replied, faulting Universitas's reliance on the Oklahoma statute, "because [Intervenor] is neither a domestic limited liability company or a foreign limited liability company registered in Oklahoma." Doc. 82, at 3 n.3. Even so, it argues that "[u]nder Oklahoma law, '[a] limited liability company continues in existence after dissolution, regardless of whether articles of dissolution are filed' and may 'prosecute and defend suits' even after dissolution. 18 O.S. §§ 2037 and 2039(A)(2)(a)." *Id.* It maintains, "Wyoming has a similar statute allowing dissolved limited liability companies to 'prosecute and defend actions and proceedings.' W.S. 17-29-702." *Id.*

After careful consideration of the parties' arguments and submissions, the undersigned recommends[2] the dismissal of Intervenor's claim, Doc. 73, for permanent injunctive relief as moot.

## II. Analysis.

On July 9, 2014, the State of Wyoming "deemed [Intervenor] defunct and to have forfeited its articles of organization . . . acquired under the laws of this

---

[2] Under 28 U.S.C. § 636(b)(3), "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." But "a magistrate [judge] is not authorized to render final appealable decisions within the meaning of 28 U.S.C. § 1291, absent both designation by the district court and consent of the parties under 28 U.S.C. § 636(c) . . . ." *Colo. Bldg. and Constr. Trades Council v. B.B. Anderson Constr. Co., Inc.*, 879 F.2d 809, 811 (10th Cir. 1989).

state." Wyo. Stat. Ann. § 17-29-705(b);[3] *see* Doc. 57, Att. 6,[4] at 2. This occurred because Intervenor had failed to pay its annual "[l]icense [t]ax [of] $50.00," Doc. 57, Att. 6, at 2, within sixty days from the Wyoming Secretary of State's May 2, 2014 delinquency notice. *Id.*; *see* Wyo. Stat. Ann. § 17-29-705(b). Thereafter, Intervenor had two years from the date it was "deemed defunct and to have

---

[3] The relevant statute, titled "Administrative forfeiture of authority and articles of organization," provides:

> (b) If any limited liability company has failed to pay the fee required by W.S. 17-29-210 or any penalties imposed under W.S. 17-28-109, it shall be deemed to be transacting business within this state without authority and to have forfeited any franchises, rights or privileges acquired under the laws thereof. The forfeiture shall be made effective in the following manner. The secretary of state shall provide notice to the limited liability company at its last known mailing address by first class mail. Unless compliance is made within sixty (60) days of the date of notice the limited liability company shall be deemed defunct and to have forfeited its articles of organization or certificate of authority acquired under the laws of this state. Provided, that any defunct limited liability company may at any time within two (2) years after the forfeiture of its articles of organization of certificate of authority, be revived and reinstated by paying the amount of the delinquent fees. When the reinstatement is effective, it relates back to and takes effect as of the effective date deemed defunct pursuant to this subsection and the limited liability company resumes carrying on its business as if it had never been deemed defunct.

Wyo. Stat. Ann. § 17-29-705(b).

[4] Intervenor's Ex. 4.

forfeited its articles of organization"—July 9, 2014—to cure its delinquency and "be revived and reinstated . . . ." Wyo. Stat. Ann. § 17-29-705(b).

The public records of the Wyoming Secretary of State establish that Intervenor—Avon Capital, LLC—was not reinstated during the two-year grace period. Instead, the current status of Avon Capital, LLC is "Inactive – Administratively Dissolved (Tax)"; its "Inactive Date" is July 9, 2014; and, under "History," its sub-status was changed to "Archived" on July 10, 2016, two years after the July 9, 2014 administrative dissolution. *See* https://wyobiz.wy.gov/Business/FilingDetails.aspx?eFNum=221191225080195120026029214242181180238205249069 (last accessed on February 23, 2017).

So, effective July 9, 2014, Intervenor—pending a possible statutory reinstatement—had ceased to legally exist as what it holds itself out to be in this Court, "a Wyoming limited liability company" with "an interest in property that is the subject of this proceeding . . . ." Doc. 56, at 1, 2. Nonetheless, Intervenor—who disclaims Universitas's reliance on Oklahoma law—contends Wyoming "has a . . . statute allowing dissolved limited liability companies to 'prosecute and defend actions and proceedings.' W.S. 17-29-702." Doc. 82, at 3 n.3. But that provision—Wyo. Stat. Ann. § 17-29-702(b)(ii)(C)—applies only to a dissolved limited liability company engaged in "winding up." Wyo. Stat. Ann. § 17-29-702(a). And, "[a] limited liability company is dissolved, and its activities must be *wound up*, upon the occurrence of" only certain enumerated

events. *Id*. at § 17-29-701(a) (emphasis added). The forfeiture of a limited liability company's "articles of organization . . . acquired under the laws of [Wyoming]," *id.* at § 17-29-705(b), is not one of those events. *See id.* at § 17-29-701(a). Rather, by statute, Intervenor was "deemed defunct" under § 17-29-705(b), not "dissolved" under § 17-29-701(a).[5]

In this case, Intervenor sought to intervene and file its proposed motion for injunctive relief on April 15, 2016, *see* Docs. 56, 57, during the two-year period when it could have automatically "be[en] revived and restated" by satisfying its delinquency. Wyo. Stat. Ann. § 17-29-705(b). Until July 9, 2016, Intervenor could resurrect itself, and, under Wyoming law, "[w]hen the

---

[5] Notably, if, as Intervenor suggests, it was entitled to "continue[] after dissolution . . . . for the purpose of winding up," Wyo. Stat. Ann § 17-29-702(a)—and consequently, to [p]rosecute and defend actions and proceedings . . . ," *id.* at § 17-29-702(b)(ii)(C)—Intervenor lost the right to its registered name on July 10, 2016, when the two-year reinstatement grace period expired. *See id.* at § 17-29-705(a). Consistent with that provision, the Wyoming Secretary of State advises in "[h]elpful [s]earch [t]ips" for "[s]earching [b]usiness [e]ntity [n]ames," that "[w]hen you receive search results, those results might include records with a status of 'Inactive - Administratively Dissolved' or 'Inactive - Revoked.' The name of an entity for which the status is Inactive is available if the sub-status is 'Archived.'" *See* http://soswy.state.wy.us/Forms/WyoBiz/Name_Search_Tips.pdf (last accessed Feb. 23, 2017). Here, as noted *supra*, Intervenor's sub-status changed to "Archived" on July 10, 2016, two years after the July 9, 2014 administrative dissolution. The fact that a newly formed limited liability company could have used the name Avon Capital, LLC, after July 10, 2016, is at odds with any suggestion that Intervenor could, at the same time, have continued on as Avon Capital, LLC, for the purpose of winding up.

reinstatement is effective, it relates back to and takes effect as of the effective date deemed defunct pursuant to this subsection and the limited liability company resumes carrying on its business as if it had never been deemed defunct." *Id.* It failed to do so. As of July 10, 2016, Intervenor conclusively lost its statutory right to reinstatement (and the exclusive right to its name), and any claim, actual or inchoate, to assets it might have once had as a viable—or revivable—Wyoming limited liability company became moot.

"The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (quotation omitted). "If an intervening circumstance deprives the [party] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (quotation omitted). An action "becomes moot when the . . . parties lack a legally cognizable interest in the outcome." *Id.* (quotation and comma omitted). Here, any controversy over Intervenor's ownership of assets ceased to exist on July 10, 2016, when Intervenor itself irrevocably ceased to exist.

## III. Recommendation and notice of right to object.

The undersigned recommends the dismissal of Intervenor's claim for permanent injunctive relief, Doc. 73, as moot.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by March 22, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in this matter.

ENTERED this 2nd day of March, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE