# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. FJ-14-0005-HE |
| | ) | |
| NOVA GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Universitas Education, LLC ("Universitas") obtained a money judgment against various defendants in the United States District Court for the Southern District of New York. Universitas registered the judgment with this court and moved for an examination hearing of the judgment debtor, Avon Capital, LLC. A Writ of Execution and a Garnishment Summons were issued to SDM Holdings, LLC ("SDM") regarding potential Avon Capital, LLC assets. One Avon Capital, LLC entity, a Wyoming LLC (Avon Wyoming), intervened in this action and sought a permanent injunction to prohibit Universitas from "attempting to enforce the New York Judgment against SDM or another [sic] other assets solely owned by Avon-Capital-WY." Doc. 73, at 14.

This case was referred to U.S. Magistrate Judge Suzanne Mitchell for proceedings consistent with 28 U.S.C. § 636(b)(3). Judge Mitchell has issued a Report and Recommendation, which concluded that Avon Wyoming has been rendered administratively defunct and no longer has standing to seek injunctive relief. Avon Wyoming has objected, triggering de novo review.

Background

Universitas was the sole beneficiary of several life insurance policies totaling $30 million in proceeds. Universitas Educ., LLC v. Nova Grp., Inc., 784 F.3d 99, 100–01 (2d Cir. 2015). When the death benefits came due, however, Universitas's claim to those benefits was denied. Id. Universitas participated in binding arbitration with the trustee of the benefit plan, and obtained a favorable award. Id. The plan trustee sought to vacate the award in the U.S. District Court for the Southern District of New York, but the award was confirmed and judgment was entered for $30,181,880.30. Id.

Universitas encountered significant resistance in collecting on the judgment. The money was transferred to various other entities in connection with a money-laundering scheme. See Universitas Educ., LLC v. Nova Grp., Inc., 2014 WL 388371 (S.D.N.Y. Aug. 7, 2014); see also United States v. Daniel Carpenter, 190 F. Supp. 3d 260 (D. Conn. Jun. 6, 2016). Upon finding these transfers to be fraudulent, the New York court entered judgment in Universitas's favor against the defendants in various amounts, including judgment against "Avon Capital, LLC, in the amount of $6,710,065.92." Doc. #1-1.

Universitas registered the judgment in this court and moved for a hearing to examine the judgment debtor, Avon Capital, LLC, pursuant to 12 Okla. Stat. § 842 and Fed. R. Civ. P. 64. The motion, and the order granting it, were served on Avon Wyoming, Avon Capital, LLC, a Connecticut LLC ("Avon Connecticut"), and Avon Capital, LLC, a Nevada LLC ("Avon Nevada"). SDM Holdings, LLC ("SDM") was subpoenaed to appear at the hearing, as well as to produce documents related to Avon Capital, LLC. None of the Avon Capital, LLC entities nor SDM appeared at the hearing. Universitas filed a Motion for

Contempt against Avon Capital, LLC and SDM Holdings, LLC, and a Show Cause Order was issued by Judge Mitchell.

Shortly thereafter, a motion to intervene was filed by Avon Wyoming in which it asserted that it owns 100% membership interests in SDM, but that it is not the entity referenced in the registered judgment. Avon Wyoming argues that the judgment applies to Avon Connecticut or Avon Nevada. The unopposed motion to intervene was granted, and Avon Wyoming filed a motion for permanent injunction.

Avon Wyoming has forfeited its articles of organization in Wyoming due to failure to file its annual report and pay its licensing fee. The Wyoming Secretary of State issued a delinquency notice on May 2, 2014, and Avon Wyoming was deemed defunct sixty days later. *See* Wyo. Stat. § 17-29-705(b). Avon Wyoming had two years to apply for reinstatement but did not do so. Its status was changed to "Archived" in July 2016. Avon Wyoming's motion for permanent injunction was not filed until October 6, 2016.

## Standing

The parties do not dispute Avon Wyoming's status as a defunct limited liability company ("LLC"), but they disagree as to the consequences of that status. Universitas argues that injunctive relief in Avon Wyoming's favor would be moot because the entity has ceased to exist. Avon Wyoming contends it should be regarded as a dissolved LLC under Wyo. Stat. § 17-29-702, which would allow it to prosecute and defend civil actions in the course of winding up its business.

3

Under Wyoming statutes,[1] LLCs which are rendered defunct are not explicitly labelled as "dissolved," and the enumerated events that cause dissolution do not include administrative default. *See* Wyo. Stat. § 17-29-701 ("A limited liability company is dissolved, and its activities must be wound up, upon the occurrence of any of the following . . . ."); *see also* § 17-29-705. Although it is logical to view § 17-29-701 as an exhaustive list, the consequence would put defunct LLCs in some undefined category of entity (or non-entity), with no statutory guidance as to what happens to its assets.[2]

Further, treating a defunct LLC as a dissolved LLC under § 17-29-702 would be more consistent with Wyoming's treatment of corporations. In <u>Ridgerunner, LLC v. Meisinger</u>, the Wyoming Supreme Court states that Wyo. Stat § 17-16-1405(b)(v), which permits dissolved corporations to sue or be sued, "applies whether the dissolution is done voluntarily or administratively." 297 P.3d 110, 116 (Wyo. 2013). And in <u>RDG Oil & Gas, LLC v. Jayne Morton Living Trust</u>, the Court referred to an authorized foreign LLC that "negligently forfeited all of its rights and privileges to conduct any business in Wyoming" as "administratively dissolved," rather than defunct. 331 P.3d 1199, 1204 (Wyo. 2014). The court concludes Avon Wyoming does not lack standing to seek injunctive relief.

<u>Permanent Injunction</u>

A party is entitled to permanent injunctive relief if it proves: (1) actual success on the merits, (2) irreparable harm in the absence of the injunction, (3) the threatened injury

---

[1] Universitas's reliance on 18 Okla. Stat. § 2055.2 and cases interpreting it is misplaced, as that statute pertains to LLCs formed or registered in Oklahoma.
[2] The most notable asset in this instance, of course, being SDM Holdings, LLC.

4

outweighs the harm that the injunction may cause the opposing party, and (4) the injunction, if issued, will not adversely affect the public interest. Sw. Stainless, LP v. Sappington, 582 F.3d 1176, 1191 (10th Cir. 2009).

Avon Wyoming has sought an injunction prohibiting Universitas from satisfying its judgment in this case with its assets. It claims to own all membership interests in SDM and further asserts that it is not the judgment debtor. Rather, it argues that either Avon Connecticut or Avon Nevada is the judgment debtor.[3] According to Avon Wyoming, the fraudulent transaction identified by the New York district court involved a bank account belonging to Avon Nevada and that the LLC identified in the New York district court's order and judgment was Avon Connecticut.

Universitas has not disputed the existence of the three LLCs or that the bank account identified in the New York turnover proceedings belonged to Avon Nevada. Universitas claims, instead, that the New York district court's judgment "does not delineate that it is solely against Avon in Connecticut versus Avon in Nevada versus Avon in Wyoming," and it "encompasses" Avon Wyoming. Doc. #77, at 12.

The confusion between the three entities is understandable, and, according to Universitas, it is by design. All three entities list the principal address at 100 Grist Mill Road in Simsbury, CT.[4] Universitas submitted deposition testimony from a related case in

---

[3] *The court notes Avon Wyoming's attempts to alter the case caption in this action to include "Avon Capital, LLC, a Connecticut limited liability company." Counsel are advised to use a correct case caption.*

[4] *Coincidentally, the insurance proceeds were found to have been laundered through accounts belonging to Grist Mill Trust, Grist Mill Capital, and Grist Mill Holdings which have the same address.*

which the deponent admitted to having knowledge or involvement in the formation of all three entities. And Universitas asserts that the insurance proceeds it seeks to recover are traceable to the funds used by Avon Wyoming to purchase its interest in SDM Holdings.

However, the New York district court's order and judgment do not say that they apply to more than one "Avon Capital, LLC," let alone *all* entities named "Avon Capital, LLC." In fact, the order observes that the judgment debtors were entities "formed in Delaware and Connecticut." Universitas Educ. LLC v. Nova Grp., Inc., Case No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014). Thus, aside from Due Process issues which would arise from an order and judgment applying to parties who were potentially never served, the submissions in this case do not clearly support Universitas's position that the judgment applies to all three LLCs.

This alone, however, does not indicate that Avon Wyoming has demonstrated that it has succeeded or is likely to succeed on the merits sufficient to warrant its preemptive permanent injunction. It is not at all clear that this post-judgment collection proceeding is a proper forum/proceeding for a determination of the sort Avon Wyoming seeks. However, given Avon Wyoming's defunct/dissolved status and concurrent claim of ownership of SDM—clearly a target in this judgment action—the court concludes that Avon Wyoming has failed to establish the first element—success on the merits—necessary to obtain an injunction, even if the request is deemed procedurally proper. Likewise, given the intertwined nature of the Avon Capital, LLC entities, along with the other judgment debtors, Daniel Carpenter, Grist Mill Capital, LLC, Grist Mill Holdings, LLC, Carpenter Financial Group, Phoenix Capital Management, LLC, Grist Mill Trust Welfare Benefit

Plan, and Hanover Trust Company, along with the tactics used to avoid enforcement of the judgment by the Debtors, Avon Wyoming is unlikely to suffer irreparable harm without the injunction.  Finally, issuing the injunction may adversely affect the public interest because such an overbroad injunction could be used as a defensive weapon against other legitimate efforts by Universitas to collect its judgment.  Ultimately, the scope of the injunctive relief sought is broader than what is appropriate for the nature of this proceeding and broader than the showing made by Avon Wyoming as to the merits of its position.

This does not, however, indicate that Universitas will necessarily prevail as to the matters at issue here.  Avon Wyoming may ultimately be able to avoid liability for the judgment based on the circumstances and the means of collection being employed here, but that will be determined in further proceedings following resolution of the contempt matter.

For these reasons, the court declines to adopt the Report and Recommendation [Doc. #84] but **DENIES** the motion for permanent injunction [Doc. #73].  This case remains assigned to Judge Mitchell for a recommendation as to the contempt issue and for further appropriate post-judgment collection proceedings.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE