# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,                )<br>                                                                    )<br>    Petitioner/Judgment Creditor,      )<br>                                                                    )<br>v.                                                               )<br>                                                                    )<br>AVON CAPITAL, LLC,                                )<br>                                                                    )<br>    Respondent/Judgment Debtor,      )<br>                                                                    )<br>ASSET SERVICING GROUP, LLC,        )<br>                                                                    )<br>    Respondent/Garnishee,                  )<br>                                                                    )<br>SDM HOLDINGS, LLC,                            )<br>                                                                    )<br>    Respondent/Garnishee,                  )<br>                                                                    )<br>and                                                            )<br>                                                                    )<br>AVON CAPITAL, LLC, a Wyoming  )<br>Limited Liability Company,                    )<br>                                                                    )<br>    Intervenor.                                         ) | Case No. 14-FJ-05-HE |

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Universitas Education's (Petitioner) Renewed Motion for Contempt and to Compel SDM Holdings, LLC to Comply with this Court's Order and Related Amended Subpoena. Doc. 98 (Motion for Contempt). Chief District Court Judge Joe Heaton referred all post-judgement collection matters to the undersigned Magistrate Judge

pursuant to 28 U.S.C. § 636(b)(3).  Doc. 8.  After multiple continuations, a show cause hearing was scheduled for September 20, 2018.  *See* Doc. 122.

On June 26, 2018, Petitioner's counsel, Paula K. Colbath of the firm Loeb & Loeb moved to withdraw as counsel of record, Doc. 123, which the Court granted, Doc. 124.  On September 18, 2018, Lysbeth L. George and Judy Hamilton Morse of the law firm Crowe & Dunlevy, P.C., moved to withdraw as counsel of record for Petitioner and to continue the show cause hearing, Doc. 125, which the Court granted, Doc. 126.  In its motion to withdraw, Petitioner's counsel represented that Petitioner was in the process of hiring new counsel to represent them in this matter and that Petitioner had received direct notification of counsel's intent to withdraw.  *See* Doc. 125, at 1-2.

In its order granting leave for the withdrawal of Petitioner's counsel and continuance of the show cause hearing, the Court cautioned Petitioner that its failure to appear by other counsel on or before October 18, 2018, would "in all likelihood result in the dismissal of this action."  Doc. 126, at 2.  To date, Petitioner has not appeared by other counsel nor shown cause for its failure to do so.  Based on Petitioner's failure to comply with this Court's order, the undersigned recommends the dismissal without prejudice of this action.

I.    Analysis.

Under Fed. R. Civ. P. 41(b), the court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order[.]"

Fed. R. Civ. P. 41(b); *see also Huggins v. S. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (noting that Rule 41(b) has been "consistently interpreted . . . to permit courts to dismiss actions sua sponte . . . ." (citation omitted)); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (citation omitted)). And, if dismissal is without prejudice, the court may enter such an order without first considering a "non-exhaustive list of factors." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Petitioner has not complied with this Court's order and has not provided a reason for its noncompliance. This Court has provided Petitioner sufficient notice of the possibility of dismissal and Petitioner's failures have left the Court without the ability "to achieve an orderly and expeditious" resolution of the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice. Adoption of this recommendation would moot Petitioner's pending motions, Docs. 40, 98.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court on or before November 23, 2018, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral in the present case.

ENTERED this 1st day of November, 2018.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE