IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| | ) |
|     Petitioner/Judgment Creditor, | ) |
| | ) |
| vs. | )   Case No.: 14-FJ-05-HE |
| | ) |
| AVON CAPITAL, LLC, | ) |
| | ) |
|     Respondent/Judgment Debtor, | ) |
| | ) |
| ASSET SERVICING GROUP, LLC, | ) |
| | ) |
|     Respondent/Garnishee, | ) |
| | ) |
| SDM HOLDINGS, LLC, | ) |
| | ) |
|     Respondent/Garnishee, | ) |
| | ) |
| and | ) |
| | ) |
| AVON CAPITAL, LLC, a Wyoming limited liability company, | ) |

**SDM HOLDINGS, LLC'S OBJECTION TO REPORT
AND RECOMMENDATION**

SDM Holdings, LLC ("SDM"), in accordance with the November 23, 2018 deadline set forth in the November 1, 2018 Report and Recommendation of the United States Magistrate Judge (the "Recommendation") [Dkt. 127], respectfully submits the following limited objection thereto.

Petitioner Universitas Education, LLC's ("Petitioner") claims should be dismissed with prejudice rather than without prejudice under Fed. R. Civ. P. 41(b).  Petitioner failed

1

to appear through counsel as ordered by the Court after being warned that a failure to comply with the order would result in a dismissal. [Dkt. 126].

## I. Factual and Procedural Background

On November 7, 2014, Petitioner registered its judgment with this Court. [Dkt. 1]. SDM is not Petitioner's judgment debtor. (See Judgment)[Dkt. 1-1]. It is a third party.

More than a year later, on January 27, 2016, Petitioner purported to have served a subpoena on SDM under 12 O.S. § 842, Oklahoma's post-judgment discovery statute. (Affidavit of Service)[Dkt. 32]; (Amended Supboena)[Dkt. 40-1]. Section 842, made applicable here pursuant to Fed.R.Civ.P. 69(a)(2), allows for discovery from third-parties as "to answer concerning the *judgment debtor's* property, income, or liabilities, or to produce documents concerning the *judgment debtor's* property, income, or liabilities." The documents sought in the Amended Subpoena largely sought information concerning *SDM's* property, income and/or liabilities, although it was not a judgment debtor. (Judgment)[Dkt. 1-1]. Petitioner filed a motion for a "contempt citation" against SDM. (Motion)[Dkt. 40]. The Court entered an order to show cause. (Order)[Dkt. 42].

Shortly thereafter, Avon Capital, LLC, a Wyoming limited liability company filed a motion to intervene. (Motion)[Dkt. 56]. The Court struck the show cause order. (Order)[Dkt. 61]. Avon Capital, LLC, a Wyoming limited liability company, sought injunctive relief to bar Petitioner from seeking to satisfy its judgment from its assets. (Motion)[Dkt. 73]. The United States Magistrate Judge recommended dismissal of the request for injunctive relief. (Report and Recommendation)[Dkt. 84]. The Court

declined to adopt the recommendation for dismissal of the request for injunctive relief; however, the Court denied the request for such relief. (Order)[Dkt. 92].

Thereafter, the United States Magistrate Judge ordered the parties to submit a joint status report. (Order)[Dkt. 95]. The parties did so on November 13, 2017. (Status Report)[Dkt. 96]. Therein, Petitioner represented that it "anticipates filing a motion to reset the Show Cause Hearing as to SDM Holdings, LLC" and that it would "submit any such motion within 14 days of the filing of this Status Report."

Petitioner did not file a motion to reset the show cause hearing as to SDM. Again, the United States Magistrate Judge ordered the parties to file a joint status report. (Order)[Dkt. 97]. The parties did so. (Status Report)[Dkt. 99). The day before the filing of this second status report, Petitioner filed a renewed motion for contempt. (Motion)[Dkt. 98]. The Motion sought to compel the production of documents, an order that would benefit Petitioner, thus making clear that the request was one for civil contempt. *See Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441-43 (1911)(elaborating distinction between civil and criminal contempt).

SDM filed its response to Petitioner's renewed motion. (Response)[Dkt. 105]. It promptly sought clarification from Petitioner as to time periods for which documentation was sought and advised as to which documents existed. (March 12, 2018 Letter)[Dkt. 115-1]. SDM produced responsive documents and additional documents informally requested by Petitioner. Given that the purpose of civil contempt is to enforce

compliance, *United States v. Professional Air Traffic Controllers*, 703 F.2d 443, 445 (10th Cir. 1983), the need for relief was thus mooted.

Two continuances were sought. [Dkts. 108 and 110]. The United States Magistrate Judge set the matter for hearing on June 18, 2018. (Order)[Dkt. 117]. Petitioner then sought another continuance. [Dkt. 119]. Ultimately, the show cause hearing was scheduled for September 20, 2018. (Order)[Dkt 122].

In the meantime, on June 26, 2018, Petitioner's out-of-state counsel, Paula K. Colbath of the firm Loeb & Loeb moved to withdraw as counsel of record and the request was granted. (Motion and Order)[Dkts. 123 and 124]. Finally, on September 18, 2018, Petitioner's local counsel moved to withdraw as counsel of record for Petitioner and to continue the show cause hearing. (Motion)[Dkt. 125]. In the motion to withdraw as Petitioner's counsel, it was represented that Petitioner was in the process of hiring new counsel to represent Petitioner in this matter and that Petitioner had received direct notification of counsel's intent to withdraw. (*Id*. at ¶ 1).

The United States Magistrate Judge conditionally granted the motion to withdraw, but advised unambiguously that "The Court cautions Universitas that its failure to appear by other counsel on or before October 18, 2018, will in all likelihood result in the dismissal of this action." (Order at 2)[Dkt. 126].

The United States Magistrate Judge was patient, courteous and extended every opportunity to Petitioner to pursue its 2-year old motion. Petitioner did not enter an appearance through new counsel by October 18, 2018. Even so, the United States

Magistrate Judge did not recommend dismissal until two weeks later – on November 1, 2018. (Order)[Dkt. 127]. Rather than the customary 14-day objection period set forth in Fed.R.Civ.P. 72 and 28 U.S.C. § 636, the United States Magistrate Judge in this matter *sua sponte* extended the time period to 23 days and recommended that the instant action be dismissed without prejudice.

Petitioner continued to subject SDM to its motion[1] on a 2016 subpoena for years. Because of Petitioner's knowing and complete disregard for this Court's order, the dismissal should be with prejudice.

## II.     Argument and Authorities

"Rule 41(b) states that any involuntary dismissal will be considered an adjudication on the merits unless the dismissal was for lack of jurisdiction, improper venue, or failure to join a party under Rule 19." *Caldwell Ex Rel. Estate of Bolden v. City of Oklahoma City Ex Rel. Oklahoma Police Department*, 2016 U.S. Dist. LEXIS 125350, *5-*6 (W. D. Okla., Sept. 15, 2016). The United States Magistrate Judge's recommendation of dismissal results from Petitioner's failure to appear through counsel as ordered by this Court. Because this is not one of the stated exceptions listed in Rule 41(b), the dismissal should be with prejudice. Fed. R. Civ. P. 41(b); *Caldwell*, at *5-*6.

---

[1] Petitioner's continued pressing of its contempt motion was vexatious. It caused SDM to incur substantial expense even after SDM provided the requested documents, along with additional documents that were not even the subject of the 2016 subpoena. Petitioner's out-of-state counsel was asked multiple times for a description of any additional documents and with the exception of a smattering of documents not within SDM's possession, custody or control, none was identified.

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the Tenth Circuit outlined the factors that the Court should consider in dismissing an action under Fed.R.Civ.P. 37. An application of those factors indicates that the dismissal here should be with prejudice. The *Ehrenhaus* factors are: "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. *Id. See also Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994)("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed for noncompliance with other orders, leads us to conclude that Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria").

Here, SDM would be prejudiced if the dismissal was without prejudice. SDM should not be subjected to a potential show cause proceeding in the future should Petitioner assert one in subsequent litigation. SDM has been prejudiced by Petitioner's ongoing delays, as evidenced by the continuances sought by Petitioner on Petitioner's motion. SDM incurred substantial attorneys' fees as a result.

The second factor, interference with the judicial process, also supports a dismissal with prejudice. Petitioner willfully failed to obey the Court's order and Petitioner has not

obtained counsel. This flouts the Court's authority, unless the dismissal is with prejudice. If Petitioner can ignore the Court's orders without suffering the consequences, then the Court "cannot administer orderly justice, and the result would be chaos." *Ehrenhaus*, 965 F.2d at 921. It would be entirely inconsistent for Petitioner to later reargue that SDM should be held in contempt for not complying with a court order if it were allowed to do so after it failed to comply with a court order.

The third factor, culpability, weighs in favor of a dismissal with prejudice. Both of the attorneys representing Petitioner were granted withdrawals in a period of a couple of months. Petitioner failed to obtain new counsel, to request additional time or to explain why no counsel entered an appearance on behalf of Petitioner. "It is [Petitioner's] acts . . . that are at issue here." *Ehrenhaus*, 965 F.2d at 921.

As for the fourth factor, Petitioner was clearly put on notice that the case would be dismissed if Petitioner failed to obtain counsel. In the Court's order granting leave for the withdrawal of Petitioner's counsel and continuance of the show cause hearing, the Court cautioned Petitioner that Petitioner's failure to appear by other counsel on or before October 18, 2018 would, "in all likelihood result in the dismissal of this action." (Order at 2)[Dkt. 127].

Finally, the fifth factor, the efficacy of lesser sanctions, weighs in favor of a dismissal with prejudice. Petitioner's failure to obtain counsel as ordered by the Court is not one of the listed exceptions found in Rule 41(b). Further, Petitioner was on notice that the case would be dismissed if Petitioner failed to obtain counsel. Rather than complying

with the Court's Order, if the dismissal is without prejudice, Petitioner could reargue its claim at its leisure, thus obviating the efficacy of the Court's Order.

### III. Conclusion

Because the dismissal under Rule 41(b) results from Petitioner's failure to obtain counsel as ordered by the Court, the dismissal in this case should be with prejudice. SDM respectfully requests that Court should grant SDM's limited objection and enter a dismissal of Petitioner's action with prejudice.

Dated this 20th day of November, 2018.

                                        Respectfully submitted,

                                        s/ John D. Stiner
                                        John D. Stiner, OBA #18148
                                        **STINER LAW FIRM, PLLC**
                                        119 N. Robinson, Suite 320
                                        Oklahoma City, OK 73102
                                        Telephone: (405) 602-1591
                                        Facsimile: (405) 602-1754
                                        Email: john@stinerlaw.com

                                        --and—

                                        Joseph H. Bocock, OBA 0906
                                        **BOCOCK LAW PLLC**
                                        119 N. Robinson, Suite 320
                                        Oklahoma City, OK 73102
                                        Telephone: (405) 602-1591
                                        Facsimile: (405) 602-1754
                                        Email: joe@bococklaw.com

                                        **Attorneys for Respondent**
                                        **SDM Holdings, LL**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of November, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter

                s/ John D. Stiner