## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner/Judgment Creditor, | ) | |
| | ) | |
| vs. | ) | Case No.: 14-FJ-05-HE |
| | ) | |
| AVON CAPITAL, LLC, | ) | |
| | ) | |
| Respondent/Judgment Debtor, | ) | |
| | ) | |
| ASSET SERVICING GROUP, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| SDM HOLDINGS, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AVON CAPITAL, LLC, a Wyoming | ) | |
| limited liability company, | ) | |

## SDM HOLDINGS, LLC'S RESPONSE TO OBJECTION TO REPORT AND RECOMMENDATION

SDM Holdings, LLC ("SDM"), pursuant to Fed.R.Civ.P. 72(b)(2), respectfully submits to the Court its response to Universitas Holdings, LLC's ("Universitas") objection (the "Objection") [Dkt. 132] to the United States Magistrate Judge's November 1, 2018 Report and Recommendation (the "Recommendation") [Dkt. 127]. For the reasons set forth herein and in SDM's limited objection [Dkt. 128], SDM urges the Court to overrule the Objection, to grant SDM's limited objection, and to dismiss this action with prejudice.

1

## RESPONSE

This is a foreign judgment enforcement action. Pursuant to 28 U.S.C. § 1963, more than 4 years ago Universitas registered with this Court an August 12, 2014 judgment from the United States District Court for the Southern District of New York. (Judgment, Exh. 1).   The Judgment set forth multiple awards against several judgment debtors, including an award against an entity described only as "Avon Capital, LLC."

## THE ARBITRATION AWARD

Several years prior to the institution of this action, Universitas obtained an arbitration award against various entities, none of which are parties to this action. Avon Capital, LLC, for example, was not a respondent. (Jan. 24, 2011 Award, Exh. 2). Universitas subsequently filed suit in New York state court to confirm the award, which the respondents removed to federal court.   (Notice of Removal, Exh. 3). On June 5, 2012, the United States District Court for the Southern District of New York entered an order confirming the award. (Order, Exh. 4).

## THE OCTOBER 21, 2013 TURNOVER MOTION

Apparently unsuccessful in obtaining satisfaction of the amount owed it, a year later, on October 21, 2013, Universitas invoked, via Fed.R.Civ.P. 69, a procedure available under New York state law[1] and filed what it termed a "turnover" motion, in which it asked the court to order various non-judgment debtors whom had allegedly received fraudulent transfers of money belonging to Universitas to turn over those funds

---

1 N.Y. Civ. Prac. Law & Rules § 5225(b)(Exh. 5).

to Universitas. (Motion, Exh. 6). Among Universitas' targets was an entity described only as "Avon Capital, LLC."

In a contemporaneously filed declaration in support of its motion, one of Universitas' attorneys set forth, under penalty of perjury, the factual basis for the requested judgment against "Avon Capital, LLC":

> **On or about November 12, 2009, Mr. Carpenter transferred $6,710,065.92 from the Grist Mill Capital account (Account No. 424 277 4712) to the Avon Capital account at TD Bank (Account No. 424 277 4689)**. Attached as Exhibit 35 are true and complete copies of TD Bank documents showing this transfer of $6,710,065.92. **Attached as Exhibit 36 is a true and complete copy of the account-opening document for the Avon Capital account at TD Bank with the Account Number 424 277 4689**, listing Mr. Carpenter as a signatory on this account.

(Barnett Dec. at ¶ 59, Exh. 7).   Exhibit 36 referenced in the Barnett declaration is attached hereto as Exhibit 8. Universitas represented to the court that the Avon Capital, LLC that owned Account Number 424 277 4689 in which the $6,710,065.92 that makes up the judgment against "Avon Capital, LLC" now registered with this Court was a Nevada limited liability company.   Thus, as far back as October 21, 2013, Universitas knew the state of organization of the "Avon Capital" entity into whose bank account the funds were deposited was not Wyoming, represented the identity of that entity to a federal court, and obtained a judgment.

On August 7, 2014, the court granted Universitas' turnover motion and denied others. (Opinion, Exh. 9). The court clerk entered a money judgment against various individual and entities, including the requested judgment against "Avon Capital, LLC."

3

(Judgment, Exh. 1). Based on the Court's notation in its opinion that all of the "turnover respondents" were "formed in Delaware and Connecticut," Universitas has at most a judgment against either a Delaware limited liability company or a Nevada limited liability company (Opinion at 13, Exh. 9).  Universitas does not now nor has it ever had a judgment against Avon Capital, LLC, a Wyoming limited liability company for good reason – Avon Capital, LLC, a Wyoming limited liability company did not, as reflected by Exhibit 8 hereto, own the bank account into which the $6,710,065.92 was deposited that served as the basis for Universitas' Judgment against "Avon Capital, LLC."

## **THIS COURT'S ORDER**

After Universitas registered the Judgment here and began attempting to conduct asset discovery against Avon Capital, LLC, a Wyoming limited liability company, the latter obtained leave to intervene and filed a request for injunctive relief.  Therein, it apprised the Court and Universitas of the issues surrounding the identity of the judgment debtor. On September 13, 2017, this Court denied Avon Capital, LLC, a Wyoming limited liability company's motion for an injunction. Nevertheless, the Court cautioned Universitas:

> However, the New York district court's order and judgment do not say that they apply to more than one "Avon Capital, LLC," let alone all entities named "Avon Capital, LLC." In fact, the order observes that the judgment debtors were entities "formed in Delaware and Connecticut." *Universitas Educ. LLC v. Nova Grp., Inc.*, Case No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014). Thus, aside from Due Process issues which would arise from an order and judgment applying to parties who were potentially never served, the submissions in this case do not clearly support

4

> Universitas's position that the judgment applies to all three
> LLCs.

(Order at 6, Exh. 10).   Those due process concerns are now manifesting themselves as

Universitas continues, through its Objection, to attempt to prosecute of this post-judgment

enforcement action with respect to entities against whom it has no judgment. The

Recommendation provided a means for ending Universitas' 4-year long foray into

unconstitutional territory.

The Court may query *why* Universitas knowingly persists in this action involving

Avon Capital, LLC, a Wyoming limited liability company, when it knows it does not have

a judgment against it. The answer is in the Objection itself.   Therein, Universitas pointed

out:

> The Judgment was filed in the U.S. District Court for the
> Southern District of New York on August 12, 2014.   See Doc
> No. 1-1. It was registered in this Court on November 7, 2014.
> See Doc. No. 1-1.   No motion under FRCP Rule 59 was
> filed, nor was any motion under FRCP Rule 60 filed.   The
> Judgment has been final for approximately four years.

This is correct.   Even if there were a factual basis for doing so, which there is not,

Universitas may not move pursuant to Fed.R.Civ.P. 59(e) to amend its August 12, 2014

Judgment to include Avon Capital, LLC, a Wyoming limited liability company.   The

plain language of Fed.R.Civ.P 59(e), makes clear that the deadline for doing so expired

on August September 9, 2014.   Moreover, assuming, for purposes of this Response, that

a plaintiff can move for relief from its own judgment under Fed.R.Civ.P. 60, the time

limits set forth in Fed.R.Civ.P. 60(c)(1) expired one year after entry of the Judgment -- on

August 12, 2015.  *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084 (10th Cir. 2005)("The one-year limitations period for filing a Rule 60(b)(1) motion is absolute"). Finally, an independent action for fraudulent transfer against Avon Capital, LLC, a Wyoming limited liability company would lack not only a factual basis, *see e.g.*, Exhibit 8 hereto, but would also fall well outside the Statute of Limitations.   *See* N.Y. Civ. Prac. Law & Rules § 218(8)(6 years from date of transfer or 2 years from date of discovery). The transfer, according to Universitas' attorney, occurred on November 12, 2009, more than 9 years ago.  (Barnett Declaration at ¶ 59, Exh. 7), and, were there anything to "discover," Avon Capital, a Wyoming limited liability company, pointed out that Universitas was chasing the wrong entity in this action as far back as April 15, 2016, more than 2 years ago, when it filed its Motion to Intervene. (Motion to Intervene, Exh. 11).[2]

Universitas persists in attempting to leverage this proceeding against a non-judgment debtor whom it knows to be non-judgment debtor although its own attorney was aware and this Court and Avon Capital, LLC, a Wyoming limited liability company both made it aware of the issues.   This action should end.   It never should have begun.

---

2 Universitas may say the funds that Avon Capital, LLC, a Wyoming limited liability company used to buy the membership interests of SDM came from the above-referenced bank account. However, Universitas also knew this more than 2 years ago.  *See* Universitas' Nov. 10, 2016 Memo in Opp. at 7 and Bank Statements )[Dkt. 77 and 77-2]("Avon, in turn, used the money belonging to Universitas to purchase its interest in SDM Holdings, LLC ("SDM") . . .")(Exh. 12).

## THE RECOMMENDATION

Universitas registered its August 7, 2014 Judgment against "Avon Capital, LLC" with this Court on November 7, 2014. [Judgment, Exh. 1]. It then undertook execution and post-judgment discovery efforts, culminating in a years long skirmish involving a contempt motion against SDM, the details of which were set out in SDM's objection. (Objection) [Dkt. 128].

Universitas out-of-state and local counsel both withdrew from representing Universitas in this action.   Neither cited any financial difficulties on the part of Universitas nor did they cite any difficulties encountered by Universitas in "finding" new counsel.   Rather, both represented that Universitas was actually "in the process of hiring" a new attorney.   (June 26, 2018 Colbath Motion at ¶ 1)[Exh. 13]("Plaintiff is in the process of hiring new counsel to represent them in this matter"); (Sept. 18, 2018 George Motion at ¶ 1, [Exh. 14]("Plaintiff is in the process of hiring new counsel to represent them in this matter").

In connection with Ms. George's withdrawal, the United States Magistrate Judge allowed Universitas 30 days to retain new counsel.   (Order)[Dkt. 126].   This was a necessity. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel").   Universitas failed to do so.   The Recommendation followed.

7

## UNIVERSITAS' EXPLANATION

After months of inactivity, on the afternoon of the deadline for objecting to the Recommendation, Universitas sent the Court a letter   (November 23, 2018 Letter, Exh. 15).   Therein, Universitas told the Court that it had a "motion for admission pro hac vice prepared" for out-of-state counsel.   Now, almost 3 weeks later, no such motion has been filed.   Universitas told the Court that "Universitas will withdraw its long pending motion for sanctions."   Universitas has still not withdrawn its renewed motion for contempt. Universitas told the Court that it would "request a status conference to set a timetable for the prompt resolution of this case."   Universitas has made no such request.

Universitas then entered an appearance via local counsel.   Universitas sought and obtained leave of court to file its Objection out-of-time.   It then filed its Objection. [Dkt. 132].   Therein, Universitas urged the Court not to dismiss the action, whether with prejudice or without prejudice, but rather to afford it further opportunities to engage in collection efforts against Avon Capital, LLC, a Wyoming limited liability company.   For the reasons set forth herein, the Court should overrule Universitas' objection and dismiss this 4-year old misdirected post-judgment enforcement action with prejudice.

Universitas contends that its failure to comply with the United States Magistrate Judge's order resulted from financial difficulties.   Not a <u>scintilla</u> of factual support was provided.   No declaration citing the timing, identity and number of local counsel interviewed or contacted who declined to assist was provided.

Universitas certainly did not apprise the United Magistrate Judge of any alleged difficulties in finding substitute local counsel among the 13,470 licensed attorneys in the state.[3]  In fact, it was only after the expiration of the United States Magistrate Judge's October 18, 2018 deadline that Universitas gave any indication that it had given any thought to the matter.   (*See* Oct. 19, 2018 E-mail, Exh. 16)("We will be getting new local counsel next week").

Moreover, any issues with finding *local* counsel based on financial difficulties is a red herring.  Despite reliance upon being "*in financial extremis*," counsel could have obtained relief.  The docket reflects that Universitas never sought relief from LCvR 83.3(c), which makes abundantly clear that the Court may relieve a party of the requirement of the association of local counsel if it can establish "financial hardship," precisely the grounds upon which Universitas now relies.  Last, representations of financial hardship so dire that retention of local counsel was impossible are difficult to swallow given the $4 million contingency fee received from Universitas' counsel in connection with Universitas' collection efforts.  (*See* Feb. 27, 2018 Complaint at n.1, Exh. 17).

In any event, Universitas has now filed its Object, in which it urged the Court not to dismiss this action whether with or without prejudice. Fish and houseguests begin to

---

3  *See* 2017 American Bar Association National Lawyer Population Survey. https://www.americanbar.org/content/dam/aba/administrative/market_research/National %20Lawyer%20Population%20by%20State%202007-2017.authcheckdam.pdf

stink after 3 days.   This misdirected post-judgment enforcement action has lingered on

the Court's docket for more than 4 years.   The Objection is without merit.   As noted in

SDM's limited objection filed herein, dismissal with prejudice is the proper disposition of

this action.

**PROPOSITION I: FED.R.CIV.P. 41 IS A PROPER MECHANISM FOR DISMISSAL OF A POST-JUDGMENT ENFORCEMENT ACTION.**

Universitas contends that the instant action, instituted pursuant to 28 U.S.C. §1963

and implemented via Fed.R.Civ.P. 69, is not subject to dismissal under Fed.R.Civ.P. 41

because judgment has already been entered.   SDM respectfully disagrees.

The case upon which Universitas relies, *Tool Box, Inc. v. Odgen City Corp.*, 419

F.3d 1084 (10th Cir. 2005), pertained to an attempt to amend a complaint, *i.e.,* a pre-trial

filing, via Fed.R.Civ.P. 15 following entry of judgment.   Here, Universitas proceeded

under a different rule of procedure, and one that applies specifically to *post*-judgment

proceedings – Fed.R.Civ.P. 69.

Fed.R.Civ.P. 41 provides a mechanism for dismissal of "actions."   Post-judgment

proceedings under Rule 69 are actions and require that the court have jurisdiction.

*Sandlin v. Corporate Interiors, Inc.*, 972 F.2d 1212, 1215 (10th Cir. 1992)("Rule 69

creates a procedural mechanism for exercising postjudgment enforcement when ancillary

jurisdiction exists").   As the courts have noted in other contexts, "[t]he term 'action' is

not wholly free from ambiguity."   *Timms v. Rosenblum*, 713 F. Supp. 948, 951 (E.D. Va.

1989).   However, recently, in *Fidelity National Fin., Inc. v. Friedman*, 803 F.3d 999,

1002-03 (9th Cir. 2015), the United States Court of Appeals for the Ninth Circuit addressed

what an "action" meant for purposes of Section 1963. The court held:

> We disagree with defendants' argument that a registered
> judgment is not a "judgment in an action" because it is not part
> of a suit contested on the merits. As we have noted, an "action"
> is simply a "'civil or criminal judicial proceeding,' and more
> specifically ... `an ordinary proceeding in a court of justice, by
> which one party prosecutes another party for the enforcement
> or protection of a right.'" *SEC v. McCarthy*, 322 F.3d 650, 656
> (9th Cir. 2003) (quoting BLACK'S LAW DICTIONARY 28
> (7th ed.1999)). Although it is unclear whether the "action"
> here would refer to the Washington registration proceeding or
> the California suit that resulted in the original judgment, both
> are "civil ... judicial proceeding[s]" and both concern
> Fidelity's attempt to enforce its rights against defendants.

These post-judgment proceedings are "actions," and are subject to dismissal under

Fed.R.Civ.P. 41.   In fact, prior to the enactment of Section 1963, in order to "register" a

federal judgment with a different federal court, a judgment creditor had to file a separate

suit.   *Home Port Rentals, Inc. v. Int'l Yachting Group, Inc*., 252 F.3d 399 (5th Cir.

2001)("Prior to the adoption of § 1963, a judgment creditor from one federal district court

who wanted to enforce a money judgment in another district had to bring suit in the other

federal district court and obtain a new judgment of the second court (a 'judgment-on-

judgment')").   The Court may properly dismiss this action pursuant to Fed.R.Civ.P. 41.

**PROPOSITION II:**        **THE *EHRENHAUS* FACTORS SUPPORT DISMISSAL.**

Universitas' first argues that dismissal is unwarranted because its failure to retain

counsel by the deadline set forth in the United States Magistrate Judge's order did not

result in "actual prejudice" to the SDM.   *Ehrenhaus* did not expressly limit the court's

examination of prejudice to the prejudice suffered as a direct result of violation of the order.   Instead, in the exercise of its discretion this Court may properly examine the actual prejudice that would be suffered by not only SDM, a non-party, but also Avon Capital, LLC, if the action is not dismissed and they are required to continue defending themselves against a post-judgment enforcement proceeding against a different entity. This would include substantial attorney fees, costs, and the time and effort of witnesses and party representatives which may not be presently quantified.   None are merited as, again, the judgment is not against Avon Capital, LLC, a Wyoming limited liability company.

Second, Universitas contends that it has not "interfered with the judicial process" because a "general delay" in the case is insufficient to qualify as such.   The institution and continued maintenance of this action is, in and of itself, an interference with the judicial process.   Congress did not enact 28 U.S.C. § 1963 in order to provide dissatisfied judgment creditors who had missed the Statute of Limitations with a method of knowingly harassing third-parties in an attempt to extract perceived leverage on their actual judgment debtor.   The statute and the process afforded thereby exist for legitimate purposes only.

Third, Universitas disclaims any culpability.   Again, Universitas cites not a single fact that would evidence either its financial situation, its efforts to find local counsel, or the reason its lead counsel did not seek relief pursuant to LCvR 83.3(c).   The true culpability lies in the continued maintenance of post-judgment enforcement action against the wrong company.

Fourth, Universitas did not address the fourth *Ehrenhaus* factor – "whether the court warned the noncomplying litigant that dismissal was a likely sanction." The United States Magistrate Judge's Order stated:

The court cautions Universitas that its failure to appear by other counsel on or before October 18, 2018, will in all likelihood result in the dismissal of this action.

Fifth, the concept of a lesser sanction proves SDM's point. Nothing thus far, not its own counsel's averment under oath that the funds went to a different company's bank account, not Avon Capital, LLC, a Wyoming limited liability company's motion to intervene in which it addressed the issue, nor this Court's own statements, have persuaded Universitas that maintaining a judgment enforcement action against the wrong entity is any way improper. In light of Universitas' actions, dismissal with prejudice is the proper disposition of this action.

## CONCLUSION

SDM respectfully requests that Court overrule Universitas' objection, grant SDM's limited objection, and enter a dismissal of this action with prejudice.

13

Respectfully submitted,

s/ John D. Stiner
John D. Stiner, OBA #18148
**STINER LAW FIRM, PLLC**
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: john@stinerlaw.com

--and—

Joseph H. Bocock, OBA #0906
**BOCOCK LAW PLLC**
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: joe@bococklaw.com

**Attorneys for Respondent**
**SDM Holdings, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw

s/ John D. Stiner

14