IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner/Judgment Creditor, ) | |
| ) | |
| vs. ) | Case No.: 14-FJ-05-HE |
| ) | |
| AVON CAPITAL, LLC, ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| ASSET SERVICING GROUP, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| SDM HOLDINGS, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| AVON CAPITAL, LLC, a Wyoming ) | |
| limited liability company, ) | |

**SDM HOLDINGS, LLC'S OBJECTION AND RESPONSE TO
MOTION FOR POST-JUDGMENT DISCOVERY**

SDM Holdings, LLC ("SDM") objects and responds to petitioner/judgment creditor Universitas Holdings, LLC's ("Universitas") Motion for Post-Judgment Discovery [Dkt. 144] and brief in support [Dkt. 147] (collectively the "Motion"). For the reasons set forth below, SDM respectfully urges the Court to deny the Motion.

**RESPONSE BRIEF**

This is not an active lawsuit. There are no claims for monetary damages or injunctive relief and no affirmative defenses thereto. There is no scheduling order.

1

There will be no trial. Instead, this is a miscellaneous proceeding. Pursuant to 28 U.S.C. § 1963, more than four and a half years ago, Universitas registered a judgment entered on August 12, 2014 by the United States District Court for the Southern District of New York against, among others, "Avon Capital, LLC" (the "Judgment").

Presumably, Universitas registered its judgment here in order to execute upon it. Yet, Universitas now admits that it "is not currently seeking to enforce its judgment against [non-judgment debtor] Avon-WY, but may do so in the future."

If the Court questions why, in light of the above, Universitas continues to proceed in what for all practical purposes appears to be an exercise in creating the illusion of a post-judgment collection effort where none actually exists, the explanation is as follows. Put simply, Universitas does not have a judgment against Avon-WY. *See* Order at 6 [Dkt. 92]("[T]he submissions in this case do not clearly support [Plaintiff's] position that the judgment applies to all three LLCs"). Universitas' lackadaisical attitude toward the issue has caused Universitas to admit this problem as now contends that Universitas seeks more post-judgment discovery *for the purposes of pursuing a claim for fraudulent transfer or to pierce the corporate veil*. However, these are illusory goals.

The substantive basis for Universitas' argument that Universitas should receive more discovery is that Universitas would then, subsequently bring a successful action against Avon Capital-WY for fraudulent transfer or to "pierce the corporate veil." Given the amount of evidentiary material trumpeted by Universitas in its Motion in support of those theories, the Court may ask why it even still needs discovery. The truth is that

Universitas does not need discovery because it knows full well that not only can it not seek relief from the underlying judgment, it cannot bring these ancillary claims. Otherwise, it would have already brought them and sought discovery therein.

Besides the obvious statute of limitations problems associated with a fraudulent transfer claim , with regard to 'piercing the corporate veil," in truth, an attempt to pierce the corporate veil of Avon Capital-WY, would be an attempt to "reverse veil pierce," a remedy that thus far the Tenth Circuit has only considered viable under Utah law.  *Cf. United States v. Badger*, 818 F.3d 563 (10th Cir. 2016) (recognizing reverse-veil piercing under Utah law) *with Floyd v. IRS*, 151 F.3d 1295 (10th Cir. 1998) (refusing to conclude that Kansas law recognizes reverse veil-piercing).   If anything, the Wyoming legislature has only made veil-piercing *more* difficult, not less, in recent years, including a 2016 amendment to its statutes.  *See* Wyo. Gen. Stat. § 17-29-304 (limiting bases for piercing veil of limited liability companies). In short, Universitas failed to obtain a judgment against Avon Capital-WY, and as a result of nearly 5 years of somnolence, cannot pursue ancillary claims for relief under a fraudulent transfer or alter-ego/reverse veil-piercing theories.   The proposed discovery is a sideshow to distract attention from the fundamental problem with this proceeding – as a matter of law, Universitas cannot execute on a judgment against a party which is not now and has never been its judgment debtor.

Besides the above, insofar as Universitas now seeks to issue additional post-judgment discovery to *SDM*, which is indisputably _not_ a judgment debtor, there are several additional reasons that the Court should deny its request.

First, Universitas has already issued a subpoena to SDM. SDM produced documents. The Court has already disposed of Universitas' motion for contempt that it filed in connection with the subpoena. (Order, Dkt. 134). Universitas, having already issued a subpoena to SDM encompassing 28 categories of documents, many of which included multiple subparts, should not be allowed to issue yet another. Rather, this court may exercise its inherent authority and limit the proposed discovery. *See e.g., Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)(affirming district judge's and magistrate judge's limitations on scope of discovery); *see also Vivid Techs., Inc., v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803-04 (Fed. Cir. 1999)("A district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation"). Even Fed.R.Civ.P. 26(b) was amended in 2015 to ensure that the scope of discovery was limited to information "proportional to the needs of the case." Universitas has in its Motion made no showing whatsoever regarding any need to issue additional discovery to SDM.

Moreover, Universitas is not entitled to the benefit of the doubt with regard to its most recent explanation regarding why it needs additional discovery. After long periods of inactivity, Universitas has made a habit of undertaking action *only* when this Court schedules a status conference. Following Judge Heaton's ruling on September 13, 2017 [Dkt. 92], on October 30, 2017, the Court ordered the parties to submit a joint status report by November 13, 2017. The parties did so and Universitas represented therein that "Counsel for Plaintiff anticipates filing a motion to reset the Show Cause Hearing as to

SDM Holdings, LLC and/or Judgment Debtor and to also file a motion resetting the Judgment Debtor's Examination."  (JSR at ¶ 12) [Dkt. 96].  It failed to do either of these things.  Again, the Court ordered the submission of a joint status report, this time by January 23, 2018. (Order, Dkt. 97].  The day before the second report was due, Universitas filed on January 22, 2018, its renewed motion to hold SDM in contempt of court.  (Motion, Dkt. 98].  After disposition of Universitas' ill-conceived contempt motion against SDM, this Court again ordered the submission of a joint status report. (Order) [Dkt. 136].  This time, Universitas waited until the actual status conference before it indicated that some 4 and a half years after the initiation of this miscellaneous proceeding it wanted to conduct even more discovery.

      Second, as discussed above, Universitas does *not* have a judgment against Avon Capital, LLC, a Wyoming limited liability company (Avon-WY).  *See* Order at 6 [Dkt. 92]("[T]he submissions in this case do not clearly support [Plaintiff's] position that the judgment applies to all three LLCs").  Avon Capital, LLC, a Wyoming limited liability company and SDM Holdings, LLC, are *third-parties*. While the scope of discovery directed at judgment debtors is broad, third parties are generally only examined "as to the judgment debtor's assets and are not required to disclose their own assets." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Vanwaeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993).  Universitas, for its part, still refuses to identify who the actual judgment debtor is so that the Court could properly assess whether the proposed discovery is aimed at identifying *that* entity's assets and thus assess the permissible scope of that discovery.

Third, despite mustering the wherewithal to research, draft and file a twenty page brief in which it outlined a litany of alleged malfeasance and provided an exposition of post-judgment discovery opinions, out of the 31 exhibits attached to the Motion, curiously absent was what appeared to be the entire point of Motion -- a draft of the proposed discovery.  To date, despite Universitas' assertion of its rights, the Court cannot assess whether the discovery Universitas proposes conforms to the limits of what the Court deems permissible.  This is particularly important with regard to SDM, which should not be required to engage in duplicative discovery in any event.

Avon-WY is not Universitas' judgment debtor.  Further discovery efforts aimed at a third-party whose relationship is even more attenuated, especially one that has already been subject to and responded to a post-judgment subpoena, is unwarranted.

## **CONCLUSION**

For the reasons stated above, the Motion should be denied.

                                                                               Respectfully submitted,

                                                                               s/ John D. Stiner
                                                                               John D. Stiner, OBA #18148
                                                                               **STINER LAW FIRM, PLLC**
                                                                               119 N. Robinson, Suite 320
                                                                               Oklahoma City, OK 73102
                                                                               Telephone: (405) 602-1591
                                                                               Facsimile: (405) 602-1754
                                                                               Email: john@stinerlaw.com

                                                                               **Attorneys for Respondent**
                                                                               **SDM Holdings, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of May, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw

                                              s/ John D. Stiner