**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner/Judgment Creditor ) | |
| ) | |
| vs. ) | |
| ) | |
| AVON CAPITAL, LLC, ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| ASSET SERVICING GROUP, LLC, ) | |
| ) | |
| Respondent, Garnishee, ) | Case No. 14-FJ-05-HE |
| ) | |
| SDM HOLDINGS, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| AVON CAPITAL, LLC, a Wyoming Limited ) | |
| Liability Company, ) | |
| ) | |
| Intervenor. ) | |

**DECLARATION OF BENJAMIN CHERNOW IN SUPPORT OF UNIVERSITAS EDUCATION, LLC'S MOTION FOR SUMMARY JUDGMENT**

I, Benjamin Chernow, make this Declaration pursuant to 28 U.S.C. § 1746 and state as follows under oath:

1.       I am an associate in the Law Offices of Joseph L. Manson III, counsel for Petitioner Universitas Education, LLC ("Universitas") and judgment creditor in the above-captioned matter. I make this declaration to put before the Court certain facts and

documents, which are referred to in Universitas' Motion for Summary Judgment and Opening Brief in Support of Universitas' Motion for Summary Judgment.

2. Attached as **Exhibit 1** is a true and accurate excerpt of trial testimony from the criminal prosecution of Daniel Carpenter in the District of Connecticut – *United States v. Carpenter*, Case No. 3:13-cr-226 (RNC) (D. Conn. Dec. 21, 2018).

3. Attached as **Exhibit 2** is a true and accurate copy excerpt of the deposition transcript of Donald Trudeau, taken February 6, 2013 in the matter entitled *Universitas Education, LLC, v. Nova Group, Inc.*, Case. Nos. 11 Civ. 1590 and 11 Civ. 8726 (S.D.N.Y.).

4. Attached as **Exhibit 3** is a true and accurate copy of a declaration submitted by Donald Trudeau in the matter entitled *Freyr Holdings, LLC v. Benistar Admin. Services, Inc.*, Case No. 2:10-cv-03674-PSG-JC (C.D. Cal. Oct. 5, 2010).

5. Attached as **Exhibit 4** is a true and accurate excerpt of the federal taxes for Avon Capital, LLC a Nevada LLC ("Avon-NV"). This form can be attributed to Avon-NV because the Tax Identification Number ("TIN") used in the form ends in 6827, and this number matches the TIN that Avon-NV provided to TD Bank. [*See* Doc. # 57-1]. Portions of this exhibit have been redacted for confidentiality reasons.

6. Attached as **Exhibit 5** is a true and accurate excerpt of the deposition transcript of Donald Trudeau, taken September 24, 2014 in the matter entitled *Thomas Philipsborn Irrevocable Trust v. Avon Capital, LLC*, Case No. 1:11-cv-03274 (N.D. Ill. Nov. 19, 2014).

7.     Attached as **Exhibit 6** is a true and accurate copy of an email sent from Donald Trudeau to Daniel Carpenter on June 23, 2010 concerning the details of Avon Capital, LLC. Avon Capital, LLC a Wyoming LLC ("Avon-WY") was dissolved at the time this email was sent and was subsequently reinstated by Donald Trudeau. [*See* Doc. # 147-8]. Neither Avon-NV nor Avon Capital, LLC a Connecticut LLC ("Avon-CT") were dissolved at this time and/or reinstated or amended by Donald Trudeau.

8.     **Exhibit 7** is filed under seal in accordance with the Protective Order issued by this Court on March 18, 2016. [Doc. # 38]. **Exhibit 7** is a true and accurate copy of Avon-WY's Business Account Application with Wells Fargo Bank, N.A., dated September 26, 2012. No evidence has been produced to indicate that Avon-WY had a bank account prior to the submission of this Business Account Application. Any such evidence was clearly within the scope of Universitas' subpoena. [Doc. # 160-1].

9.     Attached as **Exhibit 8** is a true and accurate copy of the Commitment Letter, dated December 11, 2007, between the Ridgewood credit facility and Avon Capital, LLC. Donald Trudeau confirmed that Avon-CT is the Avon entity involved in this transaction. (*See* **Ex. 2**, 56:12-57:13.) Portions of this exhibit have been redacted for confidentiality reasons.

10.    **Exhibit 9** is filed under seal in accordance with the Protective Order issued by this Court on March 18, 2016. [Doc. # 38]. **Exhibit 9** is a true and accurate excerpt of the deposition transcript of Donald Trudeau, taken December 9, 2019, in this proceeding.

11. Attached as **Exhibit 10** is a true and accurate copy of a Corporate Disclosure Statement filed by Avon-WY on June 26, 2010 in the matter entitled *Moran v. Avon Capital, LLC*, Case No. 10-cv-00393-HE (W.D. Okla.).

12. Attached as **Exhibit 11** is a true and accurate copy of a letter, dated December 21, 2006, from Jack E. Robinson, in his capacity as Manager of Grist Mill Capital, LLC, to Christiana Corporate Services, Inc. Christiana Corporate Services, Inc. was the custodian of documents and insurance trustee for the Ridgewood credit facility, and was responsible for disbursing funds to pay policy premiums. *See United States v. Carpenter*, 190 F. Supp. 3d 260, 279 (D. Conn. 2016). The custody account for Avon Capital, LLC in this letter can be attributed to Avon-NV because the letter provides the TIN of the Avon Capital, LLC establishing the account, and this TIN matches Avon-NV's TIN. [*See* Doc. # 57-1]. Portions of this exhibit have been redacted for confidentiality reasons.

13. Attached as **Exhibit 12** are true and accurate copies of account statements for Avon-NV's account with TD Bank for the months of August 2009 and October 2009. Also included in **Exhibit 12** is a true and accurate copy of various bank records providing details for certain wire transfers depicted in the account statements. These wire transfer details show that Avon-NV made two payments toward the R. Waldman life insurance policy during these months – a payment of $44,150 on August 19, 2009, and another payment of $44,150 on October 5, 2009. Portions of this exhibit have been redacted for confidentiality reasons.

14.     Attached as **Exhibit 13** is a true and accurate copy of the general ledger for Avon Capital, LLC. It is from apparent from page two of this exhibit (Bates Stamp JLM020460) that the debit entitled "PEOPLE'S UNITED BANK" on the first page of the exhibit corresponds to Avon-NV's account with People's United Bank. Page two of **Exhibit 13** (Bates Stamp JLM020460) shows that the first transaction for this account was a deposit for $25 on June 10, 2010. The first transaction for Avon-NV's account at People's United Bank was a deposit for $25 on June 10, 2010. [Doc. # 147-16]. The June 2010 account statement for Avon-NV's account with People's United Bank depicts nine transactions after this initial deposit. [*See* Doc. # 147-16]. These transactions match the additional nine transactions depicted on page two of **Exhibit 13** for the debit entitled "PEOPLE'S UNITED BANK" in June 2010. Subsequent transactions from Avon-NV's account at People's United Bank also correspond with the entries in the general ledger. [*See* Docs. # 147-25, 147-27].

15.     The debit entitled "Bank Fees" on the first page of **Exhibit 13** reflects fees charged to Avon-NV's accounts at TD Bank and People's United Bank. The individual expenses comprising this debit are listed on page 22-23 of this exhibit (Bates Stamp JLM020480-JLM020481). Page twenty-two of **Exhibit 13** (Bates Stamp JLM020480) shows that Avon Capital, LLC incurred banking expenses of $90 in January 2010. Avon-NV's account at TD Bank paid six wire transfer fees of $15 each in January 2010, and thus incurred $90 in banking fees in January 2010. [*See* Doc. # 147-27]. The banking fees provided in the general ledger also correspond perfectly with the banking fees incurred by Avon-NV's TD Bank account for February and March of 2010. [*See* Doc. # 147-27].

Subsequent banking charges incurred by Avon-NV's account with People's United Bank are also reflected in the general ledger. [*See* Doc. #147-16].

16.     **Exhibit 13** also depicts payments of premiums for the Waldman life insurance policy. Pages eight through nine of **Exhibit 13** (Bates Stamp JLM020466-JLM020467) depict a payment of $44,150 and three additional payments of $46,475 over the course of 2010, all concerning the Waldman policy. Thus, Avon Capital, LLC spent $183,575 on the Waldman policy in 2010.

17.     Attached as **Exhibit 14** is a true and accurate copy of Avon-NV's Form OP-424 for the Connecticut Business Entity Tax. This form can be attributed to Avon-NV because the TIN provided on the Form OP-424 matches Avon-NV's TIN. [*See* Doc. #57-1]. Also included in **Exhibit 14** is a true and accurate copy of the check used by Avon-NV to pay the Connecticut Business Entity Tax. This payment can be attributed to Avon-NV because the check provides a corresponding Form OP-424 number, which matches the Connecticut Tax Registration Number listed on Avon-NV's Form OP-424. Portions of this exhibit have been redacted for confidentiality reasons.

18.     Attached as **Exhibit 15** is a true and accurate copy of the Cash Disbursements Journal for Avon Capital, LLC. The entry for "Commissioner of Revenue Services" on page ten of **Exhibit 15** (Bates Stamp JLM025233) can be attributed to Avon-NV because this entry is for the check depicted in **Exhibit 14**, as demonstrated by the matching check number, matching date, and other pertinent information.

19.     Attached as **Exhibit 16** is a true and accurate copy of a letter, dated September 30, 2010, specifying terms between Avon Capital, LLC and Clermont Capital

Partners, LLC for "Project Rainbow." Also included in **Exhibit 16** is a true and accurate copy of a letter, dated July 13, 2010, from Flexpoint Ford, LLC to Clermont Capital Partners, LLC and Avon Capital, LLC concerning "Project Rainbow." (*See infra* ¶¶ 20-21 for demonstration that Avon-WY is the relevant Avon entity.)

20. **Exhibit 17** is filed under seal in accordance with the Protective Order issued by this Court on March 18, 2016. [Doc. #38]. **Exhibit 17** is a true and accurate excerpt of the deposition transcript of Andrew Terrell, taken October 24, 2019, in this proceeding, wherein Mr. Terrell testified that he was involved in the transaction involving Flexpoint Ford, LLC while consulting for Avon Capital, LLC.

21. Attached as **Exhibit 18** is a true and accurate excerpt of the deposition transcript of Donald Trudeau, taken October 25, 2019, in this proceeding, wherein Mr. Trudeau testified that Mr. Terrell consulted for Avon-WY. In conjunction, **Exhibit 17** and **Exhibit 18** clearly demonstrate that the Avon Capital, LLC in **Exhibit 16** is Avon-WY.

22. Attached as **Exhibit 19** is a true and accurate copy of the "Executive Summary For Avon Capital, LLC." Also included in **Exhibit 19** is a true and accurate copy of the "Funding Proposal for AVON CAPITAL, LLC."

23. Attached as **Exhibit 20** is a true and accurate excerpt of trial testimony from the criminal prosecution of Daniel Carpenter in the District of Connecticut – *United States v. Carpenter*, Case No. 3:13-cr-226 (RNC) (D. Conn. Dec. 21, 2018).

24. Attached as **Exhibit 21** is a true and accurate excerpt of trial testimony from litigation in the District of Massachusetts concerning post-judgment proceedings against

7

various entities controlled by Daniel Carpenter – *Iantosca v. Benistar Administrative Services, Inc.*, Case No. 1:08-cv-11785 (NMG) (D. Mass. Mar. 30, 2012).

25.     **Exhibit 22** is filed under seal in accordance with the Protective Order issued by this Court on March 18, 2016. [Doc. #38]. **Exhibit 22** is a true and accurate excerpt of the deposition transcript of Thomas Moran, taken March 24, 2016, in this proceeding.

26.     Attached as **Exhibit 23** is a true and accurate copy of the Certificate of Incorporation for Yates Worldwide Holdings Ltd. Also included in **Exhibit 23** is a true and accurate copy of a Share Certificate for Yates Worldwide Holdings Ltd.

27.     The contract for the acquisition of SDM Holdings, LLC ("SDM") required that Asset Servicing Group, LLC ("ASG") service the policies owned by SDM after the acquisition was complete. [*See* Doc. # 147-20 ¶¶ 4.5, 8.2.2.] ASG charged a "servicing fee" for these services for which they billed monthly. Various invoices for these services have already been filed with this Court. [*See* Docs. # 147-26, 147-27]. ASG's servicing fee varies each month but the lowest monthly servicing fee contained in any of these invoices is 13,500. [Docs. # 147-26, 147-27].

28.     Between December 31, 2009 and January 7, 2010 Avon-NV paid $2,198,345.64 towards Avon-WY's acquisition of SDM. [Doc. # 147-22]. This number includes the transfers to Thomas Moran, ASG, The Heritage Group, and Hme LLC. [*See* Doc. # 147-22]. Mr. Moran confirmed that all of these payments were part of Avon-WY's payment for the SDM acquisition. [Doc. # 147-23]. Between November 30, 2010 and July 8, 2011, Avon-NV paid Mr. Moran another $775,000 as part of Avon-WY's acquisition of SDM. [Doc. # 147-25]. On February 12, 2010 Avon-NV paid Mr. Moran another

8

$195,361.77 as part of Avon-WY's acquisition of SDM. [Doc. # 147-27]. From February 23, 2010 to December 9, 2010, Avon-NV paid ASG an amount in excess of $236,743.11 for SDM policy premium payments and servicing fees. [*See* Doc. # 147-27]. Thus, in totality, Avon-NV disbursed an amount in excess of $3,405,450.52 to finance Avon-WY's acquisition of SDM and satisfy Avon-WY's related contractual obligations to service the SDM policies and pay policy premiums.

29. No evidence has been produced to indicate that Avon-WY contributed any money towards the acquisition of SDM or the ASG servicing fees. Any such evidence was clearly within the scope of Universitas' subpoena. [Doc. #160-1].

30. No evidence has been produced to indicate that Avon-NV received any consideration or benefit in exchange for the money it disbursed in connection with the SDM acquisition, or the subsequent payments to ASG. Nor has any evidence been produced to indicate that Avon-NV received any consideration or benefit in exchange for the premiums it paid for the R. Waldman life insurance policy. Any evidence concerning these transactions was clearly within the scope of Universitas' subpoena. [Doc. #160-1].

31. No evidence has been produced to indicate that Avon-CT ever had a bank account. Any such evidence was clearly within the scope of Universitas' subpoena. [Doc. #160-1].

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Alexandria, Virginia
February 10, 2020

/s/ *Benjamin Chernow*
Benjamin Chernow