IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, § | | |
|     Petitioner/Judgment Creditor, § | | |
| § | | |
| v. § | | Civil Action No.: 14-FJ-05-HE |
| § | | |
| AVON CAPITAL, LLC, § | | |
|     Respondent/Judgment Debtor, § | | |
| § | | |
| ASSET SERVICING GROUP, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| SDM HOLDINGS, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| And § | | |
| § | | |
| AVON CAPITAL, LLC, a Wyoming § | | |
| limited liability company, § | | |
|     Intervenor. § | | |

### GARNISHEE SDM HOLDINGS, LLC'S MOTION TO QUASH GARNISHMENT SUMMONS AND SUPPORTING BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SDM Holdings, LLC (SDM" or "Garnishee"), complaining of Plaintiff and Garnishor Universitas Education, LLC ("Universitas" or "Plaintiff"), and files this Motion to Quash Garnishment Summons and Supporting Brief, and would respectfully show as follows:

### I. STATEMENT OF ISSUES

1.    **Issue 1:** In an abundance of caution, SDM is filing this Motion even though the Court entered its Order partially adopting the November 1, 2018 Report and

Recommendation issued by Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134] SDM Does not believe any further relief is sought against SDM.

2.  **Issue 2**: On December 3, 2015, Plaintiff obtained a Post-Judgment General Garnishment Summons (the "Garnishment Summons") in this Court identifying SDM as the garnishee and Avon Capital, LLC as the judgment debtor. [Dkt 13] The Return of Service and Notice of Return of Service establish that while the Garnishment Summons was served, the additional documents required to be served were not served. As a result, the service does not comply with the applicable service requirements.

## II. FACTUAL BACKGROUND

3.  On November 7, 2014, Plaintiff registered a foreign judgment in this cause that does not identify SDM as a judgment defendant. [Dkt 1]

4.  On December 3, 2015, a Writ of General Execution [Dkt 10] and a Post-Judgment General Garnishment Summons (the "Garnishment Summons") [Dkt 13] were issued as to SDM.

5.  The Garnishment Summons identifies SDM as the garnishee and Avon Capital, LLC as the judgment debtor. [Dkt 13]

6.  The Writ of General Execution was returned unexecuted. [Dkt. 16]

7.  On December 15, 2015, a Return of Service was filed representing that SDM was served with the Garnishment Summons. [Dkt 23]

8. Other than the Garnishment Summons [Dkt 13] identifying SDM as the garnishee and Avon Capital, LLC as the judgment debtor, no other claims or pleadings have been filed by Universitas against SDM *See* Docket, generally.

9. On January 31, 2018, Plaintiff filed an Affidavit of Service indicating that SDM was served with a Motion for Contempt and a Motion to Compel directed at SDM. [Dkt 98]

10. On February 9, 2018, SDM entered an appearance through its counsel, John D. Stiner, Esq. and Joseph Bocock, Esq. [Dkt 101, Dkt 104]

11. On November 1, 2018, Magistrate Judge Suzanne Mitchell issued a Report and Recommendation that the Court dismiss Plaintiff's action, which would in turn moot Plaintiff's pending Motion for Contempt and Plaintiff's pending Motion to Compel directed at SDM. [Dkt 127]

12. On December 14, 2018, the Court entered its Order partially adopting the November 1, 2018 Report and Recommendation issued by Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134]

### III. IF THE SHOW CAUSE ORDER IS HELD TO COMPLY WITH THE REQUIREMENT THAT A NON-ANSWERING GARNISHEE BE ORDERED TO APPEAR AND "SHOW CAUSE," THEN THE ORDER DENYING PLAINTIFF'S MOTION FOR CONTEMPT RESOLVED THE GARNISHMENT

13. In an abundance of caution, SDM is filing this Motion even though the Court entered its Order partially adopting the November 1, 2018 Report and Recommendation issued by Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt

directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134]

14. "If any garnishee, having been duly summoned, shall fail to file and deliver or mail the answer as required by Sections 1172.2, 1178, 1178.1 or 1178.2 of this title, to appear for deposition or to answer interrogatories as provided in Section 1183 of this title, the court shall enter an order to the garnishee to file and deliver or mail the answer, to appear for deposition, or to answer the interrogatories within a time prescribed by the court, not to be less than seven (7) days, in the order and also to deliver within the same period of time to the court or the judgment creditor any money or property of defendant that the garnishee is required to pay or deliver under this title." OKLA. STAT. TIT. 12, § 1179.

15. SDM was ordered to appear when the Court issued its Show Cause order. [Dkt 42]

16. Following that, the Court entered its Order denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134]

17. The January 23, 2018 Joint Status Report filed in this cause contains Plaintiff's description of the status and there is no mention of the garnishment or any claim against SDM. [Joint Status Report pp. 1-2, Dkt. 99] Similarly, the January 29, 2020 Joint Status Report filed in this cause contains Plaintiff's description of the status and there is no mention of the garnishment or any claim against SDM. [Joint Status Report p. 2, Dkt. 183]

18. SDM does not believe any further relief was sought against SDM and SDM does not believe that Plaintiff seeks further relief against SDM.

## IV. SDM WAS NEVER PROPERLY SERVED WITH THE GARNISHMENT SUMMONS AND REQUIRED DOCUMENTS

19. Subject to the argument in Section III above, and in the alternative, SDM was not properly served with all of the required documents.

20. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a).

21. The federal rules apply, however, only if there is no state statute specifically applicable to service of garnishments. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 942 (10th Cir. 1992). Thus, a specific state garnishment rule trumps the federal rules. See *Okla. Radio Assocs.*, at 942-43; *Rumsey v. George E. Failing Co.*, 333 F.2d 960, 962 (10th Cir. 1964). If the specific state garnishment rule merely refers to the state's general rules for service of process, however, federal law governs. *Okla. Radio Assocs.*, 969 F.2d at 943.

22. "Oklahoma law governs the sufficiency of service of process in garnishment proceedings." *Hitachi Credit Am. Corp. v. Tulsa Telecom & Utils.*, LLC, 2014 U.S. Dist. LEXIS 18338, *5 (N.D. Okla. Feb. 13, 2014) (quoting *Strong v. Laubach*, 371 F.3d 1242, 1246-47 (10th Cir. 2004). A garnishment proceeding is commenced by filing an affidavit. OKLA. STAT. TIT. 12, §§ 1172, 1173.3. "The garnishment summons, 'together with a copy of the judgment creditor's affidavit, a garnishee's answer form, notice of garnishment and request for hearing, and claim for exemptions," is served as provided for in OKLA. STAT. TIT. 12, § 2004.'" *Hitachi Credit Am. Corp.*, at *5 (quoting OKLA. STAT. TIT. 12, § 1173.3).

23.     The Notice of Return of Service and Return of Service do not state that SDM was served with the required judgment creditor's affidavit, garnishee's answer form, request for hearing and claim for exemptions as mandated by Section 1173.3.C. [Dkt. 23, 23-1]

24.     In the alternative, it is undisputed that SDM was not served by certified mail, return receipt requested. [Dkt 23, 23-1] Section 2004.2.b. states "Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee." OKLA. STAT. TIT. 12, § 2004.2.b. If this is mandatory rather than permissive, then SDM was not properly served. *See Strong v. Laubach*, 371 F.3d at 1246-47.

25.     As a result, SDM was not properly served and not "duly summoned" as a garnishee. *See Hitachi Credit Am. Corp.*, at *6-7. SDM is not properly before the court as a garnishee.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, SDM Holdings, LLC prays that the motion to quash garnishment summons be granted, and on final trial, SDM have judgment that Plaintiff take nothing by its claims, and SDM have judgment against the Plaintiff for attorneys' fees, pre-judgment and post-judgment interest, cost of suit; and such other and further relief, at law and in equity, which SDM may be entitled.

**GARNISHEE SDM HOLDINGS, LLC'S**
**MOTION TO QUASH GARNISHMENT SUMMONS AND SUPPORTING BRIEF**
C:\Users\John\Documents\SDM Holdings v. Universitas (PLDGS)\Final of MTQ.docx        Page 6 of 7

Respectfully submitted,
s/ John D. Stiner
John D. Stiner, OBA #18148
STINER LAW FIRM, PLLC
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: john@stinerlaw.com

--and—

Joseph H. Bocock, OBA 0906
BOCOCK LAW PLLC
119 N. Robinson, Suite 320
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: joe@bococklaw.com

Attorneys for Garnishee
SDM Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw

                                                    s/ John D. Stiner