**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
| Petitioner/Judgment Creditor, | |
| v. | Case No. 14-FJ-5-HE |
| NOVA GROUP, INC., | |
| and | |
| AVON CAPITAL, LLC, a Connecticut limited liability company, | |
| Respondents/Judgment Debtors, | |
| and | |
| AVON CAPITAL, LLC, a Wyoming Limited Liability Company, | |
| Intervenor. | |

**INTERVENOR'S MOTION TO STRIKE**
**DECLARATION OF BENJAMIN CHERNOW**

COMES NOW Intervenor Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), pursuant to Federal Rules of Civil Procedure 12(f), 56(a), 56(c), and 56(e), and submits its Motion to Strike the Declaration of Benjamin Chernow.

## I.    RELEVANT FACTS

Material to the arguments advanced by Universitas in its Motion for Summary Judgment pending before this Court is a mosaic of statements submitted in a declaration submitted by Universitas's counsel Benjamin Chernow (Declaration in Support of

4812-8584-9014.1

Universitas Education, LLC's Motion for Summary Judgment ("Chernow Declaration")). [Doc. #187-1]. In the thirty-one paragraphs in the Chernow Declaration, Declarant Benjamin Chernow ("Declarant Chernow") claims to have personal knowledge of the twenty-three exhibits cited in the Chernow Declaration, which is substantially cited by Universitas in its Motion for Summary Judgment 58 times. To advance its arguments for why this Court should impose alter ego liability on Avon Capital-WY, Universitas relies on Chernow's Declaration as evidentiary support in almost half of its "Uncontroverted Statements of Facts" and as a vehicle to authenticate and support the twenty exhibits cited in the Chernow Declaration. [Doc. #187]; [Doc. #187-1]. The Chernow Declaration is material to Universitas's Motion for Summary Judgment.

But the Chernow Declaration is anything but "uncontroverted" because as a matter of law it is insufficient to be considered by this court as evidence in Universitas's Motion for Summary Judgment. [Doc. #187]. According to Federal Rule of Civil Procedure 56(e), statements and evidence contained in a declaration are considered inadmissible when the declarant lacks personal knowledge of information or documents referenced in the declaration or when statements submitted in the declaration are based on speculation or legal arguments. Because Chernow's Declaration is unsupported by Declarant Chernow's personal knowledge and because the Chernow Declaration is littered with statements which are purely speculative and conclusory, the Court must strike the Chernow Declaration. [Doc. #187-1].

Alternatively, should the Court not strike the Chernow Declaration, then Avon Capital-WY respectfully requests this Court stay Avon Capital-WY's deadline to file a supplemental motion for summary judgment and for leave to depose Declarant Chernow ("Declarant Chernow").  Limited discovery was conducted in the present post-judgment proceedings. [Doc. # 150-9].  But at no time did Universitas disclose Chernow as a fact witness.  Had Universitas disclosed counsel Chernow as a fact witness, Avon Capital-WY would have deposed him to have a fair opportunity to assess the same facts relied on by Chernow to form his generalized conclusions.

## II.    APPLICABLE LEGAL STANDARD

At the summary judgment stage, a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the  . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 n. 11 (10th Cir.1992 (emphasis added)).   "Additionally, statements of "mere belief in [a declaration] must be disregarded." *Argo v. Blue Cross & Blue Shield of Kan., Inc*., 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)).

## ARGUMENT AND ANALYSIS

**I.     This Court Should Strike the Chernow Declaration and Enclosed Exhibits Based on Failure to Comply With Fed. R. Civ. Proc. 56.**

Federal Rule of Civil Procedure 56(e) requires that an affidavit be based on the personal knowledge of the affiant and set forth facts that would be admissible evidence.  Fed. R. Civ. P. 56(e).  A "declaration used to support or oppose a motion must be made on personal knowledge and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).

### A.     The Chernow Declaration Is Not Based On Personal Knowledge.

The Chernow Declaration fails to satisfy the threshold requirement that a declaration be based on personal knowledge.  Fed. R. Civ. P. 56(c) and 56 (e).  Declarant Chernow included thirty-one paragraphs in his declaration.  But noticeably absent from the Chernow Declaration is any reference or statement that he has the requisite personal knowledge and is competent to testify on the matters stated in his declaration.  Declarant Chernow's lack of personal knowledge is fatal.  *See United States v. Sinclair,* 109 F.3d 1527, 1536 (10th Cir. 1997) (quotations and citations omitted*).* ("Under the personal knowledge standard, an affidavit is inadmissible if "'the witness could not have actually perceived or observed that which he testifies to.'" ).  The declarant is an associate in a law firm; not a witness to any proceeding.  The declaration can be disregarded on this point alone.

### B.     Declarant Chernow's Declaration is Riddled With Impermissible Hearsay.

At summary judgment, federal courts should disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any

4

form.  See *Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1082 n.5 (10th Cir. 1999). The requirement that the substance of the evidence must be admissible is not only explicit in Rule 56, which provides that "[s]upporting and opposing affidavits shall . . . set forth such facts as would be admissible in evidence," Fed. R. Civ. P. 56(e), but also implicit in the court's role at the summary judgment stage. To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury. *Argo*, 452 F.3d at 1199.  hearsay testimony that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because "[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill." *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir.1998).

In **Paragraphs 9, 12, 13, 14, 15, 16, 18, 19, and 22** of the Chernow Declaration, Declarant Chernow relies on the following documents:   "Commitment Letter, dated December 11, 2007" (paragraph 9); "copy of a letter, dated December 21, 2006" (paragraph 12); "account statements for Avon-NV's account with TD Bank") (paragraph 12); "Waldman life insurance policy" (paragraph 13); "general ledger for Avon Capital, LLC") (paragraph 13);   "Bank Fees" (paragraph 15); "Cash Disbursements Journal for Avon Capital, LLC") (paragraph 18); "letter, dated September 30, 2010" (paragraph 19); ("Executive Summary For Avon Capital, LLC." and "Funding Proposal for Avon Capital, LLC") (paragraph 22).

But these documents are unauthenticated and not accompanied by any business records declaration.  These paragraphs, which rely on improper and inadmissible hearsay and

unauthenticated records, are inadmissible. *See Bell v. City of Topeka, Kansas*, 496 F. Supp. 2d 1182, 1184-85 (D. Kan. 2007); *see also Foster v. AlliedSignal Inc.*, 98 F. Supp. 2d 1261, 1265, (D. Kan. 2000) *rev'd on other grounds*, 293 F.3d 1187 (10th Cir. 2002) (striking affidavit and documents referenced therein from the summary judgment record because such document were unauthenticated and constituted inadmissible hearsay testimony). And Chernow cannot lay the foundation for the documents as a business record. *See U.S. Commodity Futures Trading Comm'n v. Dizona,* 594 F.3d 408, 415 (5th Cir. 2010) ("A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met.") (internal quotation omitted). Unless Chernow is prepared to testify at trial, then he cannot authenticate the business records. *Wallace Motor Sales, Inc. v. Am. Motors Sales Corp.*, 780 F.2d 1049, 1061 (1st Cir. 1985) (stating that the witness authenticating business record must be someone "who can explain and be cross-examined concerning the manner in which the records are made and kept").

The Court should also strike all statements made by Universitas in its "Undisputed Facts" which are derived by Universitas's reference to the information and exhibits identified in the Chernow Declaration.

### C.    Chernow's Declaration Contains Conclusory Statements and Arguments.

Courts routinely reject declarations that contain legal argument or legal conclusions because they do not comply with Federal Rule 56(e).  *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006); *see also, Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268 (10th Cir.1998); *Hollander v. American Cyanamid Company*, 172 F.3d 192, 198 (2nd Cir. 1999) (overruled on other grounds *sub nom*) (court

struck portions of an affidavit that contained generalized, conclusory, and/or argumentative statements); *Brainard v. American Skandia Life Assurance Corp.*, 432 F.3d 655, 660 (6th Cir. 2005) (court struck portions of an affidavit that contained legal arguments and unsupported factual assertions); *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994) (court struck portions of an affidavit that made legal conclusions); *Harjo v. City of Albuquerque,* 326 F. Supp. 3d 1145, 1180 (D.N.M. 2018); *Summit Fin. Res., L.P. v. Kathy's Gen. Store, Inc.*, No. 08-2145, 2009 U.S. Dist. LEXIS 60977, 2009 WL 2106102, at *2 (D. Kan. July 16, 2009).

Statements that are speculative or unsubstantiated are not a substitute for specific facts. *TIG Ins. Co. et al. v. Sedwick James*, 276 F.3d 754, 759 (5th Cir. 2002).  Conclusory declarations are insufficient. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (alterations added) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997)).   Chernow's Declaration is wrought with speculation. **Paragraphs 8, 19, 21 and 31** contain pure speculation and legal conclusions that require this Court to assume counsel's argument and perception of the facts are true. Namely, counsel represents his speculation that Avon Capital-WY is an alter ego of Avon Capital, LLC as fact.

1. In **Paragraph 8**,  Declarant Chernow  implies that Avon Capital, LLC and Avon Capital-WY had (at one point) a shared a bank account, which requires the Court to accept as true—without any real evidence or testimony-- that Donald Trudeau (as a representative of Avon Capital-WY) was also a representative of Avon Capital, LLC.

7

2.  In **Paragraph 19**, Declarant Chernow makes the unsupported conclusion that a document related to Avon Capital, LLC is "demonstration that Avon Capital-WY is the relevant Avon entity."

3.  In **Paragraph 21**, Declarant Chernow relies on various exhibits named in its to make the speculative legal conclusion that Avon Capital-WY is the same entity as Avon Capital, LLC.  However, Avon Capital, LLC could refer to any of the entities named in the Chernow Declaration.  This issue and dispute is at the heart of Universitas's argument.  However, instead of identifying any admissible evidence to support this theory, Universitas relies on its counsel to offer testimony to fill the holes of its case.  This is wholly improper.

4.  In **Paragraph 31**, Declarant Chernow offered a self-serving (and inaccurate) conclusion that Avon Capital-CT never had a bank account.  The subpoena only required Donald Trudeau to bring with him documents related to Avon Capital-WY's financial dealings with other judgment debtors.  For Declarant Cherow's self-serving statement to be true, the Court would have to assume that Donald Trudeau (as a representative of Avon Capital-WY) would have in his possession documents related to Avon Capital-CT.

The Court must strike all statements made by Universitas in its "Undisputed Facts" which are derived by Universitas's reference to the information and exhibits identified by Declarant Chernow.

Finally, paragraphs 28 through 30, contain Petitioner's summary of documents and other evidence.  But Declarant Chernow is not a witness.  He may not testify as to the

"conclusion" or "summarize" unauthenticated documents. *See Marten Transp., Ltd. v. PlattForm Adver., Inc.,* No. 14-2464-JWL, 2016 U.S. Dist. LEXIS 22135, at *16 (D. Kan. Feb. 22, 2016) ("The Court agrees that the declaration cited by PlattForm may not be considered—the declaration was by an attorney who had not been previously identified as a witness, and the attorney interpreted records that were not submitted to the Court and to which the parties stipulated only with respect to foundation.").

Based on the speculative and conclusory nature of Chernow's Declaration, in addition legalistically argumentative statements that Universitas made based on these paragraphs in the Chernow Declaration, the Court must disregard the Declaration and the portions of Universitas's Motion for Summary Judgment which rely upon it.

## II. Alternatively, Should the Court not Strike the Chernow Declaration and Cited Exhibits in their Entirety, Avon Capital-WY Respectfully Requests the Court to Stay Avon Capital-WY's Deadline to File a Supplemental Motion for Summary Judgment and Grant Avon Capital-WY Leave to Depose Declarant Chernow.

To avoid a prejudicial outcome, each party must be afforded an opportunity to question a witness about specific claims asserted by the witness. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 987 (10th Cir. 1999); *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-TJJ, 2016 U.S. Dist. LEXIS 156256, at *29 (D. Kan. Nov. 9, 2016); *see also* Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 987 (10th Cir. 1999); *Webster v. McDonald*, No. 2:13-cv-00095, 2015 U.S. Dist. LEXIS 188897, at *4 (D. Utah Dec. 15, 2015); *Borandi v. USAA Cas. Ins. Co.*, No. 2:13-cv-141-TS-PMW, 2014 U.S. Dist. LEXIS 141519, at *10 (D. Utah Oct. 2, 2014).

A declarant's statements may be used at trial, but only if the party against whom the testimony is offered had an opportunity to develop the testimony by direct, cross or redirect examination.  Fed. R. Evid. 804(b)(1); *see Hoffman v. United Telecomms., Inc.*, Civil Action No. 76-223-C2, 1989 U.S. Dist. LEXIS 10764, at *1 (D. Kan. Mar. 6, 1989).  A party is not allowed to use information supplied as evidence on a motion unless the declarant was identified as a fact witness.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 987 (10th Cir. 1999).

The Chernow Declaration is clearly material to Universitas's Motion for Summary Judgment, and Avon Capital-WY would be unfairly prejudiced if not allowed a meaningful opportunity to conduct fact discovery on statements, conclusions, and opinions made by Declarant Chernow.  *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 987 (10th Cir. 1999); *Roco, Inc. v. EOG Res., Inc.*, No. 14-1065-JAR-TJJ, 2016 U.S. Dist. LEXIS 156256, at *29 (D. Kan. Nov. 9, 2016); *see also Webster v. McDonald*, No. 2:13-cv-00095, 2015 U.S. Dist. LEXIS 188897, at *4 (D. Utah Dec. 15, 2015); *Borandi v. USAA Cas. Ins. Co.*, No. 2:13-cv-141-TS-PMW, 2014 U.S. Dist. LEXIS 141519, at *10 (D. Utah Oct. 2, 2014).

Limited discovery was conducted in the present post-judgment proceedings. [Doc. # 150-9].  But at no time did Universitas identify or disclose Declarant Chernow as a fact witness it would rely upon to provide testimony in support of its quest to impose alter ego liability on Avon Capital-WY.

It was not until Universitas filed its Motion for Summary Judgment against Avon Capital-WY, that Universitas revealed it would rely on Declarant Chernow as a fact witness to advance arguments material to its claim for alter ego liability against Avon-Capital-WY. Because Avon Capital-WY is a Wyoming Limited Liability Company, Wyoming law applies to Universitas's claim of  alter ego liability against Avon Capital-WY.   Under Wyoming law, the Wyoming Supreme Court has made clear that alter ego liability is governed by the "special facts" of each case and that the district court must complete a <u>fact-intensive inquiry</u> that depends heavily "on the particular circumstances." *Mantle v. N. Star Energy & Constr. LLC*, 437 P.3d 758, 800 (Wyo. 2019).  Had Universitas previously disclosed Declarant Chernow as a fact witness, Avon Capital-WY would have requested the opportunity to depose Declarant Chernow and access the facts and allegations made by Chernow in the Chernow Declaration including Universitas's claim for liability against Avon Capital-WY based on alter ego liability.

Based on the above reasons, if the Court does not strike the Chernow Declaration and cited exhibits in their entirety, Avon Capital-WY respectfully requests this Court stay its deadline to file a supplemental motion for summary judgment and grant Avon Capital -WY leave to depose Declarant Chernow.

## I.    CONCLUSION

For the reasons set forth above, and in accordance with Federal Rules of Civil Procedure 12 and 56, Avon Capital-WY respectfully requests the Chernow Declaration and cited exhibits, be stricken in their entirety, and not considered in connection with

Universitas's pending Motion for Summary Judgment.  Alternatively, should the Court not strike the Chernow Declaration and cited exhibits in their  entirety Avon Capital-WY respectfully requests the Court to stay its deadline to file a supplemental motion for summary judgment and grant Avon Capital-WY leave to depose Declarant Chernow and for any other relief that is just and equitable.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
Nanette Turner Kalcik, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  316-609-7900
Facsimile:   316-462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com

*Attorneys for Intervenor Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2020, I electronically filed the above Motion to Strike Declaration, using the CM/ECF System which will send notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe