IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

    Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

and

AVON CAPITAL, LLC, a Connecticut limited liability company,

    Respondents/Judgment Debtors.

Case No. 14-FJ-5-HE

## DECLARATION OF DONALD TRUDEAU

I, Donald Trudeau, declare and state as follows in support of Avon Capital, LLC a Wyoming limited liability company's ("Avon Capital-WY") motion to intervene in the above captioned matter:

1. I am a member of Avon Capital-WY, over the age of eighteen, and competent to testify to the matters in this declaration.

2. The statements in this declaration are true and correct based on my own personal knowledge, including a review of the records kept by Avon Capital-WY in the regular course of business.

3. Avon Capital-WY's Tax Identification Number is ████1285.

4. Avon Capital-WY is not the same business entity as Avon Capital, LLC, a Connecticut limited liability company.

EXHIBIT 3

5. Avon Capital-WY is also not the same business entity as Avon Capital, LLC, a Nevada limited liability company.

6. Avon Capital-WY maintains bank accounts and bookkeeping records that are separate from those of its members.

7. Avon Capital-WY owns 100% of the membership interests in SDM Holdings, LLC. Attached as Exhibit 1 is a true and correct copy of the December 30, 2009 assignments of SDM Holdings, LLC's membership interests to Avon Capital-WY.

8. Prior to the entry of judgment on August 15, 2014, Avon Capital-WY was not served with summons or other process at any time in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

9. Attached as Exhibit 2 is a true and correct copy of a Restraining Notice dated March 17, 2016 served by Universitas Education, LLC in connection with the lawsuits styled *Universitas Education, LLC v. Nova Group, Inc.*, United States District Court for the Southern District of New York case numbers 1:11-cv-1590 and 1:11-cv-8726.

10. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct.

Executed on April 15, 2016.

Donald Trudeau

2

## ASSIGNMENT OF MEMBERSHIP INTEREST

KNOW ALL PERSONS BY THESE PRESENTS:

THAT this Assignment is executed effective the 30th day of December, 2009, by and between Jane M. Moran, , having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

## W I T N E S S E T H:

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ten percent (10%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee. Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

    a.    Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ten percent (10%) of the outstanding Membership Interest in Company.

    b.    Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

**Signature Page to Follow**

Exhibit 1

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

**ASSIGNOR:**

_____
Jane M. Moran

---

**STATE OF OKLAHOMA**          )
                               ) SS:
**COUNTY OF OKLAHOMA**         )

This instrument was acknowledged before me on the 4th day of DEC, 2009, by Jane M. Moran.

My Commission Expires: 6/10/13

My Commission No.: 05005427

_____
Notary Public

*[Notary Seal: AMY MERRICK, NOTARY PUBLIC, #05005427, EXP. 06/10/13, STATE OF OKLAHOMA]*

---

**ASSIGNEE:**

**AVON CAPITAL, LLC,**
**a Wyoming limited liability company**


By: _____
Donald Trudeau, Authorized Signatory

---

**STATE OF** _____          )
                                     ) SS:
**COUNTY OF** _____         )

The foregoing instrument was acknowledged before me this _____ day of _____, 2010, by Donald Trudeau, Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

_____
Notary Public

# ASSIGNMENT OF MEMBERSHIP INTEREST

**KNOW ALL PERSONS BY THESE PRESENTS:**

THAT this Assignment is executed effective the 30th day of December, 2009, by and between H. Thomas Moran, II, having a notice address of 521 W. Wilshire, Suite 200, Oklahoma City, Oklahoma 73116 ("Assignor"), and Avon Capital, LLC, a Wyoming limited liability company, with a notice address of 2187 Atlantic Street, Stamford, CT 06902, ("Assignee"), with respect to the following:

**W I T N E S S E T H:**

NOW, THEREFORE, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby BARGAIN, SELL, ASSIGN, TRANSFER AND DELIVER unto Assignee one hundred percent (100%) of Assignor's existing right, title and interest in and to Assignor's Membership Interest in SDM Holdings, LLC, an Oklahoma limited liability company (the "Company"), such Membership Interest being ninety percent (90%), together with all and singular the rights, titles, interests, privileges, and benefits thereunder and thereto in any manner belonging, including, without limitation, payments, proceeds, compensation, property and any and all monies to become due and payable, on or after the date first written above, to Assignor in connection with or pursuant to the above Membership Interest, unto Assignee.

All payments, proceeds, compensations, property, assets, interests and/or rights assigned by Assignor to Assignee hereunder, and which may hereafter come into the possession or be under the control of the Assignor, shall forthwith be delivered by the Assignor to Assignee in precisely the form received, except for endorsement, transfer or assignment by Assignor, where necessary, in the name and in favor of Assignee or its nominee or designee. Until so transferred, assigned and/or turned over to Assignee, the same shall be deemed to be and shall be held in trust by Assignor, as trustee of an express trust for the exclusive benefit of Assignee, and shall not be commingled with any other funds or property of Assignor.

Assignor hereby represents, warrants and covenants to and with Assignee as follows:

    a.    Assignor is the owner of the Membership Interest in Company herein assigned to Assignee, free and clear of any and all liens and encumbrances whatsoever, and said interests constitute not less than ninety percent (90%) of the outstanding Membership Interest in Company.

    b.    Assignor shall make, execute and deliver to Assignee, or any designee, nominee, representative or agent of Assignee, any and all further instruments, documents or writings deemed necessary or appropriate by Assignee in connection with or in confirmation of this instrument of assignment as Assignee may reasonably request in writing from time to time.

Assignor hereby designates Assignee and authorizes and empowers Assignee to demand from any person, firm or corporation, or otherwise, at such time or times as Assignee shall elect, as the case may be, all or any part of the monies or other property to become due on or after the date first written above, to said Company.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the separate signature pages attached as a part hereof, effective December 30, 2009.

**Signature Page To Follow**

ASSIGNOR:

_____
H. Thomas Moran, II

STATE OF OKLAHOMA      )
                       ) SS:
COUNTY OF OKLAHOMA     )

This instrument was acknowledged before me on the ____ day of _____, 2009 by H. Thomas Moran, II.

My Commission Expires: 6/10/13

My Commission No.: 05005427

_____
Notary Public

[Notary seal: AMY MERRICK, NOTARY #05005427, Exp. 06/10/13, STATE OF OKLAHOMA]

ASSIGNEE:
Avon Capital, LLC,
a Wyoming limited liability company

By: _____
Donald Trudeau, Authorized Signatory

STATE OF _____ )
                    ) SS:
COUNTY OF _____ )

The foregoing instrument was acknowledged before me this ____ day of _____, 2010, by Donald Trudeau, as Authorized Signatory of Avon Capital, LLC, a Wyoming limited liability company.

My Commission Expires: _____

My Commission No.: _____

_____
Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

        Judgment Creditor,

    -against-                                    Case Nos. 11-1590-LTS and
                                                            11-8726-LTS

NOVA GROUP, INC., as trustee, sponsor and
fiduciary of THE CHARTER OAK TRUST
WELFARE BENEFIT PLAN,                        **RESTRAINING NOTICE**

        Judgment Debtor.
------------------------------------------------------------X

To:    Avon Capital, LLC
        25 Seir Hill Road
        Norwalk, CT 06851

    **WHEREAS**, in an action in the United States District Court for the Southern District of New York (Swain, J.), a judgment was entered on August 12, 2014 in favor of Universitas Education, LLC (copy of amended August 15 judgment attached hereto), against the following Judgment Debtors, in the following amounts:

- Daniel E. Carpenter (Social Security Number ▮-4417) – **$30,600,000.00**

- Grist Mill Capital, LLC (Tax Identification Numbers ▮6232 and ▮7868) – **$30,600,000.00**

- Grist Mill Holdings, LLC (Tax Identification Number ▮8307) – **$21,000,000.00**

- Carpenter Financial Group (Tax Identification Numbers ▮7983, ▮6689 and ▮6669) – **$11,140,000.00**

- Avon Capital, LLC (Tax Identification Number ▮6827) – **$6,710,065.92**

- Phoenix Capital Management, LLC (Tax Identification Number ▮6871) – **$5,000,000.00**

- Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets (Tax Identification Number ▮6773) – **$4,487,007.81**

- Hanover Trust Company (Tax Identification Number ▮8375) – **$1,200,000.00**

NY1398456.1
214560-10001

Exhibit 2

**WHEREAS**, these judgment amounts which, along with post-judgment interest that has accrued thereon since August 12, 2014, remain due and unpaid;

**WHEREAS,** it appears that you owe a debt to one or more of the Judgment Debtors, or are in possession of property in which one or more of the Judgment Debtors has an interest;

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 69 and subdivision (b) of Section 5222 of the New York Civil Practice Law and Rules (which is set forth in full herein), you are hereby forbidden to make, permit or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as provided in Section 5222.

**TAKE FURTHER NOTICE** that this notice also covers all property in which one or more of the Judgment Debtors has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to one or more of the Judgment Debtors.

## CIVIL PRACTICE LAW AND RULES

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as contempt of court.

NY1398456.1
214560-10001

2

New York, NY

Dated: March 17, 2016

                                          LOEB & LOEB LLP

                                 By: /s/ Paula K. Colbath.
                                    Paula K. Colbath (PC-9895)
                                    345 Park Avenue
                                    New York, New York 10154-1895
                                    (212) 407-4000

                                   *Attorneys for Petitioner/Judgment Creditor*
                                    *Universitas Education, LLC*