IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,

   Petitioner/Judgment Creditor,

v.

NOVA GROUP, INC.,

   Respondent/Judgment Debtor

AVON CAPITAL, LLC,

   Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC

   Respondent/Garnishee,

SDH HOLDING, LLC

   Respondent/Garnishee

and

AVON CAPITAL, LLC, a Wyoming Limited Liability Company,

   Intervenor.

Case No. 14-FJ-5-HE

**INTERVENOR'S MOTION TO STRIKE
THE SECOND DECLARATION OF BENJAMIN CHERNOW**

Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). And, the evidence that a party is required to "put up" must be admissible. At summary

judgment, federal courts disregard inadmissible hearsay statements contained in affidavits, because those statements could not be presented at trial in any form. *See Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1082 n.5 (10th Cir. 1999). The requirement that the substance of the evidence must be admissible is not only explicit in Rule 56, which provides that "[s]upporting and opposing affidavits shall . . . set forth such facts as would be admissible in evidence," Fed. R. Civ. P. 56(e), but also implicit in the court's role at the summary judgment stage. To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

In Universitas's initial memorandum in support of its motion for summary judgment, Universitas relied heavily on an inadmissible and hearsay riddled thirty-one paragraph declaration by its counsel Benjamin Chernow. Universitas cited the declaration 58 times in support of summary judgment. Now, in response to Avon Capital-WY's motion for summary judgment, Universitas (again) relies on a new declaration of counsel Benjamin Chernow ("Chernow Declaration"). (Doc. 205-1.) Universitas uses Chernow's second declaration as a vehicle to authenticate and support seven separate exhibits. But Counsel Chernow is not qualified to authenticate the exhibits. He is an associate in a law firm. He is not a witness to any proceeding. Nor is he capable of authenticating business records. Because Counsel Chernow's Declaration

is improper summary judgment evidence, this Court should strike it and deem unsupported all facts Universitas relies on in support of the declaration. (Doc. 205-1).

## APPLICABLE LEGAL STANDARD

At the summary judgment stage, a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1526 n. 11 (10th Cir.1992) (emphasis added)). "Additionally, statements of "mere belief in [a declaration] must be disregarded." *See, e.g., Argo v. Blue Cross & Blue Shield of Kan.*, Inc., 452 F.3d 1193, 1200 (10th Cir. 2006) (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994)).

## ARGUMENT AND ANALYSIS

**I.  This Court Should Strike the Chernow Declaration and Enclosed Exhibits Based on Failure to Comply With Fed. R. Civ. Proc. 56.**

Federal Rule of Civil Procedure 56(e) requires that an affidavit be based on the personal knowledge of the affiant and set forth facts that would be admissible evidence. Fed. R. Civ. P. 56(e). A "declaration used to support or oppose a motion must be made on personal knowledge and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e).

**A. The Chernow Declaration Is Not Based On Personal Knowledge.**

The Chernow Declaration fails to satisfy the threshold requirement that a declaration be based on personal knowledge. Fed. R. Civ. P. 56(c) and 56 (e);*See United*

*States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir. 1997) (quotations and citations omitted)("Under the personal knowledge standard, an affidavit is inadmissible if "'the witness could not have actually perceived or observed that which he testifies to.'" ). The declaration can be disregarded on this point alone.

**B. Declarant Chernow's Declaration is Riddled With Impermissible Hearsay.**

In **Paragraphs 2 through 8** of the Chernow Declaration, Declarant Chernow claims to have personal knowledge that the following documents "are true and accurate": an affidavit submitted by Daniel Carpenter" (paragraph 2); "the search warrant inventory from a raid conducted by Department of Labor on May 26, 2011" (paragraph 3); "an excerpt of the deposition transcript of Matthew Westcott" (paragraph 4); an "e-mail, dated September 1, 2011, from Matthew Westcott to Randee Roucoulet, Hillary Lundell, and Ron Larrow" (paragraph 5); "a true and accurate copy of a screenshot depicting the Simione Macca & Larrow website" (paragraph 6); an "excerpt of Grist Mill Capital, LLC's Form 1065 taxes for 2009" (paragraph 7); and "Avon Capital, LLC's Form 1065 taxes for 2009" (paragraph 8).

Likewise, Declarant Chernow is unqualified to lay the foundation for business records referenced in the exhibit included in **Paragraph 4**. *See, e.g., U.S. Commodity Futures Trading Comm'n v. Dizona*, 594 F.3d 408, 415 (5th Cir. 2010) ("A qualified witness is one who can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met.") (internal quotation omitted).

However, Chernow is an associate in a law firm (and not a witness to any proceeding) who lacks personal knowledge of the seven exhibits referenced in the

4824-8398-3544.1                                    4

Chernow Declaration. Additionally, Declarant Chernow cannot lay foundation for documents included as exhibits in **Paragraphs 2 through 8** unless he is prepared to testify at trial. For these reasons, Chernow's statements and conclusions concerning the documents constitute impermissible hearsay. *See, e.g., Bell v. City of Topeka, Kansas*, 496 F. Supp. 2d 1182, 1184-85 (D. Kan. 2007); *see also Foster v. AlliedSignal Inc.*, 98 F. Supp. 2d 1261, 1265, (D. Kan. 2000) *rev'd on other grounds*, 293 F.3d 1187 (10th Cir. 2002) (striking affidavit and documents referenced therein from the summary judgment record because such document was unauthenticated and constituted inadmissible hearsay testimony).

Based on the forgoing reasons, the Court should respectfully disregard the Chernow Declaration and the exhibits cited therein.

### C. Chernow's Declaration Contains Conclusory Statements and Arguments.

Courts routinely reject declarations that contain legal argument or legal conclusions because they do not comply with Federal Rule 56(e). *See ,e.g., Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006). Statements that are speculative or unsubstantiated are not a substitute for specific facts. *TIG Ins. Co. et al. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002). Here, **Paragraphs 1, 3, 5 and 8** in the Chernow Declaration contain pure speculation and legal conclusions or summaries that require this Court to assume counsel's argument and perception of the facts are true.

1. In **Paragraph 3**, Declarant Chernow makes the unsupported conclusion that a "raid was conducted." However, instead of identifying any admissible

evidence to support this conclusion, Universitas relies on its counsel to offer testimony to fill the holes of its case. This is wholly improper.

2. In **Paragraphs 1, 5 and 8**, Declarant Chernow states "Avon Capital, LLC" without indication of the state in which the referenced "Avon Capital, LLC" entity is registered for purposes of limited liability.  This an improper tactic used by Universitas which makes the speculative legal conclusion that Avon Capital-WY is the same entity as Avon Capital, LLC.

3. **Paragraphs 3 and 5** contain Declarant Chernow's summary of documents and other evidence.   But Declarant Chernow is not a witness. He may not testify as to the "conclusion" or "summarize" unauthenticated documents. *See Marten Transp., Ltd. v. PlattForm Adver., Inc.*, No. 14-2464-JWL, 2016 U.S. Dist. LEXIS 22135, at *16 (D. Kan. Feb. 22, 2016) ("The Court agrees that the declaration cited by PlattForm may not be considered—the declaration was by an attorney who had not been previously identified as a witness, and the attorney interpreted records that were not submitted to the Court and to which the parties stipulated only with respect to foundation.").

Based on the forgoing reasons, the Court should respectfully disregard the Chernow Declaration, the exhibits that Declarant Chernow attempts to authenticate, and the portions of Universitas's Response which rely upon it.

## II.  Alternatively, Avon Capital-WY Respectfully Requests the Grant Avon Capital-WY Leave to Depose Declarant Chernow.

To avoid a prejudicial outcome, each party must be afforded an opportunity to question a witness about specific claims asserted by the witness. *See, e.g., Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 987 (10th Cir. 1999).

A declarant's statements may be used at trial, but only if the party against whom the testimony is offered had an opportunity to develop the testimony by direct, cross or redirect examination. Fed. R. Evid. 804(b)(1); *see also Hoffman v. United Telecomms., Inc.*, Civil Action No. 76-223-C2, 1989 U.S. Dist. LEXIS 10764, at *1 (D. Kan. Mar. 6, 1989). A party is not allowed to use information supplied as evidence on a motion unless the declarant was identified as a fact witness. *See Woodworker's Supply, Inc.*, 170 F.3d 985, 987 (10th Cir. 1999).  Here, the Chernow Declaration is clearly material to Universitas's Response and Avon Capital-WY would be unfairly prejudiced if not allowed a meaningful opportunity to conduct fact discovery on statements, conclusions, and opinions made by Declarant Chernow. *Id.*

Based on the above reasons, if the Court does not strike the Chernow Declaration and cited exhibits in their entirety, Avon Capital-WY respectfully requests grant Avon Capital -WY leave to depose Declarant Chernow.

## III.  Conclusion

For the reasons set forth above, and in accordance with Federal Rules of Civil Procedure 12 and 56, Avon Capital-WY respectfully requests the (second) Chernow Declaration and cited exhibits, be stricken in their entirety, and not considered in

connection with Universitas's Response. Alternatively, should the Court not strike the Chernow Declaration and cited exhibits in their entirety, Avon Capital-WY respectfully requests the Court grant Avon Capital-WY leave to depose Declarant Chernow and for any other relief that is just and equitable.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7900
Facsimile:    316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Intervenor Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2020, I electronically filed the above Motion to Strike using the CM/ECF System.  Based on the records on file, the Clerk of Court will transmit a Notice of Electronic Filing to the counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe