IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | § | |
|     Petitioner/Judgment Creditor, | § | |
| | § | |
| v. | § | Civil Action No.: 14-FJ-05-HE |
| | § | |
| AVON CAPITAL, LLC, | § | |
|     Respondent/Judgment Debtor, | § | |
| | § | |
| ASSET SERVICING GROUP, LLC, | § | |
|     Respondent/Garnishee, | § | |
| | § | |
| SDM HOLDINGS, LLC, | § | |
|     Respondent/Garnishee, | § | |
| | § | |
| And | § | |
| | § | |
| AVON CAPITAL, LLC, a Wyoming | § | |
| Limited liability company, | § | |
|     Intervenor. | § | |

**Plaintiff's Partial Objections to the Findings and Recommendation of the Magistrate Regarding Garnishee SDM Holdings, LLC's Motion to Quash <u>Garnishment Summons and Motion for Summary Judgment</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SDM Holdings, LLC (SDM" or "Garnishee"), complaining of Plaintiff and Garnishor Universitas Education, LLC ("Universitas" or "Plaintiff"), and objects to the findings and recommendations of the United States Magistrate Judge entered on October 20, 2020 ("Recommendation") [Dkt 218] and would respectfully show the Court as follows:

# I. Statement of The Issues

1. **Issue 1:** In what SDM believed at the time to be an abundance of caution, SDM filed the Motion to Quash even though this Court entered its Order partially adopting the November 1, 2018 Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134] SDM did not believe any further relief was sought against SDM, but the Motion to Quash was denied by the Recommendation.

2. **Issue 2**: On December 3, 2015, Plaintiff issued a Post-Judgment General Garnishment Summons (the "Garnishment Summons") in this Court identifying SDM as the garnishee and Avon Capital, LLC as the judgment debtor. [Dkt 13]. The Return of Service and Notice of Return of Service establish that while the Garnishment Summons was served, the additional documents required to be served were not served. As a result, the service did not comply with the applicable service requirements.

3. **Issue 3**: The Recommendation erroneously found that despite SDM appearing solely as a Respondent to a motion for contempt and for sanctions, SDM waived service by identifying itself according to the description assigned to it in the caption.

4. **Issue 4**: The Recommendation ignores SDM's argument that SDM cannot be liable as a garnishee based upon this court's prior holding that Avon-WY is not a judgment debtor and the fact that there were and are no "alter ego" pleadings.

5. **Issue 5**: If the Recommendation is adopted or if Universitas somehow pled a claim for alter ego liability, subject matter jurisdiction becomes an issue.

## II. Factual Background

6. On November 7, 2014, Plaintiff registered a foreign judgment in this cause that did not identify SDM as a judgment debtor. [Dkt 1]

7. On December 3, 2015, a Writ of General Execution [Dkt 10] and a Post-Judgment General Garnishment Summons (the "Garnishment Summons") [Dkt 13] were issued as to SDM.

8. The Garnishment Summons identified SDM as the garnishee and Avon Capital, LLC as the judgment debtor. [Dkt 13]

9. The Writ of General Execution was returned unexecuted. [Dkt 16]

10. On December 15, 2015, a Return of Service was filed representing that SDM was served with the Garnishment Summons. [Dkt 23]

11. Other than the Garnishment Summons [Dkt 13] identifying SDM as the garnishee and Avon Capital, LLC as the judgment debtor, no other substantive claims or pleadings have been filed by Universitas against SDM *See* Docket, generally.

12. On January 31, 2018, Plaintiff filed an Affidavit of Service indicating that SDM was served with a Motion for Contempt and a Motion to Compel directed at SDM. [Dkt 98]

13. On February 9, 2018, SDM entered an appearance through its counsel, John D. Stiner, Esq. and Joseph Bocock, Esq. [Dkt 101, Dkt 104]

14. On November 1, 2018, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation that the Court dismiss Plaintiff's action, which would in turn moot Plaintiff's pending Motion for Contempt and Plaintiff's pending Motion to Compel directed at SDM. [Dkt 127]

15. On December 14, 2018, the Court entered its Order partially adopting the November 1, 2018 Report and Recommendation issued by United States Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134]

16. On February 11, 2020, the Court entered its Order that any dispositive motions be filed by the parties by February 28, 2020. [Dkt 189]

17. On February 28, 2020, SDM filed its Motion to Quash Garnishment Summons. [Dkt 191]

18. On February 28, 2020, SDM filed its Motion for Partial Summary Judgment and supporting memorandum. [Dkt 192, 193]

19. On March 20, 2020, SDM filed its Response to SDM's Motion for Summary Judgment. [Dkt 206]

20. On March 20, 2020, SDM filed its Response to SDM's Motion to Quash Garnishment Summons. [Dkt 207]

21. On March 26, 2020, SDM filed its Reply to Universitas's Response to SDM's Motion to Quash Garnishment Summons. [Dkt 211]

22. On February 28, 2020, SDM filed its Reply to Universitas's Response to SDM's Motion for Partial Summary Judgment and supporting memorandum. [Dkts. 212]

23. On October 20, 2020, the Recommendations were issued, denying SDM's Motion to Quash Garnishment Summons and also denying SDM's Motion for Partial Summary Judgment.

### III. The Recommendation Does Not Address SDM's Argument That If the Show Cause Order Is Held to Comply with The Requirement That a Non-Answering Garnishee Be Ordered to Appear and "Show Cause," Then the Order Denying Plaintiff's Motion for Contempt Resolved the Garnishment

24. In what SDM believed at the time to be an abundance of caution, SDM filed the Motion to Quash [Dkt 191] and the Motion for Summary Judgment [Dkt 192], even though the Court entered its Order partially adopting the November 1, 2018 Report and Recommendation issued by Magistrate Judge Suzanne Mitchell, denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134; Dkt 191 p. 3; Dkt. 192 p. 6]

25. "If any garnishee, having been duly summoned, shall fail to file and deliver or mail the answer as required by Sections 1172.2, 1178, 1178.1 or 1178.2 of this title, to appear for deposition or to answer interrogatories as provided in Section 1183 of this title, the court shall enter an order to the garnishee to file and deliver or mail the answer, to appear for deposition, or to answer the interrogatories within a time prescribed by the court, not to be less than seven (7) days, in the order and also to deliver within the same period of time to the court or the judgment creditor any money or property of defendant that the garnishee is required to pay or deliver under this title." OKLA. STAT. TIT. 12, § 1179.

26. SDM was ordered to appear when the Court issued its Show Cause order. [Dkt 42]

27. Following that, the Court entered its Order denying Plaintiff's Motion for Contempt directed at SDM and ordering that Plaintiff pay SDM's reasonable attorneys' fees. [Dkt 134]

28. The January 23, 2018 Joint Status Report filed in this cause contains Plaintiff's description of the status and there is no mention of the garnishment or any claim against SDM. [Joint Status Report pp. 1-2, Dkt 99] Similarly, the January 29, 2020 Joint Status Report filed in this cause contains Plaintiff's description of the status and there is no mention of the garnishment or any claim against SDM. [Joint Status Report p. 2, Dkt 183]

29. Further relief was not sought against SDM. As a result, either SDM's Motion to Quash or SDM's Motion for Summary Judgment, or both motions, should have been granted.

### IV. The Recommendation Does Not Address SDM's Argument That SDM Was Never Properly Served with the Garnishment Summons and Required Documents

30. Subject to the argument in Section III above, and in the alternative, SDM was not properly served with all of the documents required to be served by statute. [Dkt 191 p. 5; Dkt 192 p. 7]

31. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a).

32. The federal rules apply, however, only if there is no state statute specifically applicable to service of garnishments. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 942 (10th Cir. 1992). Thus, a specific state garnishment rule trumps the federal rules. See *Okla. Radio Assocs.*, at 942-43; *Rumsey v. George E. Failing Co.*, 333 F.2d 960, 962 (10th Cir. 1964). If the specific state garnishment rule merely refers to the state's general rules for service of process, however, federal law governs. *Okla. Radio Assocs.*, 969 F.2d at 943.

33. "Oklahoma law governs the sufficiency of service of process in garnishment proceedings." *Hitachi Credit Am. Corp. v. Tulsa Telecom & Utils.*, LLC, 2014 U.S. Dist. LEXIS 18338, *5 (N.D. Okla. Feb. 13, 2014) (quoting *Strong v. Laubach*, 371 F.3d 1242, 1246-47 (10th Cir. 2004). A garnishment proceeding is commenced by filing an affidavit. OKLA. STAT. TIT. 12, §§ 1172, 1173.3. "The garnishment summons, 'together with a copy of the judgment creditor's affidavit, a garnishee's answer form, notice of garnishment and request for hearing, and claim for exemptions," is served as provided for in OKLA. STAT. TIT. 12, § 2004.'" *Hitachi Credit Am. Corp.*, at *5 (quoting OKLA. STAT. TIT. 12, § 1173.3).

34. The Notice of Return of Service and Return of Service do not state that SDM was served with the required judgment creditor's affidavit, garnishee's answer form, request for hearing and claim for exemptions as mandated by Section 1173.3.C. [Dkt 23, 23-1]

35. In the alternative, it is undisputed that SDM was not served by certified mail, return receipt requested. [Dkt 23, 23-1] Section 2004.2.b. states "Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted

delivery, to the addressee." OKLA. STAT. TIT. 12, § 2004.2.b. If this is mandatory rather than permissive, then SDM was not properly served. *See Strong v. Laubach*, 371 F.3d at 1246-47.

36. As a result, SDM was not properly served and not "duly summoned" as a garnishee. *See Hitachi Credit Am. Corp.*, at *6-7. SDM is not properly before the court as a garnishee.

### V. The Recommendation erroneously finds that despite SDM appearing solely as a Respondent to a motion for contempt and for sanctions, SDM waived service.

37. The Recommendation erroneously finds that despite SDM appearing solely as a Respondent to a motion for contempt and for sanctions, SDM waived service by its appearance, producing documents, corresponding with Universitas's counsel, participating in a status conference, filing a joint status report, and winning relief in the form of sanctions. [Dkt 218 p. 66]

38. First, while SDM is identified as a garnishee in the caption, SDM's filings that Universitas pointed to in its Response identify SDM as solely a "Respondent" in counsel's signature block. The signature block for documents states that counsel is "Attorney for **Respondent** SDM Holdings, LLC." [Dkt 101 p. 2; Dkt 104 p. 2; Dkt 113 p. 6; Dkt 115 p. 6] (emphasis added) Yes, each document also reflects on page 1, in the caption and the first paragraph that SDM is a "Respondent/Garnishee." [Dkt 101, 104] However, this does not mean that SDM appeared as a garnishee, as the signature block states that counsel's appearance is for "Respondent" SDM.

39. The Recommendation next points to SDM's producing documents and corresponding with Plaintiff's counsel. [Dkt 218 p. 66] When SDM was served with Plaintiff's Amended Motion for Contempt [Dkt 100] in January 2018, which alleges that SDM ignored a subpoena, SDM filed its Response noting the amended subpoena was invalid. [Dkt 105] Rather than wait for Plaintiff to issue and serve a compliant subpoena, SDM was cooperative and provided certain business records to Plaintiff that would have presumably been the subject of a new subpoena and, as part of SDM's cooperation, communicated with Plaintiff's counsel. The finding that SDM's cooperation supports a "voluntary appearance" and waiver by SDM discourages cooperation.

40. Next, SDM's participation in a status conference and filing a joint status report occurred when the Court ordered SDM to take these actions. [Dkt 136, Order, Dkt 137, Joint Status Report, Dkt 140, Order, Dkt 142] Cooperation and compliance with the court's orders are not a waiver by SDM.

41. Finally, SDM was awarded sanctions relief because Plaintiff (not SDM) failed to comply with the Court's order requiring Plaintiff to obtain counsel, and when the Recommendation that this case be dismissed [Dkt 127] was not adopted, the Court awarded monetary sanctions against Plaintiff for SDM's reasonable attorneys' fees. [Dkt 134] SDM did not ask for attorneys' fees in SDM's Objection to the Magistrate Report requesting that the dismissal be with prejudice due to Plaintiff's constant delays and inattention in this case. [Dkt 128]

42. Finally, the Recommendation, on page 69, cites *Hopper v. Wyant*, 502 F. App'x 790, 792 (10th Cir. 2012) ("'[A]n individual may submit to the jurisdiction of the court by appearance,' and voluntary use of certain court procedures may constitute constructive consent to the personal jurisdiction of the court." (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982))). While this is accurate as a general proposition of law, *Hopper* involved, in relevant part, Ms. Cain's motion to dismiss Hopper's claims being granted and Hopper's failed argument that Ms. Cain's motion to dismiss should not have been granted because Ms. Cain was not properly served. *Hopper*, at 792. *Hopper* does not support the finding that SDM waived service.

### VI. The Recommendation Ignores SDM's Argument That SDM Cannot Be Liable as A Garnishee Based Upon This Court's Prior Holding That Avon-Wy Is <u>Not</u> A Judgment Debtor and The Fact That There Are No "Alter Ego" Pleadings.

43. As noted in SDM's Reply to Plaintiff's Response to SDM's Motion for Summary Judgment, there are no pleadings by Plaintiff that asserted an alter ego theory and SDM objected to Plaintiff's argument:

> there is no "alter ego" pleading by Universitas, and SDM objects to this argument as it is improper to grant summary judgment on an unpleaded cause of action. *See* FED. R. CIV. P. 56; *Carter v. Ford Motor Co.*, 561 F.3d 562, 565, 568-69 (6th Cir. 2009).

[Dkt 212 p. 5]

44. As argued in SDM's Motion for Summary Judgment [Dkt 192 ⁋ 37], this Court previously held:

> "the New York district court's order and judgment do not say that they apply to more than one "Avon Capital, LLC," let alone all entities named "Avon Capital, LLC." In fact, the order observes that the judgment debtors were

entities "formed in Delaware and Connecticut." <u>Universitas Educ. LLC v. Nova Grp., Inc</u>., Case No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *7 (S.D.N.Y. Aug. 7, 2014).

<u>Order p. 6 of 7</u>. [Dkt 92]

45. Thus, in addition to Plaintiff's lack of pleadings of an alter ego theory, Plaintiff's failure to point to any evidence that would make Avon -WY liable, as it is a Wyoming business entity and the judgment debtors are Delaware and Connecticut entities. [Dkt 92]

46. Finally, the Recommendation's finding that the Avon entities are alter egos of each other and that SDM is liable as a garnishee violates fundamental due process rights. In addition to the fact that Plaintiff never pleaded an alter ego theory, Avon CT is not even before the Court.

### VII. If the Recommendation Is Adopted or if Universitas Pleaded Alter Ego, Subject Matter Jurisdiction Becomes an Issue

47. Further, if the Recommendation is adopted, or should Plaintiff plead alter ego, this court lacks subject matter jurisdiction over an alter ego claim (with all due respect). *See Peacock v. Thomas*, 516 U.S. 349, 359 (1996) (holding federal court lacks "ancillary jurisdiction . . . over a new lawsuit to impose liability for a judgment on a third party."); *Ellis v. All Steel Constr., Inc.*, 389 F.3d 1031, 1035 (10th Cir. 2004).

# RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, SDM Holdings, LLC prays that prays that the Court refuse to adopt the Recommendation and that the motion to quash garnishment summons be granted, and on final trial, SDM have judgment that Plaintiff take nothing by its claims, and SDM have judgment against the Plaintiff for attorneys' fees, pre-judgment and post-judgment interest, cost of suit; and such other and further relief, at law and in equity, which SDM may be entitled.

Respectfully submitted,
s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg, Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)

--and--

John D. Stiner, OBA #18148
STINER LAW FIRM, PLLC
119 N. Robinson, Suite 630
Oklahoma City, OK 73102
Telephone: (405) 602-1591
Facsimile: (405) 602-1754
Email: john@stinerlaw.com

--and—

> Joseph H. Bocock, OBA # 0906
> BOCOCK LAW PLLC
> 119 N. Robinson, Suite 630
> Oklahoma City, OK 73102
> Telephone: (405) 602-1591
> Facsimile: (405) 602-1754
> Email: joe@bococklaw.com
>
> Attorneys for Respondent
> SDM Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw

> s/ Jeffrey R. Sandberg