IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 14-FJ-0005-HE |
| | ) | |
| AVON CAPITAL, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| ASSET SERVICING GROUP, LLC | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| SDM HOLDINGS, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AVON CAPITAL, LLC, a Wyoming | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Intervenor. | ) | |

## ORDER

This case involves the efforts of petitioner Universitas Education LLC to collect a judgment for $6,710,065.92 entered in its favor in the United States District Court for the Southern District of New York. The judgment was later registered in this district and efforts here have centered on petitioner's attempt to establish that Avon Capital LLC, a Wyoming limited liability company ("Avon Capital LLC – Wyoming"), is one and the

same as the judgment debtors against whom the original judgment was entered.[1]  Avon Capital LLC – Wyoming is the nominal owner of SDM Holdings LLC, an Oklahoma limited liability company.  Petitioner seeks to collect its judgment, via attachment, garnishment, or otherwise, from SDM Holdings and/or its assets.

The court referred all post-judgment collection matters to U. S. Magistrate Judge Suzanne Mitchell for further proceedings.  Judge Mitchell has now issued a Report and Recommendation (the "Report") recommending various dispositions of the pending motions.  Avon Capital LLC – Wyoming and SDM Holdings LLC have objected to the Report, which triggers *de novo* review of the matters to which objection has been made.

The background of this dispute is set forth in detail in the Report, in prior orders of the court, and in decisions of the U. S. District Court for the Southern District of New York and will not be repeated here.  Suffice it to say that multiple enforcement efforts and proceedings have resulted from the fraudulent conduct of Daniel Carpenter and the transfers of assets initiated by him, at his direction, or through other entities controlled by him.

The central conclusion and recommendation in the Report is that Avon Capital LLC – Wyoming is the alter ego of Avon Capital entities organized in Nevada and Connecticut and that petitioner may enforce its judgment against any of those Avon entities.  The Report reached that conclusion applying the summary judgment standard, concluding that a reasonable jury, even viewing the evidence in the light most favorable

---

[1] *All the Avon entities are named Avon Capital LLC, but are organized under different state's laws.  Here, the court identifies the particular entities by addition of the name of the state of formation.*

to Avon Capital LLC – Wyoming could not reach any conclusion other than that Avon Capital LLC – Wyoming, Avon Capital LLC – Connecticut, and Avon Capital LLC – Nevada, were, and were operated as, alter egos.

The Report makes a detailed and thorough analysis of the history of the various entities, the evidence as to the shifting of funds through multiple entities controlled by Mr. Carpenter and his associates, and, in particular, the evidence as to the shifting of funds through those entities to Avon Capital LLC – Wyoming and its acquisition of SDM Holdings.  The court has carefully reviewed that evidence in light of the Avon and SDM objections and readily concludes, like Judge Mitchell, that no jury could plausibly conclude that Avon Capital LLC – Wyoming is other than the alter ego of the other Avon entities.  The objections now offered — such as SDM Holdings' complaint that, after three years of litigation on the subject, no one filed a formal pleading seeking an alter ego determination, or Avon Capital LLC – Wyoming's argument that none of the fraudulent actors had an ownership interest in Avon Capital LLC – Wyoming (ignoring the undisputed evidence as to control and beneficial ownership) — are thoroughly unpersuasive.  SDM Holdings also contends that the court lacks ancillary jurisdiction over the alter ego claims.  The court agrees with the Report, however, that even if ancillary jurisdiction is lacking the court has diversity jurisdiction to resolve this case. Universitas, a citizen of New York,[2] is completely diverse from all Avon Capital entities and SDM Holdings.

---

[2] *The court takes judicial notice of the pleadings in Case No. 11-CV-1590, U.S. District Court for the Southern District of New York.*

In light of these conclusions and substantially for the reasons stated in the Report, the Report [Doc. # 218] is **ADOPTED**.  Consistent with the Report's recommendation, the court **ORDERS** as follows:

1. Avon Capital LLC – Wyoming's motions to strike [Doc. Nos. 193 and 213] are **DENIED**;

2. SDM's motion [Doc. # 196] to join in Avon Capital LLC – Wyoming's motion to strike is **GRANTED**;

3. Petitioner's motion for summary judgment [Doc. #186] is **GRANTED**.  Avon Capital LLC – Wyoming is deemed to be the alter ego of Avon Capital LLC – Connecticut and Avon Capital LLC – Nevada and petitioner is entitled to enforce the registered judgment [Doc. #1] against any of the three;[3]

4. Avon Capital LLC – Wyoming's motion for summary judgment [Doc. #194] is **DENIED**;

5. SDM's motion to quash [Doc. #191] is **DENIED**;

6. SDM's motion for partial summary judgment [Doc. #192] is **DENIED**;

7. Petitioner's motion to strike the SDM motion to strike [Doc. #208] is **DENIED**;

8. Avon Capital LLC – Wyoming is **ENJOINED** from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM;

---

[3] *The judgment was initially entered against "Nova Group Inc." but later legal proceedings established "Avon Capital LLC", among others, was an alter ego of the nominal judgment debtor.*

9. Avon Capital LLC – Wyoming, Avon Capital LLC – Connecticut, and Avon Capital LLC – Nevada are **ENJOINED** from transferring, alienating, concealing, or encumbering any non-exempt property so long as the registered judgment remains unpaid.

The parties are directed to confer and advise the court, by a joint filing within 14 days, of their view(s) as to whether, in light of the above disposition, other issues remain for resolution in this proceeding and, if so, what.

**IT IS SO ORDERED**.

Dated this 11th day of February, 2021.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE