# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner/Judgment Creditor | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AVON CAPITAL, LLC, | ) | |
| | ) | |
| Respondent/Judgment Debtor, | ) | |
| | ) | |
| ASSET SERVICING GROUP, LLC, | ) | |
| | ) | |
| Respondent, Garnishee, | ) | Case No. 14-FJ-05-HE |
| | ) | |
| SDM HOLDINGS, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AVON CAPITAL, LLC, a Wyoming Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Intervenor. | ) | |

## PETITIONER'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST SDM HOLDINGS, LLC

Universitas Education, LLC ("Universitas") previously moved for sanctions against SDM Holdings, LLC ("SDM") based in part on allegations that SDM is utilizing a litigation strategy predicated upon bad faith and strategic delay. SDM's recent actions demonstrate the accuracy of Universitas' allegations and reinforce the need for an anti-filing injunction. Universitas respectfully submits this supplemental Memorandum of Law to further illustrate SDM's pattern of bad faith filings.

## BACKGROUND

### I.   Molly Carpenter's Involvement in the Theft of Universitas' Proceeds

Molly Carpenter is a Manager of SDM, and a key executive throughout the criminal network responsible for laundering the $30 million that her husband stole from Universitas. [Doc. # 233-2 ¶ 1]; *see also United States v. Carpenter*, 190 F. Supp. 3d 260, 273-74 (D. Conn. 2016) (explaining that Molly Carpenter is an executive for many of the "most significant" entities within Carpenter money laundering operation). Mrs. Carpenter is one of the primary beneficiaries of the stolen $30 million,[1] and she has sought to obstruct the recovery of these funds. *See Universitas Educ.*, 2013 U.S. Dist. LEXIS 165803 at *8-*9 n. 1 (finding Molly Carpenter's testimony concerning the whereabouts of stolen insurance proceeds to be "wholly self-serving and unreliable").

### II.   Mrs. Carpenter's Involvement with Prior Motions to Quash

Molly Carpenter was also an executive of Nova Group, Inc. ("Nova"). *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 1720, at *19 (S.D.N.Y. Jan. 4, 2013). Nova previously moved to quash numerous third party subpoenas based on generalized allegations of interest in financial documents sought by the subpoenas – these motions were uniformly denied because Nova's privacy interest in the financial documents is inapplicable within the context of post-judgment discovery and Nova lacked standing to

---

[1] *See Universitas Educ., LLC v. Benistar*, No. 3:20-cv-00738 (JAM), 2021 U.S. Dist. LEXIS 47804, at *7-*8 (D. Conn. Mar. 15, 2021) (explaining that Mrs. Carpenter received transfers of stolen funds); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 165803 (S.D.N.Y. Nov. 20, 2013) (explaining that vacation property costing over $1 million purchased for benefit of Daniel and Molly Carpenter with stolen funds).

quash a third party subpoena.[2] *See id.* at *13-*18. Nova's motions to quash were filed by attorneys from Smith Gambrell & Russell, LLP ("SGR"). *See Universitas Educ.*, 2013 U.S. Dist. LEXIS 142901 at *4-*5. SGR represented Nova, but was paid by Grist Mill Capital, LLC ("GMC") and Nova Benefit Plans, LLC.[3] (Exhibit 1.) Molly Carpenter was the Managing Director for GMC. (Exhibit 2.) Mrs. Carpenter was also an executive for Nova Benefit Plans, LLC with check-signing authority. (*See* Exhibit 3.)

### III.   Prior Rulings in this Proceeding

Both Avon Capital, LLC and SDM repeatedly objected to discovery in this proceeding by arguing, *inter alia*, that: (i) discovery involving a non-judgment debtor's finances is outside the permissible scope of post-judgment discovery, and (ii) that any such discovery is a violation of due process. [*See* Docs. # 148, 149, 151, 154, 166-167, 179]. The Court has repeatedly denied all such arguments.[4] [*See* Docs. # 150, 158, 180]. SDM also moved to vacate the Court's alter ego finding by arguing that the Court lacked subject matter jurisdiction over this proceeding because the judgment was dormant. [Doc. #231]. The Court denied this argument as "thoroughly unpersuasive." [Doc. #240].

### IV.   SDM's Newest Motions Restate Arguments Already Rejected by the Court

SDM moved to quash a third party subpoena based on a generalized allegation of

---

[2] The motions were described as "so lacking in merit that the only reasonable inference is that they were filed for dilatory purposes," and were deemed sanctionable. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013).
[3] SGR also represented Nova Benefit Plans, LLC.
[4] The Court also denied a motion for a protective order in part for noncompliance with the requisite meet and confer requirements. [*See* Doc. #180 at 2].

interest in documents sought by the subpoena.[5] [Doc. #261]. SDM's Motion to Quash argues, *inter alia*, that discovery concerning assets possessed by SDM (which the Court held belong to the judgment debtor) is outside the permissible scope of post-judgment discovery. [Doc. #261]. SDM opposed the judgment debtor exam scheduled by the Court by arguing, *inter alia*, that the discovery involved with the exam includes SDM's finances and thus is outside the permissible scope of post-judgment discovery, and that any such discovery also violates SDM's due process rights.[6] [Doc. #263]. SDM also opposed Universitas' refiling of its judgment, which was done with leave of Court, by arguing, *inter alia*, that the Court lacks subject matter jurisdiction over this proceeding because the judgment is allegedly dormant. [Doc. #262].[7]

## ARGUMENT

SDM's newest filings continue its efforts to relitigate issues already decided by the Court through different procedural vehicles.[8] SDM's arguments concerning the scope of

---

[5] SDM refused to confer with Universitas prior to moving to quash the subpoena, despite the prior admonitions of this Court and the requirement to do so.

[6] SDM claimed prejudice because the exam requires SDM "to provide information regarding SDM's property, business records and liabilities." [Doc. # 263 at 11]. This equates to the production of documents.

[7] SDM claims it filed this opposition to prevent a finding that the renewal was an unopposed motion. [Doc. #262]. SDM also concedes that the renewal is not a motion. [Doc. #262].

[8] This litigation strategy was also employed by SDM's principal in the underlying litigation. *See Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142902 (S.D.N.Y. May 21, 2013); *Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 U.S. Dist. LEXIS 142901 (S.D.N.Y. May 21, 2013); *see also In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir. 1987) (explaining that "[t]he filing of … a new action does not erase a litigant's past abuse of the judicial system"); *Collins v. Diversified Consultants, Inc.*, Civil Action No. 15-cv-02115-RBJ-NYW, 2018 U.S. Dist. LEXIS 66019, at *24-*25 (D. Colo. Feb. 7, 2018) (finding bad faith through history of litigation misconduct).

post-judgment discovery have been repeatedly rejected by the Court. [*See* Docs. #150, 158, 180]. SDM's argument that document production constitutes a violation of due process has also been repeatedly rejected by the Court. [*See* Docs. #150, 158]. SDM's argument that the Court lacks subject matter jurisdiction over this proceeding because the judgment is dormant was also previously rejected by the Court. [Doc. #240]. SDM reasserted these arguments in bad faith – SDM has knowledge of the Court's rejection of these arguments and thus necessarily knew that these arguments were unfounded. *See Raymond v. Spirit AeroSystems Holdings, Inc.*, No. 16-1282-JTM, 2017 U.S. Dist. LEXIS 143869, at *18 (D. Kan. Sep. 6, 2017) (providing that bad-faith exists when a litigant "intentionally took a position he subjectively knew was unfounded").

SDM's Motion to Quash is substantively redundant of the motions to quash previously filed by Nova. SDM's principal was a principal of both Nova and the entities that paid for attorneys to file the motions to quash on Nova's behalf. As a result of the court's rulings regarding Nova's motions to quash, SDM's principal necessarily has knowledge that SDM lacks standing to quash a third party subpoena and that any such motion is utterly devoid of merit and sanctionable. SDM nonetheless moved to quash a third party subpoena – this motion was clearly made in bad faith. *See Raymond*, 2017 U.S. Dist. LEXIS 143869 at *18 (providing that bad-faith exists when a litigant "intentionally took a position he subjectively knew was unfounded").

## **CONCLUSION**

Universitas respectfully requests that the Court enjoin SDM from filing any further motions without leave of Court, so as to prevent further vexatious and frivolous litigation.

Respectfully submitted,

/s/ Timothy F. Campbell_____
Joshua C. Greenhaw, OBA No. 19111
Timothy F. Campbell, OBA No. 30513
jcg@meehoge.com
tfc@meehoge.com
MEE HOGE PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone: (405) 848-9100
Facsimile: (405) 848-9101
ATTORNEYS FOR UNIVERSITAS
EDUCATION, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May 2021, I electronically transmitted the

foregoing document to the Clerk of Court using the ECF System for filing and transmittal

of Notice of Electronic Filing to the following ECF registrants on record:

John D. Stiner
Joseph H. Bocock
Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Jeffrey Sandberg

/s/ Timothy F. Campbell_____