| JPMorgan Chase Bank |  CHASE | Limited Liability Company Letter and Security Agreement |

Date 10-14-04

We the undersigned Managers and Members of **Grist Mill Capital, LLC**
("Company"), located at **Grist Mill Plaza, 100 Grist Mill Rd, Simsbury CT 06070**
HEREBY CERTIFY that Company, a Limited Liability Company formed pursuant to **Delaware**
(State of formation)
Law, is composed of the following member(s): **Nova Group Inc**
**Daniel E. Carpenter, +**
and the following Manager(s): **Molly Carpenter**

To induce you in your discretion to act and rely hereon and on the signature of any of the designated present or future Managers, Members, employees or agents of Company ("Authorized Person(s)"), we agree and certify on behalf of Company as follows:

1. JPMorgan Chase Bank ("Bank") is hereby designated as depository of Company, and any Authorized Person is authorized to deposit or designate for deposit any funds of Company in Bank at any of its branches. Bank may at any time refuse to accept and/or may return by ordinary mail or otherwise the whole or any part of a deposit.

2. The following duly appointed Authorized Person(s) **Molly Carpenter, Daniel E G**
**Daniel E. Carpenter**
signing **Singly**
(For purposes of signing items, indicate for example, singly, any two, etc.)
and their successors are hereby authorized to sign, by hand or by facsimile (including, but not limited to, computer generated) signature(s), checks, drafts, acceptances and other instruments (hereinafter each collectively referred to as "Item(s)"). Notwithstanding the above, any Authorized Person is authorized singly to: (1) initiate Automated Clearing House ("ACH") debits without a signature; (2) initiate payments by use of Depository Transfer Checks ("DTC") without a signature other than the name of Company printed on the DTC; or (3) give instructions, by means other than the signing of an Item, with respect to any account transaction, including but not limited to the payment, transfer or withdrawal of funds by wire, computer, or other electronic means or otherwise or of money, credits, items or property at any time held by Bank for account of Company ("Instructions").

3. Bank is hereby authorized to honor and pay items, whether signed by hand or by facsimile (including, but not limited to, computer generated) signature(s). In the case of facsimile signatures, Bank is authorized to pay any item if the signature, regardless of how or by whom affixed, and whether or not the form of signature used on such item was actually prepared by Company, resembles the specimens filed with Bank by Company and other orders, DTCs, ACHs, and Instructions given singly by any authorized person. Bank is further authorized to honor and pay DTCs, ACHs, Instructions and other orders given singly by any authorized Person including such as may bring about or increase an overdraft and such as may be payable to or for the benefit of any Authorized Person or other Manager or Member or employee individually, without inquiry as to the circumstances of issuance or the disposition of the proceeds thereof and without limit as to amount.

4. Bank is hereby authorized to accept for deposit, for credit, or for collection, or otherwise, items endorsed by any person or by stamp or other impression in the name or account number of Company without inquiry as to the circumstances of the endorsement or the lack of endorsement or the disposition of the proceeds.

5. Any one of the Authorized Person(s) of Company is hereby authorized to secure from Bank one or more Chase Business Banking Card(s) (the "Card(s)") on behalf of Company which may be used by any cardholder named by such Authorized Person(s) to initiate electronic fund transactions as described in the Chase Business Banking Card Agreement (the "Agreement") with respect to any and all such accounts of Company as Company or such Authorized Person(s) may designate, including without limitation, transfers from business credit line accounts. Such Authorized Person(s) be, and each of them hereby is, further authorized to execute and deliver in the name on behalf of this Company an Agreement and supporting documentation governing the issuance and use of such Cards with such changes, if any, as the Authorized Person(s) executing the same shall approve, and to otherwise conduct any business whatsoever relative to the account(s) and Cards as may be necessary or advisable in order to carry out the full intent and purposes of said Agreement and of this letter and agreement.

LLC LETTER AND SECURITY AGREEMENT (1 of 2) (11-02)

JLM021162

6. The following Authorized Persons  _Daniel E. Carpenter_  _Molly Carpenter_
(Indicate by name those authorized to effect Loans, Advances, etc.)

of Company, signing  _Singly_
(Indicate how notes, etc. are to be signed, for example, singly, any two, etc.)

are hereby authorized to effect loans and advances and obtain credit at any time for Company from Bank (and guarantee on behalf of Company the obligations of others to Bank), secured or unsecured, and for such loans and advances and credit and guarantees to make, execute and deliver promissory notes and other written obligations or evidence of indebtedness of Company, applications for letters of credit, instruments of guarantee and indemnity and any agreements or undertakings, general or specific, with respect to any of the foregoing, and as security for the payment of loans, advances, indebtedness, guarantees and liabilities of, or credit given to, Company or others to pledge, hypothecate, assign, transfer, grant liens and security interests in, give rights with respect to, endorse and deliver property of any description, real or personal, and any interest therein and evidence of any thereof at any time held by Company, and to execute mortgages, deeds of trust, security agreements, instruments of transfer, assignment or pledge, powers of attorney and other agreements or instruments which may be necessary or desirable in connection therewith; and also to sell to, or discount with, Bank, commercial paper, bills receivable, accounts receivable, stocks, bonds or any other securities or property at any time held by Company, and to that end to endorse, assign, transfer and deliver the same; to execute and deliver instruments or agreements of subordination and assignment satisfactory to Bank and also to give any orders or consents for the delivery, sale, exchange or other disposition of any property or interest therein or evidence thereof belonging to company and a any time in the hands of Bank, whether as collateral or otherwise; and to execute and deliver such other agreements, instruments and documents and to do such other acts and things as may be necessary or desirable or required by Bank in connection with any of the foregoing and Bank is hereby authorized to honor, accept and execute any of the transactions described above.

7. That all loans, discounts and advances heretofore obtained on behalf of Company and all notes and other obligations or evidences thereof (the foregoing being referred to as ("Obligations") of Company held by Bank are hereby approved, ratified, and confirmed.

8. Company does hereby give to Bank a continuing lien for the amount of any and all liabilities and obligations of Company to Bank and claims of every nature and description of Bank against Company, whether now existing or hereafter incurred, originally contracted with Bank and/or with another or others and now or hereafter owing to or acquired in any manner by Bank, whether contracted by Company alone or jointly and/or severally with another or others, absolute or contingent, secured or unsecured, matured or unmatured (all of which are hereafter collectively called "Obligations") upon any and all moneys, securities and any and all other property of Company and the proceeds thereof, now or hereafter actually or constructively held or received by or in transit in any manner to or from Bank, its correspondents or agents from or for Company, whether for safekeeping, custody, pledge, transmission, collection or otherwise coming into the possession of Bank in any way.

9. In case of conflicting claims or disputes, or doubt on Bank's part as to the validity, extent, modification, revocation or exercise of any of the authorities herein contained, Bank may, but need not recognize nor give any effect to any notice from any Manager or Member of Company, or from any other person, purporting to cancel, restrict or change any or said authorities, or the exercise thereof, unless Bank is required to do so by the judgment, decree or order of a court having jurisdiction of the subject matter and of the parties to such conflicting claims or disputes.

10. Company agrees to be bound by the Terms and Conditions for Business Accounts and Services, currently in effect and as amended hereafter, as well as any signature card, deposit ticket, checkbook, passbook, statement of account, receipt, instrument, document or other agreements, such as, but not limited to, funds transfer agreements, delivered or made available to Company from Bank and by all notices posted at the office of Bank at which the account of Company is maintained, in each case with the same effect as if each and every term thereof were set forth in full herein and made a part hereof.

11. Subject to paragraph 9 above, the foregoing authorities shall remain in full force and effect until revoked or limited by written notice to Bank provided that such notice shall not be effective with respect to any exercise of said authorities until Bank shall have a reasonable opportunity to act thereon and in no event prior to the receipt or the payment of money or the withdrawal of funds dated on or prior to the date of such notice, but presented to Bank after receipt of such notice and Bank is hereby authorized at all times to rely upon the last notice, certification or communication received by it as to the persons who from time to time may be signatories of Company, or as to their respective specimen signatures and/or as to any other Company matters, and Bank shall be held harmless in such reliance.

LLC LETTER AND SECURITYAGREEMENT (2 of 3) (11-02)

JLM021163

12. The Managers and Members of Company, and Authorized Persons, or any one or more of them are hereby authorized to act for Company in all other matters and transactions relating to any of its business with Bank including, but not limited to, the execution and delivery of any agreements or contracts necessary to effect the foregoing Resolutions.

13. Company hereby represents and warrants that none of the authorities herein contained are contrary to or inconsistent with any other agreements among Members of Company, or between Company and other parties.

14. Bank is hereby released from any liability and shall be indemnified against any loss, liability or expense arising from honoring this Agreement.

15. The signature(s) below is/are the signature(s) of the Manager(s), if Company is manager-managed, or that of a Member if Company is member-managed.

**NOTE:**

**IN CASE THE MANAGER OR MEMBER IS AUTHORIZED TO SIGN BY THE ABOVE PROVISIONS, THIS AGREEMENT SHOULD BE SIGNED BY A SECOND MANAGER OR MEMBER.**

By: Molly Carpenter
Title: Managing Director
(Manager or Member)

Residing at: 18 Pond Side Lane
Simsbury, CT 06092

Very truly yours,

Grist Mill Capital, LLC
Name Of Company

100 Grist Mill Rd Simsbury, CT 06070
Address

By: Daniel E Carpenter
Title: Chairman of Managing Member
(Manager or Member)

Residing at: 1009 Captains Court
Amelia Island Plantation
Amelia Island, Florida 32034

LLC LETTER AND SECURITY AGREEMENT (3 of 3) (11-02)

JLM021164