## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,    )
    )
    Petitioner/Judgment Creditor    )
    )
vs.    )
    )
AVON CAPITAL, LLC,    )
    )
    Respondent/Judgment Debtor,    )
    )
ASSET SERVICING GROUP, LLC,    )
    )
    Respondent, Garnishee,    )    Case No. 14-FJ-05-HE
    )
SDM HOLDINGS, LLC,    )
    )
    Respondent/Garnishee,    )
    )
and    )
    )
AVON CAPITAL, LLC, a Wyoming Limited)
Liability Company,    )
    )
    Intervenor.    )

## APPLICATION OF UNIVERSITAS EDUCATION, LLC FOR ORDER PERMITTING PAYMENT OF CERTAIN DEBTS

Universitas Education, LLC ("Universitas") hereby submits the following Application for an Order Permitting Payment of Certain Debts. In support of this Application, Universitas respectfully shows the Court at follows:

On September 22, 2021, this Court entered its Order [Doc. 311] ("Order") appointing Ryan Leonard to act as Receiver for Avon Capital LLC ("Avon") pursuant to Fed.R.Civ.P 66, 12 O.S. § 852, and 12 O.S. § 1551. See, Doc. 311. Pursuant to the Court's

1

September 22, 2021, Order, Leonard has taken possession of, managed, and operated Avon ("the Receivership Estate") under the jurisdiction of this Court since posting a bond and taking the Oath of Receiver on September 24, 2021. See, Doc. 312.

As the Court is aware, Leonard is empowered to exercise Avon's membership rights as to SDM Holdings, LLC ("SDM"), including the right to replace SDM's manager. See, Doc. 311, ¶ 1. Leonard also has authority over "the insurance policies held through SDM." Id., at ¶ 2. The Order further provides that Leonard is "authorized to pay bills and expenses necessary to maintain [Avon] and its assets." Id., at ¶ 3. The Order authorizes Leonard to operate SDM vis-à-vis Avon with the sole caveat that he shall not authorize or direct the "sale or other disposition of the assets of [SDM], including the insurance policies at issue in this case," without an order from this Court. Id., at ¶ 5.

As of the date of the filing of this Application, four (4) appeals are presently pending before the United States Court of Appeals for the Tenth Circuit. See, Case Nos. 21-6044, 21-6049, 21-6133 and 21-6134. The Court provisionally granted Avon's motion to stay all post-judgment proceedings and collection pending the result of these appeals on the condition that Avon post a corporate surety bond. See, Doc. 310 at 7-9. Avon declined to post any such bond, and there is no stay of collection efforts.

Universitas has identified certain debts and expenses which, if not paid, may result in the unnecessary depletion of the Receivership Estate, and impairment of the collection of Universitas' judgment. Attached are affidavits identifying certain debts which require payment by the Receivership Estate in order to further preserve its assets.

2

In order to maintain the Receivership Estate, Receivership Estate assets should be made available to compensate legal counsel needed to litigate the issues on appeal. Universitas estimates that approximately $250,000 will be needed to compensate counsel for overdue bills for past service in this case, the appeals, and to preserve the Receivership Estate. (*See* Affidavits of Joseph L. Manson III and Timothy Campbell.) The appeals are frivolous and in furtherance of the Carpenter criminal enterprise's known plan to deny Universitas recovery of stolen funds by escalating its legal fees. *See e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2013 U.S. Dist. LEXIS 142902, at *35 (S.D.N.Y. May 21, 2013) (characterizing Carpenter criminal enterprise's litigation strategy as a "litigation strategy of promoting delay through the filing of meritless and frivolous motions"), *adopted* 2013 U.S. Dist. LEXIS 142479 (S.D.N.Y. Sep. 30, 2013).

Accordingly, Universitas respectfully requests the Court enter an Order enabling Universitas to compensate and retain legal counsel to provide the legal services necessary to ensure proper representation on the above-referenced appeals.

Universitas has further identified certain debts which should be paid in the best interest of the Receivership Estate. Those debts include a $304,000.00 debt owed by Universitas to the law firm of Reimer Braunstein, its local counsel in another effort to collect the funds stolen by Carpenter. (*See* Manson Affidavit.) Pursuant to the terms of the settlement agreement with Reimer Braunstein, that debt must be paid prior to any distributions being made to Universitas and/or its counsel for the appeal. Therefore, Universitas respectfully requests the Court to authorize payment of the debt to Reimer

Braunstein with Receivership Estate assets so as to enable payment to counsel to continue the appeal.

Finally, as receivership was a consequence of Avon's refusal to pay the judgment against it and in favor of Universitas, it is appropriate to make an initial distribution of the Receivership Estate assets to Universitas to begin to resolve the debt owed by Avon to Universitas. No insurance policies will be sold, and the payment will be made from cash on hand or from proceeds of loans against the cash value of the policies, which should leave SDM with enough cash to fund premiums and operating expenses for at least a year. Accordingly, Universitas respectfully requests the Court to approve an initial distribution of $400,000.00 of Receivership Estate assets to be paid to Universitas, which are expenses necessary to sustain Universitas' efforts to get the charity operational.

The expenditures above are necessary to preserve the Receivership Estate and to further the purpose of the receivership by beginning to resolve the indebtedness owed by Avon to Universitas. Upon a review of Avon's assets and liabilities, it appears Avon is insolvent. SDM, on the other hand, presently has in excess of $2,000,000.00 in accessible cash based on its checking accounts and the cash value of the whole life insurance policies of which SDM is a beneficiary. Use of those funds will not require any sale or other disposition of the insurance policies held by SDM and therefore will not exceed the scope of the receiver's authority conferred upon him by the Court's Order. Accordingly, Universitas respectfully requests this Court enter an Order permitting Leonard to use the funds held by SDM to pay the above-referenced expenses.

In addition, Daniel Carpenter and his counsel have already taken steps to try to prevent the conveyance of any assets to Universitas. Carpenter demanded $450,000 from Asset Servicing Group, LLC, which holds the insurance proceeds for SDM and is also the nominal owner of a bank account with over $600.000 in cash belonging to SDM. Jeff Sandberg, counsel for SDM and Mr. Carpenter, threatened Ryan Leonard, the Receiver, with a malpractice action for exercising his authority as receiver. Mr. Sandberg later tried to rescind in part this threat, after Mr. Leonard advised that the threat of malpractice action concerning the exercise of his duties as the receiver would constitute grounds for a motion for contempt of this Court. These and other actions have resulted in the Receiver hiring his own counsel, and those legal fees will diminish any recovery to Universitas.[1]

The actions taken by Mr. Carpenter follow exactly his playbook to frustrate Universitas, his judgment creditor, from getting any recovery of the $25 million in stolen funds that has remained under Mr. Carpenter's domain for over ten years. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11CV1590-LTS-HBP, 2014 U.S. Dist. LEXIS 109077 (S.D.N.Y. Aug. 7, 2014) (finding that Carpenter stole an excess of $30 million from Universitas). For this reason, the interim relief sought here is necessary to satisfy this Court's judgment against Avon-WY.

WHEREFORE, for the reasons set forth above, Universitas respectfully requests this Court enter an Order (1) authorizing payment to counsel on appeal in the amount of $250,000; (2) payment of the debt owed to Reimer Braunstein in the amount of

---

[1] In separate filings, Universitas will be seeking sanctions and a finding of contempt against both Mr. Carpenter and Mr. Sandberg for these actions.

$304,000.00; and (3) payment of $400,000.00 to Universitas to allow it to continue to operate its charity and to begin resolving the indebtedness owed by Avon to Universitas which gave rise to this suit and the instant receivership, and for all other relief this Court deems just and equitable.

Dated: November 22, 2021
      Alexandria, VA

                                        Respectfully submitted,

                                        */s/ Joseph L. Manson III*
                                        Admitted *Pro Hac Vice*
                                        Law Offices of Joseph L. Manson III
                                        600 Cameron Street
                                        Alexandria, VA 22314
                                        Telephone: 202-674-1450
                                        jmanson@jmansonlaw.com

                                        *Counsel for Universitas Education, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants on record:

John D. Stiner
Joseph H. Bocock
Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Nanette Kalcik
Jeffrey Sandberg

/s/ Joseph L. Manson III_____