# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.: 14-FJ-05-HE |
| | § | |
| AVON CAPITAL, LLC, | § | |
| Respondent, | § | |
| | § | |
| ASSET SERVICING GROUP, LLC, | § | |
| Respondent, | § | |
| | § | |
| SDM HOLDINGS, LLC, | § | |
| Respondent, | § | |
| | § | |
| And | § | |
| | § | |
| AVON CAPITAL, LLC, a Wyoming | § | |
| limited liability company, | § | |
| Intervenor. | § | |

**SDM HOLDINGS, LLC'S MOTION TO FILE SUR-OPPOSITION AND SUR-OPPOSITION TO THE REPLY [DKT 350] FILED BY UNIVERSITAS EDUCATION, LLC REGARDING PETITIONER'S SECOND MOTION FOR APPLYING SDM'S ASSETS TO JUDGMENT, AND BRIEF-IN-SUPPORT [DKT 331]**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, SDM Holdings, LLC ("SDM"), complaining of Plaintiff Universitas Education, LLC ("Universitas" or "Plaintiff"), and files this Motion for Leave to File Sur-Opposition and Sur-Opposition to the November 22, 2021 Second Motion to Apply SDM Assets to Judgment [Dkt 331] filed by Universitas Education, LLC, and would respectfully show as follows:

**SDM HOLDINGS, LLC'S MOTION TO FILE SUR-OPPOSITION AND SUR-OPPOSITION TO THE REPLY [DKT 350] FILED BY UNIVERSITAS EDUCATION, LLC REGARDING PETITIONER'S SECOND MOTION FOR APPLYING SDM'S ASSETS TO JUDGMENT, AND BRIEF-IN-SUPPORT [DKT 331]**
I:\14184\Oklahoma\Pleadings\Motion to File Sur-Response and Sur-Response by SDM  to
Universitas Reply - Univ 2nd Motion to Apply SDM Assets.211220..docx          **Page 1 of 5**

# I. MOTION FOR LEAVE

Universitas fled its Reply [Dkt 350] on December 17, 2021, which is after SDM filed its Opposition [Dkt 345] on December 13, 2021. SDM requests leave to file the following short Sur-Opposition to address new arguments in Universitas's Reply.

## II. SUR-OPPOSITION TO UNIVERSITAS'S REPLY

**A.      Universitas Now States that It Seeks Payment From the "Receivership Estate."**

On page 2 of its Reply [Dkt 350], Universitas asserts that it seeks payment from the "receivership estate." This is patently false – SDM is not the subject of the receivership [Dkt 310] and SDM's assets may not be the source of funds to pay the costs of the receivership.

**B.      SDM Is Entitled to Retain Counsel.**

On pages 3 and 4 of Universitas's Reply [Dkt 350], in its footnote 1, Universitas argues that SDM may not retain counsel. Universitas's argument presumes that SDM is in receivership, which, again, is not the case. Nonetheless, Universitas's argument that the receiver should decide if SDM should oppose Universitas's second motion to apply SDM's assets to pay the judgment, shows that Universitas's plan throughout is to obtain a receivership and then use the receivership to indirectly obtain relief - "stripping" SDM's assets - that Universitas is clearly unable to obtain directly.

**C.    Wyoming Law (Avon-WY Was a Wyoming Business Entity) Does Not Permit an Appointment of a Receiver.**

On page 11 of its Reply [Dkt 350], Universitas points the Court to an Oklahoma statute that authorizes the appointment of a receiver "when a ***corporation*** has been dissolved." 12 O.S. § 1551.5 (emphasis added). Because Avon-WY was a limited liability company and not a corporation, this statute is inapplicable.

In addition, Avon-WY was a <u>Wyoming</u> limited liability company, not an <u>Oklahoma</u> LLC. As such, and contrary to Universitas's argument on page 10 of its Reply, even if SDM's assets were somehow deemed to be Avon-WY's assets (and again, SDM's assets are not Avon-WY's assets), Wyoming law does not permit the relief sought by Universitas:

> 17-29-503. Charging order.
> (a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.
>
> * * *
>
> (g) This section provides the exclusive remedy by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the sole member, dissociated member or transferee, may, in the capacity of the judgment creditor, satisfy the judgment from the judgment debtor's transferable interest or from the assets of the limited liability company. Other remedies, including foreclosure on the judgment debtor's limited liability interest and a court order for directions, accounts and inquiries that the judgment debtor might have made are not available to the judgment creditor attempting to satisfy a judgment out of the judgment debtor's interest in the limited liability company and may not be ordered by the court.

**SDM HOLDINGS, LLC'S MOTION TO FILE SUR-OPPOSITION AND SUR-OPPOSITION TO THE REPLY [DKT 350] FILED BY UNIVERSITAS EDUCATION, LLC REGARDING PETITIONER'S SECOND MOTION FOR APPLYING SDM'S ASSETS TO JUDGMENT, AND BRIEF-IN-SUPPORT [DKT 331]**
I:\14184\Oklahoma\Pleadings\Motion to File Sur-Response and Sur-Response by SDM  to Universitas Reply - Univ 2nd Motion to Apply SDM Assets.211220..docx          **Page 3 of 5**

While this Wyoming statutory language is admittedly regarding Wyoming limited liability companies, it is equally applicable to the receivership ordered by the Court regarding Avon-WY because the receivership is being "used" by Universitas as the impermissible basis for avoiding clear and unequivocal Wyoming law.

**D.      While Universitas's Filings Are Worthy of a Rule 12(f) Motion and Motion for Sanctions, SDM Is Not Filing These Motions.**

Universitas's request to apply SDM's assets was previously rejected by the Court, Universitas did not appeal, and Universitas presents no new legal or factual support other than Universitas's admissions that it "stiffed" its attorneys in multiple cases despite receiving almost $17 million. Enough is enough. Universitas has been harassing SDM in this District since 2013, when the motion to quash Universitas's ASG subpoena was transferred to the Southern District of New York. *See Universitas Education, LLC v. Nova Group, Inc.*, Case 5:13-cv-00523-M (W. D. Okla. June 3, 2013) (located at Exhibit 1 for the Court's convenience).

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, SDM Holdings, LLC prays that the Second Motion to Apply SDM Assets to Judgment be denied, and that SDM have such other and further relief, at law and in equity, which SDM may be entitled.

Respectfully submitted,


s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg, Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)
Attorneys for SDM Holdings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Timothy F. Campbell
Heidi Long

/s/ Jeffrey R. Sandberg