# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>    Petitioner/Judgment Creditor,<br><br>v.<br><br>NOVA GROUP, INC.,<br><br>    Respondent/Judgment Debtor,<br><br>AVON CAPITAL, LLC,<br><br>    Respondent/Judgment Debtor,<br><br>ASSET SERVICING GROUP, LLC,<br><br>    Respondent/Garnishee,<br><br>SDM HOLDINGS, LLC,<br><br>    Respondent/Garnishee,<br><br>and<br><br>AVON CAPITAL, LLC, a Wyoming Limited Liability Company,<br><br>    Intervenor. | Case No. 14-FJ-5-HE |

**INTERVENOR AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S OBJECTION TO RECEIVER RYAN LEONARD'S APPLICATION FOR ORDER APPROVING <u>PAYMENT OF RECEIVER'S SEPTEMBER FEES AND COSTS</u>**

Intervenor Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), objects to Receiver Ryan Leonard's Application for Order Approving

1

Payment of Receiver's September Fees and Costs (Doc. 431) ("Application"). In support of this objection, Avon Capital-WY submits the following:

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Avon Capital-WY incorporates the factual background and procedural history set forth in its: Objection to Receiver Ryan Leonard's (the "Receiver") Application for Order Approving Receiver's Fees (*see* Doc. 333); Objection to Petitioner Universitas Education, LLC's Application for Order Paying Certain Debts (*see* Doc. 346); Objection to Receiver's Application for Order Approving Distribution of SDM Holding, LLC to Its Sole Member (*see* Doc. 359); Objection to Receiver's Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (*see* Doc. 364); Objection to Receiver's Second Application for Order approving Distribution of SDM Holdings, LLC to Its Sole Member Avon Capital, LLC In Receivership (*see* Doc. 377); Objection to Receiver's Application for Order Approving Payment of January Fees and Costs (*see* Doc. 378); Objection to Receiver's Application for Order Approving Payment of February Fees and Costs (*see* Doc. 388); Objection to Receiver's Application for Order Approving Payment of March Fees and Costs (*see* Doc. 391); Objection to Receiver's Application for Order Approving Payment of Receiver's April Fees and Costs (*see* Doc. 402); Objection to Receiver's Application for Order Approving Payment of Receiver's May Fees and Costs (*see* Doc. 407); Objection to Receiver's Application for Order Approving Payment of Receiver's June Fees and Costs (*see* Doc. 412); Objection to Receiver's Application for Order Approving Payment of Receiver's July Fees and Costs (*see* Doc. 419); and Objection

to Receiver's Application for Order Approving Payment of Receiver's August Fees and Costs (*see* Doc. 421).

II. **ARGUMENTS AND AUTHORITIES**

Avon Capital-WY has appealed the Court's finding of *alter ego* liability. (*See* Doc. 315). Avon Capital-WY has also appealed the Court's appointment of a Receiver, which the Tenth Circuit subsequently consolidated with Avon Capital-WY's appeal of this Court's finding *alter ego* liability.[1] (Doc. 320).

Consistent with Avon Capital-WY's appeal pending before the Tenth Circuit, for the purposes of the record and to avoid waiver, Avon Capital-WY maintains its objection to the appointment of the Receiver and all motions that follow as a consequence of that appointment, including but not limited to payment of fees and expenses incurred by the Receiver and distributions necessary to pay for those fees and expenses.[2] In the interest of

---

[1] On March 14, 2022, Avon Capital-WY and SDM Holdings, LLC filed their respective Appellant reply briefs. Oral argument on the consolidated appeal was heard before the Tenth Circuit Court of Appeals on September 27, 2022.

[2] Avon Capital-WY has objected to: Receiver's Application for Order Approving Payment of Receiver's September and October Fees and Costs (*see* Doc. 326); to Petitioner Universitas Education, LLC's Application for Order Permitting Payment of Certain Debts (*see* Doc. 331); to the Receiver's Application for Order Approving Distribution of SDM Holding, LLC to Its Sole Member (*see* Doc. 359); to the Receiver's Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (*see* Doc. 360 and 361); to the Receiver's Application for Order Approving Payment of January Fees and Costs (*see* Doc. 370); to the Receiver's Application for Order Approving Payment of February Fees and Costs (*see* Doc. 381); to the Receiver's Application for Order Approving Payment of March Fees and Costs (*see* Doc. 387); to Receiver's Application for Order Approving Payment of April Fees and Costs (*see* Doc. 402); to Receiver's Application for Order Approving Payment of May Fees and Costs (*see* Doc. 404); and to Receiver's Application for Order Approving Payment of June Fees and Costs (*see* Doc. 409) because these motions and applications flow from the *alter ego* finding which is on appeal. And the Court has entered orders which granted the following:

judicial economy, Avon Capital-WY will not restate its arguments set forth in those objections and instead incorporates the merits of its briefing on those motions (*See* Docs. 333, 364, 377, 378, 388, 391, 402, 407, 412, 419, and 421).

### A. Avon Capital-WY Objects to Billings for Duplicative Work that does not Add Value to the Receivership Estate.

Moreover, Receiver seeks reimbursement for tasks that he performs, as well as reimbursement for an attorney (another lawyer in his own firm) who performs duplicative tasks of preparing draft status reports with no added value. (*See* Doc. 431-1). There is no value added to the Receivership Estate for two separate attorneys to review, discuss, and prepare the same pleadings—one as a Receiver and one as counsel. This duplicative billing and payment of an attorney out of the Receivership Estate is wasteful and unnecessary in this case.

---

the Receiver's Application for Order approving Distribution of SDM Holdings, LLC to Its Sole Member and Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (Docs. 359, 360, 361, and 367 (order)); the Receiver's Second Application for Order Approving Distribution of SDM Holdings, LLC's funds and the Receiver's Application for Order Approving Payment of Receiver's January Fees and Costs (Docs. 370 and Doc. 380 (order)); the Receiver's Application for Order Approving Payment of Receiver's February Fees and Costs (Docs. 381 and 389 (order)); the Receiver's Application for Order Approving Payment of March Fees and Costs (Doc. 387 and Doc. 396 (order)); the Receiver's Application for Approval of Payment for April Costs and Fees (Doc. 395 and 405 (order)); the Receiver's Application for Order Approving Payment of Receiver's May Fees and Costs (see Doc. 404 and Doc. 410 (order)); the Receiver's Application for Order Approving Payment of Receiver's June Fees and Costs (see Doc. 409 and Doc. 413 (order)); the Receiver's Application for Order Approving Payment of Receiver's July Fees and Costs (see Doc. 419 and Doc. 420 (order)); and the Receiver's Application for Order Approving Payment of Receiver's August Fees and Costs (see Doc. 421 and Doc. 426 (order)).

## B. If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership.

As it concerns the identified Application, Avon Capital-WY objects to the Receiver's requested distribution of $3,052.50 for payment of September 2022 fees and costs. (*See* Docs. 431; 431-1). Were the Court to approve the Application pending before this Court, and the Tenth Circuit reverses the Court's finding of *alter ego* liability or the appointment of the Receiver, then Avon Capital-WY will be unduly burdened and prejudiced by the distribution of any assets out of SDM Holdings, LLC to compensate the Receiver.

Pursuant to 18 O.S. § 2032, Avon Capital-WY does not have an ownership interest in property owned by SDM Holdings, including the life insurance policies which have SDM Holdings as the named beneficiary. (*See* 18 O.S. § 2032). Avon Capital-WY's ownership interest is limited to its capital interest in SDM Holdings. Avon Capital-WY does not have a specific interest in property owned by SDM Holdings.

The forgoing facts are not only consistent with the applicable law, but also with SDM Holdings' operating agreement, which makes clear that Avon Capital-WY, as member of SDM Holdings, has no authority to control SDM Holdings' property.[3] Only the President of SDM Holdings has authority to transfer ownership of SDM Holdings' property.[4] Avon Capital-WY has no control over the President of SDM Holdings. *Id.* Universitas admits (perhaps unwittingly) that SDM Holdings' checking account and

---

[3] Doc. 292 at Section 4.03; Section 5.02; Doc. 292 at Section 9.01.
[4] Doc. 292 at Section 2 ("Company Property" means all real and tangible personal property owned, leased, or acquired by the Company from time to time."); Doc. 292 at Section 7.04.

insurance policies are not owned by Avon Capital-WY. (Doc. 331 at 2 (citing Doc. 311 at 2 and 5)).

Therefore, "reasonable compensation" for the Receiver is limited to activities which pertain to Avon Capital-WY's flow of profits from SDM Holdings and those rights provided to Avon Capital-WY under SDM Holdings' operating agreement. (18 O.S. § 2032). Avon Capital-WY objects to all compensation requested by the Receiver as it does not relate to the flow of profits from SDM Holdings to Avon Capital-WY.

Avon Capital-WY respectfully requests that the Court deny in its entirety the Receiver's Application.

### C. If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership.

One issue on appeal is whether the underlying judgment expired prior to this Court's issuance of the orders giving rise to the Receivership. If the Tenth Circuit finds that underlying judgment expired and that this Court lacked jurisdiction to the orders at issue on the appeal, then Universitas should be required to pay the costs of the Receivership.

> All such compensation, to which the several parties might be entitled, must be taxed against the plaintiff, whose proceeding it was, and upon whom the blame for the wrong committed must legally rest. When the court is without jurisdiction, the cases are unanimous in holding that the court is without power to make any charge upon the assets or expenses for compensation. In such a situation, the court has no power to appoint receivers, to grant relief in any way, or to entertain the action. *Lion Bonding & Surety Co. v. Karatz,* 262 U.S. 640, 43 S. Ct. 641, 67 L. Ed. 1151.

6

*See, e.g., Noxon Chem. Prods. Co. v. Leckie*, 39 F.2d 318, 321 (3d Cir. 1930) ("Many other cases might be cited, both federal and state, if it were considered necessary." *Id.*).

Avon Capital-WY respectfully requests that the Court deny in its entirety the Receiver's Application or in the alternative not issue a determination on the Receiver's Application until the Tenth Circuit has resolved the consolidated appeals and for such other relief requested in the alternative.

### D. Avon Capital-WY has Consistently Objected to the Appointment of the Receiver and Orders that Flow from It; Universitas Should Bear the Costs.

Avon Capital-WY has consistently objected to this Court's appointment of a Receiver. Avon Capital-WY has maintained that objection to each of the Receiver's requests for payment of fees and costs. It was Universitas that requested the Receivership. Therefore, Universitas should bear the costs of the Receivership.

Further, the issues relating to the underlying order on summary judgment and the subsequent appointment of the Receiver are on appeal in the Tenth Circuit.

> [T]he general rule is that, where a receivership proceeding is contested and a receiver is appointed and obtains possession of property under an order of the court which is afterwards reversed on appeal as unauthorized, compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment (Beach on Receivers, § 773; *Bellamy v. Washita Valley Telephone Company,* 25 Okl. 18, 105 P. 340, 25 L.R.A. [N.S.] 412; *McAnrow v. Martin*, 183 Ill. 467, 56 N.E. 168; *St. Louis K. & S.R. Co. v. Wear et al.,* 135 Mo. 230, 36 S.W. 357, 658, 33 L.R.A. 341; *Frick v. Fritz, Morris & Cuthbert*, 124 Iowa, 529, 100 N.W. 513; *Howe v. Jones,* 66 Iowa, 156, 23 N.W. 376).

*See, e.g., Fulp v. McCray*, 21 F.2d 951, 952 (8th Cir. 1927).

7

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Motion and enter an order which requires Universitas to bear the costs and fees associated with the receivership.

> **E. Expenses Incurred by the Receiver at the Request of Universitas Should be Exclusively Borne by Universitas, and Not Shifted to the Receivership Estate.**

Universitas requested and was granted the imposition of a Receivership, over Avon Capital-WY's objection. The underlying order on summary judgment and order appointing the Receiver are on appeal with the Tenth Circuit. The Oklahoma Supreme Court has held that "the matter of whether the party procuring the appointment [of the Receiver] ultimately prevails is a prime factor" on the payment of costs and expenses of a Receivership. *Routh v. Thurman,* 89 Okla. 358, 359 (1941) (citing cases recognizing the shifting of costs and expenses of receivership to unsuccessful plaintiff).

Additionally, the Receiver charges for numerous communications with Universitas' counsel, including: "follow-up conference with J. Greenhaw re [draft tax return],"[5] evaluation of requests from counsel for Universitas for policy information,[6] "follow-up" phone call from Universitas' counsel,[7] conference at request of Universitas' counsel regarding documentation/records on policies,[8] and additional follow up on the same.[9]

---

[5] *See* Doc. 431-1 at 4, entry dated September 15, 2022 (.1).

[6] *See* Doc. 431-1 at 4, entry dated September 27, 2022 (.3).

[7] *See* Doc. 431-1 at 4, entry dated September 27, 2022 (.2).

[8] *See* Doc. 431-1 at 5, entry dated September 28, 2022 (1.1).

[9] *See* Doc. 431-1 at 4, entry dated September 28, 2022 (.5).

Additional entries in the same timeframes include redacted time for correspondence, communications, and conferences with Receiver's counsel regarding unidentified topics,[10] which could reasonably be prompted by Universitas' requests and communications. The Receiver's counsel seeks fees for emails with Receiver and office conferences with Receiver on unidentified topics on dates close in temporal proximity to Universitas' conferences and requests.[11]

"The Court has discretion to apportion the Receiver's fees and expenses between the parties. *See Fulp v. McCray,* 21 F.2d 951, 952 (8th Cir. 1927) ('[I]n the absence of a statute, the expenses of the receivership, as between the parties, should be adjudged upon equitable principles.)." *Big Cat Rescue Corp. v. G.W. Exotic Animal Mem. Found. & Garold Wayne Interactive Zoological Found.,* 2018 U.S. Dist. LEXIS 245471 (W.D. Okla. July 11, 2018) (J. Scott Palk). Fees and expenses incurred at the request or prompting of Universitas should not be borne by Avon Capital-WY.

Avon Capital-WY also objects to the Receiver's requests for reimbursement on communications as between the Receiver and Universitas. The invoice attached to the Receiver's application shows the Receiver's billing for communications related to: Universitas' requests on information pertaining to SDM Holdings' insurance policies (1.1 hours); additional follow up on the requests on the policies (.5); additional requests made

---

[10] *See* Doc. 431-1 at 4-5, September 15, 2022, Correspond with Receiver's counsel (.2) and strategy conference with Receiver's counsel (.5); September 29, 2022, Follow-up with Receiver's counsel (.1).

[11] *See* Doc. 431-1 at 6, September 14, 2022 draft email to client (.5 block billing); September 15, 2022 office conference with client (.7 block billing).

by Universitas (.3); and additional telephone conferences with Universitas (.2). Avon Capital-WY was not a party to any of these communications, and these expenses were incurred exclusively because of Universitas. Universitas alone should bear the cost.

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Application and in the alternative enter an order which requires Universitas to bear the costs and fees incurred by the Receiver and the Receiver's counsel as a result of Universitas' requests.

### F. Expenses Incurred by the Receiver Related to Universitas' Improper Attempt to Obtain Information Protected by HIPPA, Should be Exclusively Borne by Universitas, and Not Shifted to the Receivership Estate.

Avon Capital-WY also objects to reimbursement for communications that show the Receiver working with Universitas in its improper attempt to obtain documents related to – among other objectionable information – patient information protected by HIPPA through subpoena.[12] (*See* Docs. 428 (Avon Capital-WY's Motion for Protective Order and Alternatively, Motion to Quash Subpoena) and 435 (Reply in Support of Motion for Protective Order and Motion to Quash)).

---

[12] As a result, Avon Capital-WY has moved the Court for a protective order against the subpoena, and in the alternative, moved to quash the subpoena. (*See* Docs. 428 (Avon Capital-WY's Motion for Protective Order and Alternatively, Motion to Quash Subpoena) and 435 (Reply in Support of Motion for Protective Order and Motion to Quash)). Oral argument is scheduled for December 1, 2022 on the forgoing motions and on other motions filed to quash and/or for protective order against Universitas' subpoena, on the Receiver's motion for approval of September costs and fees, and the Receiver's motion for approval of distribution. (*See* Doc. 436 (scheduling oral argument on December 1, 2022 for Docs. 422, 427, 428, 429, and 431)).

From September 20, 2022 through September 28, 2022, there are three entries in which the Receiver seeks reimbursement for costs related to the "policy maturity, maturities summary," "policy information", and "documentation/ records regarding policies". (*See* Doc. 431-1 at 1-2). Together, these entries equal $687.50. *See id.* Provided the Court approves the Receiver's application, Universitas, alone, should pay the foregoing costs and fees associated with Universitas' improper attempt to obtain protected patient health information. (*See* Doc. 435 at 9 (Avon Capital-WY's Reply in Support of Motion for Protective Order and Motion to Quash)). Avon Capital-WY respectfully requests that the Court deny in its entirety the Receiver's Motion and enter an order which requires Universitas to bear the costs and fees associated with the receivership.

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Application and in the alternative enter an order which requires Universitas to bear the costs and fees incurred by the Receiver as a result of Universitas' improper attempts to obtain information protected by HIPPA.

### III. CONCLUSION

For the purposes of the record, Avon Capital-WY maintains its objection to the appointment of the Receiver, which is on appeal, and all motions that flow from that appointment, including the Receiver's Application for Order Approving Payment of Receiver's September Fees and Costs (*See* Doc. 431). Alternatively, Avon Capital-WY prays that this Court not issue a determination on the Receiver's Application for Order Approving Payment of Receiver's September Fees and Costs (Doc. 431) until the Tenth

Circuit has resolved the consolidated appeals and for such other relief requested in the alternative.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
Nanette Turner Kalcik, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone: 316-609-7900
Facsimile: 316-462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com

*Attorneys for Intervenor Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, I electronically filed the above Objection to Receiver Ryan Leonard's Application for Order Approving Receiver's September Fees and Costs, using the CM/ECF System. Based on the records on file, the Clerk of Court will transmit a Notice of Electronic Filing to the counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe