**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.: 14-FJ-05-HE |
| | § | |
| AVON CAPITAL, LLC, | § | |
|     Respondent, | § | |
| | § | |
| ASSET SERVICING GROUP, LLC, | § | |
|     Respondent, | § | |
| | § | |
| SDM HOLDINGS, LLC, | § | |
|     Respondent, | § | |
| | § | |
| And | § | |
| | § | |
| AVON CAPITAL, LLC, a Wyoming | § | |
| limited liability company, | § | |
|     Intervenor. | § | |

**INTERESTED PARTY STATEMENT AND SDM HOLDINGS, LLC'S**
**OPPOSITION TO RECEIVER'S APPLICATION FOR DISTRIBUTION**
**[DKT463][1]**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party"

regarding SDM Holdings, LLC ("SDM"), complaining of Plaintiff Universitas Education,

LLC ("Universitas" or "Plaintiff"), and files this Opposition[2] to the Receiver's Application

---

[1] Phoenix joins in the opposition filed by Avon-WY.
[2] Certain arguments and authorities presented were included in prior filings by SDM that were previously ruled upon by the Court, and are presented here to avoid a contention by opposing parties that the arguments and authorities were not properly presented to the Court in this opposition to the requested relief.

for Order Authorizing a Distribution (the "Application") [Dkt 463] filed by the Receiver, Ryan Leonard, Esq. (the "Receiver"), and filing in compliance with the Court's February 1, 2022 Order [Dkt 363], would respectfully show as follows:

### I. Interested Party Statement – Phoenix Charitable Trust[3]

Phoenix Charitable Trust ("Phoenix") was a member of SDM before the 2017 merger.  A copy of the June 30, 2017 Merger Agreement and Certificate of Merger previously provided to Universitas was filed in this Court. (Exh. 1 [Dkt 354-3]). As a result of the merger, SDM ceased to exist.[4] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger]

A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.]

Finally, copies of the SDM tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM.

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM unless the receiver or manager authorized it, and struck

---

[3] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.
[4] In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member.

SDM's Objection to the Universitas Re-Filing. [Dkt 353] The receiver and manager refused Mr. Sandberg's requests for authorization. Notably, SDM is not in receivership.

On December 30, 2021, SDM filed its Motion for Reconsideration requesting that the Court permit Mr. Sandberg to continue to represent SDM, particularly in light of SDM's pending appeal, which in part challenges the Court's jurisdiction (and thus the receivership) because the Oklahoma statutory five-year window expired, and also SDM's opposition to the receiver's application for payment of fees and costs and the receiver's appointment of a new manager of SDM. [Dkt 348]

On February 1, 2022, the Court entered its Order denying SDM's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363] On March 1, 2022, SDM filed its Notice of Appeal [Dkt 371] regarding the Court's February 1, 2022 Order.

Without waiver of SDM's rights, including but not limited to SDM's arguments in its Motion to Reconsider [Dkt 354] and SDM's appeal that SDM is being deprived of constitutional rights to counsel, due process of law and equal protection of the law, Phoenix is filing this document on behalf of SDM as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

## II. SDM Should Not Pay for Costs of Receivership

The Receiver replaced SDM's Manager with Nicole Johnson, an employee of the Receiver's law firm. The SDM Manager position is not a compensated position, and thus all charges by the replacement SDM Manager are a waste of SDM's assets should there be a request for SDM to pay for this unnecessary cost.

SDM is not a judgment debtor and is not the subject of the receivership. [Dkt 310] Thus, SDM's assets may not be the source of funds to pay the costs of the receivership. The payment of the receiver, manager, who is also an employee of the receiver's law firm, and also the receiver's law partner and counsel in this matter, are costs of the receivership and should not be borne by SDM.

## III. This Court's September 13, 2017 Order [Dkt 92] Held That Avon-WY Was Dissolved in 2014 and SDM Was Not Placed in the Receivership.

"[A]ny defunct limited liability company may at any time within two (2) years after the forfeiture of its articles of organization of certificate of authority, be revived and reinstated by paying the amount of the delinquent fees." Wyo. Stat. § 17-29-705(b). "The Wyoming Secretary of State issued a delinquency notice on May 2, 2014, and Avon Wyoming was deemed defunct sixty days later. [Dkt 92, September 13, 2017 Order p. 3 (citing Wyo. Stat. § 17-29-705(b).] The two-year reinstatement window closed on July 1, 2016.

During the period Avon-WY existed before its dissolution, Avon-WY had no interest in specific property of SDM. 18 O.S. § 2032. ("A member has no interest in specific limited liability company property." In other words, SDM's assets are SDM's assets, not

some other business entity's assets or some other individual's assets, and may not be placed into the receivership. *See* 18 O.S. § 2032.

The Receivership Orders do not directly place Avon's assets into the receivership. [Dkt 310, 311] Because Avon-WY was dissolved in 2014, it is even clearer that the Receiver - who is solely appointed over Avon-WY - has no claim to SDM's assets and that SDM's assets may not be used to pay the costs of the receiver and manager. [Dkt 92, Order pp. 2, 4]

Further, footnote 1 on page 1 of the Order [Dkt 353] states that "[i]t has been previously determined, however, that SDM is wholly owned by Avon Capital, LLC (Wyoming) . . .." While it is true that Avon-WY acquired SDM in 2009, this statement is contradicted by the Court's September 13, 2017 Order [Dkt 92] holding that Avon-WY was dissolved in 2014[5] – more than 7 years ago – as well as the June 2017 merger documents. Because SDM-OK ceased to exist on June 30, 2017, and also because Avon-WY was dissolved in 2014 and no longer exists, it is even clearer that SDM may not be used a source of payment. [Dkt 92, Order pp. 2, 4] In other words, the Receiver's reliance upon the Receiver's apparent belief that SDM is wholly owned by Avon-WY is misplaced.

**IV. Oklahoma Law's "Sole and Exclusive Remedy" Is a Charging Order.**

"[S]ection [18-2034] shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest." 18 O.S. § 2034. "Under

---

[5] Universitas's Opposition [Dkt 77] to the Avon-WY Application for Injunction recognized on page 9 that Avon-WY was dissolved in 2014 and attached as an exhibit a document issued by the Wyoming Secretary of State [Dkt 57-6, 77-7] indicating a "Dissolution/Revocation-Tax" on July 9, 2014.

Oklahoma's limited liability company statutes, the exclusive remedy of a creditor of a member in a limited liability company with respect to the member's interest is a 'charging order,' which may not be foreclosed upon." *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV-0227-CVE-FHM, 2012 WL 524421, at *3 (N.D. Okla. Jan. 11, 2012) (citing 18 O.S. Supp. 2017 § 2034).

Similarly, in 2013 the Oklahoma Court of Civil Appeals reversed an order assigning a judgment debtors' membership interest in a limited liability company. *Southlake Equip. Co., Inc. v. Henson Gravel & Sand, LLC*, 2013 OK 87 ⁋ 15, 313 P.3d 289, 292 (Ok. Civ. App. 2013). It wrote:

> Section 2034 exclusively describes the rights of a creditor against a judgment debtor member of a limited liability company. It authorizes a court to charge the membership interest of a judgment debtor to a creditor as payment towards the debt until the judgment is satisfied. However, § 2034 narrows the definition of membership interest to mean only the flow of profits or surplus from the member's economic interest in his units of the LLC, and only allows this flow until the judgment is satisfied. Section 2034 specifically states "the judgment creditor has only the rights [or entitlements] of an assignee of the membership interest." The Act defines the rights of an assignee as "entitl[ing] the assignee to share in profits and losses, to receive any distribution or distributions and to receive the allocation of income, gain, loss, deduction, or credit or similar item to which the assignor was entitled to the extent assigned." 18 O.S.2011, § 2033.

*Southlake Equip. Co., Inc.*, 2013 OK 87 ⁋ 8, 313 P.3d at 291. Thus, the order charging the judgment debtor's membership interest to the judgment creditor "clearly conflicts with the plain meaning of § 2034 and was therefore in error." *Southlake Equip. Co., Inc.*, 2013 OK 87 ⁋ 11, 313 P.3d at 291.

In conclusion, Oklahoma law expressly prohibits the use of SDM's assets (and again, SDM is not a judgment debtor) to pay the receiver and manager. Universitas's sole relief that is available under Oklahoma law is a charging order regarding the judgment debtor. A receivership may not be used to avoid the prohibition upon collection of a judgment against a limited liability company.

### V. Because Wyoming Law (Avon-WY Was a Wyoming Business Entity) Does Not Permit an Appointment of a Receiver, SDM-OK Should Not Be Paying the Receiver and Manager.

Avon-WY was a <u>Wyoming</u> limited liability company, not an <u>Oklahoma</u> LLC. As such, even if SDM's assets were somehow deemed to be Avon-WY's assets (and again, SDM's assets are not Avon-WY's assets), Wyoming law does not permit the relief sought:

17-29-503. Charging order.
(a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.

* * *

(g) This section provides the exclusive remedy by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the sole member, dissociated member or transferee, may, in the capacity of the judgment creditor, satisfy the judgment from the judgment debtor's transferable interest or from the assets of the limited liability company. Other remedies, including foreclosure on the judgment debtor's limited liability interest and a court order for directions, accounts and inquiries that the judgment debtor might have made are not available to the judgment creditor attempting to satisfy a judgment out of the judgment debtor's interest in the limited liability company and may not be ordered by the court.

While this Wyoming statutory language is admittedly regarding Wyoming limited liability companies, it is equally applicable to the receivership ordered by the Court regarding Avon-WY because the receivership is being "used" as the impermissible basis for avoiding clear and unequivocal Wyoming law.

### VI. Universitas Characterized the Payments as "*De Minimis*" in Its Tenth Circuit Filing – Universitas Should Pay the Costs of the Receivership

On page 16 of Universitas's Opposition to Motion for Stay filed on April 27, 2022 as Document 010110676564 in Tenth Circuit Appellate Case 22-6038, Universitas refers to the payments from SDM's funds as "*de minimis*." Based upon Universitas's characterization, Universitas should pay the costs of the receivership and the new manager while the appeal is pending, as it was Universitas that requested appointment of a receiver.

### <u>RELIEF REQUESTED</u>

WHEREFORE, PREMISES CONSIDERED, SDM Holdings, LLC prays that the Application be denied, in whole or in part, and that SDM have such other and further relief, at law and in equity, which SDM may be entitled.

Respectfully submitted,

<u>s/ Jeffrey R. Sandberg</u>
Jeffrey R. Sandberg, Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)
Attorneys for SDM Holdings, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of March 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Heidi Long
Joseph Manson

<u>/s/ Jeffrey R. Sandberg</u>
