**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | |
| Petitioner/Judgment Creditor, | |
| v. | Case No. 14-FJ-5-HE |
| NOVA GROUP, INC., | |
| Respondent/Judgment Debtor, | |
| AVON CAPITAL, LLC, | |
| Respondent/Judgment Debtor, | |
| ASSET SERVICING GROUP, LLC, | |
| Respondent/Garnishee, | |
| SDM HOLDINGS, LLC, | |
| Respondent/Garnishee, | |
| and | |
| AVON CAPITAL, LLC, a Wyoming Limited Liability Company, | |
| Intervenor. | |

**INTERVENOR AVON CAPITAL, LLC, A WYOMING LIMITED
LIABILITY COMPANY'S OBJECTION TO RECEIVER RYAN
LEONARD'S APPLICATION FOR ORDER APPROVING
PAYMENT OF RECEIVER'S FEBRUARY FEES AND COSTS**

Intervenor Avon Capital, LLC, a Wyoming limited liability company ("Avon

Capital-WY"), objects to Receiver Ryan Leonard's Application for Order Approving

93269291.3                                          1

Payment of Receiver's February Fees and Costs (Doc. 473) ("Application").  In support of this objection, Avon Capital-WY submits the following:

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Avon Capital-WY incorporates the factual background and procedural history set forth in its: Objection to Receiver Ryan Leonard's (the "Receiver") Application for Order Approving Receiver's Fees (*see* Doc. 333); Objection to Petitioner Universitas Education, LLC's Application for Order Paying Certain Debts (*see* Doc. 346); Objection to Receiver's Application for Order Approving Distribution of SDM Holdings, LLC to Its Sole Member (*see* Doc. 359); Objection to Receiver's Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (*see* Doc. 364); Objection to Receiver's Second Application for Order approving Distribution of SDM Holdings, LLC to Its Sole Member Avon Capital, LLC In Receivership (*see* Doc. 377); Objection to Receiver's Application for Order Approving Payment of January Fees and Costs (*see* Doc. 378); Objection to Receiver's Application for Order Approving Payment of February Fees and Costs (*see* Doc. 388); Objection to Receiver's Application for Order Approving Payment of March Fees and Costs (*see* Doc. 391); Objection to Receiver's Application for Order Approving Payment of Receiver's April Fees and Costs (*see* Doc. 402); Objection to Receiver's Application for Order Approving Payment of Receiver's May Fees and Costs (*see* Doc. 407); Objection to Receiver's Application for Order Approving Payment of Receiver's June Fees and Costs (*see* Doc. 412); Objection to Receiver's Application for Order Approving Payment of Receiver's July Fees and Costs (*see* Doc. 419); Objection to Receiver's Application for Order Approving Payment of Receiver's August Fees and Costs

(*see* Doc. 421); Objection to Receiver's Application for Order Approving Payment of Receiver's September Fees and Costs (*see* Doc. 437); Objection to Receiver's Application for Order Approving Payment of Receiver's October Fees and Costs (*see* Doc. 444); Objection to Receiver's Application for Order Approving Payment of Receiver's November Fees and Costs (*see* Doc. 456); Objection to Receiver's Application for Order Approving Payment of Receiver's December Fees and Costs (*see* Doc. 462) and Objection to Receiver's Application for Order Approving Payment of Receiver's January Fees and Costs (*see* Doc. 467).

## II.   ARGUMENTS AND AUTHORITIES

Avon Capital-WY has appealed the Court's finding of *alter ego* liability. (*See* Doc. 315).  Avon Capital-WY has also appealed the Court's appointment of a Receiver, which the Tenth Circuit subsequently consolidated with Avon Capital-WY's appeal of this Court's finding *alter ego* liability.[1]  (Doc. 320).

Consistent with Avon Capital-WY's appeal pending before the Tenth Circuit, for the purposes of the record and to avoid waiver, Avon Capital-WY maintains its objection to the appointment of the Receiver and all motions that follow as a consequence of that appointment, including but not limited to payment of fees and expenses incurred by the Receiver and distributions necessary to pay for those fees and expenses.[2]  In the interest of

---

[1] On March 14, 2022, Avon Capital-WY and SDM Holdings, LLC filed their respective Appellant reply briefs.  Oral argument on the consolidated appeal was heard before the Tenth Circuit Court of Appeals on September 27, 2022. The appeal remains pending.

[2] Avon Capital-WY has objected to: Receiver's Application for Order Approving Payment of Receiver's September and October Fees and Costs (*see* Doc. 326); to Petitioner Universitas Education, LLC's Application for Order Permitting Payment of Certain Debts

judicial economy, Avon Capital-WY will not restate its arguments set forth in those objections and instead incorporates the merits of its briefing on those motions (*See* Docs. 333, 364, 377, 378, 388, 391, 402, 407, 412, 419, 421, 437, 444, 456, 462 and 467).

---

(*see* Doc. 331); to the Receiver's Application for Order Approving Distribution of SDM Holdings, LLC to Its Sole Member (*see* Doc. 359); to the Receiver's Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (*see* Doc. 360 and 361); to the Receiver's Application for Order Approving Payment of January Fees and Costs (*see* Doc. 370); to the Receiver's Application for Order Approving Payment of February Fees and Costs (*see* Doc. 381); to the Receiver's Application for Order Approving Payment of March Fees and Costs (*see* Doc. 387); to Receiver's Application for Order Approving Payment of April Fees and Costs (*see* Doc. 402); to Receiver's Application for Order Approving Payment of May Fees and Costs (*see* Doc. 404); and to Receiver's Application for Order Approving Payment of June Fees and Costs (*see* Doc. 409) because these motions and applications flow from the *alter ego* finding which is on appeal.  And the Court has entered orders which granted the following: the Receiver's Application for Order approving Distribution of SDM Holdings, LLC to Its Sole Member and Amended Application(s) for Order Approving Payment of Receiver's November and December Fees and Costs (Docs. 359, 360, 361, and 367 (order)); the Receiver's Second Application for Order Approving Distribution of SDM Holdings, LLC's funds and the Receiver's Application for Order Approving Payment of Receiver's January Fees and Costs (Docs. 370 and Doc. 380 (order)); the Receiver's Application for Order Approving Payment of Receiver's February Fees and Costs (Docs. 381 and 389 (order)); the Receiver's Application for Order Approving  Payment of March Fees and Costs (Doc. 387 and Doc. 396 (order)); the Receiver's Application for Approval of Payment for April Costs and Fees (Doc. 395 and Doc. 405 (order)); the Receiver's Application for Order Approving Payment of Receiver's May Fees and Costs (see Doc. 404 and Doc. 410 (order)); the Receiver's Application for Order Approving Payment of Receiver's June Fees and Costs (see Doc. 409 and Doc. 413 (order)); the Receiver's Application for Order Approving Payment of Receiver's July Fees and Costs (see Doc. 415 and Doc. 420 (order)); the Receiver's Application for Order Approving Payment of Receiver's August Fees and Costs (see Doc. 418 and Doc. 426 (order); the Receiver's Application for Order Approving Payment of Receiver's September Fees and Costs (see Doc. 431 and Doc. 443 (order); the Receiver's Application for Order Approving Payment of Receiver's October Fees and Costs (See Doc. 441 and Doc. 447 (order); the Receiver's Application for Order Approving Payment of Receiver's November Fees and Costs (see Doc. 451 and Doc. 457 (order); the Receiver's Application for Order Approving Payment of Receiver's December Fees and Costs (see Doc. 455 and Doc. 464 (order) and the Receiver's Application for Order Approving Payment of Receiver's January Fees and Costs. (see Doc. 467 and Doc. 469 (order)).

**A. Avon Capital-WY Objects to Billings for Duplicative Work that does not Add Value to the Receivership Estate.**

The Receiver seeks reimbursement for tasks that he performs, as well as reimbursement for an attorney (another lawyer in his own firm) who performs duplicative tasks of preparing draft status reports with no added value. (*See* Doc. 473 at 2). There is no value added to the Receivership Estate for two separate attorneys to review, discuss, and prepare the same pleadings—one as a Receiver and one as counsel. This duplicative billing and payment of an attorney out of the Receivership Estate is wasteful and unnecessary in this case.

**B. If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership.**

As it concerns the identified Application, Avon Capital-WY objects to the Receiver's requested approval of $3,762.50 for his February 2023 fees and costs. (*See* Docs. 473; 473-1). Were the Court to approve the Application pending before this Court, and the Tenth Circuit reverses the Court's finding of *alter ego* liability or the appointment of the Receiver, then Avon Capital-WY will be unduly burdened and prejudiced by the distribution of any assets out of SDM Holdings, LLC to compensate the Receiver.

Pursuant to 18 O.S. § 2032, Avon Capital-WY does not have an ownership interest in property owned by SDM Holdings, LLC including the life insurance policies which have SDM Holdings, LLC as the named beneficiary. (*See* 18 O.S. § 2032). Avon Capital-WY's ownership interest is limited to its capital interest in SDM Holdings, LLC. Avon Capital-WY does not have a specific interest in property owned by SDM Holdings, LLC.

The forgoing facts are not only consistent with the applicable law, but also with SDM Holdings, LLC's operating agreement, which makes clear that Avon Capital-WY, as member of SDM Holdings, LLC has no authority to control SDM Holdings, LLC's property.[3]  Only the President of SDM Holdings, LLC has authority to transfer ownership of SDM Holdings, LLC's property.[4]  Avon Capital-WY has no control over the President of SDM Holdings, LLC. *Id.*  Universitas admits (perhaps unwittingly) that SDM Holdings, LLC's checking account and insurance policies are not owned by Avon Capital-WY.  (Doc. 331 at 2 (citing Doc. 311 at 2 and 5)).

Therefore, "reasonable compensation" for the Receiver is limited to activities which pertain to Avon Capital-WY's flow of profits from SDM Holdings, LLC and those rights provided to Avon Capital-WY under SDM Holdings, LLC's operating agreement. (18 O.S. § 2032).  Avon Capital-WY objects to all compensation requested by the Receiver as it does not relate to the flow of profits from SDM Holdings, LLC to Avon Capital-WY.

Avon Capital-WY respectfully requests that the Court deny in its entirety the Receiver's Application or alternatively require Universitas to bear the costs for the Receivership it requested.

## C. If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership.

One issue on appeal is whether the underlying judgment expired prior to this Court's issuance of the orders giving rise to the Receivership.  If the Tenth Circuit finds that the

---

[3] Doc. 292 at Section 4.03; Section 5.02; Doc. 292 at Section 9.01.
[4] Doc. 292 at Section 2 ("Company Property" means all real and tangible personal property owned, leased, or acquired by the Company from time to time."); Doc. 292 at Section 7.04.

underlying judgment expired and that this Court lacked jurisdiction to issue the orders on

appeal, then Universitas should be required to pay the costs of the Receivership.

> All such compensation, to which the several parties might be entitled, must
> be taxed against the plaintiff, whose proceeding it was, and upon whom the
> blame for the wrong committed must legally rest. When the court is without
> jurisdiction, the cases are unanimous in holding that the court is without
> power to make any charge upon the assets or expenses for compensation. In
> such a situation, the court has no power to appoint receivers, to grant relief
> in any way, or to entertain the action. *Lion Bonding & Surety Co. v. Karatz,*
> 262 U.S. 640, 43 S. Ct. 641, 67 L. Ed. 1151.

*See, e.g., Noxon Chem. Prods. Co. v. Leckie*, 39 F.2d 318, 321 (3d Cir. 1930) ("Many other

cases might be cited, both federal and state, if it were considered necessary." *Id.*).

### D. Avon Capital-WY has Consistently Objected to the Appointment of the Receiver and Orders that Flow from It; Universitas Should Bear the Costs.

Avon Capital-WY has maintained its objection to each of the Receiver's requests

for payment of fees and costs.  Avon Capital- WY has consistently objected to this Court's

appointment of a Receiver and to the payment of any fees and expenses related to the

receivership and has instead requested the Court maintain the *status quo* of SDM Holdings,

LLC (and Avon Capital-WY's interest in SDM Holdings, LLC) pending the outcome of

Avon Capital-WY's appeal pending before the Tenth Circuit.   However, over the

objections of Avon Capital-WY, thousands of dollars have been distributed out of SDM

Holdings, LLC to the Receiver for payment of fees and expenses.

Further, the issues relating to the underlying order on summary judgment and the

subsequent appointment of the Receiver are on appeal in the Tenth Circuit.

> [T]he general rule is that, where a receivership proceeding is contested and a
> receiver is appointed and obtains possession of property under an order of
> the court which is afterwards reversed on appeal as unauthorized,

compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment (Beach on Receivers, § 773; *Bellamy v. Washita Valley Telephone Company,* 25 Okl. 18, 105 P. 340, 25 L.R.A. [N.S.] 412; *McAnrow v. Martin,* 183 Ill. 467, 56 N.E. 168; *St. Louis K. & S.R. Co. v. Wear et al.,* 135 Mo. 230, 36 S.W. 357, 658, 33 L.R.A. 341; *Frick v. Fritz, Morris & Cuthbert,* 124 Iowa, 529, 100 N.W. 513; *Howe v. Jones,* 66 Iowa, 156, 23 N.W. 376).

*See, e.g., Fulp v. McCray,* 21 F.2d 951, 952 (8th Cir. 1927).

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Motion and enter an order which requires Universitas to bear the costs and fees associated with the receivership.

### E. The Receiver has Expressed Concerns Regarding SDM Holdings, LLC's Financial Viability and Ability to Fund Necessary Premiums; Requests for Fees and Expenses Should be Denied Pending Appeal.

The Receiver has contacted all interested parties on more than one occasion and expressed concerns regarding SDM Holdings, LLC's ability to continue to fund the premiums necessary to maintain the insurance policies in its portfolio. Given these concerns, the financial viability of SDM Holdings, LLC must be prioritized over the Receiver's request for payment of his own fees. The Court should defer ruling on any additional requests for fees and costs attributable to the Receivership estate pending resolution of the appeal. Alternatively, Universitas should bear the costs as outlined *supra.*

On March 7, 2023, the Receiver requested another distribution from SDM Holdings, LLC to pay for his fees and costs. (*See* Doc. 463). With this requested distribution pending before the Court, the Receiver proceeded to contact all interested parties on March 22, 2023 with concern about SDM Holdings, LLC's ability to continue to pay the necessary

premiums in accordance with the current injunction and to solicit recommendations from the parties on potential sources of continued funding for SDM Holdings, LLC's premiums and expenses (presumably meaning SDM Holdings, LLC's new manager, the Receiver's fees, and the Receiver's law partner's fees as counsel for Receiver) in the event future maturities are not timely realized to cover necessary costs.  Avon Capital-WY objected to the Receiver's request for a distribution in light of reported concerns regarding the financial viability of SDM Holdings, LLC.  *(See* Doc. 472).  Nonetheless, on April 4, 2023, the Court granted the Receiver's request and permitted the distribution of $10,855.00 from SDM Holdings, LLC to cover fees and expenses for SDM Holdings, LLC's new manager, the Receiver's fees, and the Receiver's law partner's fees as counsel for Receiver.  (*See* Doc. 474).

On April 17, 2023, the Receiver again contacted all interested parties with concern about SDM Holdings, LLC's ability to fund premiums and pay monthly expenses.  (*See* Exhibit A, Email sent by Receiver Leonard to interested parties dated April 17, 2023).  This communication again outlined the dire financial condition of SDM Holdings, LLC and a concern about whether it was able to continue to fund the premiums necessary to maintain the insurance policies in the portfolio and expenses (specifically outlined to include SDM Holdings, LLC's new manager, the Receiver's fees, and the Receiver's law partner's fees as counsel for Receiver).  The Receiver requested each party's consent to **take out a loan and borrow against the value of SDM Holding, LLC's insurance policy portfolio**.[5]

---

[5] In an email dated April 17, 2023, the Receiver estimated SDM Holdings, LLC's average monthly expenses at $22,659, which are broken down as follows: (1) average monthly

The parties did not reach an agreement on the Receiver's request to encumber the policies to (at least in part) fund his own fees.

Despite the Receiver's apparent concern with SDM Holdings, LLC's ability to fund its premiums and to pay monthly expenses, the Receiver again requests the Court to approve thousands of additional dollars for payment of fees and expenses.[6]   Over the objection of Avon Capital-WY, the Receiver filed a motion on March 21, 2023 with the Court requesting authority to instruct the Manager of SDM Holding, LLC to identify policies within the SDM Holding, LLC portfolio in which borrowing capacity may exist and, in the Receiver's sole discretion, make application to obtain loans in an amount up to $300,000.00 to pay ongoing premiums and expenses.  (*See* Doc. 479).

The Receiver's escalating concerns—now requesting to take out a loan to cover necessary expenses—underscores the fact that it is not in the best interest of the receivership estate for fees and expenses to continue to be distributed out of SDM Holdings, LLC to the Receiver. Universitas requested the Receivership.   Therefore, Universitas should bear the costs of the Receivership.

---

expenses to maintain SDM Holdings, LLC and to service premiums in the amount of $15,789, (2) expenses associated with SDM Holdings, LLC's manager in the amount of $2,000, and (3) expenses associated with the Receivership estate in the average amount of $4,890.

[6] It is unclear if SDM Holdings, LLC's financial condition is creating a conflict of interest for the Receiver, whose charge is of preserving the insurance policies held through SDM Holdings, LLC.  (Doc. 311).   Repeated requests to fund his own expenses out of SDM Holdings, LLC's operating account while simultaneously expressing concern about SDM Holdings, LLC's ability to pay the premiums to maintain the insurance policies in the portfolio are not in the best interest of the Receivership Estate.

## III.  CONCLUSION

For the purposes of the record, and particularly in light of the Receiver's request to encumber the SDM Holdings, LLC portfolio with a loan to pay necessary premiums, Avon Capital-WY maintains its objection to the appointment of the Receiver, which is on appeal, and all motions that flow from that appointment, including the Receiver's Application for Order Approving Payment of Receiver's February Fees and Costs (*See* Doc. 473).  Avon Capital-WY objects to the Receiver's request in its entirety.

Alternatively, Avon Capital-WY prays that this Court not issue a determination on the Receiver's Application for Order Approving Payment of Receiver's February Fees and Costs (Doc. 473) until the Tenth Circuit has resolved the consolidated appeals and for such other relief requested in the alternative.  If the Court does grant the Receiver's request, Avon Capital-WY prays that this Court require Universitas to bear the cost for the reasons set forth herein.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
Nanette Turner Kalcik, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7900
Facsimile:   316-462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com

*Attorneys for Intervenor Avon Capital, LLC, a Wyoming limited liability company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 21, 2023, I electronically filed the above Objection to Receiver Ryan Leonard's Application for Order Approving Receiver's February Fees and Costs, using the CM/ECF System.  Based on the records on file, the Clerk of Court will transmit a Notice of Electronic Filing to the counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe

93269291.3