IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, § <br>     Petitioner/Judgment Creditor, § <br> § <br> v. § <br> § <br> AVON CAPITAL, LLC, § <br>     Respondent/Judgment Debtor, § <br> § <br> ASSET SERVICING GROUP, LLC, § <br>     Respondent/Garnishee, § <br> § <br> SDM HOLDINGS, LLC, § <br>     Respondent/Garnishee, § <br> § <br> And § <br> § <br> AVON CAPITAL, LLC, a Wyoming § <br> Limited liability company, § <br>     Intervenor. § | Civil Action No.: 14-FJ-05-HE |

### INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT – OPPOSITION TO PLAINTIFF'S MOTION FOR <u>PRE-JUDGMENT CONSTRUCTIVE TRUST</u>

NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK"), and respectfully files this Opposition to the Motion for Prejudgment Constructive Trust subject to the Phoenix and Avon-WY Motions to Dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Rule 12(b). An August 4, 2023 Order and Judgment ("Order") was issued by the Tenth Circuit Court of Appeals in the appeal regarding this case. [Dkt 509] In summary, the Order holds that: (1) this Court ceased to

INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –
OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST
C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
Constructive Trust.230815..docx        Page 1 of 13

have subject matter jurisdiction on December 3, 2020; (2) and the law of the case mandates that this case be dismissed because there is no "case or controversy" following this date and all claims in this case became moot at that time, so that all orders after December 3, 2020 are void.

Additionally, a constructive trust is a post-judgment remedy under Oklahoma law, and while Universitas filed a New York judgment in this Court, there is no judgment entered by this Court.

## Table of Contents

I. Interested Party Statement – Phoenix Charitable Trust. .......................................... 3

II. The Order Is Binding Under the Law of the Case Doctrine. .................................... 4

III. The Court Does Not Have Subject Matter Jurisdiction – There Is No "Case or Controversy" and Any Claims in This Case Are Moot. ............................ 6

IV. Rule 12(h)(3) and Supreme Court Precedent Require That the Case Be Dismissed and Universitas's Request Be Denied. ............................................. 7

V. Tenth Circuit Precedent Requires That the Case Be Dismissed and Universitas's Request Be Denied. ............................................................................ 7

VI. Oklahoma Law Does Not Authorize the Filing of a Judgment or a Notice of Renewal in the Same Court Once the Five-Year Period Expired. .......................... 8

VII. Because There Is No Judgment Against Avon-WY or SDM, Universitas's Request for a Constructive Trust Cannot Be Granted – It Is a Post-Judgment Remedy. .............................................................................. 10

Relief Requested ................................................................................................................ 13

Certificate of Conference .................................................................................................. 13

Certificate Of Service ....................................................................................................... 13

I. **Interested Party Statement – Phoenix Charitable Trust[1]**

Phoenix Charitable Trust ("Phoenix") was a member of SDM-OK before the 2017 merger. A copy of the June 30, 2017 Merger Agreement and Certificate of Merger previously provided to Universitas was filed in this Court. (Exh. 1 [Dkt 354-3]). As a result of the merger, SDM-OK ceased to exist.[2] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger]

A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK. Once again, SDM-CT has never been owned by Avon-WY.

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM-OK unless the receiver or manager authorized it, and struck SDM-OK's Objection to the Universitas Re-Filing. [Dkt 353] The receiver and manager refused Mr. Sandberg's requests for authorization. Notably, both SDM-OK and SDM-CT were not in receivership before the Order was issued.

---

[1] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.

2 In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member.

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –
OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
**Constructive Trust.230815..docx**     **Page 3 of 13**

On December 30, 2021, SDM-OK filed its Motion for Reconsideration requesting that the Court permit Mr. Sandberg to continue to represent SDM-OK, particularly in light of SDM-OK's pending appeal, which in part challenges the Court's jurisdiction because the Oklahoma statutory five-year window expired, and also SDM-OK's opposition to the receiver's application for payment of fees and costs and the receiver's appointment of a new manager of SDM-OK. [Dkt 348]

On February 1, 2022, the Court entered its Order denying SDM-OK's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363] On March 1, 2022, SDM-OK filed its Notice of Appeal [Dkt 371] regarding the Court's February 1, 2022 Order.

Without waiver of SDM-OK's rights, including but not limited to SDM-OK's arguments in its Motion to Reconsider [Dkt 354], Phoenix is filing this document as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

**II.    The Order Is Binding Under the Law of the Case Doctrine.**

The law-of-the-case doctrine generally "dictates that prior judicial decisions on rules of law govern the same issues in subsequent phases of the same case." *Haynes Trane Serv. Agency v. Am. Std., Inc.*, 573 F.3d 947, 956 (10th Cir. 2009) (quoting *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007)). "Under the 'law of the case' doctrine, when a

INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –
OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST
C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
Constructive Trust.230815..docx                                                     Page 4 of 13

court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983)) (quotation omitted). The law-of-the-case doctrine applies to issues actually decided. *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1250-51, 179 L. Ed. 2d 196 (2011). Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Dobbs v. Anthem*, 600 F.3d 1275, 1279 (10th Cir. 2010).

"[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). "When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision on the first appeal establishes the law of the case to be followed on the second." *United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir. 1991) (internal quotations omitted); *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("Accordingly, when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
**C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment**
**Constructive Trust.230815..docx**                                                            **Page 5 of 13**

any subsequent appeal." (internal quotations omitted)). The Order is "binding precedent under the doctrine[] of law of the case . . . ." [Dkt 509, Order p. 7[3]]

### III. The Court Does Not Have Subject Matter Jurisdiction – There Is No "Case or Controversy" and Any Claims in This Case Are Moot.

Key language in the Order is as follows:

We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment*.

[Dkt. 509, Order p. 8] (emphasis added).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (cleaned up). As the issue in this case *was no longer live* and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void*.

[Dkt. 509, Order p. 10-11] (footnote omitted) (emphasis added).

As a result, there is nothing to litigate. Universitas has no claims – no pleadings or writs issued by the clerk – there is no longer a "controversy."

Further, in the absence of pleaded claims against them and service of process, Avon-WY and SDM-OK are no longer parties – there is nothing for them to defend against and they are not properly before the Court – there is no subject matter jurisdiction, and also no personal jurisdiction. *See* FED. R. CIV. P. 4, 5, 12(b)(1).

---

[3] Page references to the Order are to the document pages in the header when the Order was filed, i.e., page 7 of 17.

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
**Constructive Trust.230815..docx**                                                                                   **Page 6 of 13**

Without jurisdiction, Universitas's requested relief cannot be granted by the Court.

### IV. Rule 12(h)(3) and Supreme Court Precedent Require That the Case Be Dismissed and Universitas's Request Be Denied.

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)). More recently, the United Supreme Court favorably quoted the holding in *Genesis Healthcare*. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016).

Accordingly, United States Supreme Court precedent requires that the case be dismissed in its entirety.

Further, the express language of Rule 12(h)(3) requires dismissal: "Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Without jurisdiction, Universitas's requested relief cannot be granted by the Court.

### V. Tenth Circuit Precedent Requires That the Case Be Dismissed and Universitas's Request Be Denied.

When a district court lacks subject matter because the claims before it become moot, it is appropriate to dismiss the suit. *N.M. Health Connections v. United States HHS*, 946 F.3d 1138, 1145 (10th Cir. 2022). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *N.M. Health Connections*, 946 F.3d at

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
**C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment**
**Constructive Trust.230815..docx                                                    Page 7 of 13**

1159 (citing *Brown v. Buhman*, 822 F.3d 1151, 1168 (10th Cir. 2016) (other cit. omitted).

The Tenth Circuit's *Brown* opinion quoted the United States Supreme Court:

> "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016) (quotation omitted).

*Brown*, 822 F.3d at 1165.

"When a case becomes moot prior to final adjudication, the district court was without jurisdiction to enter the judgment, and vacatur and dismissal of the judgment is automatic." *Rio Grande Silvery Minnow* [*v. Bureau of Reclamation*], 601 F.3d 1096, 1129 n.19 [(10th Cir. 2010). Recently, the Tenth Circuit favorably quoted the United States Supreme Court's language in *Genesis Healthcare*:

> In other words, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 569 U.S. at 72 (quoting Lewis, 494 U.S. at 472).

*Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022).

Accordingly, this case should be dismissed in its entirety. Without jurisdiction, Universitas's requested relief cannot be granted by the Court.

**VI. Oklahoma Law Does Not Authorize the Filing of a Judgment or a Notice of Renewal in the Same Court Once the Five-Year Period Expired.**

Notably, Taracorp initially filed the foreign judgment in the District Court of Pottawatomie County, Oklahoma and then **filed** the foreign judgment approximately nine years later **in a different court**, the District Court of Marshall County. *Taracorp, Ltd. v.*

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –
OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
**C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
Constructive Trust.230815..docx                                             Page 8 of 13**

*Dailey*, 419 P.3d 217, 218, 219 (Okla. 2018). The Oklahoma Supreme Court held, in summary, that while the first registered judgment expired, the foreign judgment could be re-filed as long as the foreign judgment was still enforceable in the issuing state. *Id.*, at 223. Notably, **_Taracorp_ did not involve a second filing in the same court as the first court.**

Similarly, a second filing of a foreign judgment was made in a new case number in *Yorkshire West Capital, Inc. v. Rodman*, 149 P. 3d 1088 (Okla. Court of Civil Appeals, 3rd Div. 2006):

> "In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in Oklahoma under a new case number**. That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735."

*Id.* Thus, Oklahoma law permits a re-filing of a judgment that is still valid in the forum where it was entered, but not in the same case.

Next, when a foreign judgment is registered in an Oklahoma court, it is treated as an Oklahoma judgment. *Taracorp*, 419 P.2d at 223 fn 11 (quoting *Drllevich Construction, Inc. v. Stock*, 1998 OK 39, 958 P.2d 1277 (1998). The Oklahoma statutes do not contain language that permits an expired judgment to be revived as an alternative to registering the judgment a second time. 12 O.S. § 735(B) ("A judgment shall become unenforceable and of no effect if more than five (5) years have passed . . ..") Further, while section 735(A) authorizes the filing of a notice of renewal to prevent a judgment from becoming

**INTERESTED PARTY'S OPPOSITION AND BRIEF-IN-SUPPORT –
OPPOSITION TO PLAINTIFF'S MOTION FOR PRE-JUDGMENT CONSTRUCTIVE TRUST**
C:\Work\Oklahoma\Pleadings\Opposition by Phoenix to Univ Request for Pre-Judgment
Constructive Trust.230815..docx                                     Page 9 of 13

"unenforceable and of no effect", the filing must be done "within five (5) years after the date of filing of any judgment." 12 O.S. § 735(A). The New York judgment was filed in the Court on November 7, 2014, so more than five years elapsed before the notice (without the expired New York judgment attached) was filed by Universitas on December 9, 2021. [Dkt 341]

Without jurisdiction, Universitas's requested relief cannot be granted by the Court.

### VII. Because There Is No Judgment Against Avon-WY or SDM, Universitas's Request for a Constructive Trust Cannot Be Granted – It Is a Post-Judgment Remedy.

On page 4 of the Memo [Dkt 507], Universitas expressly points the Court to "*Bowles v. Goss*, 2013 OK CIV APP 76, ¶¶ 13-19 309 P.3d 150, 156-59" Okla: Court of Civil Appeals, 2nd Div. 2013. In that case "Todd and Misty Bowles obtained a judgment against Goss and others on April 21, 2006." *Id.*, at par. 2.

Universitas next points to the *Bowles* opinion discussion of 12 O.S. § 842. This statute is expressly regarding a post-judgment remedy: "At any time *after a final judgment*, order, or decree is filed . . ." 12 O.S. § 842.A (emphasis added). The actions described in this statute are available for use by a judgment creditor against a judgment debtor. 12 O.S. § 842.

Universitas next points to the *Bowles* opinion discussion of 12 O.S. § 850. This statute is also expressly regarding a post-judgment remedy: "The judge after the hearing provided herein may order any property of the *judgment debtor,* not exempt by law, in his possession or under his control to be applied toward the satisfaction of the judgment, and

may enforce the same by proceedings for contempt in case of refusal or disobedience. The judge may further order the *judgment debtor* to pay . . ..." (emphasis added)

Universitas next points to *Rural Water, Sewer, & Solid Waste Mgmt. v. City of Guthrie*, No. CIV-05-786-M, 2016 U.S. Dist. LEXIS 2895, at *8 (W.D. Okla. Jan. 11, 2016). This case involved the imposition of a constructive trust after a trial, and does not support Universitas's request.

On pages 4 & 6, Universitas points the Court to *United States v. Andrews*, No. CR-06-208-T, 2007 U.S. Dist. LEXIS 18914, at *14 (W.D. Okla. Mar. 15, 2007). This case involved a post-conviction distribution of seized assets where the distribution amounts were disputed. This case does not support Universitas's request.

On page 5, Universitas mis-cites the unpublished *G & M MTR* Court of Appeals opinion, as the Oklahoma Supreme Court issued its opinion subsequently at: *G & M Motor Co. v. Thompson*, 1977 OK 142, 567 P.2d 80 (1977). Phoenix cannot tell if the underlying Court of Appeals opinion involves postjudgment relief or prejudgment relief.

Universitas next points to a case that does *not* involve a constructive trust - *Fid. & Deposit Co. of Md. V. Rankin*, 1912 OK 349, 124 P. 71, 72 (Okla. 1912). Universitas's description of the holding in this case – "Once constructive trust property has been traced, any property into which the trust funds have been converted remains subject to the trust, even if such funds have been commingled with other property – is inaccurate.

On page 6, Universitas points to the Court to *Big Cat Rescue Corp. v. Schreibvogel*, No. CIV-16-155-SLP, 2020 U.S. Dist. LEXIS 95472 (W.D. Okla. June 1, 2020); *In re

*Kramer*, 614 B.R. 899, 903 (Bankr. N.D. Okla. 2020). All of these cases are post-judgment cases and do not support Universitas's requested pre-judgment relief.

On pages 7 and 10, Universitas argues it may execute a judgment, but there is no writ of execution and neither Avon-WY or SDM are judgment debtors.

Because Avon-WY and SDM are not judgment debtors, the request for a constructive trust may not be granted.

Finally, Phoenix joins in the opposition filed by Avon-WY.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Phoenix Charitable Trust prays that the orders entered after December 3, 2020 be vacated as void, pending motions be denied or dismissed, and this case be dismissed.

>Respectfully submitted,
>
>s/ Jeffrey R. Sandberg
>Jeffrey R. Sandberg, Texas Bar No. 00790051
>Palmer Lehman Sandberg, PLLC
>8350 North Central Expressway, Suite 1111
>Dallas, TX 75206
>Telephone: (214) 242-6444
>Facsimile: (214) 265-1950
>E-mail: jsandberg@pamlaw.com
>(ADMITTED PRO HAC VICE)
>
>Attorneys for Phoenix Charitable Trust

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 12, 2023, counsel conferred with Joseph Manson, counsel for Universitas, and that Universitas opposes the relief sought in this motion.

I hereby certify that on August 12, 2023, counsel conferred with counsel for Avon-WY, and that Avon-WY does not oppose the relief sought in this motion.

/s/ Jeffrey R. Sandberg

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Heidi Long
Joseph Manson

/s/ Jeffrey R. Sandberg