**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-FJ-5-HE |
| | ) | |
| NOVA GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF ASSET SERVICING GROUP, LLC**
**TO RECEIVER'S MOTION TO CLARIFY AUTHORITY**

Asset Servicing Group, LLC ("ASG") files this Response to the Receiver's Motion to Clarify Authority [Doc. 571] (the "Motion to Clarify").[1]  In support hereof, ASG would respectfully show the Court as follows:

## I.      INTRODUCTION

In Response to the Motion to Clarify, ASG asks that the Court specifically address the following issues:

1. **Who owns the SDM Portfolio?**

2. **Does the Receiver have the authority to exercise the membership rights in SDM Connecticut?**

3. **Does Ms. Jacobsen have the authority to instruct ASG with regard to its servicing of the SDM Portfolio?**

ASG provides administrative services to the life settlement industry, including servicing portfolios of life settlement and viatical policies.  ASG is party to a Servicing Agreement dated December 24, 2009, with SDM Holdings, LLC, whereby ASG acts as the servicer for a portfolio of life insurance policies (the "SDM Portfolio").  As part of its services, ASG maintains a bank

---

[1] It is important to note that ASG is not and has never been a party to this proceeding.

account with Kirkpatrick Bank (the "Bank Account").  As policy maturities are received from the SDM Portfolio, ASG deposits them into the Bank Account.  The funds in the Bank Account are then used to service the SDM Portfolio, including by paying outstanding premiums required to keep the life insurance policies in full force and effect.

Recently, Ryan Leonard (the "Receiver") was appointed by this Court as receiver for Avon Capital LLC, a Wyoming limited liability company ("Avon Wyoming").  Also, recently, pursuant to the Court's Order appointing receiver, the Receiver replaced the manager of SDM Holdings, LLC, an Oklahoma LLC ("SDM Oklahoma").

Despite the Receiver's appointment and replacement of the manager of SDM Oklahoma, there remains confusion as to who has control over the SDM Portfolio.  Specifically, there are allegations that there are two SDM Holdings, LLC—SDM Oklahoma and a second entity incorporated in Connecticut ("SDM Connecticut").  Individuals involved with SDM Connecticut contend that SDM Connecticut is the owner of the SDM Portfolio.  As such, it is the position of SDM Connecticut that the Receiver and the manager appointed by the Receiver have no authority over the SDM Portfolio.

Individuals involved with SDM Connecticut have demanded that funds in the Bank Account be turned over to SDM Connecticut, and that ASG take direction from SDM Connecticut.  These individuals have also threatened ASG and its individual employees with legal action should ASG fail to comply with such instructions regarding the SDM Portfolio.

The Court's Order appointing the Receiver is unclear as to whether the Receiver has authority over SDM Connecticut and the SDM Portfolio.  The Order provides that the Receiver is authorized to take possession of, manage, and operate Avon Wyoming and its properties, including SDM Holdings, LLC.  The Order does not, however, specify which SDM Holdings it

is referring to, whether it be SDM Oklahoma, SDM Connecticut, or both.  It's also unclear which SDM entity actually owns the SDM Portfolio.

ASG requires guidance from the Court as to who is currently in control of the SDM Portfolio and who is authorized to instruct ASG regarding the servicing of the SDM Portfolio. Accordingly, ASG requests that the Court provide guidance on these pending issues.

## II.    RELEVANT FACTUAL BACKGROUND

1.    On or about December 24, 2009, ASG and SDM Oklahoma entered into that certain Servicing Agreement (the "Servicing Agreement").

2.    In approximately January 2010, pursuant to the Servicing Agreement, ASG opened the Bank Account at Kirkpatrick Bank.  The Bank Account is used to deposit policy maturities from the SDM Portfolio and to pay servicing costs, including premiums.

3.    On or about June 30, 2017, SDM Oklahoma was purportedly merged with and into SDM Connecticut pursuant to an Agreement and Plan of Merger for SDM Holdings, LLC, a copy of which is attached hereto as **Exhibit 1** (the "Plan of Merger").

4.    According to the Plan of Merger, the managing member of SDM Connecticut is Caroline Financial Group, Inc. ("Caroline Financial").

5.    Caroline Financial is purportedly also a member of Avon Wyoming.  *See* Avon Capital, LLC a Wyoming Limited Liability Company's Disclosure Statement Identifying Constituents of LLC [Doc. 58].

6.    Donald Trudeau, a purported member of Avon Wyoming, submitted an affidavit in this case providing that "Avon Capital-WY owns 100% of the membership interests in SDM Holdings, LLC."  *See* Declaration of Donald Trudeau dated April 15, 2016 [Doc. 57-3].  The affidavit does not specify if it is referring to SDM Oklahoma or SDM Connecticut, but such affidavit predates the Plan of Merger.

7.      SDM Oklahoma is shown as "Cancelled" in the records of the Oklahoma Secretary of State.

| SDM HOLDINGS, LLC | |
|---|---|
| **Details** | |
| Filing Number: | 3512214736 |
| Name Type: | Legal Name |
| Status: | Cancelled |
| Corp type: | Domestic Limited Liability Company |
| Jurisdiction: | Oklahoma |
| Formation Date: | 17 Dec 2008 |

8.      On or about January 4, 2024, the Receiver was appointed over Avon Wyoming, pursuant to this Court's Order [Doc. 565] (the "Receiver Order").

9.      After being appointed, the Receiver notified ASG that the manager of SDM Oklahoma was being removed and replaced with Nicole Jacobsen.

10.      After the Receiver was appointed, SDM Connecticut instructed ASG to turn over the funds in the Bank Account to SDM Connecticut.  SDM Connecticut also threatened legal action against ASG and its employees unless its instructions were complied with.

11.      The Receiver's position is that ASG is to take direction, including as to the funds in the Bank Account, from Nicole Jacobsen, as the manager of SDM Oklahoma.

### III.      ARGUMENTS

A conflict exists between the Receiver and SDM Connecticut regarding who owns and controls the SDM Portfolio.  The Receiver contends that the SDM Portfolio is owned by SDM Oklahoma, which is owned by Avon Wyoming.  The Receiver further contends that as the Receiver over Avon Wyoming, he had the power to replace the manager of SDM Oklahoma, and

that ASG should take instructions from Nicole Jacobsen as manager of SDM Oklahoma with respect to the servicing of the SDM Portfolio.

SDM Connecticut, however, contends that SDM Oklahoma ceased to exist and on June 30, 2017, was merged into SDM Connecticut. As such, SDM Connecticut contends that it is the owner of the SDM Portfolio. SDM Connecticut also contends that SDM Connecticut is owned by Caroline Financial (not Avon Wyoming). SDM Connecticut further contends that ASG should take instructions from SDM Connecticut and/or Caroline Financial with respect to the servicing of the SDM Portfolio.

The Receiver Order provides that the Receiver is appointed over Avon Wyoming and that the Receiver has the following powers (among others):

> 1. The Receiver shall have the powers and duties ordinarily held by court-appointed receivers. The Receiver is authorized to take possession of, manage, and operate Avon Capital LLC (Wyoming), its properties, and its activities in all aspects, subject to the supervision and control of the court. This includes the authority to exercise the membership rights of Avon Capital LLC (Wyoming) as to SDM Holdings, LLC, including the right to replace its manager if the receiver concludes that is appropriate.

The Receiver Order does not specify whether "SDM Holdings, LLC" refers to the Oklahoma or Connecticut entity. Thus, if the SDM Portfolio is owned by SDM Connecticut, there is a question as to whether the Receiver has authority to instruct ASG regarding the servicing of the Portfolio.

ASG is not a party to this litigation and is merely a service provider with regard to the SDM Portfolio. Given the conflicting positions of the Receiver and SDM Connecticut, ASG requires guidance from the Court so that ASG can properly perform services under the Servicing Agreement. Accordingly, ASG respectfully requests that the Court address the following issues:

**1.  Who owns the SDM Portfolio?**

2. **Does the Receiver have the authority to exercise the membership rights in SDM Connecticut?**

3. **Does Ms. Jacobsen have the authority to instruct ASG with regard to its servicing of the SDM Portfolio?**

## IV.   CONCLUSION

WHEREFORE, ASG respectfully requests that the Court enter an order addressing the issues identified above and granting such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Melvin R. McVay, Jr.*
Melvin R. McVay, Jr., OBA #6096
Clayton D. Ketter, OBA #30611
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-4100
Facsimile:  (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
*Attorneys for Asset Servicing
Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2024, a true and correct copy of the foregoing document was transmitted to the Clerk of Court using the Electronic Case Filing System.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Melvin R. McVay, Jr.*
Melvin R. McVay, Jr., OBA #6096