# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, <br>        Petitioner/Judgment Creditor, <br><br> v. <br><br> AVON CAPITAL, LLC, <br>        Respondent/Judgment Debtor, <br><br> ASSET SERVICING GROUP, LLC <br>        Respondent/Garnishee, <br><br> SDM HOLDINGS, LLC <br>        Respondent/Garnishee <br><br> and <br><br> AVON CAPITAL, LLC, a Wyoming <br> Limited Liability Company, <br>        Intervenor. | Case No. 14-FJ-5-HE |

## AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S MEMORANDUM IN OPPOSITION TO <u>RECEIVER'S MOTION TO CLARIFY AUTHORITY</u>

Avon Capital, LLC, a Wyoming limited liability company, ("Avon Capital-WY") files this response in opposition to Receiver Ryan Leonard's ("Receiver") Motion to Clarify Authority (Doc. 571).[1]

---

[1] Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction. (Doc. 514).

## INTRODUCTION

On August 4, 2023, the Tenth Circuit Court of Appeals correctly found that this Court lost Article III jurisdiction upon expiration of the New York Judgment on December 3, 2020. (Doc. 509, pg. 16 ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.")).  Once the Court lost Article III jurisdiction, the case became moot.  (Doc. 509, Order pg. 8 ("We vacate the district court's February 11, 2021 order for lack of jurisdiction; we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.")).  All orders and proceedings in this case that follow that loss of Article III jurisdiction are moot and void for lack of jurisdiction.

Further, on October 19, 2023, Universitas filed its Motion to Reappoint Receiver. (Docs. 540 and 541).  Universitas later moved to amend its Memorandum in Support of Motion for Reappointment of Receiver.  (Doc. 551).  Avon Capital-WY filed memorandum in opposition to Universitas' Motion for Reappointment of Receiver and Motion to Amend its Motion to Reappoint Receiver.  (Docs. 556, 560).

On January 4, 2024, the Court granted Universitas' Motion to Reappoint Receiver and reappointed Ryan Leonard as Receiver ("Receiver") over Avon Capital-WY.[2] (Docs.

---

[2] This Court initially appointed Receiver Ryan Leonard over Avon Capital-WY on September 22, 2021.  However, consistent with decision entered by the Tenth Circuit on August 4, 2023 decision, this Court concluded that this appointment was invalid for lack (footnote continued)

564 and 565). The Court provided the Receiver with authority to, among other powers and duties, "to exercise the membership rights of rights of Avon Capital LLC (Wyoming) as to SDM Holdings, LLC, including the right to replace its manager if the receiver concludes that is appropriate." (Doc. 565, ¶1).

Five days later, on January 9, 2024, Avon Capital-WY timely filed its notice of appeal with the Court seeking appeal from the foregoing orders entered on January 4, 2024 ("Orders"). (Doc. 568 ("Avon Capital, LLC, a Wyoming Limited Liability Company, ("Avon Capital-WY") hereby appeals to the United States Court of Appeals for the Tenth Circuit from the orders entered by the District Court in this action on January 4, 2024 (Docs. 564 and 565) (orders related to receivership, reappointment of receiver, and compensation of receiver)").

Thirteen days later, on January 22, 2024, the Receiver moved the Court for an order that clarifies the scope of the individual who he appointed as manager of SDM Holdings, LLC.[3] In other words, the Receiver seeks an order from the Court that amends the Orders currently on appeal before the Tenth Circuit. (*See* Doc. 568). Because the Orders are on appeal before the Tenth Circuit, the Tenth Circuit has jurisdiction over the Orders and this

---

of subject matter jurisdiction. Doc. 564 at 4 ("Per the Tenth Circuit's conclusion that this court lacked subject matter jurisdiction at the time of his appointment, the appoint was invalid."). Universitas also acknowledged that the receivership orders should be vacated by the Court. (Doc. 564 at 9). Accordingly, the Court granted Avon Capital-WY's Motion for Order Vacating Prior Receivership and concluded, among other findings, that Universitas, as the party who had initially sought the receivership, was responsible for the costs of the prior receivership. *See id.*

[3] On August 23, 2024, the Court directed all responses to the Receiver's motion to clarify authority to be filed on or before January 30, 2024. (Doc. 572).

Court does not have jurisdiction over matters related to reappointment of the receiver identified in the Orders.

Accordingly, the Court should enter an order that denies, in its entirety, the Receiver's Motion to Clarify Authority for lack of jurisdiction as detailed herein and dismisses the action for lack of subject matter jurisdiction or for lack of personal jurisdiction.[4]

## FACTUAL AND PROCEDURAL BACKGROUND

As is more fully detailed above in the Introduction section, the Receiver's Motion to Clarify Authority seeks to amend the Orders entered by this Court in response to Universitas' Motion to Reappoint Receiver, Docs. 540, 541, 556, and 560. (Doc. 564 and 565).

Therefore, in the interest of judicial economy, Avon Capital-WY will not restate the factual and procedural background set forth in its Memorandum in Opposition to Universitas' Motion for Reappointment of Receiver, but instead incorporates the factual and procedural background as if set forth herein. (*See* Doc. 556, "Factual and Procedural Background" (Avon Capital-WY's Memorandum in Opposition to Universitas' Motion to Reappoint Receiver)).

---

[4] Avon Capital-WY recognizes that these arguments were raised in its motion to dismiss and in opposition to Universitas' motions related to reappointment of a receiver over Avon Capital-WY, and the Court denied Avon Capital-WY's motion to dismiss and granted Universitas' Motion to Reappoint Receiver. However, these issues are currently on appeal with the Tenth Circuit. For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

Without waiving any jurisdictional argument and consistent with this Court's order, Avon Capital-WY files this response in opposition to Universitas' Motion for Reappointment of Receiver. (Doc. 540).

## ARGUMENTS AND AUTHORITIES

### I. Legal Standard

Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

The law of the case doctrine provides, "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted).

### II. The Receiver's Motion Should be Denied Because the Receiver Seeks an Order that Amends the Orders Related to Reappointment of the Receiver which are Currently on Appeal Before the Tenth Circuit Court of Appeals.

A district court is divested of jurisdiction over orders on appeal before the court of appeals. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[T]he

filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (cit. omitted).  A district court and a court of appeals should not assert jurisdiction simultaneously over a case. *See id.*

Further, a district court does not reacquire jurisdiction over matters involved in an appeal until the court of appeals has issued its mandate.  *See e.g., Didur v. Viger*, No. 05-2188-JWL-DJW, 2006 U.S. Dist. LEXIS 114082, *3 (D. Kansas August 14, 2006) (finding that the district court had no jurisdiction to rule on a motion to clarify when the matter is on appeal before the court of appeals); *see also United States v. Williams*, 790 F.3d 1059, 1086 (10th Cir. 2015) (court of appeals does not transfer jurisdiction back to district court until a mandate is issued).

The Receiver's Motion to Clarify Authority seeks an order from the Court that clarifies the scope of its authority with respect to the individual whom he has appointed as manager of SDM Holdings, LLC.  Specifically, the Receiver seeks clarification of authority set forth in the Court's Order Granting Receiver Authorization which is the subject of the notice of appeal filed by Avon Capital-WY on January 9, 2024.  (Doc. 565, ¶1 ("The Receiver is authorized . . . to exercise the membership rights of Avon Capital LLC (Wyoming) as to SDM Holdings, LLC, including the right to replace its manager if the receiver concludes that is appropriate."); Doc. 568 (Notice of Appeal).

The Tenth Circuit Court of Appeals divested this Court of jurisdiction over the receivership orders when Avon Capital-WY timely filed its Notice of Appeal.  Thus, this Court does not have jurisdiction over orders that are the subject of the Receiver's Motion

to Clarify. For that reason, alone, the Court does not have jurisdiction to amend or clarify the receivership order until a mandate is issued.

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies the Receiver's Motion to Clarify Authority for lack of jurisdiction.

### III. The Receiver's Motion Should be Denied for Lack of Subject Matter Jurisdiction.[5]

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 243, 55 S. Ct. 162, 79 L. Ed. 338 (1934); *A.B. v. Health Care Serv. Corp.,* No. CIV-19-968-D, 2020 U.S. Dist. LEXIS 126279, at *10 (W.D. Okla. July 17, 2020) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)).

Subject matter jurisdiction is a prerequisite to the court's appointment of a receiver. *See, e.g., J2 Enters. Ltd. Liab. Co. v. Fields*, No. CIV-14-781-M, 2014 U.S. Dist. LEXIS 140671, at *6 (W.D. Okla. Oct. 3, 2014) ("vacating the lower court's order appointing

---

[5] Avon Capital-WY recognizes that this argument was raised in its motion to dismiss and the Court denied that motion. However, that issue is currently on appeal with the Tenth Circuit. For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

receivership for lack of subject matter jurisdiction") (internal citations omitted); *see also Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.),* 328 F.3d 829, 834 (6th Cir. 2003*)* ("the district court had lacked subject matter jurisdiction to appoint the receiver") (citing *Mitchell v. Maurer*, 293 U.S. 237, 79 L. Ed. 338, 55 S. Ct. 162 (1934)).

### A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot.

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the case became moot at that point. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). The Tenth Circuit specifically held that orders entered by this Court after the case became moot are void. *Id.* The Tenth Circuit ordered:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; ***we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.***

(Doc. 509, Order p. 8 (emphasis added)). The Tenth Circuit further held that:

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up). **As the issue in this case *was no longer live* and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void*.**

(Doc. 509, Order p. 10-11 (footnote omitted) (emphasis added)).  This is law of the case. *See Graham*, 704 F.3d at 1278; *Rohrbaugh.*, 53 F.3d at 1183.

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction.  The Tenth Circuit correctly held that this Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  All orders and proceedings that follow the loss of Article III jurisdiction are similarly void—including the order Universitas seeks here.

The Tenth Circuit recognized that Universitas' failure to properly re-file the judgment in accordance with Oklahoma law prior to its expiration was **"fatal"** because there was no longer a judgment in existence for the Court to enforce at the time it entered the order.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare*

*Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)). Avon Capital-WY is no longer a party to any case or controversy and any claims became moot in December 2020. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). As of December 3, 2020, when this Court lost jurisdiction, the case ceased to exist.

### B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money."). The judgment at issue is a New York Judgment for the payment of money. (*See* Doc 1-1).

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk, last garnishment summons was issued, or sending of a certified copy of notice of income

assignment." Consistent with O.S. §12-735(B), the Tenth Circuit held that Universitas' Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas did not re-file its expired judgment before the district court entered its February 11, 2021 order. For the reasons explained above, that failure to re-file was fatal—there was no longer a judgment in existence for the district court to enforce at the time it entered the order. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up). As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan County, Colorado against defendants on June 4, 2007. *Taracorp,* 419 P.3d at 218. Plaintiffs acted quickly to execute their judgment, and on June 7, 2007, they filed their Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659. *Id.* After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007 Colorado judgment in a new case in the District Court of Marshall County, Oklahoma. *Id.* at 219. Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing of the judgment a second time in Oklahoma as long as the foreign judgment remained valid and enforceable in the original state." *Taracorp,* 419 P.3d at 219. Ultimately, the Oklahoma Supreme Court agreed. *Id.* at 223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment. 149 P.3d 1088, 1093 (Okla. Civ. App. 2006). There, the *Yorkshire* Court held:

> On de novo review, we find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma. The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment. In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in Oklahoma under a new case number.** That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) (emphasis added).

Although it is possible that Universitas' expired judgment could potentially be filed for a second time in a new action (and with a new case number), provided that the foreign judgment remains valid and enforceable in the original state, Oklahoma law does not contemplate the refiling of the judgment in a moot case. The judgment must be "filed a second time in Oklahoma under a new case number." *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006) (emphasis added). Oklahoma law does not recognize refiling of a judgment in a moot case nor does refiling of a judgment in a moot case cure a district court's lack of jurisdiction.

Universitas' attempt to refile the New York Judgment in the same case *after* the Court lost jurisdiction on December 3, 2020 fails to reinvest this Court with subject matter

jurisdiction. Consistent with *Yorkshire,* to the extent that Universitas seeks to re-file the New York Judgment in Oklahoma, it must be refiled in a new case and <u>under a new case number</u>.[6]

This Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment on December 3, 2020, when the Tenth Circuit found this Court lost Article III jurisdiction. *See Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023). A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

Based on the foregoing reasons, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies in its entirety the Receiver's Motion to Clarify Authority for lack of subject matter jurisdiction and dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### IV. The Receiver's Motion Should be Denied for Lack of Personal Jurisdiction.[7]

A Court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). As the Petitioner, Universitas bears the burden of establishing personal jurisdiction over the respondents. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

---

[6] *See Supra*, footnote 5.

[7] *See id.*

When the case became moot and the Court lacked Article III jurisdiction, the Court also lost personal jurisdiction over Avon Capital-WY.  *See* Fed. R. Civ. P. 12(b)(2).  Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction.  Avon Capital-WY has not voluntarily submitted to jurisdiction.  (Doc. 514).

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the issues in this case were no longer live.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023) ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  Universitas lacked a legally cognizable interest in the outcome, and the Tenth Circuit held that the case was moot.

This Court's lack of jurisdiction rendered moot all orders and actions that followed expiration of the judgment on December 3, 2020 when the Court lost Article III jurisdiction.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).  When the case and controversy became moot, the Court lost personal jurisdiction over the parties.[8]  *See id.*

---

[8] *See id.*

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies the Receiver's Motion to Clarify Authority for lack of personal jurisdiction and dismisses the case pursuant to Rule 12(b)(2).

## CONCLUSION

For the reasons stated more fully herein, Avon Capital, LLC, a Wyoming limited liability company, respectfully requests the Court enter an order that denies Receiver Ryan Leonard's Motion to Clarify Authority for lack of jurisdiction, and dismisses for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or for lack of personal jurisdiction pursuant to Rule 12(b)(2).

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7900
Facsimile:   316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2024, I filed the above Memorandum in Opposition to Receiver's Motion to Clarify Authority using the court's CM/ECF system which sent notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe