IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> AVON CAPITAL, LLC, *et al.*, ) <br> ) <br> Respondents. ) | NO. 14-FJ-0005-HE |

# **ORDER**

The court previously re-appointed Ryan Leonard Esq. as the receiver of Avon Capital, LLC, a Wyoming limited liability company ("Avon–Wyoming"). Order, January 4, 2024 [Doc. #565]. The order authorized the receiver to take control of the assets of Avon–Wyoming and preserve them pending the resolution of the other issues in this case. The order indicated that this authority extended to exercising the membership rights possessed by Avon–Wyoming in its wholly owned subsidiary SDM Holdings, LLC ("SDM Holdings"), including the replacement of the manager of SDM Holdings if the receiver concluded that was appropriate. The receiver indicates he reached that conclusion and replaced the manager of SDM Holdings with Nicole Jacobsen on January 9, 2024 [Doc. #569]. Jacobsen is the person who previously served in that capacity pursuant to the court's initial appointment of the receiver.[1]

---

[1] The initial receivership was invalid due to expiration of the underlying judgment sought to be collected. Universitas Educ., LLC v. Avon Cap., LLC, 2023 WL 5005654 (10th Cir. 2023).

SDM Holdings' assets are essentially a portfolio of insurance policies which are managed by Asset Servicing Group ("ASG"). In the wake of the receiver's substitution of Ms. Jacobsen as manager of SDM Holdings, ASG indicates it has been subject to conflicting instructions from the new manager and from various of the Carpenter entities which claim to be the owners, successors, or merger survivors of SDM Holdings, on one theory or another [Doc. #578]. It indicates it has been threatened with legal action by SDM–Connecticut if ASG follows Jacobsen's instructions rather than those of that entity. Both the receiver and ASG seek clarification from the court as to whether Ms. Jacobsen has the authority to instruct ASG as to its handling of the insurance portfolio. Phoenix Charitable Trust, asserting the positions of certain of SDM's purported owners or successors, and Avon–Wyoming have filed responses objecting to the clarification or repetition sought by the receiver and/or ASG.

As respondents acknowledge in their responses, the bulk of their grounds for objection to any further action by this court are essentially a reassertion of positions they have already urged and which have been rejected by the court. They do, however, now urge the further ground for objection that, as this court's order appointing the receiver has been appealed, this court has lost jurisdiction to act further as to the receivership, citing <u>Garcia v. Burlington N. R.R. Co.</u>, 818 F.2d 713 (10th Cir. 1987) and similar authorities.

It is less than obvious to the court that an appeal from the receivership order necessarily deprives this court of the authority to explicate or apply that ruling given its collateral nature, focused on preserving the status quo pending appeal rather than the merits of the underlying dispute. However, rather than belabor that question, the court

2

concludes the better approach is to proceed on the assumption that the court lacks jurisdiction to directly address the clarification requested and to give an indicative ruling as contemplated by Fed. R. Civ. P. 62.1(a)(3).  Pursuant to that rule, a district court lacking jurisdiction to address a motion may state how it would rule on the motion or that a substantial issue is raised and the movant thereafter advises the circuit clerk of that action, leading to such further action as the court of appeals deems appropriate.  *See also* Fed. R. App. P. 12.1.

If this court were to rule on the pending motion/request for clarification, it would express some doubt as to whether the court's rulings were not already clear but would, in light of the crossfire in which ASG apparently finds itself, proceed to state or restate its conclusions based on the prior determinations in this case:  (1) that SDM Holdings is owned by Avon-Wyoming, (2) that a receiver has been appointed as to Avon-Wyoming, (3) that the receiver has the authority to exercise Avon-Wyoming's rights as the sole member of SDM Holdings, including the authority to replace the manager if he so chooses, (4) that the receiver has done so via the appointment of Ms. Jacobsen, and (5) that ASG proceeds at its peril if it acts in a fashion inconsistent with instructions from Ms. Jacobsen.

Absent some contrary instruction from the Court of Appeals, the court's order would not address in any detail the other objections raised by respondents as those are largely a repetition of previous positions the court has already rejected on various grounds.

Accordingly, the court states that it would grant the receiver's motion and/or answer the questions of ASG as indicated if the case is remanded for that purpose.

**IT IS SO ORDERED.**

Dated this 5th day of February, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE