IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 14-FJ-5-HE ) |
| NOVA GROUP, INC. | ) ) ) |
| Defendant. | ) |

**EMERGENCY MOTION OF ASSET SERVICING GROUP, LLC, FOR ORDER ALLOWING INTERPLEADER OF FUNDS AND ESTABLISHING OWNERSHIP AND CONTROL OF THE SDM PORTFOLIO, WITH BRIEF IN SUPPORT AND REQUEST FOR EMERGENCY HEARING**

Asset Servicing Group, LLC ("ASG") respectfully moves the Court for an order allowing it to interplead certain checks and funds maintained by ASG for the benefit of SDM Holdings LLC ("SDM"); for an order establishing the ownership and control of the SDM Portfolio (as defined herein); and for an emergency hearing on same. In support hereof, ASG would respectfully show the Court as follows:

### I.   INTRODUCTION

ASG provides administrative services to the life settlement industry, including servicing portfolios of life settlement and viatical policies. ASG is party to a Servicing Agreement with SDM, whereby ASG acts as the servicer for a portfolio of life insurance policies to which SDM is the owner and beneficiary of record (the "SDM Portfolio"). As part of its services, ASG maintains a bank account with Kirkpatrick Bank for the benefit of SDM (the "Bank Account"). As policy maturities are received from the SDM Portfolio, ASG deposits them into the Bank Account. The funds in the Bank Account are then used to service the SDM Portfolio, including by paying outstanding premiums required to keep the life insurance policies in full force and effect.

1

Recently, Ryan Leonard (the "Receiver") was appointed by this Court as receiver for Avon Capital LLC, a Wyoming limited liability company ("Avon Wyoming"). Also, recently, pursuant to the Court's Order appointing receiver, the Receiver purported to replace the manager of SDM by appointing Nicole Jacobsen as the new manager.[1]

Recently, ASG has been contacted by Jonathan Boothroyd, as manager of SDM (Connecticut) and Daniel Carpenter, purporting to be a controlling party of SDM (Connecticut), who allege that SDM (Connecticut) is the owner of the SDM Portfolio. Mr. Boothroyd and Mr. Carpenter assert that the Receiver has no control over SDM (Connecticut) or the SDM Portfolio. Mr. Carpenter has threatened ASG with legal action unless the funds in the Bank Account are immediately turned over to SDM (Connecticut). Turning over such funds would result in ASG lacking any funds to continue to service the SDM Portfolio and pay the premiums on the underlying insurance policies. However, Mr. Boothroyd and Mr. Carpenter have stated that SDM (Connecticut) would provide funding as needed. It is the Receiver's position that the funds should not be turned over to SDM (Connecticut) or Mr. Carpenter, but should be made available to Ms. Jacobsen.

Finally, it has been over six months since ASG has been paid for its services. Currently, ASG is owed in excess of $100,000.00 in delinquent fees. The lack of payment constitutes a breach under the servicing agreement and ASG has determined to terminate its services.

In light of the conflicting and competing claims to certain checks and the funds in the Bank Account, ASG seeks an order allowing it to interplead the checks and funds in the Bank Account. ASG also seeks an order from the Court as to whom to turn over control of the SDM Portfolio. Further, because it is imperative that the premiums on the policies be timely paid from

---

[1] There are allegedly two SDM's: one organized under the laws of Oklahoma ("SDM (Oklahoma)") and one organized under the laws of Connecticut ("SDM (Connecticut)").

a deposit of certain checks and funds in the Bank Account, ASG requests that its motion be set for hearing at the earliest possible date.

## II.     RELEVANT FACTUAL BACKGROUND

1. On or about December 24, 2009, ASG and SDM (Oklahoma) entered into that certain Servicing Agreement (the "Servicing Agreement").

2. In approximately January 2010, pursuant to the Servicing Agreement, ASG opened the Bank Account at Kirkpatrick Bank. The Bank Account is used to deposit policy maturities from the SDM Portfolio and to pay servicing costs, including premiums.

3. On or about June 30, 2017, SDM (Oklahoma) was purportedly merged with and into SDM (Connecticut) pursuant to an Agreement and Plan of Merger for SDM Holdings, LLC, a copy of which is attached hereto as **Exhibit 1** (the "Plan of Merger").

4. On or about January 4, 2024, the Receiver was appointed over Avon Wyoming, pursuant to this Court's Order [Doc. 565] (the "Receiver Order").

5. After being appointed, the Receiver notified ASG that the manager of SDM Oklahoma was being removed and replaced with Nicole Jacobsen.

6. On January 22, 2024, the Receiver filed his Receiver's Motion to Clarify Authority [Doc. 571] (the "Motion to Clarify"), seeking clarification on the scope of the Receiver's powers pursuant to the Receiver Order.

7. Responses to the Motion to Clarify were filed by Phoenix Charitable Trust [Doc. 577], ASG [Doc. 578], Universitas Education LLC [Doc. 579], and Avon Capital LLC [Doc. 580]. ASG's Response is incorporated by reference herein.

8. On February 1, 2024, Daniel Carpenter, purporting to write on behalf of SDM, emailed ASG threatening legal action against ASG and certain employees of ASG unless the checks received by ASG and the funds held in the Bank Account were turned over immediately.

3

9. On February 5, 2024, the Court entered an Order [Doc. 582] on the Motion to Clarify, whereby the Court, *inter alia*, proceeded under the assumption that it lacked jurisdiction to directly address the Motion to Clarify, and instead gave an indicative ruling as contemplated by Fed. R. Civ. P. 62.1(a)(3), stating, *inter alia*, that if the Court were to rule on the Motion to Clarify, it would state or restate its conclusions based on the prior determinations in this case:

(1) that SDM Holdings is owned by Avon-Wyoming,

(2) that a receiver has been appointed as to Avon-Wyoming,

(3) that the receiver has the authority to exercise Avon-Wyoming's rights as the sole member of SDM Holdings, including the authority to replace the manager if he so chooses,

(4) that the receiver has done so via the appointment of Ms. Jacobsen, and

(5) that ASG proceeds at its peril if it acts in a fashion inconsistent with instructions from Ms. Jacobsen.

10. On February 5, 2024, Daniel Carpenter again emailed ASG, taking the position that the Court's Order on the Motion to Clarify indicates that the Court lacks jurisdiction over this matter and demanding that the death benefits be turned over to SDM (Connecticut).

11. SDM is currently in breach under the Servicing Agreement, having failed to timely pay compensation and reimbursement owed to ASG. Presently, not less than the following amounts are due and owing to ASG by SDM:

| Date | Invoice Number | Amount Due |
|---|---|---|
| 7/11/2023 | 3882 | $ 2,565.87 |
| 8/9/2023 | 3903 | $ 14,302.90 |
| 9/11/2023 | 3926 | $ 13,441.34 |
| 10/16/2023 | 3958 | $ 17,652.62 |
| 11/9/2023 | 3973 | $ 14,134.01 |
| 12/7/2023 | 3999 | $ 25,068.30 |
| 1/9/2023 | 4030 | $ 14,781.36 |
| | TOTAL | $ 101,946.40 |

### III.   ARGUMENTS AND AUTHORITIES

Rule 22 of the Federal Rules of Civil Procedure allows a party in interest to interplead assets into court. Similarly, Rule 67 of the Federal Rules of Civil Procedure allows a party, upon notice to all other parties and by leave of court, to deposit with the court money or things at issue in the litigation.

Here, a conflict has arisen between as to who owns the death benefit checks and funds in the Bank Account, as well as future checks and funds which may be deposited into the Bank Account from matured policies; who controls the SDM Portfolio; whether SDM (Connecticut), Mr. Boothroyd, or Mr. Carpenter has the authority to order ASG to turn over checks received and funds deposited into the Bank Account, now or in the future; or whether the Nicole Jacobsen has the sole power and authority to direct and instruct ASG on how checks received and funds deposited into the Bank Account from matured policies shall be applied to pay premiums and servicing costs. The Servicing Agreement provides that such checks and funds are held for the benefit of SDM (Oklahoma). ASG, as the servicer of the SDM Portfolio, fulfills a purely administrative function in maintaining such portfolio. ASG takes no position as to which party is entitled to the checks and funds or control over the SDM Portfolio.

The Servicing Agreement requires that SDM pay ASG monthly for fees and expenses due under the Servicing Agreement. SDM is in breach under the Servicing Agreement by failing to pay ASG amounts owed for over 6 months. Further, the conflicting statements and demands have made servicing of the SDM Portfolio unworkable. Pursuant to its rights under the Servicing Agreement, ASG intends to terminate the Servicing Agreement and cease servicing the SDM Portfolio.

In light of the conflict, as well as the competing interests of the Receiver and SDM (Connecticut), Mr. Boothroyd, and Mr. Carpenter to certain checks and the Bank Account and control over the SDM Portfolio, ASG would ask that the Court enter an order allowing it to interplead the checks received and funds in the Bank Account (less any amounts owed to ASG under the Servicing Agreement), as well as any future checks or funds from matured policies, and requiring any party with an interest therein to assert their claim to such funds in this case. ASG would further ask the Court for an order as to whom to turn over control of the SDM Portfolio.

ASG also requests that, after the checks and funds in the Bank Account are interpleaded, that the Court enter an order discharging ASG from any and all liability related to the checks and Bank Account funds. ASG would further request that it be awarded its fees and costs incurred in this matter.

Finally, given the risk of a policy lapsing, ASG requests that its motion be set for hearing at the earliest possible date.

## IV.   CONCLUSION

WHEREFORE, ASG respectfully requests that the Court enter an order (1) allowing ASG to interplead the checks received and funds held in the Bank Account (less amounts owed to ASG under the Servicing Agreement), as well as any future funds from matured policies, (2) instructing ASG as to whom control of the SDM Portfolio should be turned over to upon termination of the Servicing Agreement, (3) discharging ASG from all liability related to the interpleaded checks and funds, (4) granting ASG its fees and costs associated with this claim, and (5) granting such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Melvin R. McVay, Jr.*
Melvin R. McVay, Jr., OBA #6096
Clayton D. Ketter, OBA #30611
PHILLIPS MURRAH P.C.
Corporate Tower, Thirteenth Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
mrmcvay@phillipsmurrah.com
cdketter@phillipsmurrah.com
*Attorneys for Asset Servicing Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this /2 day of February, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Joseph L Manson , III
Ben Chernow
Law Offices of Joseph L Manson III
600 Cameron St
Alexandria, VA 22314
Email: jmanson@jmansonlaw.com
Email: bchernow@jmansonlaw.com

Joshua C Greenhaw
Timothy F Campbell
Mee Mee Hoge & Epperson PLLP
1900 NW Expressway
Suite 1400
Oklahoma City, OK 73118
Email: jcg@meehoge.com
Email: tfc@meehoge.com

Alan L Rupe
Lewis Brisbois Bisgaard & Smith LLP
1605 N Waterfront Parkway
Suite 150
Wichita, KS 67206-6634
Email: alan.rupe@lewisbrisbois.com

Gerald P Green
Pierce Couch Hendrickson Baysinger & Green
P O Box 26350
Oklahoma City, OK 73126-0350
Email: jgreen@piercecouch.com

Jeffrey Sandberg
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway
Suite 1111
Dallas, TX 75206
Email: jsandberg@pamlaw.com

John D Stiner
Stiner Law Firm PLLC
119 N Robinson
Suite 630
Oklahoma City, OK 73102
Email: john@stinerlaw.com

Joseph H Bocock
Bocock Law PLLC
119 N Robinson Ave
Suite 630
Oklahoma City, OK 73102
Email: joe@bococklaw.com

/s/ Melvin R. McVay, Jr.
Melvin R. McVay, Jr., OBA #6096