**IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF
OKLAHOMA**

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) | |
| | ) | |
| Petitioner/Judgment Creditor | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AVON CAPITAL, LLC, | ) | |
| | ) | |
| Respondent/Judgment Debtor, | ) | |
| | ) | |
| ASSET SERVICING GROUP, LLC, | ) | |
| | ) | |
| Respondent, Garnishee, | ) | Case No. 14-FJ-05-HE |
| | ) | |
| SDM HOLDINGS, LLC, | ) | |
| | ) | |
| Respondent/Garnishee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AVON CAPITAL, LLC, a Wyoming Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Intervenor. | ) | |

**EMERGENCY MOTION TO MODIFY INJUNCTION
AND REQUEST FOR HEARING**

COMES NOW Petitioner Universitas Education, LLC ("Universitas"), by and through counsel, and respectfully submits this Emergency Motion to Modify Injunction ("Emergency Motion"). In support of its Emergency Motion, Universitas states as follows:

1

## RELEVANT PROCEDURAL HISTORY

1.      This Court appointed Ryan Leonard as Receiver of Avon Capital, LLC, a Wyoming limited liability company ("Avon-WY"), on January 4, 2024. Pursuant to the Operating Agreement of SDM Holdings, LLC ("SDM-OK"), Avon-WY has the authority to remove and appoint a manager of SDM-OK. (Doc. No. 292-2 at 4, § 3.05.)

2.      This Court's stated intention in appointing a Receiver is to "preserve the assets of Avon Capital LLC (Wyoming)," including the insurance policies nominally held by SDM-OK.

3.      Moreover, this Court has entered several Orders during the pendency of this case that enjoin Avon-WY from alienating or transferring its assets, including those nominally held by SDM-OK.

4.      First, Judge Mitchell's Report and Recommendation recommended that the Court enjoin "Avon-WY from transferring, alienating, and/or concealing or encumbering its ownership of any interest in SDM" and that the Court further enjoin any of the Avon Capital entities "from transferring, alienating, and/or concealing or encumbering any non-exempt property." (Doc. No. 218 at 69-70.) This Court then enjoined Avon-WY from transferring, alienating, concealing, or encumbering its ownership interest in SDM-OK and enjoined all the Avon Capital entities "from transferring, alienating, and/or concealing or encumbering any non-exempt property." (Doc. No. 228 at 5.)

5.      On July 23, 2021, the Court issued an Order, after an asset hearing, which extended the aforementioned injunction. (Doc. No. 284 at 2.) The Court additionally explicitly enjoined SDM-OK from "from transferring, alienating, and/or concealing or

2

encumbering any non-exempt property so long as the registered judgment remains unpaid." (Doc. No. 284 at 2.)

6.      The Tenth Circuit vacated the District Court's February 11, 2021 Order in July of 2023. In response, the District Court issued an Order on July 13, 2023 that readopted preliminarily the Report and Recommendation and reinstated the injunctions against Avon-WY transferring, concealing, or encumbering its ownership interest in SDM or authorizing or permitting SDM-OK to dispose of its assets. (Doc. No. 500 at 1-2.) After the Tenth Circuit modified its Decision and Order in response to a petition for rehearing en banc, Universitas refiled its judgment and the District Court immediately reaffirmed and reentered its July 13, 2023 Order. (Doc. No. 512.)

7.      On August 15, 2023, the District Court held a hearing, after which it issued an Order that, subject to the issuance of the final mandate, the District Court would readopt its February 11, 2021 Order finding that Avon-WY was an alter ego and once again enjoining the transfer of its ownership interest in SDM-OK or otherwise transferring the assets of SDM-OK. (Doc. No. 521 at 2.) The Tenth Circuit issued its mandate on September 28, 2023. (Doc. No. 533.)

8.      The Court reaffirmed the existence of its injunction in its January 4, 2024 Order, noting that "injunctive relief has been in place prohibiting the dissipation of Avon's assets, including SDM." (Doc. No. 564 at 9.)

9.      The injunctions in this matter have specifically targeted Avon-WY, and have prohibited it from taking actions to dissipate, transfer, or conceal either its ownership interest in SDM-OK or causing the dissipation, transfer, or concealment assets held

nominally by SDM-OK. The reason that these injunctions (the language of which was supported by Universitas) focus on Avon-WY is that Avon-WY possesses 100% of the membership interest in SDM-OK.

10.     Avon-WY moved to intervene in the above-captioned case on April 15, 2016. (Doc. No. 56.) In its Motion to Intervene and Brief in Support, it noted that it possessed standing to intervene and that intervention was necessary because "Universitas has targeted SDM, an asset of Avon Capital-WY, in the course of its attempt to satisfy its judgment . . . ." (Doc. No. 56 at 8; *see also* Decl. of Donald Trudeau dated April 15, 2016, Doc. No. 57-3 ¶ 7 ("Avon Capital-WY owns 100% of the membership interests in SDM Holdings, LLC.").)

11.     In its Order dated September 13, 2017, this Court noted that Avon-WY "asserted that it owns 100% membership interests in SDM." (Doc. No. 92 at 4 (denying Avon-WY's motion for injunction prohibiting Universitas from satisfying its judgment with assets belonging to Avon-WY).)

12.     In 2019, the principal of Avon-WY, Donald Trudeau, testified that he was the only authorized signatory for Avon-WY, that no transfer of interest could have occurred without his signature, and that he had not caused the transfer of any part of the ownership interest of SDM-OK from Avon-WY. (Doc. No. 187-10, Sealed.)

13.     Thus, since Avon-WY's intervention in this matter, it has continued to maintain its ownership interest over SDM-OK. This ownership interest is the very reason it continues to have standing to defend this case both before this Court and the United States Court of Appeals for the Tenth Circuit.

**THE INSTANT INTERFERENCE BY SDM HOLDINGS, LLC-CONNECTICUT**

14.     On January 22, 2024, Ryan Leonard, who serves as Receiver of Avon-WY, filed a Motion to Clarify his authority, which was necessitated by interference with the Receivership and newly appointed manager of SDM-OK. This interference came from an entity called SDM Holdings, LLC based in Connecticut ("SDM-Conn").

15.     After briefing on the Motion to Clarify Authority, this Court issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1(a)(3), noting that this case remains on appeal, but finding that this Court would grant the relief sought in the Motion to Clarify, pending such further action as the Court of Appeals deemed appropriate. (Doc. No. 582 at 3.)

16.     This Court noted that if it were to rule on the pending motion it would hold: "(1) that SDM Holdings is owned by Avon-Wyoming, (2) that a receiver has been appointed as to Avon-Wyoming, (3) that the receiver has the authority to exercise Avon-Wyoming's rights as the sole member of SDM Holdings, including the authority to replace the manager if he so chooses, (4) that the receiver has done so via the appointment of Ms. Jacobsen . . . ." (*Id.*)

17.     As explained in Universitas's Joinder to the Motion to Clarify Authority, SDM-Conn is an entity affiliated with Daniel Carpenter, as Mr. Carpenter signed the merger on behalf of SDM-Conn, and inexplicably, on behalf of SDM-OK. (Doc. No. 354-3.) SDM-Conn's claim to the policies arises from that purported merger that allegedly became effective in 2017. This claim is inconsistent with Donald Trudeau's 2019 testimony

that no transfer of SDM-OK ownership interests had ever occurred, as well as Avon-WY's own filings and continued involvement in this matter.[1]

18.     This Court has expressed skepticism regarding any purported mergers, (Order dated February 9, 2022, Doc. No. 367 at 2.), and its most recent indicative ruling reaffirms that the evidence before the Court supports Avon-WY's ownership of SDM-OK.

19.     Notwithstanding Avon-WY's clear ownership of SDM-OK and this Court's Orders, SDM-Conn continues to interfere with Avon-WY's assets and continues to claim ownership over SDM-OK.

20.     On February 12, 2024, Asset Servicing Group filed an Emergency Motion for Interpleader of Funds ("Interpleader Motion"). (Doc. No. 584.)

21.     As stated in the Interpleader Motion, on February 1, 2024, Daniel Carpenter, purportedly on behalf of SDM-Conn, demanded that ASG, the entity that manages the policies nominally held by SDM-OK for Avon-WY's beneficial interest, send SDM-Conn over funds from a bank account held by ASG for the payment of policy proceeds, and threatened legal action against ASG if they did not comply with  his improper request. (Doc. No. 584 at 3.)

---

[1] Notably, SDM-Conn's ownership interest is inconsistent even with other fraudulent attempts by Carpenter to claim control over SDM. Until at least 2016, Carpenter-controlled "charitable" trusts filed tax returns indicating ownership over SDM, despite the fact that Donald Trudeau testified that no transfer of ownership had ever been authorized to those "charitable" trusts. (Doc. No. 177, Sealed (showing K-1 returns that allege charitable trust ownership over SDM); Doc. No. 187-10, Sealed (Trudeau testifying that no transfer of ownership has occurred.)

22.     Carpenter, again purportedly on behalf of SDM-Conn emailed ASG on February 5, 2024, taking the frivolous position that this Court's Indicative Ruling indicated that this Court lacked jurisdiction over the instant case and demanded that certain death benefits be improperly turned over to SDM-Conn. (Doc. No. 584 at 4.) Mr. Carpenter has also threatened legal action against certain employees of ASG. (Doc. No. 584 at 3.)

23.     Mr. Carpenter, on behalf of SDM-Conn, has made it clear that he is attempting to remove the policies held by SDM-OK from the purview of this Court and the Receiver and there currently exists a substantial danger that Carpenter attempts to sell or conceal the insurance portfolio held by SDM.

24.     Currently, the injunction is on appeal to the Tenth Circuit Court of Appeals. Neither Avon-WY nor SDM-OK have posted any supersedeas bond nor moved for a stay of these proceedings pending appeal.

## ARGUMENT

25.     Generally, a District Court has the power to "modify an injunction in adaptation to changed conditions . . . ." *System Fed'n No. 91 Railway Employees Dep't v. Wright*, 364 U.S. 62, 67 (1961). "The source of the power to modify is of course the fact that an injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." *Id.*

26.     A District Court has the authority to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights" even "while an appeal is pending from an interlocutory order or final judgment that grants . . .

7

an injunction." Fed. R. Civ. P. 62(d); *Brent Elec. Co. v. IBEW Loc. Union No. 584*, No.

4:21-cv-00246-CRK-CDL, 2024 U.S. Dist. LEXIS 2495, at *5 (N.D. Okla. Jan 5, 2024)

("Rule 62(d) allows a court to . . . modify . . . an injunction—on terms that secure the

opposing party's rights—while an appeal is pending from a final judgment granting . . . an

injunction.")

27.     Any such motion to modify an injunction while an appeal is pending "must

ordinarily [be made] in the district court . . . ." Fed. R. App. P. 8(a)(1)(C).[2]

28.     While the "normal rule is that a party's filing of a notice of appeal divests the

district court of jurisdiction over the matters being appealed", district courts are "not

deprived of jurisdiction to modify a preliminary injunction while that injunction is on

appeal." *See, e.g.*, *Cobell v. Norton*, 310 F. Supp. 2d 77, 83 n.10 (D.D.C. 2004) (citing to

the former Fed. R. Civ. P. 62(c), which is analogous to the current Fed. R. Civ. P. 62(d))[3];

*see also Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3rd Cir. 1985) ("Neither is [a district court]

without jurisdiction to issue orders regarding the filing of bonds or supersedeas bonds, or

to modify, restore, or grant injunctions."); *MillerCoors LLC v. Anheuser-Busch Cos., LLC*,

940 F.3d 922, 923 (7th Cir. 2019) (noting that Rule 62(d) permits the modification of

---

[2] A motion for such relief may also be made in the first instance in the Court of Appeals if, *inter alia*, it would be impracticable to move first in the District Court. Fed. R. App. P. 8(a)(2)(A)(i).

[3] The former Rule 62(c) states: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Former Fed. R. Civ. P. 62(c), amended 2018.

injunctions but does not permit the blanket modification of Orders to impose new obligations or substantially alter the issues on appeal).

29.     Courts have interpreted the language of Rule 62(d) (and the former Rule 62(c)) to mean that modifications to an injunction pending appeal "are appropriate if they preserve the 'status quo.'" *Donohue v. Zhenyin Wang*, No. No. 1:22-CV-00583-DAE, 2023 U.S. Dist. LEXIS 193204, at *7 (W.D. Tex. Oct. 27, 2023) (citing *Sierra Club, Lone Star Chapter, v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 578 (5th Cir. 1996)).

30.     As this Court noted in its indicative ruling, its rulings and its injunction are "already clear." (Doc. No. 582 at 3.)

31.     Notwithstanding the clarity of the ruling, changed circumstances necessitate a modification of this Court's injunctions in order to preserve the status quo, and prevent the potential theft, concealment, and or dissipation of the insurance policies held nominally by SDM-OK for the beneficial interest of Avon-WY. *See MillerCoors v. Anheuser-Busch Cos., LLC*, 940 F.3d 922, 931 (7th Cir. 2019) (Hamilton, J. *dissenting*) ("There is (or should be) no legal obstacle to such urgent and pragmatic modifications of a preliminary injunction pending an appeal. The broad language of Rule 62(d) allows it[.]")

32.     The attempts by Carpenter to interfere with the assets at issue in this case, including his attempts to take funds held in a bank account for SDM-OK's benefit both recently and in November of 2021,[4] his attempt to seemingly fire ASG, and his apparent

---

[4] In November of 2021, Carpenter threatened ASG with legal action if it did not send over $400,000 to Kathy Kehoe, who was the former manager of SDM and a known Carpenter associate. (Doc. No. 330-3.)

attempt to fraudulently transfer the policies provide sufficient grounds to modify the current injunction. While the existing injunction should prevent the actions taken by Carpenter and SDM-Conn, modification seems necessary in light of not only Carpenter's and SDM-Conn's actions ignoring the injunction, but also the seeming lack of action by Avon-WY and SDM-OK's prior management to ensure compliance with the injunctions.

33.     Thus, Universitas believes that it would be appropriate to modify the existing injunction to state:

a.   Avon Capital LLC – Wyoming is ENJOINED from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM;

b.   Avon Capital LLC – Wyoming, Avon Capital LLC – Connecticut, and Avon Capital LLC – Nevada, *as well as any person or affiliated company acting in concert with any Avon Capital entity*, are ENJOINED from transferring, alienating, concealing, or encumbering any non-exempt property, *including any insurance policies or cash owned by SDM,* so long as the registered judgment remains unpaid.

i.   *For the avoidance of doubt, Daniel Carpenter, SDM Holdings, LLC, a Connecticut limited liability company, Caroline Financial Group, Inc., and Phoenix Charitable Trust are all "persons or affiliated company(ies) acting in concert" with Avon Capital*.

10

34.     There exists precedent for this type of modification. In *Donohue v. Zhenyin Wang*, the Western District of Texas was confronted with strikingly similar circumstances to those at bar. The *Donohue* court had entered an injunction preventing the use of a specific trademark by the defendants. The *Donohue* court then found that after entry of the injunction, the defendant alleged that the mark had been sold to a third-party company, which was in fact owned by the defendant's wife and controlled by the defendant. 2023 U.S. Dist. LEXIS 193024 at *2-3. Thus, the *Donohue* court modified the injunction to "explicitly apply to 'Defendant's successors, assigns, licensees, and affiliated companies.'" *Id.* at *7.

35.     Here, similar claims of an improper transfer of the property subject to an injunction exist. SDM-Conn alleges an ownership interest over the insurance policies and SDM-OK, even though such interest is completely inconsistent with the factual record in this case and Avon-WY's continued presence in the case. The actions taken by SDM-Conn and Carpenter threaten the assets that are the subject of this Court's injunction.

36.     Modifying the injunction as proposed by Universitas would not unduly interfere with the appeal, nor would it make any substantive alterations to the theories advanced in this case. Instead, it would simply seek to preserve the status quo by ensuring no other entity can work with Avon-WY to conceal or otherwise defalcate the assets subject to this Court's injunction. Moreover, because there is no stay pending appeal or supersedeas bond posted, it remains proper for this Court to take such action.

11

37.     No bond or security should be required for this modification as it simply seeks to maintain the status quo and does not substantively impact any proper party's rights to the property at issue.

38.     Notably, Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. U.S.*, 493 U.S. 265, 276 (1990). This includes the ability to bind third parties to injunctions and hold those parties "aid[], abet[], or conspire[] with another to evade an injunction or order of a court" in contempt for their actions. *See N.L.R.B. v. Laborer's Int'l Union of N. Am., AFL-CIO*, 882 F.2d 949, 954 (5th Cir. 1989); *see also Lundahl v. Global E LLC*, 643 F. App'x 752, 753 (10th Cir. 2016) (finding that in the context of Rule 65 injunctions, non-parties can be bound if they have "actual notice" of the injunction and are otherwise others "who are in active concert or participation" with an enjoined party); *Ex Parte Lennon*, 166 U.S. 548, 555 (1897) (finding that a railway injunction bound a nonparty who acted with the enjoined party).

39.     In addition, Rule 71 of the Federal Rules of Civil Procedure grants to district courts the power to enforce orders against "a person who is not a party . . . as if a party." Thus, if a non-party is given notice of an injunction order, Rule 71 "permits a district court to use the same processes for enforcing obedience to the order as if he were a party, such as holding him in contempt for violating it." *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004) (internal citations and quotations omitted).

40.     Courts retain jurisdiction to enforce their own orders and judgments while a case is on appeal in the absence of a stay pending appeal. *Chaganti & Assocs., P.C. v.*

*Noworthy*, 470 F.3d 1215, 1223 (8th Cir. 2006); *Miller v. Inst. For Def. Analysis*, No. 17-cv-02411-NYW, 2019 U.S. Dist. LEXIS 80239, at *6 (D. Colo. May 1, 2019).

41.     Thus to the extent that any of SDM-OK's assets are moved, Universitas respectfully believes that it would be appropriate to issue show cause orders against Avon-WY and any entity involved in the transfer of SDM-OK's assets, including but not limited to SDM-Conn, as to why those entities should not be held in contempt.

42.     It would be particularly appropriate to do so because such transfers would affirmatively demonstrate that Avon-WY transferred its assets in violation of this Court's Orders and because SDM-Conn has had ample notice of the injunction through the presence of its interested party, Phoenix Charitable Trust, in this action.[5] In correspondence to Avon-WY's counsel, Universitas requested that Avon-WY disavow the actions taken by Mr. Carpenter and SDM-Conn. Avon-WY declined to do so. (Correspondence Between Joseph L. Manson III and Alan L. Rupe, Ex. 1.)

43.     Both Avon-WY and SDM-OK indicated that they oppose the relief requested herein.

44.     Finally, emergency relief on an expedited basis is appropriate in the instant case because of the credible and imminent threat to the assets subject to the injunction.

---

[5] Universitas notes that any opposition to this Emergency Motion by Avon-WY's prior management should be treated with extreme suspicion. Universitas is moving to protect the assets Avon-WY claims to own and prevent an unrelated third party from stealing those assets. Any opposition likely indicates that Avon-WY is working in concert with SDM-Conn or other Carpenter-affiliated entities to conceal its assets from Universitas and this Court.

45.     To the extent that this Court believes it lacks jurisdiction to accord the requested relief, Universitas respectfully requests that this Court to issue an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, which Universitas shall promptly bring before the Tenth Circuit Court of Appeals for the purpose of seeking a remand to this Court. Fed. R. App. P. 12.1(b); *see MillerCoors*, 940 F.3d at 923 (noting that such a procedure to acquire an indicative ruling may be appropriate to accord the relief of modifying an injunction).

46.     Universitas respectfully requests a hearing on this matter, and to consolidate such a hearing with any hearing that this Court orders regarding ASG's Motion for Interpleader.

WHEREFORE, Universitas respectfully requests that this Court grant its Emergency Motion and modify the language of the current injunction to the following:

a.    Avon Capital LLC – Wyoming is ENJOINED from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM;

b.    Avon Capital LLC – Wyoming, Avon Capital LLC – Connecticut, and Avon Capital LLC – Nevada, ***as well as any person or affiliated company acting in concert with any Avon Capital entity***, are ENJOINED from transferring, alienating, concealing, or encumbering any non-exempt property, ***including any insurance policies or cash owned by SDM***, so long as the registered judgment remains unpaid.

14

Dated: February 13, 2024

Respectfully submitted,

/S/ Joseph L. Manson III
JOSEPH L. MANSON, III
(*Admitted Pro Hac Vice*)
jmanson@jmansonlaw.com
LAW OFFICES OF JOSEPH L. MANSON III
600 Cameron St,
Alexandria, VA 22314
Telephone: (703) 340-1693

JOSHUA C. GREENHAW, OBA#19111
jcg@meehoge.com

MEE HOGE PLLP
50 Penn Place
1900 NW Expressway, Suite 1400
Oklahoma City, OK 73118
Telephone: (405) 848-9100
Facsimile:  (405) 848-9101

ATTORNEYS FOR PETITIONER
UNIVERSITAS EDUCATION, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13 day of February, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants on record:

John D. Stiner

Joseph H. Bocock

Alan Rupe

Francis Schneider

Melvin McVay

Clayton Ketter

Joseph L Manson, III

Jeffrey Sandberg

Heidi Long

/s/ Joseph L. Manson III_____