# Law Offices of Joseph L. Manson III

---

Joseph L. Manson III, Esq.
600 Cameron St.
Alexandria, VA 22314

February 10, 2024

VIA EMAIL

Alan L. Rupe
Partner
Lewis Brisbois Bisgaard & Smith LLP
1605 North Waterfront Pkwy, Suite 150
Wichita, KS 67206
Alan.rupe@lewisbisbois.com

RE: <u>SDM Holdings, LLC, a Connecticut Limited Liability Company Interference—Universitas Education, LLC v. Avon Capital, LLC et al., 5:14-fj-00005 (W.D. Okla.)</u>

Dear Alan,

We have been advised that Daniel Carpenter, purportedly on behalf of SDM Holdings, LLC, a Connecticut limited liability company ("SDM-Conn"), has been attempting to gain control of the insurance portfolio and related cash that Judge Heaton found was owned nominally by SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-Okla"), which in turn is 100% owned by Avon Capital, LLC, a Wyoming limited liability company ("Avon-Wy"), as you have represented numerous times. This action by Mr. Carpenter is in violation of Judge Heaton's injunction against any transfer of these assets.

The predicate for Avon-Wy's and your firm's participation in this case is your representation in the Motion to Intervene filed in 2016 in the above-referenced case that Avon-Wy has an interest in the insurance portfolio through its 100% ownership of SDM-Okla. Mr. Carpenter's actions are in violation of the court's injunction and put Avon-Wy in contempt. Universitas Education, LLC demands that Mr. Carpenter and any others working in concert with him attempting to effect a fraudulent transfer of the SDM-Okla policies and related assets immediately cease and desist from these efforts and that Avon-Wy disavow these actions taken by Mr. Carpenter. We require a response to this letter by noon EST on Monday February 12.

Very truly yours,

/s/*Joseph L. Manson III*
Joseph L. Manson III
Counsel for Universitas Education, LLC.

Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, Va. 22314
(202-674-1450)



Alan L. Rupe
1605 North Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Alan.Rupe@lewisbrisbois.com
Direct: 316.609.7901

4600 Madison Avenue, Suite 700
Kansas City, MO 64112
Direct: 816.299.4244

February 12, 2024                                           C/M # 38168.02

**VIA ELECTRONIC MAIL ONLY**

Joseph L. Manson III
E-mail: jmanson@jmansonlaw.com

    Re:    *Universitas Education, LLC v. Avon Capital, LLC, Asset Serving Group, LLC, SDM Holdings, LLC,* Respondents, *and Avon Capital, LLC, a Wyoming Limited Liability Company,* Entered for Limited Purpose of Challenging Jurisdiction, Case No. 14-fj-05-HE (W.D. Okla.) – Response to Letter Dated February 10, 2024

Dear Mr. Manson:

    I write to you in response to your letter sent via email at 5:22 PM CST/6:22 PM EST on Saturday, February 10, 2024 in which you made a number of allegations that you requested a response to by no later than 11:00 AM CST/11:00 PM EST on Monday, February 12, 2024. We appreciate you waiting until Super Bowl weekend to provide an artificially short response deadline.

    As you correctly point out in your letter, our firm represents Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital-WY"), and Avon Capital-WY moved to intervene in 2016 in enforcement proceedings before the United States District Court for the Western District of Oklahoma with case number 5:14-fj-00005. ("District Court").[1] The Tenth Circuit has since then correctly found that the District Court lost subject matter jurisdiction over the enforcement

---

[1] On August 15, 2014, Universitas obtained a judgment in an action filed in the Southern District of New York against various named judgment debtors and Avon Capital-WY was not a judgment debtor). On November 7, 2014, Universitas registered the judgment in the Western District of Oklahoma ("District Court"). On April 15, 2016, Avon Capital-WY intervened in the post-judgment proceedings before the District Court. (Doc. 56).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

Mr. Joseph Manson, III
February 12, 2024
Page 2

proceedings when it lost Article III jurisdiction, and there was no longer a case or controversy.[2] Relatedly, the District Court no longer has personal jurisdiction over Avon Capital-WY and continues to lack subject matter jurisdiction.[3]

You claim that Avon Capital-WY has an "interest in the insurance portfolio." To be clear, Avon Capital-WY is not the named beneficiary on the insurance policies referenced in your letter. This is a fact that has been correctly confirmed by District Court Judge Heaton (and Ryan Leonard) prior to his vacation as receiver over Avon Capital-WY. (*See* Doc. 310 ("The two motions now advanced by Universitas seek to realize on the value in the policies held by SDM in two ways") (Order related to motions); Doc. 479 at ₽ 3 ("SDM is the named beneficiary of 339 in-force life insurance policies whose face values total approximately $20 million.") (Receiver's Motion for Authorization to Obtain Loans).

Pursuant to 18 O.S. § 2032, Avon Capital-WY does not have an ownership interest in property owned by SDM Holdings, LLC or any insurance policy in which SDM Holdings is a named beneficiary. (*See* 18 O.S. § 2032). Avon Capital-WY's ownership interest is limited to its capital interest in SDM Holdings, LLC. Avon Capital-WY does not have a specific interest in property owned by SDM Holdings, LLC. And these are points that Avon Capital-WY has made repeatedly in the enforcement proceedings. (*See, e.g.,* Docs. 496, 444).

The forgoing facts are not only consistent with applicable law, but are also consistent with SDM Holdings, LLC's operating agreement, which makes clear that Avon Capital-WY, as member of SDM Holdings, LLC, has no authority to control SDM Holdings, LLC's property. (*See* Doc. 292 at Section 4.03; Section 5.02; Doc. 292 at Section 9.01). And Universitas has previously admitted (perhaps unwittingly) that SDM Holdings, LLC's checking account and insurance policies are not owned by Avon Capital-WY. (Doc. 331 at 2 (citing Doc. 311 at 2 and 5)).

---

[2] On August 4, 2023, the Tenth Circuit Court of Appeal correctly found that the case before the W.D. of Oklahoma became moot on December 3, 2020 when the registered judgment expired, and at which time the District Court lost Article III jurisdiction. (Doc. 510) (Order and Judgment Dated August 4, 2023, Tenth Circuit) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the District Court lacked Article III jurisdiction to enter its order, rendering the order void.")). It was at this time that the District Court lost subject matter jurisdiction over the proceedings and lost personal jurisdiction over the parties, and it has not regained subject matter jurisdiction or personal jurisdiction since then.

[3] The District Court lost personal jurisdiction over Avon Capital-WY at the same time that it lost subject matter jurisdiction, and Avon Capital-WY is no longer a party to the case. After the Tenth Circuit found that the District Court lost subject matter jurisdiction, our firm has entered the case for the limited purpose of challenging jurisdiction. Further, Universitas has not initiated another action with a different case number and properly effectuated service of process over any party as is contemplated by Oklahoma law.

Mr. Joseph Manson, III
February 12, 2024
Page 3

      Thus, your claim that Avon Capital-WY has the ability to direct or transfer any insurance policy owned by SDM Holdings or which SDM Holdings is a named beneficiary is incorrect.

      You also make the conclusory allegation that Avon Capital-WY is working in concert with Daniel Carpenter to effect a fraudulent transfer of SDM Holdings' insurance policies and related assets. But you fail to provide any support for this claim. Provided that Universitas provides facts to support this conclusory allegation, Avon Capital-WY will supplement this response.

      Further, you make the claim that "Mr. Carpenter's actions are in violation of the court's injunction and put Avon [Capital]-W[Y] in contempt." First, our firm does not represent Daniel Carpenter. Second, you again make a conclusory allegation without any supporting facts that connects our firm to Daniel Carpenter or any actions referenced in your letter.

      Without additional information or facts, no further response is required from Avon Capital-WY. To be clear, neither our firm nor Avon Capital-WY is (or ever has been) in violation of any injunction issued by the District Court.

**I.    Conclusion**

      Your letter is premised upon bald allegations which fail to identify specific conduct that can be cured. If you cannot supplement your letter with facts or information as requested herein, Avon Capital-WY demands that you and Universitas cease and desist from making such allegations or claims that Avon Capital-WY is in violation of injunction or is engaged in any purported inference. Unless and until then, your correspondence serves no legitimate purpose, and continued attempts to bully my client will not be well-received.

                           Very truly yours,

                           /s/ Alan. L. Rupe

                           Alan L. Rupe of
                           LEWIS BRISBOIS BISGAARD & SMITH LLP

FMS/dlb