# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNIVERSITAS EDUCATION, LLC,** | § | |
| Petitioner, | § | |
| | § | |
| **v.** | § | **Civil Action No.: 14-FJ-05-HE** |
| | § | |
| **AVON CAPITAL, LLC,** | § | |
| Respondent, | § | |
| | § | |
| **ASSET SERVICING GROUP, LLC,** | § | |
| Respondent, | § | |
| | § | |
| **SDM HOLDINGS, LLC,** | § | |
| Respondent, | § | |
| | § | |
| **And** | § | |
| | § | |
| **AVON CAPITAL, LLC, a Wyoming** | § | |
| **Limited liability company,** | § | |
| Intervenor. | § | |

## POST-ADVISORY OPINION OPPOSITION TO AND INTERESTED PARTY STATEMENT REGARDING THE RECEIVER'S <u>MOTION TO CLARIFY AUTHORITY, AND BRIEF-IN-SUPPORT</u>

NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC ("SDM"), which is not a judgment debtor and is not alleged to be a judgment debtor, and respectfully files this Post-Advisory Opinion [Dkt. 582] Opposition to the January 22, 2024 Motion Clarify Authority [Dkt 571] filed by Ryan Leonard, Receiver ("Receiver"). The Motion should be denied for multiple reasons, and if Universitas wants SDM-CT's property, it can sue SDM-CT in Connecticut. Universitas has already filed one suit in Connecticut, and it knows how to file another.

In summary, SDM-CT is not a party in this litigation and is not a judgment debtor, the Court continues to lack subject matter and personal jurisdiction, and there is simply no legal or factual basis for the requested relief.[1] Avon Capital, LLC, a Wyoming limited liability company ("Avon-WY") is not a member of SDM Holdings, LLC, a Connecticut limited liability company ("SDM-CT"), no one alleges that SDM-CT is owned by Avon-WY, and no evidence has been provided to the Court in support of an argument that SDM-CT is owned by Avon-WY. Further, put simply, SDM-OK no longer exists, Avon-WY no longer exists, SDM-OK is not a judgment debtor and SDM-CT is not a judgment debtor. As the Court is aware, the 2017 Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed <u>by Universitas</u> before that as Doc. 339-1 on Dec. 7, 2021, and the very same document has again been filed by ASG as Doc. 587-1 on February 14, 2024. Despite Universitas's protestations, there was no judgment entered by this Court at the time and no judgment until this Court's most recent Order entered on August 15, 2023 [Dkt. 521], and Universitas has possessed the merger agreement for years.[2]

In addition, there are additional reasons why the Motion may not be granted. First, the Tenth Circuit Court of Appeals correctly found that this Court lost Article III jurisdiction upon expiration of the New York Judgment on December 3, 2020. Once the

---

[1] Phoenix is including certain arguments in this Response, even though the arguments were previously argued by SDM-OK or Phoenix and denied by the Court, so that the arguments are not deemed to be waived.

2 In this case, Universitas was provided the merger agreement at least as early as June 8, 2021. Phoenix does not currently know if Universitas was provided the merger agreement before June 8, 2021 as part of the proceedings in the Southern District of New York or the District of Connecticut.

**POST-ADVISORY OPINION OPPOSITION TO AND INTERESTED PARTY STATEMENT REGARDING THE RECEIVER'S MOTION TO CLARIFY AUTHORITY, AND BRIEF-IN-SUPPORT**

Court lost Article III jurisdiction, the case became moot. All orders that followed the expiration of the registered judgment and the Court's loss of jurisdiction are void for mootness. Oklahoma law requires the refiling of a foreign judgment to occur in a new case. Oklahoma law does not contemplate that mootness and lack of jurisdiction be cured by refiling an expired judgment in the same case. The motion should be denied for lack of subject matter jurisdiction and lack of personal jurisdiction.

Next, a member has no property interest in an LLC's property. Under Oklahoma law, "[a] member has no interest in specific limited liability company property." 18 O.S. § 2032. Additionally, Oklahoma law expressly provides that the "sole and exclusive remedy" when a judgment debtor is a member of an LLC is a charging order. *See* 18 O.S. § 2034. Similarly, Wyoming law (Avon-WY was a Wyoming business entity) does not permit an appointment of a receiver.

Next, while the Court previously erroneously ruled that the Court possessed jurisdiction, appointment of a receiver over policies that are indisputably not owned by a judgment debtor, and thus holding a non-judgment debtor/non-party liable, is improper. After Judge Swain entered the Judgment, Universitas twice tried to persuade Judge Swain of the Southern District of New York to transfer policies, and Judge Swain twice wrote that the U.S. Supreme Court's *Peacock v. Thomas* opinion precluded the use of subsequent ancillary proceedings to transfer policies and hold a third-party liable for the judgment under a fraudulent transfer theory. [Doc #345-4, 2015 SDNY Order; Doc #345-5, 2020 SDNY Order]

Phoenix does not consent to this Court having personal jurisdiction over it, and is filing this Opposition so that Phoenix will be in compliance with the Court's Order. [Doc. #521]

## BRIEF IN SUPPORT

## TABLE OF CONTENTS

INTERESTED PARTY STATEMENT – PHOENIX CHARITABLE TRUST ............... 6

FACTUAL BACKGROUND ......................................................................... 6

    A. SDM-OK and SDM-CT Are Not Judgment Debtors. ............................... 6

    B. SDM-OK Ceased to Exist in 2017 and the Oklahoma Secretary of State
    Terminated SDM-OK in 2018. .................................................................. 6

ARGUMENT ............................................................................................. 7

I.     The Pending Appeal of the Receivership Orders Places Jurisdiction in the
      Tenth Circuit Court of Appeals and Divests This Court of Jurisdiction
      Beyond Ruling on the Motion to Clarify. ................................................... 8

II.    Because SDM-OK and SDM-CT Are Not Judgment Debtors,
      A Receiver May Not Be Appointed Over the SDM-CT Policies. ........................ 8

    A. Oklahoma Law Does Not Permit Appointment of a Receiver Over the Assets
    of a Third-Party/Non-Judgment Debtor. ................................................... 8

    B. SDM-OK Was Formed in Oklahoma and No Longer Exists, and SDM-CT
    Was Formed in Connecticut, Each Entity's Assets are the Entities' and
    Are Not Subject to Appointment of a Receiver Because SDM-OK and
    SDM-CT Are Not Judgment Debtors. ....................................................... 9

    C. Oklahoma Law's "Sole and Exclusive Remedy" Is a Charging Order. ................... 9

    D. Connecticut Law's "Sole and Exclusive Remedy" Is a Charging Order. .............. 11

III.   The Tenth Circuit Order Is Binding Under the Law of the Case Doctrine. ........... 11

IV.  When the Registered Judgment Became "Unenforceable and of No Effect,"
     This Court's Subject Matter Jurisdiction Also Expired Because There Is
     No "Case" or "Controversy." .................................................................................. 12

V.   Rule 12(h)(3) and Supreme Court Precedent Require That the Case
     Be Dismissed. ............................................................................................................ 14

VI.  Tenth Circuit Precedent Requires That the Case Be Dismissed. ........................... 15

VII. This Court Lacks Personal Jurisdiction Over Avon-WY, SDM-OK
     and SDM-CT. ............................................................................................................ 16

VIII. AVON-WY and SDM-OK No Longer Exist. ......................................................... 17

IX.  Wyoming Law (Avon-WY Was a Wyoming Business Entity) Does Not Permit
     an Appointment of a Receiver. ................................................................................ 18

RELIEF REQUESTED ..................................................................................................... 19

CERTIFICATE OF SERVICE .......................................................................................... 20

## INTERESTED PARTY STATEMENT – PHOENIX CHARITABLE TRUST[3]

Without waiver of SDM-OK's rights, Phoenix is filing this document as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

## FACTUAL BACKGROUND

**A.      SDM-OK And SDM-CT Are Not Judgment Debtors and SDM-CT Is Not a Party.**

SDM-OK and SDM-CT were not and are not a judgment debtor as reflected by the Registered Judgment itself. Further, SDM-CT is not a party in this case and SDM-CT has not been served with process. If Universitas wants SDM-CT's property, it can sue SDM-CT in Connecticut. Universitas has already filed one suit in Connecticut, and it knows how to file another.

**B.      SDM-OK Ceased to Exist in 2017 and the Oklahoma Secretary of State Terminated SDM-OK in 2018.**

The June 30, 2017 Merger Agreement and Certificate of Merger previously provided to Universitas was previously filed in this Court. [Dkt 354-3]). As a result of the merger, SDM-OK ceased to exist. [Dkt 365-2, June 30, 2017 Merger Agreement and Certificate of Merger]

---

[3] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM. Universitas's claims in that case were dismissed and Universitas filed a notice of appeal.

**POST-ADVISORY OPINION OPPOSITION TO AND INTERESTED PARTY STATEMENT REGARDING THE RECEIVER'S MOTION TO CLARIFY AUTHORITY, AND BRIEF-IN-SUPPORT**

In addition, the Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. [Dkt. 577-1, Secretary of State filings listing] A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK. SDM-CT has never been owned by Avon-WY.

### I. The Pending Appeal of the Receivership Orders Places Jurisdiction in the Tenth Circuit Court of Appeals and Divests This Court of Jurisdiction Beyond Ruling on the Motion to Clarify

The 10th Circuit's Order [Dkt. 591] remands to the district court for the "limited purpose of ruling on [the receiver's] Motion to Clarify Authority." Critically, the Receiver does not allege in the Motion to Clarify [Dkt. 571] that SDM-CT is somehow not the owner of the policies. Further, the Receiver implicitly recognizes that SDM-CT is not before the Court. Put simply, there is no legal basis, and no evidence has been provided by Universitas or the Receiver, for interfering with SDM-CT's property rights.

On January 9, 2024, Avon-WY filed a Notice of Appeal regarding the receivership orders. (Dkt. 568) "[T]the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident*

*Consumer Discount Co*., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) (cit.

omitted). "[A] federal district court and a court of appeals should not attempt to assert

jurisdiction over a case simultaneously." *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir.

1990) (quoting *Griggs*, 459 U.S. at 58). " Id. (quoting *Griggs*, 459 U.S. at 58).

"Filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter

from the district court to the court of appeals. The district court is thus divested of

jurisdiction. Any subsequent action by it is null and void." *Garcia v. Burlington N. R.R.

Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (cit. omitted); *see Didur v. Viger*, No. 05-2188-

JWL-DJW, 2006 U.S. Dist. LEXIS 114082, *3 (D. Kansas August 14, 2006) ("The Court

has no jurisdiction to rule on Respondent's Motion Seeking Clarification as the case is

currently on appeal before the Tenth Circuit Court of Appeals.")

Because a Notice of Appeal was filed regarding the receivership orders and the

remand is limited to the Motion to Clarify, this Court no longer has jurisdiction to address

any issues that are not found in the Receiver's Motion to Clarify or otherwise modify the

receivership orders, as jurisdiction has vested in the 10th Circuit Court of Appeals.

### II. Because SDM-OK and SDM-CT Are Not Judgment Debtors, A Receiver May Not Be Appointed Over the SDM-CT Policies.

**A.** **Oklahoma Law Does Not Permit Appointment of a Receiver Over the Assets of a Third-Party/Non-Judgment Debtor.**

"The procedure on execution—and in proceedings supplementary to and in aid of

judgment or execution—must accord with the procedure of the state where the court is

located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1).

Oklahoma limits appointment of receivers as described in 12 O.S. § 1551, which limits post-judgment receiverships to:

> 4. After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or in proceeding in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment.

**B.    SDM-OK Was Formed in Oklahoma and No Longer Exists, and SDM-CT Was Formed in Connecticut, Each Entity's Assets are the Entities' and Are Not Subject to Appointment of a Receiver Because SDM-OK and SDM-CT Are Not Judgment Debtors.**

SDM-OK, was organized under Oklahoma law in 2008. [Dkt 105-1]. Under Oklahoma law, "[a] member has no interest in specific limited liability company property." 18 O.S. § 2032. In other words, SDM-OK's assets are *SDM-OK's* assets, not some other business entity's assets or individual's assets. Similarly, SDM-CT's assets are SDM-CT's assets, not some other business entity's assets or individual's assets. Conn. Gen. Stat. § 34-167(a); *Lundstedt v. People's United Bank*, No. 3:14-cv-01479 (JAM), 2015 U.S. Dist. LEXIS 15762, *4 (D. Conn. February 10, 2015).

Thus, SDM-OK and SDM-CT's assets are not subject to execution, as SDM-OK and SDM-CT are not judgment debtors.  In this case, pursuant to Fed. R. Civ. P. 69, Oklahoma law governs execution on the Registered Judgment, which is limited to "property of the judgment debtor." 12 O.S. § 841; *see* FED R. CIV. P. 69.

**C.    Oklahoma Law's "Sole and Exclusive Remedy" Is a Charging Order.**

"[S]ection [18-2034] shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest." 18 O.S. § 2034. "Under

Oklahoma's limited liability company statutes, the exclusive remedy of a creditor of a member in a limited liability company with respect to the member's interest is a 'charging order,' which may not be foreclosed upon." *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV-0227-CVE-FHM, 2012 WL 524421, at *3 (N.D. Okla. Jan. 11, 2012) (citing 18 O.S. Supp. 2017 § 2034).

Similarly, in 2013 the Oklahoma Court of Civil Appeals reversed an order assigning a judgment debtors' membership interest in a limited liability company. *Southlake Equip. Co., Inc. v. Henson Gravel & Sand, LLC*, 2013 OK 87 ⁋ 15, 313 P.3d 289, 292 (Ok. Civ. App. 2013). It wrote:

> Section 2034 exclusively describes the rights of a creditor against a judgment debtor member of a limited liability company. It authorizes a court to charge the membership interest of a judgment debtor to a creditor as payment towards the debt until the judgment is satisfied. However, § 2034 narrows the definition of membership interest to mean only the flow of profits or surplus from the member's economic interest in his units of the LLC, and only allows this flow until the judgment is satisfied. Section 2034 specifically states "the judgment creditor has only the rights [or entitlements] of an assignee of the membership interest." The Act defines the rights of an assignee as "entitl[ing] the assignee to share in profits and losses, to receive any distribution or distributions and to receive the allocation of income, gain, loss, deduction, or credit or similar item to which the assignor was entitled to the extent assigned." 18 O.S.2011, § 2033.

*Southlake Equip. Co., Inc.*, 2013 OK 87 ⁋ 8, 313 P.3d at 291. Thus, the order charging the judgment debtor's membership interest to the judgment creditor "clearly conflicts with the plain meaning of § 2034 and was therefore in error." *Southlake Equip. Co., Inc.*, 2013 OK 87 ⁋ 11, 313 P.3d at 291.

**D.      Connecticut Law's "Sole and Exclusive Remedy" Is a Charging Order.**

The entry of a charging order is the exclusive remedy by which a person seeking to

enforce a judgment against a member or transferee may, in the capacity of judgment

creditor, satisfy the judgment from the judgment debtor's transferable interest. With respect

to the judgment debtor's transferable interest, attachment, garnishment, foreclosure or other

legal or equitable remedies are not available to the judgment creditor, whether the limited

liability company has one member or more than one member." Conn. Gen. Stat. Sec. 34-

259b. While SDM-CT is indisputably not a party to this litigation, even if it were, a

receivership is unavailable under Connecticut law.

**III.      The Tenth Circuit Order Is Binding Under the Law of the Case Doctrine.**

The law-of-the-case doctrine generally "dictates that prior judicial decisions on rules

of law govern the same issues in subsequent phases of the same case." *Haynes Trane Serv.*

*Agency v. Am. Std., Inc.*, 573 F.3d 947, 956 (10th Cir. 2009) (quoting *Been v. O.K. Indus.,*

*Inc.*, 495 F.3d 1217, 1224 (10th Cir. 2007)). "Under the 'law of the case' doctrine, when a

court rules on an issue of law, the ruling 'should continue to govern the same issues in

subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th

Cir. 2013) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed.

2d 318 (1983)) (quotation omitted). The law-of-the-case doctrine applies to issues actually

decided. *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1250-51, 179 L. Ed. 2d

196 (2011). Under the law of the case doctrine, 'when a court decides upon a rule of law,

that decision should continue to govern the same issues in subsequent stages in the same case. *Dobbs v. Anthem*, 600 F.3d 1275, 1279 (10th Cir. 2010).

"[W]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). "When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision on the first appeal establishes the law of the case to be followed on the second." *United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir. 1991) (internal quotations omitted); *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998) ("Accordingly, when a case is appealed and remanded, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." (internal quotations omitted)). The Order is "binding precedent under the doctrine[] of law of the case . . .." [Dkt 509, Order p. 7[4]]

### IV. When the Registered Judgment Became "Unenforceable and of No Effect," This Court's Subject Matter Jurisdiction Also Expired Because There Is No "Case" or "Controversy."[5]

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction. The Tenth Circuit correctly held that this Court did not have

---

[4] Page references to the Order are to the document pages in the header when the Order was filed, i.e., page 7 of 17.

[5] Phoenix is including this argument, even though it was previously argued (Dkt. 231, p. 5, Dkt 262] and denied by the Court [Dkt 240], so that Phoenix is not deemed to have waived the argument. The Receiver seeks different relief

jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment. Key language in the Order is as follows:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.*

[Dkt. 509, Order p. 8] (emphasis added).

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (cleaned up). As the issue in this case *was no longer live* and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void.*

[Dkt. 509, Order p. 10-11] (footnote omitted) (emphasis added).

As a result, there is nothing to litigate. Universitas has no claims – no pleadings or writs issued by the clerk – there is no longer a "controversy."

Further, in the absence of pleaded claims against them and service of process, Avon-WY and SDM-OK are no longer parties – there is nothing for them to defend against and they are not properly before the Court – there is no subject matter jurisdiction, and also no personal jurisdiction as discussed below. *See* Fed. R. Civ. P. 4, 5, 12(b)(1).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp*., 494

---

than in the Order, which implicates the District Court's subject matter jurisdiction (which Phoenix asserts it lacks) to grant such requested relief holding a third-party liable for the judgment.

**POST-ADVISORY OPINION OPPOSITION TO AND INTERESTED PARTY STATEMENT REGARDING THE RECEIVER'S MOTION TO CLARIFY AUTHORITY, AND BRIEF-IN-SUPPORT**

U.S. 472, 477-478, (1990)). Avon Capital-WY and SDM-OK are no longer a party to any case or controversy and any claims became moot in December 2020.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. *See* FED. R. CIV. P. 69 (a). The filing of the New York judgment by Universitas in this case in 2023 after the District Court lost subject matter jurisdiction is not permitted under Oklahoma law. 12 O.S. § 735(B); *Yorkshire West Capital Inc. v. Rodman*, 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) ("Yorkshire properly filed it a second time in Oklahoma under a new case number.").

### V. Rule 12(h)(3) and Supreme Court Precedent Require That the Case Be Dismissed.

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)). More recently, the United Supreme Court favorably quoted the holding in *Genesis Healthcare*. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016).

Accordingly, United States Supreme Court precedent requires that the case be dismissed in its entirety.

Further, the express language of Rule 12(h)(3) requires dismissal: "Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

### VI. Tenth Circuit Precedent Requires That the Case Be Dismissed.

When a district court lacks subject matter because the claims before it become moot, it is appropriate to dismiss the suit. *N.M. Health Connections v. United States HHS*, 946 F.3d 1138, 1145 (10th Cir. 2022). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *N.M. Health Connections*, 946 F.3d at 1159 (citing *Brown v. Buhman*, 822 F.3d 1151, 1168 (10th Cir. 2016) (other cit. omitted). The Tenth Circuit's *Brown* opinion quoted the United States Supreme Court:

> "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016) (quotation omitted).

*Brown*, 822 F.3d at 1165.

"When a case becomes moot prior to final adjudication, the district court was without jurisdiction to enter the judgment, and vacatur and dismissal of the judgment is automatic." *Rio Grande Silvery Minnow* [*v. Bureau of Reclamation*], 601 F.3d 1096, 1129 n.19 [(10th Cir. 2010). Recently, the Tenth Circuit favorably quoted the United States Supreme Court's language in *Genesis Healthcare*:

> In other words, "[i]f an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation,

the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 569 U.S. at 72 (quoting Lewis, 494 U.S. at 472).

*Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022).

Accordingly, this case should be dismissed in its entirety.

### VII. This Court Lacks Personal Jurisdiction Over Avon-WY, SDM-OK and SDM-CT.

SDM-CT has never appeared in this case. Further, when the case became moot and the Court no longer possessed Article III jurisdiction, the Court also lost personal jurisdiction over Avon-WY and SDM-OK. *See* FED. R. CIV. P. 12(b)(2). Phoenix and SDM-OK have appeared only for the purpose of challenging jurisdiction. SDM-OK has not voluntarily submitted to jurisdiction. (Doc. 514). The registered New York Judgment expired on December 3, 2020, and the issues in this case were no longer live. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023) ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.")

A court without jurisdiction lacks authority to act. *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013). When the case and controversy became moot, the Court lost personal jurisdiction over the parties. *See id*. In other words, there are still no

pending claims in this case, and Avon-WY, SDM-CT and SDM-OK are not parties in this case, once the Court lost jurisdiction.

Once again, if Universitas is seeking control over SDM-CT's property it must avail itself of the courts in Connecticut, not Oklahoma or Wyoming. SDM-CT has not been served with process in this case.

## VIII. AVON-WY and SDM-OK No Longer Exist.

The Oklahoma Secretary of State office records establish that SDM-OK ceased to exist in 2018.  [Dkt. 577-1, Oklahoma Secretary of State filings listing] A copy of the June 30, 2017 Merger Agreement and Certificate of Merger provided to Universitas years ago was previously filed in this Court. [Doc. #354-3]. As a result of the merger, SDM-OK ceased to exist. [Doc. #365-2, June 30, 2017 Merger Agreement and Certificate of Merger] In 2018 and again in 2021, Universitas was provided form K-1s for multiple years showing that Avon-WY was no longer a member. The Oklahoma Secretary of State recognizes that SDM-OK no longer exists – it "terminated" SDM-OK's existence. [Dkt. 577-1, Secretary of State filings listing]

A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Doc. #365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Doc. #365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Doc. #365-3. The tax filings would be decidedly different if Avon-WY was truly in fact

the 100% member of SDM-OK. Once again, SDM-CT has never been owned by Avon-WY and no party, receiver or ASG asserts this.

The Court's September 13, 2017 Order [Doc. #92] holds that Avon-WY was dissolved in 2014. Universitas's Opposition [Doc. #77] to the Avon-WY Application for Injunction recognized on page 9 that Avon-WY was dissolved in 2014 and Universitas attached as an exhibit a document issued by the Wyoming Secretary of State [Doc. #57-6, 77-7] indicating a "Dissolution/Revocation-Tax" on July 9, 2014.

## IX. Wyoming Law (Avon-WY Was a Wyoming Business Entity) Does Not Permit an Appointment of a Receiver

Avon-WY was a <u>Wyoming</u> limited liability company, not an <u>Oklahoma</u> LLC. As such, even if SDM-OK's or SDM-CT's assets were somehow deemed to be Avon-WY's assets (and again, SDM-OK's and SDM-CT's assets are not Avon-WY's assets), Wyoming law does not permit the relief sought:

> 17-29-503. Charging order.
> (a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.
>
> * * *
>
> (g) This section provides the exclusive remedy by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the sole member, dissociated member or transferee, may, in the capacity of the judgment creditor, satisfy the judgment from the judgment debtor's transferable interest or from the assets of the limited liability company. Other remedies, including foreclosure on the judgment debtor's limited liability interest and a court order for directions, accounts and inquiries that the judgment debtor might have made are not available to

the judgment creditor attempting to satisfy a judgment out of the judgment debtor's interest in the limited liability company and may not be ordered by the court.

While this Wyoming statutory language is admittedly regarding Wyoming limited liability companies, it is equally applicable to the receivership.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Interested Party Phoenix Charitable Trust prays that the Receiver's motion be denied, or in the alternative, that the Court close the case, or in the alternative, on final trial, that judgment be entered that Plaintiff take nothing by its claims, and such other and further relief, at law and in equity, which Phoenix may be entitled.

Respectfully submitted,

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg, Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)
Attorneys for Phoenix Charitable Trust

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of February 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Timothy F. Campbell
Joseph Manson
Ryan Leonard

<u>/s/</u> Jeffrey R. Sandberg