## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,        )
                                   )
                    Petitioner,    )
                                   )
vs.                                )          NO. 14-FJ-0005-HE
                                   )
AVON CAPITAL, LLC, *et al.*,       )
                                   )
                    Respondents.   )

## <u>ORDER</u>

The court-appointed receiver of Avon Capital, LLC, a Wyoming limited liability company ("Avon-Wyoming"), previously sought clarification of the court's prior determinations and orders as they relate to the status and relationship of Avon-Wyoming, SDM Holdings, LLC ("SDM Holdings"), and the portfolio of insurance policies managed for SDM Holdings by Asset Servicing Group ("ASG") [Doc. #571]. Avon Wyoming and SDM's purported owner/successors filed objections to the requested relief, contending, among other things, that this court lacked jurisdiction to entertain the motion based on their pending appeals to the Tenth Circuit Court of Appeals from the order appointing the receiver. This court concluded it should proceed on the assumption that it lacked jurisdiction to address the motion in light of the appeals and invoked the procedure contemplated by Fed.R.Civ.P. 62.1(a)(3) and Fed.R.App.P. 12.1, issuing an indicative ruling as to how it would rule on various of the matters referenced in the receiver's motion for clarification. Order, February 5, 2024 [Doc. #582]. Thereafter, the receiver sought a limited remand from the Tenth Circuit to permit this court to decide the motion

for clarification.   The Tenth Circuit has since remanded the case to this court for the limited purpose of ruling on the receiver's motion to clarify.  Order, February 16, 2024 [Doc. #591 in this case].  Following the remand, Phoenix Charitable Trust, representing what it represents are the owners/successors of SDM Holdings, and Avon-Wyoming filed further responses (termed "post-advisory opinions") objecting to the receiver's request.

As previously noted in the court's February 5, 2024 order, the objecting parties' grounds for objection are largely restatements, for record preservation purposes, of positions they have previously advanced and which have been rejected by this court on one ground or another.   It is therefore unnecessary to re-address those arguments here. To the extent that Phoenix Charitable Trust now contends, or contends with more vigor, that SDM itself no longer exists, based on a purported merger with another Carpenter-controlled entity in 2017, the court continues to reject any such notion.  The court's prior determinations as to the status of SDM and its ownership by Avon-Wyoming were based, in substantial part, on repeated explicit and implicit representations in this case by Avon-Wyoming and SDM, entities controlled by Mr. Carpenter.   Those representations occurred over several <u>years</u> following the purported 2017 merger upon which Phoenix and Mr. Carpenter now base their changed positions.  If those prior representations do not conclusively establish the falsity of Phoenix's current assertions as to the status of SDM Holdings, they at least provide ample grounds for equitable relief precluding the bait and switch tactics now being attempted.  In any event, the assertions as to the non-existence of SDM Holdings are no basis for avoiding the conclusions and determinations previously reached by this court.

Those determinations, as pertinent to the receiver's request for clarification, are restated here:

1. SDM Holdings is owned by Avon-Wyoming;

2. Ryan Leonard, Esq. is the court-appointed receiver of Avon-Wyoming, with the authority to manage the affairs of Avon-Wyoming consistent with the terms of the receivership order;

3. The receiver's authority extends to exercising Avon-Wyoming's rights as the sole member of SDM Holdings, including the right to replace the manager of SDM Holdings if he concludes that is warranted;

4. The receiver has so concluded and has appointed Nicole Jacobsen as the manager of SDM Holdings; and

5. That, in light of these determinations,[1] ASG should proceed on the assumption that Ms. Jacobsen is the duly appointed manager of SDM Holdings.  If ASG declines to act consistently with her instructions, it does so at its peril.  The potential reach of the court's contempt powers is not altogether clear in the somewhat unusual circumstances of this case, but the issue would be pursued and explored.  Further, the possibility of claims against ASG by petitioner or others exists if non-compliance with the court's orders results in injury to a third party.

---

[1] *The court's various orders reflecting these determinations are disputed and on appeal but have not been stayed by the posting of a supersedeas bond or otherwise.*

The receiver's Motion to Clarify Authority [Doc. #571] is **GRANTED**, clarifying

or re-stating the court's determinations as set out above.[2]

**IT IS SO ORDERED.**

Dated this 22nd day of February,

2024.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2] *Other motions pending include ASG's motion for interpleader, the receiver's motion for payment of fees and costs, and petitioner's motion for modification of injunction.  Those motions are not at issue and will be dealt with in due course.*