IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, § | | |
|     Petitioner/Judgment Creditor, § | | |
| § | | |
| v. § | | Civil Action No.: 14-FJ-05-HE |
| § | | |
| AVON CAPITAL, LLC, § | | |
|     Respondent/Judgment Debtor, § | | |
| § | | |
| ASSET SERVICING GROUP, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| SDM HOLDINGS, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| And § | | |
| § | | |
| AVON CAPITAL, LLC, a Wyoming § | | |
| Limited liability company, § | | |
|     Intervenor. § | | |

**INTERESTED PARTY'S PARTIALLY UNOPPPOSED**
**MOTION FOR DISQUALIFICATION AND BRIEF-IN-SUPPORT**

NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK"), and respectfully files this Partially Unopposed Motion for Disqualification pursuant to 28 U.S.C § 455(a), (b). In summary, Judge Heaton's impartiality might reasonably be questioned because District Court Judge Heaton is an author of a book about the Receiver's (Ryan Leonard, Esq.) father, District Court Judge Tim Leonard. Further, while Judge Heaton disclosed at a September 20, 2021 hearing that the Receiver's father "is a judge of this court and a long-time friend of mine," (Exh. 1, Transcript p. 24), the book and

INTERESTED PARTY'S PARTIALLY UNOPPOSED
MOTION FOR DISQUALIFICATION AND BRIEF-IN-SUPPORT    Page 1 of 9
I:\14184\Oklahoma\Pleadings\Motion to Recuse by Phoenix (Partially Unopposed).240228..docx

authorship were not disclosed before the new appointment of Ryan Leonard, Esq., as the Receiver again on January 4, 2024. [Dkt. 565] The District Court will rule on the Receiver's application(s) for payment and also determine how the Receiver gets paid.

## Table of Contents

I.   Interested Party Statement – Phoenix Charitable Trust. ......................................... 3

II.  Applicable Law – Disqualification and Waiver. ...................................................... 4

    A.   Applicable Law – Disqualification. ............................................................... 4

    B.   Applicable Law – Waiver............................................................................... 5

III. District Judge Heaton Must Be Disqualified Because of the Appearance of Bias or Prejudice and There Is No Waiver Because the Book and Authorship Were Never Disclosed. .............................................................................................. 6

    A.   There Is an Appearance of Bias or Prejudice................................................. 6

    B.   There Was No Full Disclosure on the Record and Thus No Waiver. ............ 7

Relief Requested................................................................................................................ 8

Certificate of Conference................................................................................................... 8

Certificate of Service ........................................................................................................ 9

I.   **Interested Party Statement – Phoenix Charitable Trust[1]**

Phoenix Charitable Trust ("Phoenix") was a member of SDM-OK before the 2017 merger. As the Court is aware, the 2017 Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed by Universitas before that as Doc. 339-1 on Dec. 7, 2021, and the very same document has again been filed by ASG as Doc. 587-1 on February 14, 2024. As a result of the merger, SDM-OK ceased to exist.[2] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger]

A listing of filings from the Connecticut Secretary of State's office regarding the merger was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK. Once again, SDM-CT has never been owned by Avon-WY.

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM-OK unless the Receiver or manager authorized it. [Dkt 353]

---

[1] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.
2 In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member.

The Receiver and manager refused Mr. Sandberg's requests for authorization. Notably, both SDM-OK and SDM-CT were not in receivership before the Order was issued.

On February 1, 2022, the Court entered its Order denying SDM-OK's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363]

Without waiver of Phoenix's and SDM-OK's rights, Phoenix is filing this document as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

**II.   Applicable Law – Disqualification and Waiver.**

   **A. Applicable Law – Disqualification.**

"Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C § 455(a). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)). "'The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Bryce*, 289 F.3d at 659 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citation omitted)). "If the issue of whether § 455 requires disqualification is a close one, the judge must be recused."

*Bryce*, 289 F.3d at 659 (citing *Nichols*, 71 F.3d at 352)). "Section 455(a), in turn, 'is a 'catch-all' provision that is broader than the specific grounds for disqualification set forth in § 455(b).'" *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 Fed. Appx. 681, 685 (10th Cir. Aug. 2, 2019) (quoting *United States v. Young*, 45 F.3d 1405, 1415 (10th Cir. 1995)). "The purpose of the statute is 'to avoid even the appearance of partiality' by a judge.'" *Royal v. First Interstate Bank (In re Trierweiler)*, 570 Fed. Appx. 766, 775 (10th Cir. July 2, 20214) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (quotation omitted)). "Scienter is not an element of a violation of § 455(a)." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

"[J]ustice must satisfy the appearance of justice." *Williams-Yulee v. Fla. Bar*, 575 U.S. 433, 445 (2015) (cit. omitted); *In re Murchison*, 349 U.S. 133, 136 (1955) (cit. omitted) (Frankfurter, J.). "Wise observers have long understood that the appearance of justice is as important as its reality." *J.E.B. v. Ala. ex rel. T.B.*, 511 U.S. 127, 161 n. 3 (1994). "[I]n the context of recusal cases, it is not solely the reality of actual bias or prejudice but also the appearance of impropriety that [the court] we must guard against." *Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (citing *Liteky v. United States*, 501 U.S. 540, 548-549, 114 S. Ct. 1147, 1154 (1994)).

### B. Applicable Law – Waiver.

Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a *full disclosure on the record* of the basis for

disqualification. 28 U.S.C § 455(e) (emphasis added). A consent to a judge's participation in a case following the judge's disclosure is not a waiver of the right to seek recusal after a second disclosure of a new material circumstance. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1253 (10th Cir. 2011).

**III.    District Judge Heaton Must Be Disqualified Because of the Appearance of Bias or Prejudice and There Is No Waiver Because the Book and Authorship Were Never Disclosed.**

    **A.  There Is an Appearance of Bias or Prejudice.**

On Friday, February 23, 2024, Attorney Sandberg learned from Avon-WY's counsel that Judge Heaton authored a book about a federal judge named Tim Leonard and that it appeared that Judge Leonard as Ryan Leonard's father. See Exh. 4, Sandberg Decl. ¶ 4. Avon-WY's counsel also stated that the book was being ordered by Avon-WY's counsel. See Exh. 4, Sandberg Decl. ¶ 4.

Before February 23, 2024, Attorney Sandberg did not know that Judge Heaton was an author of a book about Judge Leonard, Ryan Leonard's father. See Exh. 4, Sandberg Decl. ¶ 5. On February 23, 2024, Attorney Sandberg accessed the website of the publisher, the Oklahoma Hall of Fame. See Exh. 3, Sandberg Decl. ¶ 6.  After emailing the attorneys in this case on February 23, 2024, Attorney Sandberg spoke with the Receiver, Ryan Leonard on February 26, 2024. See Exh. 4, Sandberg Decl. ¶¶ 7, 8. Ryan Leonard confirmed that he was son of Judge Tim Leonard, the subject of the book authored by Judge Heaton. See Exh. 2, Book Cover; Exh. 3, Oklahoma Hall of Fame Book Webpage; Exh. 4, Sandberg Decl. ¶ 8.

Notably, the Receiver and his fledgling law firm will be paid only after a judge rules on the Receiver's application(s) for payment. The appointments of the Receiver and payments to the Receiver have been opposed throughout the first void receivership and this second receivership.

In conclusion, Judge Heaton's impartiality might reasonably be questioned because District Court Judge Heaton is an author of a book about the Receiver's (Ryan Leonard, Esq.) father, District Court Judge Tim Leonard. This is material, and is indicative of a closer relationship than the one disclosed on September 20, 2021, where Judge Heaton disclosed that Ryan Leonard's father "is a judge of this court and a long-time friend of mine" and that Judge Heaton wanted the parties to be aware of that connection." See Exh. 1, Transcript p. 25. See Exh. 1, Transcript p. 24. The appearance of justice will be achieved by Judge Heaton's disqualification. *See Williams-Yulee*, 575 U.S. at 445.

**B. There Was No Full Disclosure on the Record and Thus No Waiver.**

Further, while Judge Heaton disclosed at a September 20, 2021 hearing that the Receiver's father "is a judge of this court and a long-time friend of mine," (Exh. 1, Transcript p. 24), the book and authorship were not disclosed before the new appointment of Ryan Leonard, Esq., as the Receiver on January 4, 2024. [Dkt. 565] Before February 23, 2024, Attorney Sandberg did not know that Judge Heaton was an author of a book about Judge Leonard, Ryan Leonard's father. See Exh. 4, Sandberg Decl. ¶ 5. There cannot be a waiver of this issue, as there was never a "full disclosure on the record" as required by 28 U.S.C § 455(e). Further, the consent to Judge Heaton's participation in this case following

the judge's disclosure in 2021 is not a waiver of the right to seek recusal after this new material circumstance was identified. *See Rimbert*, 647 F.3d at 1253.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Phoenix Charitable Trust prays that the District Court Judge enter an order recusing himself from this case.

        Respectfully submitted,

        s/ Jeffrey R. Sandberg
        Jeffrey R. Sandberg, Texas Bar No. 00790051
        Palmer Lehman Sandberg, PLLC
        8350 North Central Expressway, Suite 1111
        Dallas, TX 75206
        Telephone: (214) 242-6444
        Facsimile: (214) 265-1950
        E-mail: jsandberg@pamlaw.com
        (ADMITTED PRO HAC VICE)

        Attorneys for Phoenix Charitable Trust

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 23 and February 26, 2024, counsel conferred with counsel for Universitas, and that Universitas opposes the relief sought in this motion. I hereby certify that on February 26, 2024, counsel conferred with Ryan Leonard, Esq. and that Mr. Leonard opposes the relief sought in this motion.

I hereby certify that on February 23 and February 26, counsel conferred with counsel for Avon-WY, and that Avon-WY does not oppose the relief sought in this motion.

        /s/ Jeffrey R. Sandberg

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

- Alan Rupe
- Gerald Green
- Melvin McVay
- Clayton Ketter
- Joshua Greenhaw
- Heidi Long
- Joseph Manson
- Ryan Leonard

/s/ Jeffrey R. Sandberg