## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br>    Petitioner/Judgment Creditor,<br><br>v.<br><br>AVON CAPITAL, LLC,<br>    Respondent/Judgment Debtor,<br><br>ASSET SERVICING GROUP, LLC<br>    Respondent/Garnishee,<br><br>SDM HOLDINGS, LLC<br>    Respondent/Garnishee<br><br>and<br><br>AVON CAPITAL, LLC, a Wyoming<br>Limited Liability Company,<br>    Intervenor. | Case No. 14-FJ-5-HE |

## AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S, OPPOSITION TO ASSET SERVICING GROUP, LLC'S EMERGENCY MOTION FOR ORDER ALLOWING INTERPLEADER AND EMERGENCY HEARING

Avon Capital, LLC, a Wyoming limited liability company, ("Avon Capital-WY") files this memorandum in opposition to Asset Servicing Group, LLC's ("ASG") Emergency Motion for Order Allowing Interpleader of Funds and Request for Emergency Hearing (Doc. 584).[1]

---

[1] Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction.  (Docs. 514, 590).

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 3

FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 5

ARGUMENT AND AUTHORITIES .......................................................................... 9

    I.    Legal Standard ............................................................................................ 9

    II.   ASG's Motion Should be Denied Because ASG Seeks an Order from the Court that Amends Orders Currently on Appeal Before the Tenth Circuit Court of Appeals ...................................................................................... 10

    III.  Universitas' Motion Should be Denied for Lack of Subject Matter Jurisdiction. ............................................................................................. 11

          A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot. ................................................................................................. 12

          B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case. ..................................................................................... 14

    IV.  Universitas' Motion Should be Denied for Lack of Personal Jurisdiction ... 17

    V.   Federal Rule of Civil Procedure 22 Does Not Provide a Basis for Interpleader by ASG ...................................................................................... 19

    VI.  Avon Capital-WY Previously Produced a Representative at Two Separate Judgment Debtor Examinations ................................................................. 20

CONCLUSION ................................................................................................. 22

## INTRODUCTION

On August 4, 2023, the Tenth Circuit Court of Appeals correctly found that this Court lost Article III jurisdiction upon expiration of the New York Judgment on December 3, 2020. (Doc. 509, pg. 16 ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.")).  The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine.  (*Id.* at  3, n. *).  Without waiving any jurisdictional argument and consistent with the Tenth Circuit's Court's order, Avon Capital-WY files this opposition to ASG's Motion for Emergency Interpleader.  (Doc. 584).

ASG's Motion for Emergency Interpleader seeks an order from this Court that: (1) allows ASG to interplead the checks received and funds held in the Bank Account (less amounts owed to ASG under the Servicing Agreement), as well as any future funds from matured policies; (2) instructs ASG as to whom control of the SDM Portfolio should be turned over to upon termination of the Servicing Agreement; (3) discharges ASG from all liability related to the interpleaded checks and funds; (4) grants ASG its fees and costs associated with this claim, and (5) grants such other and further relief as is just and equitable.[2]

---

[2] ASG  previously filed a similar motion but withdrew it shortly thereafter.  On November 15, 2021 ASG filed a motion for order allowing interpleader of funds and emergency hearing.  On December 15, 2021, ASG moved to withdraw its motion.

In other words, ASG seeks an order from the Court that amends orders currently on appeal before the Tenth Circuit.  (*See* Doc. 544 ("hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Order of the District Court entered in this action on August 15, 2023 (Doc. 521) that readopted its order entered on February 11, 2021 (Doc. 338 (adopting the Magistrate Judge's Report and Recommendations, Doc. 218) effective upon issuance of the Mandate by the Tenth Circuit Court of Appeals in the consolidated appeals 21-6044, 21-6049, 21-6133, and 21-6134 on September 28, 2023 (Doc. 533); Doc. 568 ("[Avon Capital-WY] hereby appeals to the United States Court of Appeals for the Tenth Circuit from the orders entered by the District Court in this action on January 4, 2024 (Docs. 564 and 565) (orders related to receivership, reappointment of receiver, and compensation of receiver)"); Doc. 595 ("[Avon Capital-WY] hereby appeals to the United States Court of Appeals for the Tenth Circuit from the order entered by the District Court in this action on February 22, 2024 (Doc. 594), which granted Receiver Ryan Leonard's ("Receiver") motion to clarify authority conveyed to the Receiver under orders previously entered by the District Court on January 4, 2024 (Docs. 564 and 565) that relate to, among other matters, the District Court's reappointment of the Receiver over Avon Capital-WY"). These orders currently on appeal before the Tenth Circuit Court of Appeals shall hereinafter be referred to as "Orders".

Because the Orders are on currently appeal before the Tenth Circuit, the Tenth Circuit has exclusive jurisdiction over the Orders and this Court does not have jurisdiction over matters related to reappointment of the receiver identified in the Orders.  For that

reason, alone, the Court should deny, in its entirety, ASG's Emergency Motion for Emergency Interpleader.

Furthermore, once the Court lost Article III jurisdiction, the case became moot. (Doc. 509, Order pg. 8 ("We vacate the district court's February 11, 2021 order for lack of jurisdiction; we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.")).  As of December 3, 2020, when the Court lost Article III jurisdiction, the case ceased to exist, and the Court lost subject matter jurisdiction.  The Court also lost personal jurisdiction over the parties to this action.  As a result, Avon Capital-WY is no longer a party to any case or controversy before this Court.

Accordingly, the Court should enter an order that denies, in its entirety, ASG's Motion for Emergency Interpleader for lack of subject matter jurisdiction and for lack of personal jurisdiction.[3]

### FACTUAL AND PROCEDURAL BACKGROUND

As is more fully detailed above in the Introduction section, ASG's Motion for Emergency Interpleader seeks an order from the Court that concern orders entered by this

---

[3] Avon Capital-WY recognizes that these arguments were raised in its motion to dismiss and in opposition to Universitas' motions related to reappointment of a receiver over Avon Capital-WY, and the Court denied Avon Capital-WY's motion to dismiss and granted Universitas' Motion to Reappoint Receiver.  However, these issues are currently on appeal with the Tenth Circuit.  For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

Court that are currently on appeal before the Tenth Circuit Court of Appeals.  (Docs. 544, 568, 595).

Therefore, in the interest of judicial economy, Avon Capital-WY will not restate the factual and procedural background set forth in its Memorandum in Opposition to Universitas' Motion for Reappointment of Receiver and the Receiver's Motion to Clarify Authority of Receiver, but instead incorporates the factual and procedural background not otherwise stated herein as if set forth herein.  (*See* Doc. 556, "Factual and Procedural Background" (Avon Capital-WY's Memorandum in Opposition to Universitas' Motion to Reappoint Receiver); Doc. 580 and 593 "Introduction" and "Factual and Procedural Background" (Avon Capital-WY's Memorandum in Opposition to Receiver's Motion to Clarify Authority)).

### Prior Debtor Examinations

On April 27, 2021, Universitas moved the Court for a hearing on assets.  (Doc. 252, Motion for Hearing on Assets).  The Court granted Universitas' motion, and scheduled a representative for Avon Capital-WY to appear.  (Doc. 258, Order granting motion for hearing).  On June 8, 2021, Avon Capital-WY produced a representative for a debtor examination that lasted four and a half hours. (Doc. 279, June 8, 2021 order on subsequent judgment debtor examination ("4 ½ hrs . . . Avon Capital-WY corporate representative Don Trudeau sworn.").  The Court continued the hearing to a future date and ordered Avon Capital-WY's representative to appear again.  (*See* Doc. 279 ("The hearing on assets is continued until July 20, 2021").).

Further, the Court reiterated the injunction remained in effect.  (Doc. 279 ("The injunction reiterated in Doc. 228, remains in effect. Avon Capital LLC – Wyoming is ENJOINED from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM. Avon Capital LLC – Wyoming, Avon Capital LLC –Connecticut, and Avon Capital LLC – Nevada are ENJOINED from transferring, alienating, concealing, or encumbering any non-exempt property so long as the registered judgment remains unpaid.")).  Consistent with the Court's order continuing the hearing on assets, Avon Capital-WY again produced a representative for a second judgment debtor examination. (Docs. 279, 283).

## **Reappointment of a Receiver over Avon Capital-WY**

On January 4, 2024, the Court granted Universitas' Motion to Reappoint Receiver and reappointed Ryan Leonard as Receiver ("Receiver") over Avon Capital-WY.  (Docs. 564 and 565).  The Court provided the Receiver with authority to, among other powers and duties, "to exercise the membership rights of Avon Capital LLC (Wyoming) as to SDM Holdings, LLC, including the right to replace its manager if the receiver concludes that is appropriate."  (Doc. 565, ¶1).

Five days later, on January 9, 2024, Avon Capital-WY timely filed its notice of appeal with the Court seeking appeal from the foregoing orders entered on January 4, 2024 related to reappointment of the Receiver over Avon Capital-WY.  (Doc. 568 ("Avon Capital, LLC, a Wyoming Limited Liability Company, ("Avon Capital-WY") hereby appeals to the United States Court of Appeals for the Tenth Circuit from the orders entered

by the District Court in this action on January 4, 2024 (Docs. 564 and 565) (orders related to receivership, reappointment of receiver, and compensation of receiver)").

Thirteen days later, on January 22, 2024, the Receiver moved the Court for an order that clarifies the scope of the individual who he appointed as manager of SDM Holdings, LLC.  On February 5, 2024, this Court granted the Receiver's Motion to Clarify and provided an indicative ruling on the Receiver's motion provided that the Tenth Circuit Court of Appeals had remanded jurisdiction over the Orders.

Three days later, on February 8, 2024, the Receiver filed a motion with the Tenth Circuit seeking to intervene for the limited purpose of seeking a partial remand.[4]  On February 16, 2024, the Tenth Circuit granted the Receiver's intervention for purpose of notifying the Tenth Circuit of the district court's indicative ruling.

On February 22, 2024, the District Court granted the Receiver's motion to Clarify Authority and determined that the Receiver's authority extends to exercising Avon Capital-WY's rights as the sole member of SDM Holdings, including the right to replace the manager of SDM Holdings if he concludes that is warranted.  (Doc. 594).  In doing so, the District Court stated as follows with respect to ASG:

> That, in light of these determinations, ASG should proceed on the assumption that Ms. Jacobsen is the duly appointed manager of SDM Holdings. If ASG declines to act consistently with her instructions, it does so at its peril. The potential reach of the court's contempt powers is not altogether clear in the somewhat unusual circumstances of this case, but the issue would be pursued

---

[4] The Tenth Circuit granted the Receiver's Motion to Intervene and Partial Remand and *partially* remanded the Orders to this Court but only for the "limited purpose of ruling on [the receiver's] Motion to Clarify Authority."  (Doc. 591).  As a result, Avon Capital-WY filed its opposition post-advisory opinion.   (Doc. 593).

and explored. Further, the possibility of claims against ASG by petitioner or others exists if non-compliance with the court's orders results in injury to a third party.

(Doc. 594).[5] On February 28, 2024, Avon Capital-WY timely appealed the Court's order granting the Receiver's Motion to Clarify.  (Doc. 595).

## ARGUMENTS AND AUTHORITIES

### I.    Legal Standard

Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

The law of the case doctrine provides that "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted).  The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine.  (Doc. 509 at 3, n. *).

---

[5] On February 26, 2024, the Receiver filed notice with the Tenth Circuit Court of Appeals on the Court's order granting the Receiver's Motion to Clarify Authority.

II.     **ASG's Motion Should be Denied Because ASG Seeks an Order from the Court that Amends Orders Currently on Appeal Before the Tenth Circuit Court of Appeals.**

A district court is divested of jurisdiction over orders on appeal before the court of appeals. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[T]the filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (cit. omitted).  A district court and a court of appeals should not assert jurisdiction simultaneously over a case. *See id.*

Further, a district court does not reacquire jurisdiction over matters involved in an appeal until the court of appeals has issued its mandate.  *See e.g., Didur v. Viger*, No. 05-2188-JWL-DJW, 2006 U.S. Dist. LEXIS 114082, *3 (D. Kansas August 14, 2006) (finding that the district court had no jurisdiction to rule on a motion to clarify when the matter is on appeal before the court of appeals); *see also United States v. Williams*, 790 F.3d 1059, 1086 (10th Cir. 2015) (court of appeals does not transfer jurisdiction back to district court until a mandate is issued).

ASG's Motion for Emergency Interpleader seeks an order from the Court that amends the Orders currently on appeal before the Tenth Circuit.  (*See* Docs. 544, 568, 595). The Tenth Circuit Court of Appeals divested this Court of jurisdiction over these orders when Avon Capital-WY timely filed its Notice of Appeal.  (*See id.*).  Thus, this Court does not have jurisdiction over orders that are the subject of ASG's Emergency Motion for

Interpleader.  For that reason, alone, the Court does not have jurisdiction to amend or clarify the Orders until a mandate is issued.

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies ASG's Emergency Motion for Interpleader for lack of jurisdiction.

### III.    ASG'S Motion Should be Denied for Lack of Subject Matter Jurisdiction.[6]

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 243, 55 S. Ct. 162, 79 L. Ed. 338 (1934); *A.B. v. Health Care Serv. Corp.,* No. CIV-19-968-D, 2020 U.S. Dist. LEXIS 126279, at *10 (W.D. Okla. July 17, 2020) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)).

Subject matter jurisdiction is a prerequisite to the court's appointment of a receiver. *See, e.g., J2 Enters. Ltd. Liab. Co. v. Fields*, No. CIV-14-781-M, 2014 U.S. Dist. LEXIS 140671, at *6 (W.D. Okla. Oct. 3, 2014) ("vacating the lower court's order appointing

---

[6] Avon Capital-WY recognizes that this argument was raised in its motion to dismiss and the Court denied that motion.  However, that issue is currently on appeal with the Tenth Circuit.  For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

receivership for lack of subject matter jurisdiction") (internal citations omitted); *see also Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.),* 328 F.3d 829, 834 (6th Cir. 2003*)* ("the district court had lacked subject matter jurisdiction to appoint the receiver") (citing *Mitchell v. Maurer*, 293 U.S. 237, 79 L. Ed. 338, 55 S. Ct. 162 (1934)).

### A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot.

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the case became moot at that point. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). The Tenth Circuit specifically held that orders entered by this Court after the case became moot are void. *Id.* The Tenth Circuit ordered:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.*

(Doc. 509, Order p. 8 (emphasis added)). The Tenth Circuit further held that:

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up). **As the issue in this case was no longer live and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void.***

(Doc. 509, Order p. 10-11 (footnote omitted) (emphasis added)).  This is law of the case.  *See Graham*, 704 F.3d at 1278; *Rohrbaugh.*, 53 F.3d at 1183.

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction.  The Tenth Circuit correctly held that this Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co*., Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  All orders and proceedings that follow the loss of Article III jurisdiction are similarly void—including the order Universitas seeks here.

The Tenth Circuit recognized that Universitas' failure to properly re-file the judgment in accordance with Oklahoma law prior to its expiration was **"fatal"** because there was no longer a judgment in existence for the Court to enforce at the time it entered the order.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)).   Avon Capital-WY is no longer a party to any case or controversy and any claims became moot in December 2020.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").   As of December 3, 2020, when this Court lost jurisdiction, the case ceased to exist.

### B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money.").  The judgment at issue is a New York Judgment for the payment of money.  (*See* Doc 1-1).

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk,

last garnishment summons was issued, or sending of a certified copy of notice of income assignment." Consistent with O.S. §12-735(B), the Tenth Circuit held that Universitas' Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas did not re-file its expired judgment before the district court entered its February 11, 2021 order. For the reasons explained above, that failure to re-file was fatal—there was no longer a judgment in existence for the district court to enforce at the time it entered the order. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up). As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan County, Colorado against defendants on June 4, 2007. *Taracorp,* 419 P.3d at 218. Plaintiffs acted quickly to execute their judgment, and on June 7, 2007, they filed their Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659. *Id.* After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007 Colorado judgment in a new case in the District Court of Marshall County, Oklahoma. *Id.* at 219. Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing of the judgment a second time in Oklahoma as long as the foreign judgment remained valid

and enforceable in the original state." *Taracorp,* 419 P.3d at 219.   Ultimately, the

Oklahoma Supreme Court agreed. *Id.* at 223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined

the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment.

149 P.3d 1088, 1093 (Okla. Civ. App. 2006). There, the *Yorkshire* Court held:

> On de novo review, we find that the law in Oklahoma requires that a foreign
> judgment which is valid and enforceable in the issuing state may be filed as
> a new judgment in Oklahoma, even where the same foreign judgment has
> previously been filed and become dormant in Oklahoma.  The judgment's
> validity in the issuing state is paramount, and nothing in the Act expressly
> prohibits a second filing of a judgment.  In this case, the Texas Judgment
> Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which
> became dormant after five years without execution.  But Yorkshire's Texas
> Judgment remained valid and enforceable in 2005 and Yorkshire **properly
> filed it a second time in Oklahoma under a new case number.**  That filing
> resulted in a second Oklahoma judgment which remains enforceable
> pursuant to § 735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006)

(emphasis added).

Although it is possible that Universitas' expired judgment could potentially be filed

for a second time in a new action (and with a new case number), provided that the foreign

judgment remains valid and enforceable in the original state, Oklahoma law does not

contemplate the refiling of the judgment in a moot case.  The judgment must be "filed a

second time in Oklahoma under a new case number." *Yorkshire West Capital Inc. v.

Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006) (emphasis added).  Oklahoma law does

not recognize refiling of a judgment in a moot case nor does refiling of a judgment in a

moot case cure a district court's lack of jurisdiction.

Universitas' attempt to refile the New York Judgment <u>in the same case</u> *after* the Court lost jurisdiction on December 3, 2020 fails to reinvest this Court with subject matter jurisdiction.  Consistent with *Yorkshire,* to the extent that Universitas seeks to re-file the New York Judgment in Oklahoma, it must be refiled in a new case and <u>under a new case number</u>. [7]

This Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment on December 3, 2020, when the Tenth Circuit found this Court lost Article III jurisdiction.  *See Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

Based on the foregoing reasons, and for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies in its entirety ASG's Motion for Emergency Interpleader and relief requested therein for lack of subject matter jurisdiction and dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### IV.    ASG'S Motion Should be Denied for Lack of Personal Jurisdiction.[8]

A Court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  As the Petitioner, Universitas bears the burden of establishing personal

---

[7] *See Supra*, footnote 3.

[8] *See id.*

jurisdiction over the respondents.  *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

When the case became moot and the Court lacked Article III jurisdiction, the Court also lost personal jurisdiction over Avon Capital-WY.  *See* Fed. R. Civ. P. 12(b)(2).  As a result, Avon Capital-WY is no longer a party to any case or controversy before this Court. Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction.  Avon Capital-WY has not voluntarily submitted to jurisdiction. (Doc. 514).

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the issues in this case were no longer live.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023) ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  Universitas lacked a legally cognizable interest in the outcome, and the Tenth Circuit held that the case was moot.

This Court's lack of jurisdiction rendered moot all orders and actions that followed expiration of the judgment on December 3, 2020 when the Court lost Article III jurisdiction.  *Universitas Educ., Ltd. Liba. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See, e.g., Genesis HealthCare*

*Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).  When the case and controversy became moot, the Court lost personal jurisdiction over the parties.[9] *See id.*

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies ASG's Motion for Emergency Interpleader and relief requested therein for lack of personal jurisdiction and dismisses the case pursuant to Rule 12(b)(2).

## V.   Federal Rule of Civil Procedure 22 Does Not Provide a Basis for Interpleader by ASG.

ASG relies on Federal Rule of Civil Procedure 22 in support of its motion. (Doc. 584 at 6).  Federal Rule of Civil Procedure 22(a) provides as follows:

> (a) Grounds.
> (1) **By a Plaintiff.** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
> (2) **By a Defendant**. A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.

Fed. R. Civ. P. 22(a) (emphasis added).  First, Avon Capital-WY is not a party to this action and Avon Capital-WY has not been served with process.[10] (*See Supra,* Section V). This reason, alone, requires denial of ASG's motion.

---

[9] *See Supra*, footnote 3.

[10] *See id.*

Second, ASG is neither a "Plaintiff" or "Defendant" as is contemplated by a party seeking to interplead in an action.  And Federal Rule of Civil Procedure 22 does not contemplate the ability of a third-party to interplead.  Thus, ASG cannot interplead in this action under Federal Rule of Civil Procedure 22.

Based on either of the foregoing reasons, the Court should deny ASG's motion.

## VI.    Avon Capital-WY Previously Produced a Representative for Two Separate Judgment Debtor Examinations.

On February 11, 2021, this Court enjoined Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC.  (*See* Doc. 228, February 11, 2021 order).  Since then, the injunction has remained in effect and the Court has consistently reiterated that fact.  (*See* Doc. 279, June 8, 2021 order on subsequent judgment debtor examination ("The injunction reiterated in Doc. 228, remains in effect. Avon Capital LLC – Wyoming is ENJOINED from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM . . . so long as the registered judgment remains unpaid."); Doc. 500, July 13, 2023 order addressing impact of  Court of Appeals order ("[The Court] ORDERS AND ENJOINS Avon Capital LLC - Wyoming from transferring, alienating, concealing." (emphasis removed))).

After the Court enjoined Avon Capital-WY, Avon Capital-WY was ordered to produce a representative for a judgment debtor examination.  (Doc. 279, June 8, 2021 order on subsequent judgment debtor examination).  Consistent with the Court's order, Avon Capital-WY accordingly produced a representative for a judgment debtor examination on June 8, 2021. (Doc. 279, June 8, 2021 order on subsequent judgment debtor examination

("4 ½ hrs . . . Avon Capital-WY corporate representative Don Trudeau sworn.").  The Court then continued the hearing and required Avon Capital-WY to again produce a representative on July 20, 2021.  (Doc. 283, July 21, 2021 order on subsequent judgment debtor examination).  Avon Capital-WY again made a representative available.  *Id.*

ASG's Emergency Motion for Interpleader and Hearing requests, among other relief, a hearing that effectively seeks to examine Avon Capital-WY.  This Court previously ordered Avon Capital-WY to produce a representative of Avon Capital-WY for examination.  Provided that the Court had personal jurisdiction over Avon Capital-WY (and it does not),[11] *see Supra* Section V, Avon Capital-WY would be prejudiced were it ordered to produce a representative for a third judgment debtor examination.  Furthermore, any request for a hearing that is effectively a request for judgment debtor examination is unnecessarily cumulative and duplicative.

Moreover, this Court issued an injunction against Avon Capital-WY prior to either debtor exam which prohibits Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC. As a result of the Court's appointment of a Receiver, Avon Capital-WY is no longer involved in its financial affairs.

Based on the foregoing reasons, the Court should deny ASG's request for hearing.

---

[11] *See id.*

137011553.3                                          21

## CONCLUSION

For the reasons stated more fully herein, Avon Capital, LLC, a Wyoming limited liability company, respectfully requests the Court enter an order that denies Asset Servicing Group, LLC's Emergency Motion for Order Allowing Interpleader of Funds and Establishing Ownership and Control of the SDM Portfolio and Request for Emergency Hearing as a result of the Orders on appeal before the Tenth Circuit Court of Appeals; or for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or for lack of personal jurisdiction pursuant to Rule 12(b)(2).

> /s/ Francis M. Schneider
> Alan L. Rupe, OBA No. 20440
> Francis M. Schneider, *pro hac vice*
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1605 N. Waterfront Parkway, Suite 150
> Wichita, KS 67206
> Telephone:  316-609-7900
> Facsimile:   316-462-5746
> alan.rupe@lewisbrisbois.com
> francis.schneider@lewisbrisbois.com
>
> *Attorneys for Avon Capital, LLC, a Wyoming limited liability company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2024, I filed the above Memorandum in Opposition to Petitioner's Emergency Motion to Asset Servicing Group, LLC's Emergency Motion for Order Allowing Interpleader of Funds and Establishing Ownership and Control of the SDM Portfolio and Request for Emergency Hearing using the court's CM/ECF system which sent notice to all counsel of record.

/s/ Francis M. Schneider
Francis M. Schneider