# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner/Judgment Creditor, ) | |
| ) | |
| v. ) | Case No. 14-FJ-05-HE |
| ) | |
| NOVA GROUP, INC., ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| AVON CAPITAL, LLC, ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| ASSET SERVICING GROUP, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| SDM HOLDINGS, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| AVON CAPITAL, LLC, a Wyoming Limited ) | |
| Liability Company, ) | |
| ) | |
| Intervenor. ) | |

## RECEIVER'S REPORT
## FEBRUARY 2024

COMES NOW Ryan Leonard, Receiver of Avon Capital, LLC, a Wyoming limited liability company ("Avon Capital"), and pursuant to this Court's Order [Doc. No. 565], submits this Receiver's Report on the findings and activities of the Receiver in February 2024:

1.      On February 5, 2024, the Court entered an indicative ruling [Doc. No. 582] on the Receiver's Motion to Clarify Authority [Doc. No. 571], through which the Receiver sought to clarify the authority of Nicole Jacobsen, the Manager of SDM Holdings, LLC, an Oklahoma limited liability company ("SDM"), to exercise control over the subject portfolio of insurance policies owned by SDM.  The indicative nature of the Court's initial ruling, coupled with certain exigencies explained further *infra*, necessitated that the Receiver immediately seek to intervene in the pending appeal before the Tenth Circuit Court of Appeals for the limited purpose of seeking a remand authorizing the District Court to rule on the Receiver's Motion.  On February, 16, 2024, the Tenth Circuit granted the Receiver's motion to intervene, and remanded the pending appeal for the limited purpose of allowing the District Court to enter an Order on the Receiver's Motion to Clarify Authority.  On February 22, 2024, the District Court entered an Order [Doc. No. 594] granting the Receiver's Motion, in which the Court confirmed that Nicole Jacobsen is the duly-appointed Manager of SDM authorized to exercise control and give directions to ASG, LLC ("ASG") concerning SDM's portfolio of insurance policies that it manages.

2.      The exigent circumstances referenced in the paragraph above center around the actions of a certain individual, or individuals, affiliated with a Connecticut entity also named SDM Holdings, LLC (the "Connecticut Individuals").  Namely, shortly after the Receiver's appointment on January 4, 2024, the Receiver was made aware that the Connecticut Individuals had instructed that the proceeds of any maturities realized from the portfolio of insurance policies be sent to Connecticut.  In the weeks that followed, the Receiver was also made aware that the Connecticut Individuals had contacted some or all

of the insurers of the policies in the portfolio directing that the contact information for the policies be changed (including the beneficiary address for maturity checks) to Connecticut. Additionally, the Receiver was made aware that the Connecticut Individuals were attempting to terminate ASG, LLC ("ASG"), and had threatened ASG with civil action and/or possible criminal prosecution. Lastly, the Receiver learned that at least four (4) maturities totaling approximately $350,000 were immediately payable with beneficiary checks poised to be cut within days (if in fact they had not already been mailed to Connecticut). Given the Court's instruction to the Receiver to "preserve the assets of Avon Capital LLC (Wyoming), including the insurance policies held through [SDM]" ([Doc. No. 565]), the prospect of $350,000 in maturity proceeds being imminently lost to Connecticut guided the Receiver's actions during the month of February.

3. Following the entry of the Court's Order on the Receiver's Motion to Clarify Authority, the Receiver worked with SDM's Manager and ASG in furtherance of keeping ASG engaged to actively manage the subject portfolio of insurance policies. During these discussions, the Receiver learned that ASG is owed approximately $100,000 in management fees for its services from August 2023-January 2024 (the interim between the termination of the initial receivership and commencement of the present receivership). Given the critical service that ASG provides to manage and maintain the policies in force, the Receiver believes these sums are due and owing and will seek authority to pay them in due course as soon as it is determined sufficient funds exist to do so.

4. Additionally, the Receiver worked with Ms. Jacobsen, SDM's Manager, to immediately provide notice of (1) the Court's Order appointing the Receiver, (2)

3

notification of the appointment of Ms. Jacobsen as the Manager of SDM, (3) the Court's Order on the Receiver's Motion to Clarify and (4) other necessary administrative materials to all insurers of policies in the portfolio. Ms. Jacobsen, in coordination with the Receiver and his counsel, also took immediate steps to specifically engage with those insurers imminently poised to send maturity checks to Connecticut. Upon information and belief, at this juncture, all insurers have been notified of Ms. Jacobsen's authority and no maturity checks have been sent to Connecticut.

5. In addition to the foregoing activities, the Receiver has actively monitored various filings in the district and appellate courts that implicate the receivership and engaged in those matters where required.

6. While additional work likely remains to be done in the form of assisting SDM's Manager as she interfaces with insurers and ASG on the transition and working to ensure the continued availability of funds to pay premiums and expenses, as of today, it is the opinion of the Receiver that SDM's portfolio of insurance policies the Receiver is charged to preserve is secure. Barring a change in circumstances, it is also the Receiver's expectation that ASG will continue to perform the critical role of providing management services for the portfolio of insurance policies owned by SDM.[1]

Dated: March 6, 2024.

---

[1] On March 5, 2024, ASG filed a withdrawal, without prejudice, of its Emergency Motion to interplead funds and cease management of the SDM portfolio of policies. *See* [Doc. Nos. 584, 605].

Respectfully submitted,

s/ Ryan Leonard
Ryan Leonard, OBA #19155
Leonard, Long & Cassil, PLLC
6301 N. Western Ave., Suite 250
Oklahoma City, OK  73118
(405) 367-0555
Rleonard@llc-attorneys.com

RECEIVER

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Ryan Leonard
Ryan Leonard