Case 5:14-fj-00005-HE   Document 618   Filed 03/29/24   Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, | ) |
| Petitioner, | ) |
| vs. | ) NO. 14-FJ-0005-HE |
| AVON CAPITAL, LLC, *et al.*, | ) |
| Respondents. | ) |

## ORDER

Petitioner Universitas Education, LLC ("Universitas") has filed an Emergency Motion to Modify Injunction [Doc. #586], requesting expansion of the scope of the injunction previously directed to Avon Capital LLC – Wyoming ("Avon-Wyoming"). That injunction enjoined Avon-Wyoming from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC ("SDM") or authorizing or permitting SDM to dispose of its assets absent further order of the court [Doc. Nos. 500 & 512]. The motion seeks to extend the same injunctive restrictions to Daniel Carpenter and other entities owned or controlled by him, including "Avon Capital" or "SDM Holdings" entities organized under the laws of other states, to prevent them from dissipating or interfering with the assets of SDM. Those assets are principally certain insurance policies held by SDM and serviced by Asset Servicing Group, LLC ("ASG"), plus related cash proceeds. Avon-Wyoming (in substance, the former control group prior to appointment of the receiver) and Phoenix Charitable Trust ("Phoenix") have responded in opposition to the motion.

On January 4, 2024, the court appointed Ryan Leonard as receiver of Avon-Wyoming and directed him to identify and take appropriate steps to preserve the assets of Avon-Wyoming, including its interest in SDM.  The receiver, acting in the capacity of owner of SDM, thereafter replaced the manager of SDM who, on behalf of SDM, began dealing with ASG as to the insurance portfolio and otherwise.  According to the later filings of ASG, it was then subjected to demands from Mr. Carpenter and Jonathan Boothroyd, purporting to act on behalf of a Connecticut entity named "SDM Holdings, LLC", that ASG turn over to it all funds related to the insurance portfolio [Doc. #584].  The immediate concerns of ASG were apparently addressed thereafter, either by the court's further clarification of its orders or other developments, and it withdrew its request to interplead the disputed funds into court.  However, interference with ASG and the insurance portfolio appears to have continued.

The receiver has filed a Notice Regarding Status of Portfolio of Policies Held Through SDM Holdings, LLC [Doc. #617].  In the notice, the receiver advises he learned that (1) an individual claiming to be affiliated with a Connecticut entity named SDM Holdings, LLC ("SDM-CT") was directing insurers to send proceeds of any maturities realized from the portfolio of insurance policies to Connecticut; (2) one or more individuals, including Jonathan Boothroyd, who is listed as president of SDM-CT on a tax return filing, were contacting some, or possibly all, of the insurers of the policies and attempting to change the contact information to Connecticut, and (3) that SDM-CT was trying to terminate ASG and was threatening civil action and/or possible criminal prosecution of individuals associated with ASG.  The receiver also indicates he has

received information from ASG that (1) it was receiving "minimal mail," which was unusual because, historically, all mail associated with the policies has been directed to ASG; (2) it was receiving change of address notices that the address for the policies had been changed to Avon-Connecticut; (3) a maturity in an amount over $250,000 is "in review," most likely due to conflicting information as to who the owner and beneficiary are, and it is unlikely ASG will receive these proceeds anytime soon; and (4) if any activity as to the policies occurs, ASG may be left unaware because it may not receive notice.  ASG has further advised the receiver that it is servicing the policies "somewhat blindly" and the policies could eventually be at risk.  The receiver indicates he sent a cease and desist communication to counsel for Phoenix, as Phoenix is allegedly a member of SDM-CT, as well as counsel for Avon Capital.  He indicates counsel for these entities have given no assurance that the referenced conduct would stop or that the receiver's demand to cease and desist would be conveyed to Mr. Boothroyd or others associated with SDM-CT.  As a result, the receiver has advised the court that he is unable to represent that the portfolio of policies is secure today or will be in the future.

Based upon the information set forth above,[1] as well as the extensive factual and procedural history of this case, the court concludes there is a sufficient basis to modify the injunction in this case to protect Avon-Wyoming's assets, pending the resolution of this litigation, from threats of dissipation and interference beyond those previously

---

[1] *It is noteworthy that the responses filed by Avon-Wyoming and Phoenix, both entities controlled directly or indirectly by Mr. Carpenter, make no effort to dispute the factual accuracy of the pending motion's assertions as to demands or threats directed to ASG by Mr. Carpenter or his entities/representatives.*

addressed by the court.  Further, in the circumstances existing here, the court concludes a hearing is unnecessary in reaching that conclusion.  There is no reason based on the present submissions to doubt that efforts have been made by Mr. Carpenter, Mr. Boothroyd or others to seize control of Avon-Wyoming's assets (i.e. SDM and the underlying assets which give it value).  And if they do dispute it — i.e. asserting they've made no effort to seize the insurance portfolio or its proceeds — then they suffer no harm from now being told to not do that which they claim they weren't doing anyway.

In any event, Universitas' Emergency Motion to Modify Injunction [Doc. #586] is **GRANTED.**  The injunction previously entered is **MODIFIED** to include the following additional proscriptions:

Daniel Carpenter and all persons or entities claiming by, through, or under him, or acting on his behalf, directly or indirectly, or otherwise subject to his control, including, without limitation, Jonathan Boothroyd, SDM-CT, and Avon Capital LLC – Connecticut, are hereby **ENJOINED** from transferring, alienating, concealing, or encumbering any interest in the insurance portfolio and related funds now held by SDM, or attempting to do so, and are **ENJOINED** from any act or attempt to interfere with ASG's administration of that portfolio consistent with instructions from the current manager of SDM as designated by the receiver.

The injunction previously entered, as here modified and expanded, will remain in place so long as the registered judgment remains unpaid or until further order of the court.

Alan L. Rupe, Esq., counsel for Avon-Wyoming, and Jeffrey Sandburg, counsel for Phoenix (both entities being ones controlled by Mr. Carpenter) are **ORDERED** to provide a copy of this order to Mr. Carpenter and Mr. Boothroyd, and to advise them of its existence and contents, within 48 hours from its entry. They are further directed to file a certification that they have done so within seven days.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2024.

JOE HEATON
UNITED STATES DISTRICT JUDGE