**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br>　　　Petitioner/Judgment Creditor,<br><br>v.<br><br>AVON CAPITAL, LLC,<br>　　　Respondent/Judgment Debtor,<br><br>ASSET SERVICING GROUP, LLC<br>　　　Respondent/Garnishee,<br><br>SDM HOLDINGS, LLC<br>　　　Respondent/Garnishee<br><br>and<br><br>AVON CAPITAL, LLC, a Wyoming<br>Limited Liability Company,<br>　　　Intervenor. | Case No. 14-FJ-5-HE |

**AVON CAPITAL, LLC'S OBJECTIONS TO RECEIVER'S MOTION FOR
AUTHORIZATION TO OBTAIN LOANS AGAINST CERTAIN POLICIES,
IF NECESSARY, FOR PAYMENT OF PREMIUMS AND EXPENSES**

　　　Avon Capital, LLC, a Wyoming limited liability company, ("Avon Capital-WY")

files this response to the Receiver's Motion for Authorization to Obtain Loans Against

Certain Policies, if Necessary, for Payment of Premiums and Expenses ("Application for

Authorization"), Doc. 624.[1]  In support of this objection, Avon Capital-WY submits the

following:

---

[1] Avon Capital-WY has filed its limited entries of appearance only for the purpose
of challenging jurisdiction.  (Docs. 514, 590).

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 3

FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 5

ARGUMENT AND AUTHORITIES .............................................................................. 8

    I.    Legal Standard ................................................................................................ 8

    II.    The Receiver's Motion Should be Denied for Lack of Subject Matter Jurisdiction ...................................................................................................... 9

        A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot. ........................................................................................................ 10

        B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case. ...................................................................................... 12

    III.    The Receiver's Motion Should be Denied for Lack of Personal Jurisdiction ...................................................................................................................... 16

    IV.    If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership ........................................................... 17

    V.    If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership. ................................................................... 19

CONCLUSION ............................................................................................................ 20

## INTRODUCTION

On August 4, 2023, the Tenth Circuit Court of Appeals correctly found that this Court lost Article III jurisdiction upon expiration of the New York Judgment on December 3, 2020. (Doc. 509, pg. 16 ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.")).  The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine.  (*Id.* at 3, n. *).

As of December 3, 2020, when the Court lost jurisdiction, the case ceased to exist. In other words, Avon Capital-WY is no longer a party to any case or controversy and all claims became moot on December 3, 2020.  (*Id.* at 16).  There is nothing to litigate.  For this reason, alone, the Court should deny the Receiver's Application for Authorization.[2]

Once the Court lost Article III jurisdiction, the case became moot.  (Doc. 509, Order pg. 8 ("We vacate the district court's February 11, 2021 order for lack of jurisdiction; we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.")).  As of December 3, 2020, when the Court lost Article III jurisdiction, the case ceased to exist, and the Court lost subject

---

[2] Avon Capital-WY recognizes that these arguments were raised in its motion to dismiss and in opposition to Universitas' motions related to reappointment of a receiver over Avon Capital-WY, and the Court denied Avon Capital-WY's motion to dismiss and granted Universitas' Motion to Reappoint Receiver.  However, these issues are currently on appeal with the Tenth Circuit.  For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

matter jurisdiction.  As a result, Avon Capital-WY is no longer a party to any case or controversy before this Court.  (*See id.*)

For the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Avon Capital-WY requests the Court enter an order that denies, in its entirety, the Receiver's Motion, vacates the Court's orders re-adopting an injunction against Avon Capital-WY, and vacates the Court's orders reappointing a receiver over Avon Capital-WY for lack of jurisdiction based on those reasons detailed herein, dismisses the action for lack of subject matter jurisdiction and for lack of personal jurisdiction, and orders Universitas to bear the costs and fees associated with the receivership.[3]

Furthermore, and without waiving the foregoing arguments and objections, should there *in fact* be insufficient cashflow to pay the premiums on policies, then loans in the minimum amount necessary to service the policies should be sought to avoid forfeiture or termination of any policy.

Avon Capital-WY also requests a complete accounting on SDM Holdings, LLC from the date the Receivership was instituted through present, including a detailed listing of: all policies that have matured (including all paid and expected to be paid); all expenses and fees incurred by SDM Holdings, LLC; and all information and data relied upon by the Receiver to calculate the projected cash shortfall in SDM Holdings, LLC.

---

[3] *See Supra*, footnote 2.

## FACTUAL AND PROCEDURAL BACKGROUND

The Tenth Circuit reasoned in its order entered on August 4, 2024 that this Court initially had jurisdiction over the case, but held that it lost jurisdiction on December 3, 2020 when the judgment expired. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13-14 (10th Cir. Aug. 4, 2023). The Tenth Circuit vacated the Court's February 11, 2021 order for lack of jurisdiction due to mootness. *Id.*

On August 7, 2023, the Court reaffirmed and reentered its July 13, 2013 Order (Doc. 500), which readopted *instanter* the Magistrate Judge's Report (Doc. 521) and Recommendation (Doc 218) and enjoined Avon Capital, LLC, a Wyoming Limited Liability Company and SDM Holdings, LLC from disposing of its assets. (Doc. 512).  On September 6, 2023, Avon Capital-WY timely filed its notice of appeal with the Tenth Circuit seeking appeal from the Order entered by the Court on August 7, 2023.  (Doc. 523).

After the Tenth Circuit entered its Order, but before the mandate was entered by the Tenth Circuit on consolidated appeal nos. 21-6044, 21-6049, 21-6133, 21-6134, the Court set the case for hearing. (Doc. 500).  In order to comply but to avoid waiving jurisdictional arguments, Avon Capital-WY filed a limited entry of appearance on August 14, 2023. (Doc. 514).

On August 15, 2023, this Court entered an order that readopted its order entered on February 11, 2021 (Doc. 338 (adopting the Magistrate Judge's Report and Recommendations, Doc. 218)) effective upon issuance of the Mandate by the Tenth Circuit in consolidated appeals nos. 21-6044, 21-6049, 21-6133, and 21-6134.  (Doc. 533). The

Court order entered on August 15, 2023 reaffirmed the Magistrate Judge's Report and Recommendation, reentered the February 11, 2021 judgment which entered final judgment and enjoined appellant Avon Capital-WY from transferring, alienating, concealing, or encumbering its ownership or other interest in SDM Holdings, LLC. (*See* Doc. 521).

The Tenth Circuit entered its Mandate on September 28, 2023 for consolidated appeal nos. 21-6044, 21-6049, 21-6133, and 21-6134. (Doc. 533). On October 25, 2023, Avon Capital-WY timely filed its notice of appeal with the Court seeking appeal from the order entered on August 15, 2023. (Doc. 544).

On October 19, 2023, Universitas filed its Motion to Reappoint Receiver. (Docs. 540 and 541). On November 9, 2023, Avon Capital-WY filed its memorandum in opposition to Universitas' Motion for Reappointment of Receiver. (Doc. 556).

On October 31, 2023, Universitas moved to amend its Memorandum in Support of Motion for Reappointment of Receiver. (Doc. 551). On November 21, 2023, Avon Capital-WY filed its memorandum in opposition to Universitas' Motion to Amend its Motion to Reappoint Receiver. (Doc. 560).

On January 4, 2024, this Court granted Universitas' Motion to Reappoint Receiver and reappointed a receiver over Avon Capital-WY. (Docs. 564 and 565). On January 9, 2024, Avon Capital-WY timely filed its notice of appeal seeking appeal from the orders entered on January 4, 2024. (Doc. 568).

On February 22, 2024, the Court granted the Receiver's Motion to Clarify Authority. (Doc. 568).[4]  Avon Capital-WY timely appealed the District Court's order on February 28, 2024.  (Doc. 595).

On March 25, 2024, the Received filed his instant motion seeking distribution of $5,167.50 related to fees incurred by the Receiver in January 2024.  (Doc. 616).  In support of his motion, the Receiver stated that the manager of SDM (an attorney and colleague in the Receiver's office) advised there is an amount available for distribution to its Avon Capital-WY in an amount equal to the Receiver's January 2024 fees.  (Doc. 616 at 2).

On March 25, 2024, the Received moved the court for distribution out of SDM Holdings, LLC in the amount $5,167.50 related to fees incurred by the Receiver in January 2024.  (Doc. 616).  In support of his motion, the Receiver stated that the manager of SDM (who is an employee of Receiver's firm) advised there is an amount available for distribution to its Avon Capital-WY in an amount equal to the Receiver's January 2024 fees.[5]  (Doc. 616 at 2).

---

[4] On February 5, 2024, the District Court granted the Receiver's Motion to Clarify and provided an indicative ruling on the Receiver's motion provided that this Court had remanded jurisdiction over the Orders.  On February 8, 2024, the Receiver filed a motion with this Court seeking to intervene for the limited purpose of seeking a partial remand. On January 22, 2024, the Receiver reappointed over Avon Capital-WY ("Receiver") moved the District Court for an order that clarifies the scope of Receiver's authority.  On February 16, 2024, the Tenth Circuit granted the Receiver's intervention for purpose of notifying the Tenth Circuit of the district court's indicative ruling.

[5] The Receiver replaced SDM Holdings, LLC's Manager with Nicole Jacobson, an employee of the Receiver's law firm.

Shortly thereafter, the Receiver filed a motion with this Court seeking authorization to obtain loans against certain policies owned by SDM Holdings, LLC, if necessary, to pay the Receiver's January 2024 fees equal to $5,167.50, among other expenses.  (*Compare id*. ("The Manager of SDM advises there is an amount available for a distribution to its sole member, Avon Capital, in the amount of $5,167.50.") (Receiver's Motion for Distribution of January 2024 fees) *with* Doc. 624.  ("Finally, for the period of January-March 2024, the Receiver's fees and expenses total $35,012.50") (Receiver's Motion for Authorization to Obtain Loans).

Since then, the Receiver moved the Court seeking approval for payment of March 2024 fees in the amount of $18,422.50, of which $4,675.00 relates to fees payable to counsel for the Receiver (who is the Receiver's law partner's fees as counsel for Receiver).[6]

## ARGUMENTS AND AUTHORITIES

### I.      Legal Standard

Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).  "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

---

[6] Heidi J. Long with Leonard, Long & Cassil, PLCC is counsel for Receiver and law partner of Receiver.

The law of the case doctrine provides that "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted).  The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine.  (Doc. 509 at 3, n. *).

## II.   The Receiver's Application Should be Denied for Lack of Subject Matter Jurisdiction.[7]

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 243, 55 S. Ct. 162, 79 L. Ed. 338 (1934); *A.B. v. Health Care Serv. Corp.,* No. CIV-19-968-D, 2020 U.S. Dist. LEXIS 126279, at *10 (W.D. Okla. July 17, 2020) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)).

Subject matter jurisdiction is a prerequisite to the court's appointment of a receiver. *See, e.g., J2 Enters. Ltd. Liab. Co. v. Fields*, No. CIV-14-781-M, 2014 U.S. Dist. LEXIS 140671, at *6 (W.D. Okla. Oct. 3, 2014) ("vacating the lower court's order appointing

---

[7] *See Supra*, footnote 2.

receivership for lack of subject matter jurisdiction") (internal citations omitted); *see also Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.),* 328 F.3d 829, 834 (6th Cir. 2003*)* ("the district court had lacked subject matter jurisdiction to appoint the receiver") (citing *Mitchell v. Maurer*, 293 U.S. 237, 79 L. Ed. 338, 55 S. Ct. 162 (1934)).

### A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot.

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the case became moot at that point. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). The Tenth Circuit specifically held that orders entered by this Court after the case became moot are void. *Id.* The Tenth Circuit ordered:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; *we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.*

(Doc. 509, Order p. 8 (emphasis added)). The Tenth Circuit further held that:

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up). **As the issue in this case was no longer live and Universitas *lacked a legally cognizable interest* in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void.***

(Doc. 509, Order p. 10-11 (footnote omitted) (emphasis added)).  This is law of the case. *See Graham*, 704 F.3d at 1278; *Rohrbaugh.*, 53 F.3d at 1183.

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction.  The Tenth Circuit correctly held that this Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co*., Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  All orders and proceedings that follow the loss of Article III jurisdiction are similarly void—including the order that the Receiver seeks here.

The Tenth Circuit recognized that Universitas' failure to properly re-file the judgment in accordance with Oklahoma law prior to its expiration was **"fatal"** because there was no longer a judgment in existence for the Court to enforce at the time it entered the order.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)).   Avon Capital-WY is no longer a party to any case or controversy and any claims became moot in December 2020.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").   As of December 3, 2020, when this Court lost jurisdiction, the case ceased to exist.

### B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money.").  The judgment at issue is a New York Judgment for the payment of money.  (*See* Doc 1-1).

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk,

last garnishment summons was issued, or sending of a certified copy of notice of income

assignment."  Consistent with O.S. §12-735(B), the Tenth Circuit held that Universitas'

Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas
> did not re-file its expired judgment before the district court entered its
> February 11, 2021 order.  For the reasons explained above, that failure to re-
> file was fatal—there was no longer a judgment in existence for the district
> court to enforce at the time it entered the order.  "A case becomes moot—
> and therefore no longer a 'Case' or 'Controversy' for purposes of Article
> III—when the issues presented are no longer live or the parties lack a legally
> cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85,
> 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up).  As the issue in
> this case was no longer live and Universitas lacked a legally cognizable
> interest in the outcome once its judgment expired in December 2020, the case
> became moot and the district court lacked Article III jurisdiction to enter its
> order, rendering the order void

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049,

21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan

County, Colorado against defendants on June 4, 2007.  *Taracorp,* 419 P.3d at 218.

Plaintiffs acted quickly to execute their judgment, and on June 7, 2007, they filed their

Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No.

C-07-659.  *Id.*  After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007

Colorado judgment in a new case in the District Court of Marshall County, Oklahoma.  *Id.*

at 219.  Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v.*

*Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing of

the judgment a second time in Oklahoma as long as the foreign judgment remained valid

and enforceable in the original state." *Taracorp,* 419 P.3d at 219.   Ultimately, the Oklahoma Supreme Court agreed.  *Id.* at 223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment. 149 P.3d 1088, 1093 (Okla. Civ. App. 2006). There, the *Yorkshire* Court held:

> On de novo review, we find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma.  The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment.  In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution.  But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in Oklahoma under a new case number.**  That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) (emphasis added).

Although it is possible that Universitas' expired judgment could potentially be filed for a second time in a new action (and with a new case number), provided that the foreign judgment remains valid and enforceable in the original state, Oklahoma law does not contemplate the refiling of the judgment in a moot case.  The judgment must be "filed a second time in Oklahoma under a new case number." *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006) (emphasis added).  Oklahoma law does not recognize refiling of a judgment in a moot case nor does refiling of a judgment in a moot case cure a district court's lack of jurisdiction.

Universitas' attempt to refile the New York Judgment <u>in the same case</u> *after* the Court lost jurisdiction on December 3, 2020 fails to reinvest this Court with subject matter jurisdiction.  Consistent with *Yorkshire,* to the extent that Universitas seeks to re-file the New York Judgment in Oklahoma, it must be refiled in a new case and <u>under a new case number</u>. [8]

This Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment on December 3, 2020, when the Tenth Circuit found this Court lost Article III jurisdiction.  *See Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

Based on the foregoing reasons, for the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies in its entirety denies Receiver's Application for Authorization for lack of subject matter jurisdiction and dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or alternatively, while preserving the foregoing arguments and objections, Avon Capital-WY's position is that should there *in fact* be insufficient cashflow to pay the premiums on policies, then loans in the minimum amount necessary to service the policies should be sought to avoid forfeiture or termination of any policy.

---

[8] *See Supra*, footnote 2.

### III.    The Receiver's Application Should be Denied for Lack of Personal Jurisdiction.[9]

A Court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).   As the Petitioner, Universitas bears the burden of establishing personal jurisdiction over the respondents.   *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

When the case became moot and the Court lacked Article III jurisdiction, the Court also lost personal jurisdiction over Avon Capital-WY.   *See* Fed. R. Civ. P. 12(b)(2).   Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction.   Avon Capital-WY has not voluntarily submitted to jurisdiction.   (Doc. 514).

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the issues in this case were no longer live.   *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023) ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").   Universitas lacked a legally cognizable interest in the outcome, and the Tenth Circuit held that the case was moot.

This Court's lack of jurisdiction rendered moot all orders and actions that followed expiration of the judgment on December 3, 2020 when the Court lost Article III jurisdiction.   *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-

---

[9] *See id.*

6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).  When the case and controversy became moot, the Court lost personal jurisdiction over the parties.[10] *See id.*

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies the Receiver's Application for Authorization for lack of personal jurisdiction and dismisses the case pursuant to Rule 12(b)(2), or alternatively, while preserving the foregoing arguments and objections, Avon Capital-WY's position is that should there *in fact* be insufficient cashflow to pay the premiums on policies, then loans in the minimum amount necessary to service the policies should be sought to avoid forfeiture or termination of any policy.

### IV.   If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership.

As it concerns the Receiver's Application, Avon Capital-WY objects to the Receiver's request for payment of $18,422.50 associated with fees and costs incurred in March 2024.  (*See* Docs. 622).  Were the Court to approve the Receiver's Application pending before this Court, and the Tenth Circuit finds that this Court lacked jurisdiction necessary to enter the orders at issue on Avon Capital-WY's appeals, then Avon Capital-

---

[10] *See id.*

WY would be unduly burdened and prejudiced by the distribution of any assets out of SDM Holdings, LLC to compensate the Receiver.

Pursuant to 18 O.S. § 2032, Avon Capital-WY does not have an ownership interest in property owned by SDM Holdings, LLC, including the life insurance policies which have SDM Holdings, LLC as the named beneficiary. (*See* 18 O.S. § 2032). Avon Capital-WY's ownership interest is limited to its capital interest in SDM Holdings, LLC. Avon Capital-WY does not have a specific interest in property owned by SDM Holdings, LLC.

The forgoing facts are not only consistent with the applicable law, but also with SDM Holdings LLC's operating agreement, which makes clear that Avon Capital-WY, as member of SDM Holdings, LLC, has no authority to control SDM Holdings LLC's property.[11] Only the President of SDM Holdings, LLC has authority to transfer ownership of SDM Holdings, LLC's property.[12]

Therefore, "reasonable compensation" for the Receiver is limited to activities which pertain to Avon Capital-WY's flow of profits from SDM Holdings, LLC and those rights provided to Avon Capital-WY under SDM Holdings LLC's operating agreement. (18 O.S. § 2032). Avon Capital-WY objects to all compensation requested by the Receiver as it does not relate to the flow of profits from SDM Holdings, LLC to Avon Capital-WY.

---

[11] Doc. 292 at Section 4.03; Section 5.02; Doc. 292 at Section 9.01.

[12] Doc. 292 at Section 2 ("Company Property" means all real and tangible personal property owned, leased, or acquired by the Company from time to time."); Doc. 292 at Section 7.04.

Avon Capital-WY respectfully requests that the Court deny the Receiver's Application for Authority in its entirety, or alternatively, while preserving the foregoing arguments and objections, Avon Capital-WY's position is that should there *in fact* be insufficient cashflow to pay the premiums on policies, then loans in the minimum amount necessary to service the policies should be sought to avoid forfeiture or termination of any policy.

### V.    If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership.

Issues on appeal before the Tenth Circuit concern, among other issues, the Court's re-adoption of its injunction against Avon Capital-WY and subsequent re-appointment of the Receiver over Avon Capital-WY.  Universitas requested the receivership, and for that reason Universitas should bear the costs of the receivership.

> [T]he general rule is that, where a receivership proceeding is contested and a receiver is appointed and obtains possession of property under an order of the court which is afterwards reversed on appeal as unauthorized, compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment (Beach on Receivers, § 773; *Bellamy v. Washita Valley Telephone Company,* 25 Okl. 18, 105 P. 340, 25 L.R.A. [N.S.] 412; *McAnrow v. Martin*, 183 Ill. 467, 56 N.E. 168; *St. Louis K. & S.R. Co. v. Wear et al.,* 135 Mo. 230, 36 S.W. 357, 658, 33 L.R.A. 341; *Frick v. Fritz, Morris & Cuthbert*, 124 Iowa, 529, 100 N.W. 513; *Howe v. Jones,* 66 Iowa, 156, 23 N.W. 376).

*See, e.g., Fulp v. McCray*, 21 F.2d 951, 952 (8th Cir. 1927).

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Application and enter an order which requires Universitas to bear the costs and fees associated with the receivership provided that the Tenth Circuit finds that jurisdiction is lacking.

## CONCLUSION

For the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Avon Capital-WY requests the Court enter an order that denies, in its entirety, the Receiver's Motion, vacates the Court's orders re-adopting an injunction against Avon Capital-WY, and vacates the Court's orders reappointing a receiver over Avon Capital-WY for lack of jurisdiction based on those reasons detailed herein, dismisses the action for lack of subject matter jurisdiction and for lack of personal jurisdiction, and orders Universitas to bear the costs and fees associated with the receivership.

Furthermore, and without waiving the foregoing arguments and objections, should there *in fact* be insufficient cashflow to pay the premiums on policies, then loans in the minimum amount necessary to service the policies should be sought to avoid forfeiture or termination of any policy.

Avon Capital-WY also requests a complete accounting on SDM Holdings, LLC from the date that the Receivership was instituted through present, including a detailed listing of: all policies that have matured (including all paid and expected to be paid); all expenses and fees incurred by SDM Holdings, LLC; and all information and data relied upon by the Receiver to calculate the projected cash shortfall in SDM Holdings, LLC.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
Francis M. Schneider, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7900
Facsimile:    316-462-5746
alan.rupe@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

*Attorneys for Avon Capital, LLC, a Wyoming limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I filed the above Objections using the court's CM/ECF system which sent notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe