# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner/Judgment Creditor, ) | |
| ) | |
| v. ) | Case No. 14-FJ-05-HE |
| ) | |
| NOVA GROUP, INC., ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| AVON CAPITAL, LLC, ) | |
| ) | |
| Respondent/Judgment Debtor, ) | |
| ) | |
| ASSET SERVICING GROUP, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| SDM HOLDINGS, LLC, ) | |
| ) | |
| Respondent/Garnishee, ) | |
| ) | |
| and ) | |
| ) | |
| AVON CAPITAL, LLC, a Wyoming Limited ) | |
| Liability Company, ) | |
| ) | |
| Intervenor. ) | |

**RECEIVER'S EMERGENCY NOTICE REGARDING
CORRESPONDENCE FROM INSURANCE COMPANY**

COMES NOW Ryan Leonard, Receiver of Avon Capital, LLC, a Wyoming limited

liability company ("Avon Capital"), and provides this emergency notice to the Court and

all parties (and interested parties) concerning correspondence received from Jackson National Life Insurance Company on May 3, 2024:[1]

1.    As the Receiver has shared in prior filings, SDM has for months awaited the receipt of proceeds totaling approximately $383,000.00 from at least six policies which have matured. These funds are necessary to pay ongoing premiums which, according to Asset Servicing Group, LLC ("ASG"), have been paid through May 2024, as well as expenses.

2.    In the Receiver's motion for authorization to obtain loans against certain policies filed on April 8, 2024 [Doc. No. 624], the Receiver stated that continuing actions of one or more individuals associated with SDM-Connecticut to change the policies' contact information to an address in Connecticut and direct maturity proceeds to Connecticut have delayed and will continue to delay (potentially indefinitely) SDM's receipt of some or possibly all policy proceeds. According to ASG, these actions may also frustrate the ability to take loans against some and possibly all policies, as the insurers continue to receive conflicting information over which SDM entity (Oklahoma or Connecticut) has authority over the policies.

3.    In recent days, the Receiver has received telephone calls from two insurers poised to distribute proceeds on matured policies. In these communications, the insurers

---

[1] The Receiver styles this Notice an emergency one given how the communications detailed herein, and undoubtedly others like them, have frustrated and will continue to frustrate the Receiver and SDM manager's abilities to ensure the payment of premiums and expenses for the portfolio of insurance policies held through SDM Holdings, LLC ("SDM").

(in one instance, through the insurer's counsel) shared that individuals associated with SDM-Connecticut are continuing to make claims for the policy proceeds, and are threatening litigation against the insurers. These communications prompted the Receiver to issue subpoenas duces tecum on May 2, 2024, to one of these insurers (as well as ASG), and one or more additional subpoenas will be issued in the coming days. *See* [Doc. Nos. 640, 641]. These recent communications that continue to emanate from Connecticut follow this Court's Order of March 29, 2024, granting Universitas' Emergency Motion to Modify Injunction [Doc. No. 618], in which the Court ordered that:

> Daniel Carpenter and/or all persons or entities claiming by, through, or under him, or acting on his behalf, directly or indirectly, or otherwise subject to his control, including, without limitation, Jonathan Boothroyd, SDM-CT, and Avon Capital LLC-Connecticut, are hereby **ENJOINED** from transferring, alienating, concealing, or encumbering any interest in the insurance portfolio and related funds now held by SDM, or attempting to do so, and are **ENJOINED** from any act or attempt to interfere with ASG's administration of that portfolio consistent with instructions from the current manager of SDM as designated by the receiver.

Order, p. 4 (emphasis in original).

4.  On Friday afternoon, May 3, 2024, the Receiver received an email from counsel for Jackson National Life Insurance Company ("Jackson") which confirmed what the other two insurers had shared regarding continued communications from individuals acting on behalf of SDM-Connecticut, and confirmed their substance. *See* Jackson counsel's correspondence, Exhibit 1. Namely, counsel for Jackson acknowledges receiving correspondence from the Receiver and manager of SDM, along with this Court's Orders, indicating that Nicole Jacobsen is the authorized manager of SDM with an address of record at ASG in Oklahoma City, OK. Jackson's counsel continues that, "[o]n April

3

30, 2024, Jackson received the enclosed correspondence stating that the sole management rights over SDM are restricted to Jonathan Boothroyd, 10 Tower Lane[,] Suite 100, Avon, CT 06001, and that further litigation is being prepared." Jackson's counsel concludes by stating, "[p]lease be advised that in light of this situation and threatened litigation, Jackson intends to restrict transactions and disbursements on policies owned by SDM, until the dispute regarding management rights over SDM is finally resolved by the parties or the courts."

5. In addition to Jackson's counsel's correspondence (Exhibit 1), the email from Jackson's counsel included three additional attachments. These additional attachments are:

(1) Correspondence Jackson received from ASG dated March 28, 2024, regarding a Jackson insured. *See* ASG correspondence, Exhibit 2. Of note, ASG's correspondence to Jackson reflects a Connecticut address for SDM. In a conversation earlier today, ASG's counsel explained that ASG has a practical explanation for listing the Connecticut address for SDM on communications with certain insurers which is, in the event an insurer lists a Connecticut address for SDM for a particular policy, the insurer will not communicate with ASG unless ASG identifies the address of record (in this instance, apparently Connecticut). This practice, however, runs contrary to the several notices that have been sent to insurers since the second appointment of Ms. Jacobsen as manager of SDM on January 9, 2024. With the benefit of this information, the Receiver and SDM manager are in the process of addressing these matters with ASG;

(2) Correspondence sent by the Receiver on March 29, 2024, reiterating the appointment of Ms. Jacobsen as SDM manager and which included this Court's Order of

March 29, 2024, granting Universitas' Emergency Motion to Modify Injunction [Doc. No. 618].[2] *See* Receiver's correspondence, Exhibit 3, and;

(3) Correspondence received by Jackson **on April 30, 2024**, from SDM-Connecticut (attached as Exhibit 4) that, amongst other items, includes:

(a) correspondence from Jonathan Boothroyd on behalf of SDM-Connecticut to Jackson stating that "certain unauthorized third parties in Oklahoma have made attempts to assert control over the life insurance policies issued by your Company and owned by SDM Holdings, LLC, which has always been a Connecticut-domiciled entity…Sole authorization in the management of these policies remains with Jonathan Boothroyd as the sole Manager of SDM Holdings [at the Connecticut address]." Mr. Boothroyd continues, "[g]iven the nature of this interference [from the "unauthorized third parties in Oklahoma"], we are preparing litigation against any and all parties who, directly or indirectly, endanger our rights guaranteed under the contract between your company and ours."

(b) correspondence from attorney Robert B. Cox at the Halloran Sage firm on behalf of SDM-Connecticut dated April 11, 2024, which reiterates the threat of litigation against Jackson, and states: "It has come to our attention that certain parties from Oklahoma have made fraudulent claims alleging control and/or ownership over certain policies issued by your Company and owned by SDM Holdings."

---

[2] The March 29, 2024, notice to insurers from the Receiver regarding the appointment of Ms. Jacobsen as the manager of SDM followed earlier notices sent in February 2024 after this Court granted the Receiver's Motion to Clarify Authority [Doc. No. 594].

(c) various company filings from the Connecticut Secretary of State's office pertaining to the SDM-Connecticut entity, a tax return purporting to be for SDM-C and a "Unanimous Consent to Action of SDM Holdings, LLC" dated March 12, 2024, and signed by Daniel E. Carpenter appointing Jonathan Boothroyd as the "sole and exclusive Manager" of SDM.

6. These and similar actions, which have almost certainly been replicated with some and possibly all insurers of policies in the SDM portfolio, have indefinitely delayed the receipt of proceeds from matured policies, and will also almost certainly delay or possibly frustrate entirely the ability to take loans against certain policies, even if Court authorization is obtained. In the normal course, premiums for June will commence being made in a matter of days, but existing funds are insufficient to pay them.[3] In short, without immediate attention to these matters by the Court and/or parties (or interested parties), the policies are poised to lapse within a short period of time.

Dated: May 6, 2024.

Respectfully submitted,

s/ Ryan Leonard
Ryan Leonard, OBA #19155
Leonard, Long & Cassil, PLLC
6301 N. Western Ave., Suite 250
Oklahoma City, OK  73118
(405) 367-0555
Rleonard@llc-attorneys.com

RECEIVER

---

[3] Most, if not all, policies have a thirty-day grace period before they expire, but obtaining loans can sometimes weeks under normal circumstances (which these are not).

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                                          s/ Ryan Leonard
                                        Ryan Leonard