IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 14-FJ-0005-HE |
| ) | |
| AVON CAPITAL, LLC, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Phoenix Charitable Trust and Avon Capital, LLC (i.e. the pre-receivership control group) have filed their objections and/or motions to quash certain subpoenas duces tecum to be issued by the Receiver and directed to Asset Servicing Group, L.L.C. and Metropolitan Life Insurance Company [*see* Doc. Nos. 640-641]. The objections are largely on the same grounds (lack of subject matter jurisdiction, lack of personal jurisdiction, etc.) as have been advanced before and rejected by the court. To the extent that the objections assert additional grounds for quashing these particular subpoenas, they are unpersuasive.

It is true that SDM Holdings, LLC is not in receivership, but Avon Capital, LLC (Wyoming) is. The receiver's authority goes to the assets of Avon Capital, LLC (Wyoming), and one of those assets is its interest in SDM Holdings, its wholly-owned subsidiary. Matters which affect the status and value of the subsidiary are thus very much relevant to the status and value of the entity in receivership. As such, the current subpoenas go to matters that are relevant to the receiver's responsibilities. Further, the receiver's

interest in inquiry in this area appears to have a plausible basis in fact. *See* Receiver's Emergency Notice Regarding Correspondence From Insurance Company [Doc. # 643].

The objection that compliance with the subpoenas would invite or compel non-compliance with HIPPA is unpersuasive. The subpoenas do not seek information as to the particular insurance policies held by SDM or the persons whose lives are insured, but rather seek information as to correspondence between Mr. Carpenter, Mr. Boothroyd, and others with Asset Servicing Group and MetLife during the referenced time period. There is no apparent reason why the disclosure of such correspondence would involve matters protected by HIPPA.

The objections/motion to quash [Doc. Nos. 645, 646 & 647] are **OVERRULED**.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2024.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE