IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, § | | |
|     Petitioner/Judgment Creditor, § | | |
| § | | |
| v. § | Civil Action No.: 14-FJ-05-HE | |
| § | | |
| AVON CAPITAL, LLC, § | | |
|     Respondent/Judgment Debtor, § | | |
| § | | |
| ASSET SERVICING GROUP, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| SDM HOLDINGS, LLC, § | | |
|     Respondent/Garnishee, § | | |
| § | | |
| And § | | |
| § | | |
| AVON CAPITAL, LLC, a Wyoming § | | |
| Limited liability company, § | | |
|     Intervenor. § | | |

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS
AND BRIEF-IN-SUPPORT**

    NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK"), and respectfully files this Partially Unopposed Motion to Vacate Judgment and Post-Judgment Orders Due to Second Circuit's Order Affirming the Dismissal of Universitas's Claims and Brief-In-Support pursuant to Rule 12(b)(1), Rule 12(b)(2) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. In summary, on April 25, 2024, the Second Circuit held that

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT
AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER
AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix
re 2d Cir Opinion (Partially Unopposed).240522..docx     Page 1 of 16

Universitas's post-judgment alter ego and veil piercing claims are barred by res judicata. *Universitas Educ., LLC v. Benistar Admin. Servs., Inc.*, No. 23-1207, 2024 U.S. App. LEXIS 10046, 2024 WL 1787754 (2d Cir. April 25, 2024) (summary order)[1]. The Second Circuit holding bars Universitas's claims in this litigation under both res judicata and collateral estoppel. *See id.* Accordingly, the Court should dismiss this case and vacate its post-judgment orders appointing a receiver and reinstating the injunction.

## Table of Contents

I. Interested Party Statement – Phoenix Charitable Trust. ........................................... 3

II. Applicable Law – Res Judicata and Collateral Estoppel. ......................................... 4

    A. Applicable Law – Res Judicata. ..................................................................... 4

    B. Applicable Law – Collateral Estoppel. ......................................................... 6

III. The Second Circuit Holding Bars Universitas's Claims in This Litigation Under Both Res Judicata and Collateral Estoppel. ...................................................... 7

    A. Res Judicata Bars Universitas's Claims. ....................................................... 7

    B. Collateral Estoppel Bars Universitas's Claims. ........................................... 10

IV. This Court Lacks Jurisdiction. ............................................................................... 11

Relief Requested ............................................................................................................. 15

Certificate of Conference ............................................................................................... 16

Certificate of Service ..................................................................................................... 16

---

[1] The deadline for Universitas to file a petition for rehearing was 14 days later, on May 9, 2024. *See* FED. R. APP. P. 40.

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx      Page 2 of 16

I.    **Interested Party Statement – Phoenix Charitable Trust[2]**

Phoenix Charitable Trust ("Phoenix") was a member of SDM-OK before the 2017 merger. As the Court is aware, the 2017 Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed by Universitas before that as Doc. 339-1 on Dec. 7, 2021, and the very same document has again been filed by ASG as Doc. 587-1 on February 14, 2024. As a result of the merger, SDM-OK ceased to exist.[3] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger] Avon-WY certainly was not an owner of SDM-OK according to all of the tax returns filed with this Court. The Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. [Dkt. 577-1, Secretary of State filings listing] SDM-OK ceased to exist as a matter of law, at the very latest, at this time.

A listing of filings from the Connecticut Secretary of State's office regarding the merger was also previously filed in this Court. [Dkt 365-1] SDM-CT was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-CT and SDM-OK tax returns, along with the form K-1s issued to the members of SDM and reflecting that no form K-1s were issued by SDM to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly

---

[2] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.

3 In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member.

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx    Page 3 of 16

in fact the 100% member of SDM-OK. Once again, SDM-CT has never been owned by Avon-WY.

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM-OK unless the Receiver or manager authorized it. [Dkt 353] The Receiver and manager refused Mr. Sandberg's requests for authorization. Notably, both SDM-OK and SDM-CT were not in receivership before the Order was issued.

On February 1, 2022, the Court entered its Order denying SDM-OK's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363]

Without waiver of Phoenix's and SDM-OK's rights, Phoenix is filing this document as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

## II. Applicable Law – Res Judicata and Collateral Estoppel.

### A. Applicable Law – Res Judicata.

"[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Sheldon v. Khanal*, 502 Fed. Appx. 765, 771 (10th Cir. 2012) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)). Under federal law the preclusive effect of a federal

diversity court's judgment usually should be determined by applying "the law that would be applied by the state courts in the State in which the federal diversity court sits." *Sheldon*, 502 Fed. Appx. at 771 (citing *Semtek Int'l Inc.*, 531 U.S. at 508) (applying New York State law regarding res judicata). "In New York, res judicata, or claim preclusion, bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheldon*, 502 Fed. Appx. at 771 (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 894 N.E.2d 1, 12, 863 N.Y.S.2d 615 (N.Y. 2008) (citations omitted) (internal quotation marks omitted)).

In the *Universitas* opinion, the Second Circuit wrote:

> Because the federal court that issued the first judgment sat in diversity in New York, we apply the preclusion law of that state, unless it "is incompatible with federal interests." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 509, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001). Under New York law, "a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter." *In re Hunter*, 4 N.Y.3d 260, 827 N.E.2d 269, 274, 794 N.Y.S.2d 286 (N.Y. 2005). New York applies a transactional approach to res judicata which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id*. (emphasis added) (quotation marks omitted). Moreover, "a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them." *Green v. Santa Fe Industries, Inc.*, 70 N.Y.2d 244, 514 N.E.2d 105, 108, 519 N.Y.S.2d 793 (N.Y. 1987).

*Universitas Educ., LLC*, No. 23-1207, 2024 U.S. App. LEXIS 10046, *4-*5.

> Whether a "factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 429 N.E.2d 746, 749, 445 N.Y.S.2d 68 (N.Y. 1981) (cleaned up). Claim preclusion applies if the prior action was "grounded on the same gravamen of the wrong upon which the action is brought." *Id.* (quotation marks omitted).

*Universitas Educ., LLC*, No. 23-1207, 2024 U.S. App. LEXIS 10046, *5.

### B. Applicable Law – Collateral Estoppel.

In 2001, Tenth Circuit provide the following discussion regarding collateral estoppel in the federal courts:

> This court has previously stated that "the preclusive effect given in federal court to a prior federal decision is subject to federal law." *Dodge* [*v. Cotter Corp.*], 203 F.3d [1190,] 1197 [(10th Cir. 2000)]. . . . Although subject matter jurisdiction in *Dodge* for the federal district courts to consider the state negligence claims made in both suits was apparently based on 28 U.S.C. § 1367 supplemental jurisdiction, the collateral estoppel rule announced in *Dodge* would seem to apply when jurisdiction in the federal courts is based on 28 U.S.C. § 1332 diversity jurisdiction, as is the case here. *See* 19 Charles Alan Wright et al., Federal Practice and Procedure § 4520 (2d ed. 1996). Having determined that the collateral estoppel effect to be given the prior federal judgment was a question of federal law, the *Dodge* court proceeded to delineate this court's collateral estoppel requirements: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge*, 203 F.3d at 1198.
>
> The Supreme Court has recently confirmed that the preclusive effect given to federal court judgments is a question of federal law. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 149 L. Ed. 2d 32, 121 S. Ct. 1021 (2001). In *Semtek*, the plaintiff's original suit against the defendant in

California federal district court was dismissed because it failed to comply with California's two-year statute of limitations. *See* 121 S. Ct. at 1023. Plaintiff then filed suit in Maryland state court. *See id*. The Maryland state court dismissed plaintiff's suit under res judicata. *See id*. at 1024. The Maryland Court of Special Appeals affirmed the dismissal, explaining that the res judicata effect given to federal diversity judgments is prescribed by federal law. *See id*.

* * *

[O]n remand in *Semtek*, the Maryland Court of Special Appeals was to apply California claim preclusion law to determine the res judicata effect of the California federal district court decision. *See id*. at 1029.

*Matosantos Commer. Corp. v. Applebee's Int'l, Inc.,* 245 F.3d 1203, 1207 (10th Cir. 2001).

Under New York Law "[c]ollateral estoppel comes into play when four conditions are fulfilled: (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17, 6 N.Y.S.3d 206, 29 N.E.3d 215 (2015) (internal quotation marks omitted).

### III. The Second Circuit Holding Bars Universitas's Claims in This Litigation Under Both Res Judicata and Collateral Estoppel.

#### A. Res Judicata Bars Universitas's Claims.

First, there is a judgment on the merits rendered by a court of competent jurisdiction. Universitas obtained a Judgment (the "New York Judgment") on August 12, 2014 that granted Universitas's turnover motion. (Dkt. 1-1) Universitas filed the New York Judgment in this case on November 7, 2014. (Dkt. 1-1) In May 2020, Universitas filed a new lawsuit

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx    Page 7 of 16

in the District of Connecticut against a host of individuals and entities. *Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 p. 4. In the Connecticut case, "Universitas's claims against Defendants rely heavily on factual allegations drawn from the turnover proceedings before Judge Swain and from even earlier litigation involving Carpenter and entities he controls." *Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 p. 7 (affirming *Universitas Educ., LLC v. Benistar*, No. 3:20-cv-00738 (KAD), 2023 U.S. Dist. LEXIS 133837, 2023 WL 4932034 (D. Conn. Aug. 2, 2023)).

Additionally, Universitas made multiple concessions in its Second Circuit Brief that conclusively require that the new judgment and post-judgment receivership and injunction orders be vacated based upon res judicata:

> "Universitas concedes that . . . no procedural bar existed to bringing [these alter ego and unjust enrichment] claims in the turnover proceedings before the Southern District of New York." Appellant's Br. at 39. It also "concedes that the Appellees would necessarily have been in privity with the turnover respondents, as Universitas seeks to impose alter ego liability" and that "the Southern District of New York could properly have exercised personal jurisdiction over the Appellees in the turnover proceedings because alter egos are treated as a single entity for the purposes of personal jurisdiction." *Id*. "Universitas further concedes that the turnover proceedings in the Southern District of New York constituted a final judgment on the merits." *Id*.
>
> And yet, Universitas maintains still that the district court erred in its finding that the alter ego and unjust enrichment claims "form a convenient trial unit, and . . . their treatment as a unit conforms to the parties' expectations." *Smith*, 429 N.E.2d at 749 (quotation marks omitted). We disagree. **Under New York res judicata law, where disparate actions "are part of the same factual grouping"—i.e., related in time, space, origin, and motivation— "it is almost impossible to resist the conclusion that the over-all transaction . . . formed a convenient trial unit and that this view conforms to reasonable expectations."** *Id*. **at 749-50 (quotation marks**

> **omitted). In the instant case, just as in prior turnover proceedings, Universitas seeks to impose liability on "sham entities" created or indirectly controlled by Carpenter—entities that Universitas itself describes as "largely interchangeable"—to enforce its $30 million judgment.** Appellant's App'x at 51-52.

*Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046, *6-7 (emphasis added).

> Moreover, throughout the turnover proceedings, Judge Swain repeatedly noted that Carpenter's enterprise appeared to include several sham entities created to hide assets from creditors, and the district court below concluded that Universitas was aware of the Defendants here during the turnover proceedings. Universitas admitted as much at oral argument, and conceded that it was merely a "strategic decision" to pursue other Carpenter entities first before bringing claims against the Defendants here. Litigation strategy to not bring claims which Universitas admits it could have brought does not bar the application of res judicata; indeed, "strategic" choices to split claims that could be brought in the same case is what the res judicata principle seeks to prevent. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 199 (2d Cir. 2010) ("Where a litigant selected a litigation strategy he now regrets, . . . his choice of that strategy will not prevent the application of preclusion against him." (internal quotation marks and alterations omitted)). We thus conclude that the claims asserted here against Defendants are indeed related in time, space, origin, and motivation to the prior proceedings, and are therefore precluded.

*Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 pp. 9-10. In the present case, Universitas made multiple filings utilizing records obtained by Universitas or filed in prior proceedings. (Dkt. 77-1, Colbath Aff. Par. 2 (asserting payments to T. Moran); 77-2, 2009-10 bank statements; 77-6, 2013 deposition excerpts; 187-2, 2016 deposition excerpts; 187-5 – 2010 tax filings; 187-9 2007 commitment letter, 187-12 2006 letter; 187-13 2009 bank statement; 187-14 through 187-24).

Second, the party against whom the doctrine is invoked in this case, Universitas, was a party to the previous action. *Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046.

The Court's judgment is based upon an unpleaded alter ego theory that is argued for the first time in this case when Universitas filed its motion for summary judgment. (Dkt. 187, 187-1) Because Universitas's alter ego claims failed in Connecticut, its alter ego claims must fail in this case because the claims are barred by res judicata. *See Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 pp. 9-10; *Sheldon*, 502 Fed. Appx. at 771.

**B. Collateral Estoppel Bars Universitas's Claims.**

First, the issues in both proceedings are identical. In the District of Connecticut case, Universitas asserted alter ego liability. *Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 pp. 3, 5. In this case, following the reversal by the Tenth Circuit when it held that this Court lost subject matter jurisdiction, this Court entered a new judgment readopting the February 11, 2021 Order finding alter ego liability that became effective once the Tenth Circuit issued its mandate. (Dkt. 228, 521)

Second, the issue in the prior proceeding was actually litigated and decided. In the Connecticut case, the Second Circuit affirmed the District Court's dismissal of Universitas's alter ego claims pleaded in the Connecticut District Court because Universitas's alter ego claims were barred by res judicata. *See Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 pp. 5, 10.

Third, there was a full and fair opportunity to litigate in the prior proceeding. Universitas's alter ego claims were dismissed because the District Court granted the defendants' motions to dismiss because Universitas failed to state a claim for which relief could be granted. *See Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 pp. 4 n. 2, 5.

Fourth, the issue previously litigated was necessary to support a valid and final judgment on the merits. The decision that Universitas's claims were barred by res judicata because the claims should have been brought by Universitas in the prior turnover proceedings was necessary to support the dismissal of Universitas's claim in the Connecticut District Court. *See Universitas Educ., LLC*, 2024 U.S. App. LEXIS 10046 p. 7 ("We agree with the district court that in the circumstances present here, New York law precludes Universitas from bringing this subsequent action against Defendants because the claims arise from the same transactions or series of transactions and involve parties in privity with the original turnover respondents.").

In conclusion, collateral estoppel also bars Universitas's unpleaded alter ego theory in this case because the District Court in Connecticut, as affirmed by the Second Circuit, held that Universitas's alter ego claims in the Connecticut case were barred by res judicata.

## IV. This Court Lacks Jurisdiction.

Rule 12(h)(3) provides that any party can question the Court's lack of jurisdiction at any time and it is up to the party that is relying on jurisdiction—in this case, Universitas—to prove that jurisdiction and standing under Article III actually exists. The

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx  Page 11 of 16

Tenth Circuit made it very clear that this Court lost jurisdiction in December of 2020. *Universitas Educ., LLC v. Avon Cap., LLC*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, *13 (10th Cir. August 4, 2023). Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

The law of the case doctrine provides that "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted). The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine. (Doc. 509 at 3, n. *).

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction. The Tenth Circuit correctly held that this Court did not have jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment. *Universitas Educ., LLC*., Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S.

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx        Page 12 of 16

App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)).

The Tenth Circuit's holding is the "law of the case" so that the District Court lacked beginning in December 2020, and continues to lack, Article III jurisdiction – the failure to properly re-file in compliance with Oklahoma law was "**fatal**" because there was no longer an enforceable judgment. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added). Avon Capital-WY is no longer a party to any case or controversy and the claims became moot in December 2020. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) Further, all orders and proceedings that follow the loss of Article III jurisdiction are similarly void.

Notably, following the issuance of the Tenth Circuit Order on August 4, 2023, Universitas has not complied with the Federal Rules of Civil Procedure in refiling the 2014 New York Judgment against Avon-CT. filing claims and serving any defendants/respondents. After the Court lost jurisdiction in December 2020, the Supreme Court decided *TransUnion, LLC v. Ramirez*, 141 S. Ct. 972 (2021), which made it clear that for this Court to have jurisdiction, Universitas must have "Standing" to sue some party in Oklahoma. As Justice Kavanaugh succinctly stated: "No concrete harm, No Standing."

The requirements for obtaining injunctive relief are: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Southwest Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009). The receiver should not have been appointed due to the lack of jurisdiction, and the injunction never should have been granted due to the lack of jurisdiction, and also because the balance of the four factors favor SDM and do not favor Universitas. Further, parties are not required to obey an order when the court lacks jurisdiction or the injunction is "transparently invalid" and thus unenforceable. *Martin v. Wilks*, 490 U.S. 755, 790 n. 28 (1989); *Walker v. Birmingham*, 388 U.S. 307, 315 (1967).

Based on the foregoing reasons, for the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Phoenix respectfully asks the Court to dismiss

**INTERESTED PARTY'S PARTIALLY UNOPPOSED MOTION TO VACATE JUDGMENT AND POST-JUDGMENT ORDERS DUE TO SECOND CIRCUIT'S ORDER AFFIRMING THE DISMISSAL OF UNIVERSITAS'S CLAIMS AND BRIEF-IN-SUPPORT**
I:\14184\Oklahoma\Pleadings\Motion to Vacate Judgment and Post-Judgment Orders by Phoenix re 2d Cir Opinion (Partially Unopposed).240522..docx          Page 14 of 16

this action, dissolve the Injunction and vacate the order appointing a receiver for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and Rule 12(h)(3).

## **RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, Phoenix Charitable Trust prays that the District Court Judge enter an order granting this motion, vacating the August 7, 2023 Order that readopts the Report and Recommendation [Dkt 218] previously readopted, and reentering the District Court's July 13, 2023 order [Dkt. 500] and enjoining Avon Capital, LLC and prohibiting SDM Holdings, LLC from disposing of its assets, and also vacating the post-judgment orders entered following the August 7, 2023 Order, including but not limited to the orders entering an injunction and reappointing a receiver.

Respectfully submitted,

s/ Jeffrey R. Sandberg
Jeffrey R. Sandberg, Texas Bar No. 00790051
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, TX 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950
E-mail: jsandberg@pamlaw.com
(ADMITTED PRO HAC VICE)

Attorneys for Phoenix Charitable Trust,
Interested Party

# CERTIFICATE OF CONFERENCE

I hereby certify that on May 22, 2024, counsel conferred with counsel for Universitas, and that Universitas opposes the relief sought in this motion. I hereby certify that on May 22, 2024, counsel attempted to conferred with the receiver, Ryan Leonard, Esq. and that Mr. Leonard responded that he does not take a position regarding the requested relief.

I hereby certify that on May 22, 2024, counsel conferred with counsel for Avon-WY, and that Avon-WY does not oppose the relief sought in this motion.

/s/ Jeffrey R. Sandberg

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

- Alan Rupe
- Gerald Green
- Melvin McVay
- Clayton Ketter
- Joshua Greenhaw
- Heidi Long
- Joseph Manson
- Ryan Leonard

/s/ Jeffrey R. Sandberg