# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNIVERSITAS EDUCATION, LLC, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.: 14-FJ-05-HE |
| | § | |
| AVON CAPITAL, LLC, | § | |
|     Respondent, | § | |
| | § | |
| ASSET SERVICING GROUP, LLC, | § | |
|     Respondent, | § | |
| | § | |
| SDM HOLDINGS, LLC, | § | |
|     Respondent, | § | |
| | § | |
| And | § | |
| | § | |
| AVON CAPITAL, LLC, a Wyoming | § | |
| limited liability company, | § | |
|     Intervenor. | § | |

## INTERESTED PARTY'S STATEMENT AND OPPOSITION
## TO RECEIVER'S APPLICATION FOR ORDER APPROVING
## <u>APRIL FEES AND COSTS [DKT 651]</u>[1]

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Phoenix Charitable Trust ("Phoenix"), as an "Interested Party" regarding SDM Holdings, LLC, an Oklahoma limited liability company ("SDM-OK"), complaining of Plaintiff Universitas Education, LLC ("Universitas" or "Plaintiff"), and files this Opposition[2] to the Receiver's Application for Order Approving Payment of

---

[1] Phoenix joins in the opposition filed by Avon-WY.
[2] Certain arguments and authorities presented were included in prior filings by SDM-OK and Phoenix that were previously ruled upon by the Court, and are presented here to avoid a contention by opposing parties

**INTERESTED PARTY'S STATEMENT AND OPPOSITION TO**
**RECEIVER'S APPLICATION FOR ORDER APPROVING APRIL FEES AND COSTS**
I:\14184\Oklahoma\Pleadings\Receiver Application - SDM Opposition to Rvcr App to Approve Fees
and Costs (Phoenix) (Dkt 651).240609..docx        Page 1 of 10

Receiver's April Fees and Costs (the "Application") [Dkt 651] filed by the Receiver, Ryan Leonard, Esq. (the "Receiver"), and filing in compliance with the Court's February 1, 2022 Order [Dkt 363], would respectfully show as follows:

**I. Interested Party Statement – Phoenix Charitable Trust[3]**

Phoenix Charitable Trust ("Phoenix") was a member of SDM-OK before the 2017 merger. The Oklahoma Secretary of State terminated SDM-OK on February 19, 2018 and cancelled SDM-OK on February 19, 2021. [Dkt. 577-1, Secretary of State filings listing] SDM-OK ceased to exist as a matter of law, at the very latest, at this time.

Also, as the Court is aware, the 2017 Agreement and Plan of Merger was previously filed as Doc. 365-2 on Feb 4, 2022 and filed by Universitas before that as Doc. 339-1 on Dec. 7, 2021, and the very same document has again been filed by ASG as Doc. 587-1 on February 14, 2024. As a result of the merger, SDM-OK ceased to exist in 2017.[4] (Dkt 365-2], June 30, 2017 Merger Agreement and Certificate of Merger]

A listing of filings from the Connecticut Secretary of State's office regarding was also previously filed in this Court. [Dkt 365-1] SDM Holdings, LLC, a Connecticut limit liability company ("SDM-CT") was formed on June 29, 2017 – one day before the date of the Merger Agreement. [Dkt 365-1 p.2.] Finally, copies of the SDM-OK and SDM-CT tax returns, along with the form K-1s issued to the members of SDM-OK and SDM-CT and

---

that the arguments and authorities were not properly presented to the Court in this opposition to the requested relief.

[3] Phoenix Charitable Trust is a defendant in a suit brought by Universitas in the United States District Court of Connecticut – Case 3:20-cv-00738-JAM.

4 In 2018 and again in 2021, Universitas was provided form K-1s showing that Avon-WY was no longer a member.

**INTERESTED PARTY'S STATEMENT AND OPPOSITION TO**
**RECEIVER'S APPLICATION FOR ORDER APPROVING APRIL FEES AND COSTS**
I:\14184\Oklahoma\Pleadings\Receiver Application - SDM Opposition to Rvcr App to Approve Fees and Costs (Phoenix) (Dkt 651).240609..docx    Page 2 of 10

reflecting that no form K-1s were issued by SDM-OK or SDM-CT to Avon-WY, are located in Dkt 365-3. The tax filings would be decidedly different if Avon-WY was truly in fact the 100% member of SDM-OK or SDM-CT. Again, SDM-OK ceased to exist at the time of the merger in June 2017 as a matter of law.

On December 21, 2021, the Court ordered, sua sponte, that counsel Sandberg could not continue to represent SDM-OK unless the receiver or manager authorized it, and struck SDM-OK's Objection to the Universitas Re-Filing. [Dkt 353]

On December 30, 2021, SDM-OK filed its Motion for Reconsideration requesting that the Court permit Mr. Sandberg to continue to represent SDM-OK. [Dkt 348]

On February 1, 2022, the Court entered its Order denying SDM-OK's Motion for Reconsideration, ordering that interested parties will be permitted to object or otherwise address matters as to the receivership. [Dkt 363]

Without waiver of SDM-OK's rights, Phoenix is filing this document on behalf of SDM-OK as ordered by the Court. Phoenix does not consent to the jurisdiction of the Court beyond Phoenix's compliance with the Court's order and Phoenix does not consent to jurisdiction of the Court over Phoenix, i.e., Phoenix is filing this document solely as an "interested party."

## II. SDM-CT Should Not Pay for Costs of Receivership

The Receiver has attempted to replace SDM-CT's Manager with Nicole Johnson, an employee of the Receiver's law firm. The SDM-CT Manager position is not a

compensated position, and thus all charges by the replacement SDM-CT Manager are a waste of assets and SDM-CT should not be required to pay for this unnecessary cost.

SDM-OK and SDM-CT are not judgment debtors and are not the subject of the receivership. [Dkt 565, 594] Thus, SDM-OK's and SDM-CT's assets may not be the source of funds to pay the costs of the receivership. The payment of the receiver, manager, who is also an employee of the receiver's law firm, and also the receiver's law partner and counsel in this matter, are costs of the receivership and should not be borne by SDM-OK, if it still existed, nor SDM-CT.

### III. This Court's September 13, 2017 Order [Dkt 92] Held That Avon-WY Was Dissolved in 2014 and SDM-OK Was Not Placed in the Receivership.

"[A]ny defunct limited liability company may at any time within two (2) years after the forfeiture of its articles of organization of certificate of authority, be revived and reinstated by paying the amount of the delinquent fees." Wyo. Stat. § 17-29-705(b). "The Wyoming Secretary of State issued a delinquency notice on May 2, 2014, and Avon Wyoming was deemed defunct sixty days later. [Dkt 92, September 13, 2017 Order p. 3 (citing Wyo. Stat. § 17-29-705(b).] The two-year reinstatement window closed on July 1, 2016.

During the period Avon-WY existed before its dissolution, Avon-WY had no interest in specific property of SDM-OK. 18 O.S. § 2032. ("A member has no interest in specific limited liability company property." In other words, SDM-OK's assets were SDM-OK's assets before SDM-OK was terminated, not some other business entity's assets or

some other individual's assets, and may not be placed into the receivership. *See* 18 O.S. § 2032.

The Receivership Orders do not directly place Avon's assets into the receivership. [Dkt 565, 594] Because Avon-WY was dissolved in 2014, it is even clearer that the Receiver - who is solely appointed over Avon-WY - has no claim to SDM-OK's assets and that SDM-OK's assets, and now SDM-CT's assets, may not be used to pay the costs of the receiver and manager. [Dkt 92, Order pp. 2, 4]

Further, while Avon-WY acquired SDM-OK in 2009, the Court's September 13, 2017 Order [Dkt 92] holds that Avon-WY was dissolved in 2014[5] – 10 years ago – and the Oklahoma Secretary of State's terminated and canceled SDM-OK following the June 2017 merger documents. Because SDM-OK ceased to exist on June 30, 2017 and the Oklahoma Secretary of State terminated and subsequently "cancelled" SDM-OK, and also because Avon-WY was dissolved in 2014 and no longer exists, it is even clearer that SDM-OK may not be used a source of payment. [Dkt 92, Order pp. 2, 4] In other words, the Receiver's reliance upon the Receiver's apparent belief that SDM-OK exists and is wholly owned by Avon-WY is misplaced.

SDM-CT's assets are SDM-CT's assets, not some other business entity's assets or some individual's assets. Conn. Gen. Stat. § 34-167(a); *Lundstedt v. People's United Bank*, No. 3:14-cv-01479 (JAM), 2015 U.S. Dist. LEXIS 15762, *4 (D. Conn. February 10,

---

[5] Universitas's Opposition [Dkt 77] to the Avon-WY Application for Injunction recognized on page 9 that Avon-WY was dissolved in 2014 and attached as an exhibit a document issued by the Wyoming Secretary of State [Dkt 57-6, 77-7] indicating a "Dissolution/Revocation-Tax" on July 9, 2014.

2015). Universitas applied for and obtained a charging order in 2014 in Connecticut, so it knows how to obtain one in Connecticut.

### IV. Oklahoma Law's and Connecticut Law's "Sole and Exclusive Remedy" Is a Charging Order.

**A.    Oklahoma Law's "Sole and Exclusive Remedy" Is a Charging Order.**

"[S]ection [18-2034] shall be the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest." 18 O.S. § 2034. "Under Oklahoma's limited liability company statutes, the exclusive remedy of a creditor of a member in a limited liability company with respect to the member's interest is a 'charging order,' which may not be foreclosed upon." *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV-0227-CVE-FHM, 2012 WL 524421, at *3 (N.D. Okla. Jan. 11, 2012) (citing 18 O.S. Supp. 2017 § 2034).

Similarly, in 2013 the Oklahoma Court of Civil Appeals reversed an order assigning a judgment debtors' membership interest in a limited liability company. *Southlake Equip. Co., Inc. v. Henson Gravel & Sand, LLC*, 2013 OK 87 ¶ 15, 313 P.3d 289, 292 (Ok. Civ. App. 2013). It wrote:

> Section 2034 exclusively describes the rights of a creditor against a judgment debtor member of a limited liability company. It authorizes a court to charge the membership interest of a judgment debtor to a creditor as payment towards the debt until the judgment is satisfied. However, § 2034 narrows the definition of membership interest to mean only the flow of profits or surplus from the member's economic interest in his units of the LLC, and only allows this flow until the judgment is satisfied. Section 2034 specifically states "the judgment creditor has only the rights [or entitlements] of an assignee of the membership interest." The Act defines the rights of an assignee as "entitl[ing] the assignee to share in profits and losses, to receive any distribution or distributions and to receive the allocation of income, gain,

loss, deduction, or credit or similar item to which the assignor was entitled to the extent assigned." 18 O.S.2011, § 2033.

*Southlake Equip. Co., Inc.*, 2013 OK 87 ¶ 8, 313 P.3d at 291. Thus, the order charging the judgment debtor's membership interest to the judgment creditor "clearly conflicts with the plain meaning of § 2034 and was therefore in error." *Southlake Equip. Co., Inc.*, 2013 OK 87 ¶ 11, 313 P.3d at 291.

In conclusion, Oklahoma law expressly prohibits the use of SDM-OK's assets (and again, SDM-OK is not a judgment debtor and SDM-OK was terminated by the Oklahoma Secretary of State) to pay the receiver and manager. Universitas's sole relief that is available under Oklahoma law is a charging order regarding the judgment debtor. A receivership may not be used to avoid the prohibition upon collection of a judgment against a limited liability company.

**B.     Connecticut Law's "Sole and Exclusive Remedy" Is a Charging Order.**

"The entry of a charging order is the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest. With respect to the judgment debtor's transferable interest, attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor, whether the limited liability company has one member or more than one member." Conn. Gen. Stat. Sec. 34-259b. While SDM-CT is indisputably not a party to this litigation, even if it were, a receivership is unavailable under Connecticut law.

## V. Because Wyoming Law (Avon-WY Was a Wyoming Business Entity) Does Not Permit an Appointment of a Receiver, SDM-OK Should Not Be Paying the Receiver and Manager.

Avon-WY was a <u>Wyoming</u> limited liability company, not an <u>Oklahoma</u> LLC. As such, even if a subsidiary LLC's assets were somehow deemed to be Avon-WY's assets (and again, SDM-OK's assets were not, and SDM-CT's assets are not, Avon-WY's assets), Wyoming law does not permit the relief sought:

> 17-29-503. Charging order.
> (a) On application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A charging order requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor.
> \* \* \*
> (g) This section provides the exclusive remedy by which a person seeking to enforce a judgment against a judgment debtor, including any judgment debtor who may be the sole member, dissociated member or transferee, may, in the capacity of the judgment creditor, satisfy the judgment from the judgment debtor's transferable interest or from the assets of the limited liability company. Other remedies, including foreclosure on the judgment debtor's limited liability interest and a court order for directions, accounts and inquiries that the judgment debtor might have made are not available to the judgment creditor attempting to satisfy a judgment out of the judgment debtor's interest in the limited liability company and may not be ordered by the court.

While this Wyoming statutory language is admittedly regarding Wyoming limited liability companies, it is equally applicable to the receivership ordered by the Court regarding Avon-WY because the receivership is being "used" as the impermissible basis for avoiding clear and unequivocal Wyoming law.

## VI. Universitas Characterized the Payments as "*De Minimis*" in Its Tenth Circuit Filing – Universitas Should Pay the Costs of the Receivership

On page 16 of Universitas's Opposition to Motion for Stay filed on April 27, 2022 as Document 010110676564 in Tenth Circuit Appellate Case 22-6038, Universitas refers to the payments as "*de minimis*." Based upon Universitas's characterization, Universitas should pay the costs of the receivership and the new manager while the appeal is pending, as it was Universitas that requested appointment of a receiver.

## **RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, Interested Party Phoenix Charitable Trust prays that the Application be denied, in whole or in part, and that Phoenix Charitable Trust have such other and further relief, at law and in equity, which Phoenix Charitable Trust may be entitled.

    Respectfully submitted,

    s/ Jeffrey R. Sandberg
    Jeffrey R. Sandberg, Texas Bar No. 00790051
    Palmer Lehman Sandberg, PLLC
    8350 North Central Expressway, Suite 1111
    Dallas, TX 75206
    Telephone: (214) 242-6444
    Facsimile: (214) 265-1950
    E-mail: jsandberg@pamlaw.com
    (ADMITTED PRO HAC VICE)
    Attorneys for Phoenix Charitable Trust

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of June 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Alan Rupe
Francis Schneider
Gerald Green
Melvin McVay
Clayton Ketter
Joshua Greenhaw
Timothy F. Campbell
Ryan Leonard
Heidi Long
Joseph Manson

/s/ Jeffrey R. Sandberg