# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

UNIVERSITAS EDUCATION, LLC,
    Petitioner/Judgment Creditor,

v.

AVON CAPITAL, LLC,
    Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC
    Respondent/Garnishee,

SDM HOLDINGS, LLC
    Respondent/Garnishee

and

AVON CAPITAL, LLC, a Wyoming Limited Liability Company,
    Intervenor.

Case No. 14-FJ-5-HE

**AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY'S, MEMORANDUM IN OPPOSITION TO RECEIVER'S APPLICATION FOR ORDER APPROVING PAYMENT OF RECEIVER'S AUGUST 2024 FEES AND COSTS**

Avon Capital, LLC, a Wyoming limited liability company, ("Avon Capital-WY") files this memorandum in opposition to Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and Costs (Doc. 685).[1]

---

[1] Avon Capital-WY has filed its limited entries of appearance only for the purpose of challenging jurisdiction. (Docs. 514, 590).

146452305.1

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 3

FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 4

ARGUMENT AND AUTHORITIES ................................................................................. 5

    I.    Legal Standard ........................................................................................ 5

    II.   The Receiver's Application Should be Denied for Lack of Subject Matter Jurisdiction ................................................................................................ 6

        A.  The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot. ........................................................................................ 7

        B.  Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case. ..................................................................... 9

    III.  The Receiver's Application Should be Denied for Lack of Personal Jurisdiction .............................................................................................. 12

    IV.  If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership ...................................................... 14

    V.   If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership. .......................................................... 15

    VI.  Universitas Should Bear All Costs that Flow from Re-appointment of the Receiver ................................................................................................... 16

CONCLUSION ................................................................................................................. 17

**INTRODUCTION**

On August 4, 2023, the Tenth Circuit Court of Appeals correctly found that this Court lost Article III jurisdiction upon expiration of the New York Judgment on December 3, 2020. (Doc. 509, pg. 16 ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.")). The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine. (*Id.* at 3, n. *).

As of December 3, 2020, when the Court lost jurisdiction, the case ceased to exist. In other words, Avon Capital-WY is no longer a party to any case or controversy and all claims became moot on December 3, 2020. (*Id.* at 16). There is nothing to litigate. For this reason, alone, the Court should deny the Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees.[2]

Once the Court lost Article III jurisdiction, the case became moot. (Doc. 509, Order pg. 8 ("We vacate the district court's February 11, 2021 order for lack of jurisdiction; we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.")). As of December 3, 2020, when

---

[2] Avon Capital-WY recognizes that these arguments were raised in its motion to dismiss and in opposition to Universitas' motions related to reappointment of a receiver over Avon Capital-WY, and the Court denied Avon Capital-WY's motion to dismiss and granted Universitas' Motion to Reappoint Receiver. However, these issues are currently on appeal with the Tenth Circuit. For the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY asserts this argument in this brief.

the Court lost Article III jurisdiction, the case ceased to exist, and the Court lost subject matter jurisdiction. As a result, Avon Capital-WY is no longer a party to any case or controversy before this Court. (*See id.*)

Accordingly, the Court should enter an order that denies, in its entirety, the Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and costs, vacates the Court's orders re-instituting an injunction against Avon Capital-WY, and vacates the Court's orders reappointing a receiver over Avon Capital-WY for lack of jurisdiction based on those reasons detailed herein, dismisses the action for lack of subject matter jurisdiction and for lack of personal jurisdiction, and orders Universitas to bear the costs and fees associated with the receivership.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

The Tenth Circuit reasoned in its order entered on August 4, 2024 that this Court initially had jurisdiction over the case, but held that it lost jurisdiction on December 3, 2020 when the judgment expired. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13-14 (10th Cir. Aug. 4, 2023). The Tenth Circuit vacated the Court's February 11, 2021 order for lack of jurisdiction due to mootness. *Id.*

Avon Capital-WY incorporates the remainder of its factual background and procedural history set forth in its: Opposition to Receiver Ryan Leonard's (the "Receiver") Opposition to Receiver's Application for Payment of February 2024 Fees and Costs (Doc.

---

[3] *See Supra*, footnote 2.

620); Opposition to Receiver's Application for Distribution from SDM Holdings, LLC to its Sole Member, Avon Capital-WY, in Receivership (Doc. 629); Opposition to Receiver's Application for Order Approving Payment of Receiver's March 2024 Fees and Costs (Doc. 637); Opposition to Receiver's Motion for Order Authorizing Distributions (Doc. 650), Opposition to Receiver's Application for Order Approving Payment of Receiver's April 2024 Fees and Costs (Doc. 657), Opposition to Receiver's Application for Order Approving Payment of Receiver's May 2024 Fees and Costs (Doc. 673), Opposition to Receiver's Application for Order Approving Payment of Receiver's June 2024 Fees and Costs (Doc. 678) and Opposition to Receiver's Application for Order Approving Payment of Receiver's July 2024 Fees and Costs (Doc. 683).

## ARGUMENTS AND AUTHORITIES

### I.     Legal Standard

Federal Courts have subject matter jurisdiction only over "cases and controversies." U.S. Const. art. III, § 2, cl. 1; *Whitmore v. Arkansas*, 495 U.S. 149, 154-55, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

The law of the case doctrine provides that "when a court rules on an issue of law, the ruling 'should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citation omitted); *see also Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995) (The law of the

case doctrine "applies to all 'issues previously decided, either explicitly or by necessary implication.'") (citations omitted).  The Tenth Circuit's August 4, 2023 Order is binding under the law of the case doctrine.  (Doc. 509 at 3, n. *).

## II. The Receiver's Application Should be Denied for Lack of Subject Matter Jurisdiction.[4]

When a Court lacks subject matter jurisdiction over an action, it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 243, 55 S. Ct. 162, 79 L. Ed. 338 (1934); *A.B. v. Health Care Serv. Corp.,* No. CIV-19-968-D, 2020 U.S. Dist. LEXIS 126279, at *10 (W.D. Okla. July 17, 2020) (dismissing pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3)).

Subject matter jurisdiction is a prerequisite to the court's appointment of a receiver.  *See, e.g., J2 Enters. Ltd. Liab. Co. v. Fields*, No. CIV-14-781-M, 2014 U.S. Dist. LEXIS 140671, at *6 (W.D. Okla. Oct. 3, 2014) ("vacating the lower court's order appointing receivership for lack of subject matter jurisdiction") (internal citations omitted); *see also Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.),* 328 F.3d 829, 834 (6th Cir. 2003*)* ("the district court had lacked subject matter jurisdiction to appoint the receiver") (citing *Mitchell v. Maurer*, 293 U.S. 237, 79 L. Ed. 338, 55 S. Ct. 162 (1934)).

---

[4] *See Supra*, footnote 2.

### A. The Court Does Not Have Subject Matter Jurisdiction Because There Is No "Case" or "Controversy" and Universitas' Claims Have Become Moot.

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the case became moot at that point. *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). The Tenth Circuit specifically held that orders entered by this Court after the case became moot are void. *Id.* The Tenth Circuit ordered:

> We vacate the district court's February 11, 2021 order for lack of jurisdiction; ***we find the underlying dispute was moot at the time of decision due to the expiration of Universitas's Western District of Oklahoma judgment.***

(Doc. 509, Order p. 8 (emphasis added)). The Tenth Circuit further held that:

> "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91 (2013) (cleaned up). **As the issue in this case *was no longer live* and Universitas *lacked a legally cognizable interes*t in the outcome once its *judgment expired in December 2020,* the case became *moot* and the district court *lacked Article III jurisdiction to enter its order, rendering the order void*.**

(Doc. 509, Order p. 10-11 (footnote omitted) (emphasis added)). This is law of the case. *See Graham*, 704 F.3d at 1278; *Rohrbaugh.*, 53 F.3d at 1183.

As the Tenth Circuit held, the case became moot in December 2020, and this Court lacked Article III jurisdiction. The Tenth Circuit correctly held that this Court did not have

jurisdiction to enter the February 11, 2021 order granting Universitas' motion for summary judgment.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  All orders and proceedings that follow the loss of Article III jurisdiction are similarly void—including the order that the Receiver seeks here.

The Tenth Circuit recognized that Universitas' failure to properly re-file the judgment in accordance with Oklahoma law prior to its expiration was **"fatal"** because there was no longer a judgment in existence for the Court to enforce at the time it entered the order.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12 (10th Cir. Aug. 4, 2023) ("For the reasons explained above, that failure to re-file was **fatal**—there was no longer a judgment in existence for the district court to enforce at the time it entered the order") (emphasis added).

If at any point during litigation, the action can no longer proceed because the claims have become moot, "[the moot claims] must be dismissed." (*See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990)).  Avon Capital-WY is no longer a party to any case or controversy and any claims became moot in December 2020.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital*, *Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S.

App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023) ("Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void."). As of December 3, 2020, when this Court lost jurisdiction, the case ceased to exist.

### B. Pursuant to Applicable Law, Universitas May Not Re-File the Judgment in a Moot Case.

The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *See* Fed. R. Civ. P. 69 (a) (Comment two, "Rule 69(a) adopts state procedure on execution and supplementary proceedings only when judgment is for payment of money."). The judgment at issue is a New York Judgment for the payment of money. (*See* Doc 1-1).

Oklahoma Statute §12-735(B) states that judgments registered in the state "shall become unenforceable and of no effect if more than five (5) years have passed from the date of" last execution, last notice of renewal of judgment was filed with the court clerk, last garnishment summons was issued, or sending of a certified copy of notice of income assignment." Consistent with O.S. §12-735(B), the Tenth Circuit held that Universitas' Oklahoma judgment expired five years later, on December 3, 2020. *Id.*

> Though the district court initially had jurisdiction over this case, Universitas did not re-file its expired judgment before the district court entered its February 11, 2021 order. For the reasons explained above, that failure to re-file was fatal—there was no longer a judgment in existence for the district court to enforce at the time it entered the order. "A case becomes moot—

and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (cleaned up). As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void

*Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).

In *Taracorp,* plaintiffs obtained a default judgment from the District Court of Logan County, Colorado against defendants on June 4, 2007. *Taracorp,* 419 P.3d at 218. Plaintiffs acted quickly to execute their judgment, and on June 7, 2007, they filed their Colorado judgment in the District Court of Pottawatomie County, Oklahoma as Case No. C-07-659. *Id.* After years of inaction, on May 23, 2016, plaintiffs re-filed the 2007 Colorado judgment in a new case in the District Court of Marshall County, Oklahoma. *Id.* at 219. Plaintiffs in *Taracorp* relied on the holding in *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006), that "nothing prevented the re-filing of the judgment a second time in Oklahoma as long as the foreign judgment remained valid and enforceable in the original state." *Taracorp,* 419 P.3d at 219. Ultimately, the Oklahoma Supreme Court agreed. *Id.* at 223.

In *Yorkshire West Capital, Inc. v. Rodman,* the Oklahoma Court of Appeals outlined the proper procedure to re-file a dormant Oklahoma judgment based on a foreign judgment. 149 P.3d 1088, 1093 (Okla. Civ. App. 2006). There, the *Yorkshire* Court held:

> On de novo review, we find that the law in Oklahoma requires that a foreign judgment which is valid and enforceable in the issuing state may be filed as a new judgment in Oklahoma, even where the same foreign judgment has previously been filed and become dormant in Oklahoma. The judgment's validity in the issuing state is paramount, and nothing in the Act expressly prohibits a second filing of a judgment. In this case, the Texas Judgment Yorkshire filed in Oklahoma in 1996 became an Oklahoma judgment which became dormant after five years without execution. But Yorkshire's Texas Judgment remained valid and enforceable in 2005 and Yorkshire **properly filed it a second time in Oklahoma under a new case number.** That filing resulted in a second Oklahoma judgment which remains enforceable pursuant to § 735.

*Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088, 1093 (Okla. Civ. App. 2006) (emphasis added).

Although it is possible that Universitas' expired judgment could potentially be filed for a second time in a new action (and with a new case number), provided that the foreign judgment remains valid and enforceable in the original state, Oklahoma law does not contemplate the refiling of the judgment in a moot case. The judgment must be "filed a second time in Oklahoma under a new case number." *Yorkshire West Capital Inc. v. Rodman,* 149 P.3d 1088 (Okla. Civ. App. 2006) (emphasis added). Oklahoma law does not recognize refiling of a judgment in a moot case nor does refiling of a judgment in a moot case cure a district court's lack of jurisdiction.

Universitas' attempt to refile the New York Judgment in the same case *after* the Court lost jurisdiction on December 3, 2020 fails to reinvest this Court with subject matter jurisdiction. Consistent with *Yorkshire,* to the extent that Universitas seeks to re-file the

New York Judgment in Oklahoma, it must be refiled in a new case and <u>under a new case number</u>.[5]

This Court's lack of jurisdiction rendered moot all orders and actions that followed the expiration of the judgment on December 3, 2020, when the Tenth Circuit found this Court lost Article III jurisdiction. *See Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.,* Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *13 (10th Cir. Aug. 4, 2023). A court without jurisdiction lacks authority to act. *See Already, LLC v. Nike, Inc.,* 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).

Based on the foregoing reasons, for the purpose of preserving arguments on appeal, and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies in its entirety Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and Costs for lack of subject matter jurisdiction and dismisses this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### III. The Receiver's Application Should be Denied for Lack of Personal Jurisdiction.[6]

A Court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). As the Petitioner, Universitas bears the burden of establishing personal jurisdiction over the respondents. *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

---

[5] *See Supra*, footnote 2.

[6] *See id.*

When the case became moot and the Court lacked Article III jurisdiction, the Court also lost personal jurisdiction over Avon Capital-WY.  *See* Fed. R. Civ. P. 12(b)(2).  Avon Capital-WY has filed its limited entry of appearance only for the purpose of challenging jurisdiction.  Avon Capital-WY has not voluntarily submitted to jurisdiction.  (Doc. 514).

The Tenth Circuit held that the New York Judgment expired on December 3, 2020, and the issues in this case were no longer live.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023) ("As the issue in this case was no longer live and Universitas lacked a legally cognizable interest in the outcome once its judgment expired in December 2020, the case became moot and the district court lacked Article III jurisdiction to enter its order, rendering the order void.").  Universitas lacked a legally cognizable interest in the outcome, and the Tenth Circuit held that the case was moot.

This Court's lack of jurisdiction rendered moot all orders and actions that followed expiration of the judgment on December 3, 2020 when the Court lost Article III jurisdiction.  *Universitas Educ., Ltd. Liab. Co. v. Avon Capital, Ltd. Liab. Co.*, Nos. 21-6044, 21-6049, 21-6133, 21-6134, 2023 U.S. App. LEXIS 20356, at *12-13 (10th Cir. Aug. 4, 2023).  A court without jurisdiction lacks authority to act.  *See, e.g., Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013).  When the case and controversy became moot, the Court lost personal jurisdiction over the parties.[7]  *See id.*

---

[7] *See id.*

Accordingly, for the purpose of preserving the argument on appeal and to avoid any waiver of the argument, Avon Capital-WY submits that this Court must enter an order that denies the Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and Costs for lack of personal jurisdiction and dismisses the case pursuant to Rule 12(b)(2).

### IV. If Successful on Appeal, Universitas' Sole and Exclusive Remedy is a Charging Order—not a Receivership.

As it concerns the Receiver's Application, Avon Capital-WY objects to the Receiver's request for payment of $8,603.90 associated with fees and costs incurred in August 2024. (*See* Doc. 685). Were the Court to approve the Receiver's Application pending before this Court, and the Tenth Circuit finds that this Court lacked jurisdiction necessary to enter the orders at issue on Avon Capital-WY's appeals, then Avon Capital-WY would be unduly burdened and prejudiced by the distribution of any assets out of SDM Holdings, LLC to compensate the Receiver.

Pursuant to 18 O.S. § 2032, Avon Capital-WY does not have an ownership interest in property owned by SDM Holdings, LLC including the life insurance policies which have SDM Holdings, LLC as the named beneficiary. (*See* 18 O.S. § 2032). Avon Capital-WY's ownership interest is limited to its capital interest in SDM Holdings, LLC. Avon Capital-WY does not have a specific interest in property owned by SDM Holdings, LLC.

The forgoing facts are not only consistent with the applicable law, but also with SDM Holdings, LLC's operating agreement, which makes clear that Avon Capital-WY, as member of SDM Holdings, LLC has no authority to control SDM Holdings, LLC's

property.[8]  Only the President of SDM Holdings, LLC has authority to transfer ownership of SDM Holdings LLC's property.[9]

Therefore, "reasonable compensation" for the Receiver is limited to activities which pertain to Avon Capital-WY's flow of profits from SDM Holdings, LLC and those rights provided to Avon Capital-WY under SDM Holdings, LLC's operating agreement. (18 O.S. § 2032).  Avon Capital-WY objects to all compensation requested by the Receiver as it does not relate to the flow of profits from SDM Holdings, LLC to Avon Capital-WY.

Avon Capital-WY respectfully requests that the Court deny in its entirety the Receiver's Application or alternatively require Universitas to bear the costs for the receivership it requested.

### V.  If the Tenth Circuit Finds Jurisdiction is Lacking, then Universitas Must Bear the Costs of the Receivership.

If the Tenth Circuit finds that this Court lacked jurisdiction necessary to enter the orders at issue on Avon Capital-WY's appeals, then Universitas should be required to pay the costs of the Receivership.

> All such compensation, to which the several parties might be entitled, must be taxed against the plaintiff, whose proceeding it was, and upon whom the blame for the wrong committed must legally rest. When the court is without jurisdiction, the cases are unanimous in holding that the court is without power to make any charge upon the assets or expenses for compensation. In such a situation, the court has no power to appoint receivers, to grant relief in any way, or to entertain the action. *Lion Bonding & Surety Co. v. Karatz,* 262 U.S. 640, 43 S. Ct. 641, 67 L. Ed. 1151.

---

[8] Doc. 292 at Section 4.03; Section 5.02; Doc. 292 at Section 9.01.

[9] Doc. 292 at Section 2 ("Company Property" means all real and tangible personal property owned, leased, or acquired by the Company from time to time."); Doc. 292 at Section 7.04.

*See, e.g., Noxon Chem. Prods. Co. v. Leckie*, 39 F.2d 318, 321 (3d Cir. 1930) ("Many other cases might be cited, both federal and state, if it were considered necessary.").

### VI. Universitas Should Bear All Costs that Flow from Re-appointment of the Receiver.

Issues on appeal before the Tenth Circuit concern, among other issues, the Court's re-adoption of its injunction against Avon Capital-WY and subsequent re-appointment of the Receiver over Avon Capital-WY. Universitas requested the receivership, and for that reason Universitas should bear the costs of the receivership.

> [T]he general rule is that, where a receivership proceeding is contested and a receiver is appointed and obtains possession of property under an order of the court which is afterwards reversed on appeal as unauthorized, compensation for such receiver will not be ordered paid out of the funds in the receiver's hands, and the receiver must look for his fee to the party securing his appointment (Beach on Receivers, § 773; *Bellamy v. Washita Valley Telephone Company,* 25 Okl. 18, 105 P. 340, 25 L.R.A. [N.S.] 412; *McAnrow v. Martin*, 183 Ill. 467, 56 N.E. 168; *St. Louis K. & S.R. Co. v. Wear et al.,* 135 Mo. 230, 36 S.W. 357, 658, 33 L.R.A. 341; *Frick v. Fritz, Morris & Cuthbert*, 124 Iowa, 529, 100 N.W. 513; *Howe v. Jones,* 66 Iowa, 156, 23 N.W. 376).

*See, e.g., Fulp v. McCray*, 21 F.2d 951, 952 (8th Cir. 1927).

Avon Capital-WY respectfully requests the Court deny in its entirety the Receiver's Application and enter an order which requires Universitas to bear the costs and fees associated with the receivership.

## CONCLUSION

For the reasons stated more fully herein, Avon Capital, LLC, a Wyoming limited liability company, respectfully requests the Court should enter an order that denies, in its entirety, the Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and costs, vacates the Court's orders re-adopting an injunction against Avon Capital-WY, and vacates the Court's orders reappointing a receiver over Avon Capital-WY for lack of jurisdiction based on those reasons detailed herein, dismisses the action for lack of subject matter jurisdiction and for lack of personal jurisdiction, and orders Universitas to bear the costs and fees associated with the receivership.

     /s/ Francis M. Schneider
Alan L. Rupe, OBA No. 20440
Francis M. Schneider, *pro hac vice*
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7916
Facsimile:   316-462-5746
alan.rupe@lewisbrisbois.com
francis.schneider@lewisbrisbois.com

*Attorney for Avon Capital, LLC, a Wyoming limited liability company*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 30, 2024, I filed Avon Capital, LLC, a Wyoming limited liability company's Memorandum in Opposition to Receiver's Application for Order Approving Payment of Receiver's August 2024 Fees and Costs using the court's CM/ECF system which sent notice to all counsel of record.

                                                 /s/ Francis M. Schneider
                                                 Francis M. Schneider