# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br>    Petitioner/Judgment Creditor,<br><br>v.<br><br>AVON CAPITAL, LLC,<br>    Respondent/Judgment Debtor,<br><br>ASSET SERVICING GROUP, LLC<br>    Respondent/Garnishee,<br><br>SDM HOLDINGS, LLC<br>    Respondent/Garnishee<br><br>and<br><br>AVON CAPITAL, LLC, a Wyoming<br>Limited Liability Company,<br>    Intervenor. | Case No. 14-FJ-5-HE |

## SUPPLEMENTAL BRIEFING OF AVON CAPITAL, LLC, A WYOMING LIMITED LIABILITY COMPANY IN SUPPORT OF ITS OPPOSITION TO UNIVERSITAS EDUCATION, LLC'S MOTION FOR ORDER AUTHORIZING RECEIVER TO SELL PROPERTY OF THE RECEIVERSHIP ESTATE

TO THE HONORABLE JUDGE OF SAID COURT:

Avon Capital, LLC, a Wyoming limited liability company, ("Avon Capital-WY"), submits the supplemental briefing in support of its opposition to Universitas Education, LLC's Motion for Order Authorizing Receiver to Sell Property of the Receivership Estate (Doc. 713) consistent with this Court's order (Doc. 732).

I.  **The One Satisfaction Rule Bars Any Additional Recovery by Universitas Because Universitas Has Been Paid at Least $17,887,341.42, and Possibly as Much as $22,000,000**

It is foundational that "[a] plaintiff may not, as a matter of law, recover twice for the same injuries. *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 129 (2d Cir. 2009) (citing to *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[W]hen a plaintiff receives a settlement from one defendant, a nonsettling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages."); *IPO Securities & Derivative Litigation v. N. C. Dep't of State Treasurer* (*In re Facebook, Inc.*), 674 F. App'x 37, 39-40 (2d Cir. 2016); *In re Refco, Inc. Securities Litigation*, 2007 U.S. Dist. LEXIS 927, at *9 (S.D.N.Y. Jan. 9, 2007) (citing *In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1031 (2d Cir. 1992)) ("A judgment credit must give nonsettling defendants credit for at least the amount of the settlement for common damages, because if it did not, plaintiffs could recover from both the settling and nonsettling defendants for the same damages.  The One Satisfaction Rule also requires that nonsettling defendants receive credit for any amount actually paid by settling defendants for common damages.  Thus, the Second Circuit struck down a judgment reduction provision that gave credit for the lesser of the amount paid or the proportion of fault. . . . 'Absent a showing that damages are not common, a nonsettling defendant whose rights against settling defendants are to be barred is entitled to judgment reduction at least in the amount paid by all settling parties.'"); see also Restatement (Second) of Judgments § 50 ("When a judgment has been rendered against

one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based... (b) To the extent required by the law of suretyship... (2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.").

It is a fundamental legal principle that an injured party is ordinarily entitled to only one satisfaction for each injury, though this rule can only apply when defendants' conduct resulted in a single injury. *United States Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1998); *see also Jensen v. West Jordan City*, 968 F.3d 1187, 1197 (10th Cir. 2020);  See also *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988).

When a plaintiff receives an amount from a settling party, it is generally credited against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages. *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988); See also *Friedland v. Indus. Co.*, 566 F.3d 1203, 1209 (10th Cir. 2009) (citing *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988)); *United States v. Burlington N. R. Co.,* 200 F.3d 679, 698 (10th Cir. 1999) (The court acknowledges Hess's rule for single injury cases but distinguishes it because the environmental harm was divisible.); *see also  Singer v. Olympia Brewing Co.*, 878 F.2d 596, 599 (2d Cir. 1989) (cited by *United States v. Burlington N. R. Co.*, 200 F.3d 679, 698 (10th Cir. 1999)); *Gulfstream III*

*Assocs. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 428 (3d Cir. 1993) (cited by *United States v. Burlington N. R. Co.*, 200 F.3d 679, 698 (10th Cir. 1999)).

For purposes of the One Satisfaction Rule, "common damages" are defined as "damages which arise from a single, indivisible harm." *United States v. Honeywell International Inc.*, 502 F. Sup. 3d 427, 477 (D.D.C. 2020) (cleaned up), rev'd on other grounds 47 F.4th 805, 819 (D.C. Cir. 2022) (One Satisfaction Rule applies to False Claims Act damages and adopting pro tanto rule to offsets paid by settling joint tortfeasors). "In order for a court to find complete satisfaction under the One Satisfaction Rule, there must be such an identity between the injuries alleged and the remedies available that any additional recovery would unjustly enrich the plaintiff." *UTHE Technology Corp. v. Aetrium, Inc.*, 808 F.3d 755, 760-61 (9th Cir. 2015). That a plaintiff may pursue different forms of claims or multiple defendants to recover for the same harm, does not alter the nature of the underlying harm. *Cf. Lim v. Miller Parking Co.*, 526 B.R. 202, 211 (E.D. Mich. 2015) (different defendants sued on different theories of liability where "[t]he damages alleged [were] inherently divisible, because they involve numerous payments, transfers, and transactions carried out over a span of years."); *United States Industries v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988) ("By contrast, where two or more defendants are responsible for separate injuries, an amount received in settlement from one defendant for one of the injuries may not be used to reduce the liability of the other defendant for the other injury.").

Here, in contrast to cases involving divisible damages, the only underlying harm was the non-payment of the Spencer life insurance proceeds. Every step taken by Universitas to collect the Judgment is related to that claim. The harm to Universitas was the non-payment of Spencer insurance proceeds. Thus, all of the collection actions, regardless of the defendant or theory of recovery, relate to these "common damages" that arise from one, indivisible injury.

Universitas admits that it has been paid $18 million. Universitas Motion to Disburse Funds (Doc. 699, Paragraph 3). The New York Judgment filed in this Court [Doc. 1-1] awards $6.710,065.92 against that Avon Capital entity – significantly lower than the $18 million that Universitas admits it has been paid. Universitas may receive only one satisfaction for Universitas' injury – under the one satisfaction rule, Universitas may not be paid anything further for its claims against the former Avon-WY7. *See Singer v. Olympia Brewing Co.*, 878 F.2d 597, 599-60 (2d Cir. 1989); *Hess Oil Virgin Islands Corp. v. UOP, Inc.*, 861 F.2d 1197, 1208 (10th Cir. 1988) (when a plaintiff receives a settlement from one defendant, a non-settling defendant is entitled to a credit of the settlement amount against any judgment obtained by the plaintiff against the nonsettling defendant as long as both the settlement and judgment represent common damages).

Universitas' Judgment against Avon-CT, and thus Avon Capital-WY also, has been satisfied because, among other reasons, Universitas received $4,487,007.81, the receipt of which was confirmed by the Court on June 19, 2018. See Doc. 726-6,

153970998.1                                    5

Satisfaction of Judgment (Doc. 651). Further, Universitas received an additional collection of $12,000,000 on February 27, 2018, as part of settlement from WSFS Bank for Christiana Bank, which was the Insurance Trustee for the Charter Oak Trust. See Doc. 726-2. Additionally, it is believed that Universitas received additional payments in the amount of $900,333.61 from BPETCO; and at least $343,031.52 from USAA, for a total collection of at least $17,730,372.90 on the Judgment (which was for a total of $6,710,065.92 against Avon). See Doc. 726-3 and Doc. 726-4, respectively. Attorney Alan Rupe notified the Court of Universitas' $12,000,000 settlement. (Doc. 116, Letter)

In a circumstance such as this, which involves third-party indemnitors and multiple co-defendants that are jointly and severally liable on a single underlying judgment for common damages (but for varying amounts), an accounting is appropriate when substantial collections have been achieved and the Judgment has been partially satisfied. *Wells Fargo Equipment Finance, Inc. v. Asterbadi*, 2017 U.S. Dist. LEXIS 29353, at *33 (D. Md. Mar. 2, 2017) (granting motion under Rule 60(b)(5) seeking an accounting: "Discovery and/or an accounting may enable [defendant] to show that the Judgment was satisfied in part. Therefore, discovery and perhaps an accounting are necessary to determine how much is due and how much Wells Fargo seeks to collect.").

## **RELIEF REQUESTED**

WHEREFORE, Avon Capital-WY, prays that this Supplemental Briefing Filed In Support of Its Opposition to Universitas Education, LLC's Motion for Order Authorizing Receiver to Sell Property of the Receivership Estate and all relief requested herein be granted, in whole or in part, in favor of Avon Capital-WY, and for such other and further relief, at law and in equity, which Avon Capital-WY may be entitled.

/s/ Alan L. Rupe
Alan L. Rupe, OBA No. 20440
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:   316-609-7916
Facsimile:   316-462-5746
alan.rupe@lewisbrisbois.com

*Attorney for Avon Capital, LLC, a Wyoming limited liability company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, the above Supplemental Briefing of Avon Capital, LLC, a Wyoming limited liability company in support of its opposition to Universitas Education, LLC's Motion for Order Authorizing Receiver to Sell Property of the Receivership Estate was filed using the court's electronic filing system which will send notice to all counsel of record.

/s/ Alan L. Rupe
Alan L. Rupe